1  A.GEORGE GLASCO, SBN 065935
   LAW OFFICES OF A. GEORGE GLASCO, APC
2  729 Mission Street, Suite 300
   South Pasadena, CA 91030-3070
3  Tel. 626 403 2288; Fax. 626 403 2291
   george@glascolaw.com

4  Attorneys for Plaintiffs: Brenda Moore Richards, Individually
   and as Trustee of the Gwendolyn R. Moore Revocable Living Trust;
5  Frederick F. Richards III as Trust Beneficiary
   Brenda Moore Richards and Frederick F. Richards III; and the
6  LAW OFFICES OF A. GEORGE GLASCO, APC In Propria Personna.

```
┌─────────────────────────────┐
│          FILED              │
│  ┌───────────────────────┐  │
│  │    AUG 1 9 2016        │  │
│  └───────────────────────┘  │
│  CLERK U.S. BANKRUPTCY COURT│
│  CENTRAL DISTRICT OF CALIFORNIA│
│  BY:              Deputy Clerk│
└─────────────────────────────┘
```

7               UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9

10

11 In re                                    )  Chapter 7
                                            )
12 IN RE REGGIE BISHOP, aka                 )  Case No.: 2:16-bk-16503-RK
   REGGIE LYN BISHOP, aka REGGIE L.         )
13 BISHOP                                   )  Adv. Proc. No. _____
                                            )
14                                          )
              Debtor                        )  **COMPLAINT FOR:**
15                                          )  **NONDISCHARGEABILITY OF**
   _____         )  **DEBTS PURSUANT TO 11 U.S.C.**
16 BRENDA MOORE                             )  **§523(a)(2)(A);11 U.S.C. §523(a)(4);and**
   RICHARDS,Individually and as Trustee of  )  **§523(a)(6).**
17 the GWENDOLYN R. MOORE                   )
   REVOCABLE LIVING TRUST;                  )
18 FREDERICK F. RICHARDS III, as            )
   TRUST BENEFICIARY OF THE                 )
19 GWENDOLYN R. MOORE                       )
   REVOCABLE LIVING TRUST;                  )
20 LAW OFFICES OF A. GEORGE                 )
   GLASCO, APC.                             )
21                                          )
                                            )
22                                          )
                                            )
23            Plaintiffs                    )
                                            )
24 vs.                                      )
   REGGIE BISHOP                            )
25                                          )
                                            )
26         Defendant and Debtor             )
   _____         )
27

28

Page **1** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

1

2

## THE PARTIES

3

Plaintiffs Brenda Moore Richards, Individually as beneficiary of the Gwendolyn R. Moore

4

Revocable Living Trust, and as Trustee of said Trust, Frederick F. Richards III as beneficiary of

5

said Trust, and the Law Offices of A. George Glasco, APC, complains of the Debtor and

6

7

Defendant Reggie Bishop, aka Reggie Lyn Bishop, aka Reggie L. Bishop Sr., (all referred to

8

herein collectively and severally as "Debtor") as shown below. All plaintiffs are judgment

9

creditors of the Defendant and Debtor Reggie Bishop, by virtue of the 07/13/15 First Amended

10

Judgment (hereinafter "FAJ") in combination with the 01/15/16 Order on attorney fees for the

11

12

plaintiff Law Offices of A. George Glasco, APC, as shown below. Further, said Law Offices of

13

A. George Glasco, APC is a professional law corporation duly organized and existing under and

14

by virtue of the laws of the state of California and State Bar of California.

15

16

## JURISDICTION AND VENUE

17

18

1. The court has jurisdiction over the subject matter of this adversary proceeding and

19

complaint pursuant to 28 U.S.C. §1334 and the reference order of the United States District

20

Court for the Central District of California. This adversary proceeding relates to the Chapter 7

21

case of said Debtor, to wit: 2:16:16503-RK. The matter is a core proceeding pursuant to 28

22

23

U.S.C. §157(b)(2)(I) which lists dischargeability of debts of the bankrupt debtor as a core

24

proceeding. This complaint for nondischargeability of debts derives from the first 07/13/15

25

First Amended Judgment for Fraud, etc. rendered by the Los Angeles Superior Court Probate

26

Division (hereafter "FAJ"). A conformed copy of the FAJ is attached hereto and incorporated

27

28

Page **2** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

herein by reference as Exhibit "1".  Judicial notice thereof is requested pursuant to Rule 201 of

the Fed. R. of Evidence.    The FAJ resulted from a bench trial in the Probate Division of the Los

Angeles Superior Court.

2.  On 08/16/16, the  California Second District Court of Appeal for the State of California

ordered the dismissal of  the Defendant Bishop ("Debtor") appeal on the said FAJ, and further

dismissed Bishop's appeal on the judgment awarding the sum of  $308,930.00 to the Law

Offices of A. George Glasco.  A conformed copy of the filed Order is attached hereto as Exhibit

"114" and judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

3.  By the instant Chapter 7 filing, the Debtor Bishop seeks to discharge the following alleged

debts arising from the 07/13/15 FAJ [See Chapter 7 Bankruptcy filing by Debtor Reggie Bishop,

case no. 2:16-bk-16503 filed herein on 05/17/16, Schedules E and F]:

- $300,000 to Brenda Richards

- $300,000 to Frederick Richards III

- $360,000 to A. George Glasco

The alleged debts are collectively referred to herein as the FAJ debts since they result from the

FAJ and the 01/15/16 order for attorney fees to the Law Offices of A. George Glasco, APC, both

rendered by the Los Angeles Superior Court, Probate Division in case no. BP 120811.  The

Debtor and Defendant have incorrectly stated the amount of said Debts in the following

particulars in the Chapter 7 petition.  The correct amount of the debts before adding interest

thereon relative to each judgment creditor and plaintiff herein is stated in paragraphs 20-24

*infra.*

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

## NO JURISDICTION OVER PROBATE ESTATE

4. By this complaint for nondischargeability, all plaintiffs oppose the Chapter 7 petition for bankruptcy relative to the dischargeability of said alleged debts on two grounds: 1) said debts are not dischargeable pursuant to Section 523 of the Bankruptcy Act; 2) said debts at best represent a charge against whatever expectancy that Reggie Bishop ultimately realizes from the Gwendolyn R. Moore Revocable Living Trust estate. That is to say that the same Los Angeles Superior Court, Probate Division, which rendered the FAJ giving rise to the debts has retained jurisdiction in order to offset the debts against the 2/3 interest that Reggie Bishop is by previous judgment entitled. In sum, the FAJ remains under the jurisdiction of the Los Angeles Superior Court, Probate Division.

5. By this complaint in nondischargeability, plaintiffs do not agree that the honorable court in fact has jurisdiction over the probate trust estate, to wit: the Gwendolyn R. Moore Revocable Living Trust which is at the heart of the First Amended Judgment (FAJ)[Exhibit "1" hereto] by the Los Angeles Superior Court Probate Division. Indeed this is an ongoing trust estate litigation and jurisdiction was retained by the Probate Court to enforce its judgment. See FAJ, Exhibit "1" at ¶33:

> "The court retains jurisdiction to enforce: this judgment; the court's 01/05/11 Order After Hearing; the 12/04/12 Order on Motion to Enforce Judgment; upon motion to the court, the award of attorneys' fees and costs pursuant to the Agreement and Welfare &

Inst. Code §15657 and the Settlement Agreement; the assessment and allocation of

interest on judgment."

6. In the Debtor Bishop's Chapter 13 case no. 2:15-bk-24261-VZ, the plaintiffs

Richards' motion to vacate the automatic stay was granted by the 12/10/15 Order Granting

Motion for Relief from Automatic Stay under 11 U.S.C. §362, a true copy of which is attached

hereto as Exhibit "115". The chapter 13 court dismissed the case by its 11/10/15 Order and

Notice of Dismissal. A true of the said order is attached as Exhibit "116". Pursuant to Rule 201

of the Fed. R. of Evidence, judicial notice of both orders is requested. . The probate exception

prevents the federal courts from exercising *in rem* jurisdiction  where the state probate court is

exercising jurisdiction over the *rem* in the administration of a decedent's estate.[1]

7. The instant case involves an ongoing probate trust estate litigation under the continuing

jurisdiction of the Los Angeles Superior Court, Probate Division. The said FAJ has been

rendered within the confines of that litigation, with the probate court retaining jurisdiction for its

enforcement. At best, the Debtor Bishop has only an expectancy, i.e. he has no right to receive

anything from the probate estate until the offsets permitted by the FAJ have been satisfied.[2]

[1] In *Rentas v. Garcia (In Re Garcia)* (1st Cir. 2014) 507 B.R. 32,44, 2014 WL.  In the seminal case of *Marshall v. Marshall*, the Supreme Court clarified the probate exception:[1]
> "[W]e comprehend the 'interference' language in *Markham* as essentially a reiteration of the guiding principle that, when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res.* Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of the state probate court."

[2] In *Estate of Ivey* (1994), 22 Cal. App. 4th 873, 883, 28 Cal. Rptr. 2d 16, 21, the Court of Appeal stated:

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A); §523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

## GENERAL ALLEGATIONS

8. The within alleged debts stated in the Schedules E and F and/or the Chapter 7 Bankruptcy petition of the said Defendant and Debtor Bishop are the result of judgment and orders rendered by the Los Angeles County Superior Court Probate Division against the Debtor. More particularly said debts, and each of them, result from the 07/13/15 First Amended Judgment for Quiet Title, Cancellation of Deed, Financial Elder Abuse, Fraud, Constructive Fraud, Breach of Fiduciary Duty, Negligence, Constructive Fraud, and Constructive Trust against the said Debtor. A conformed filed copy of said First Amended Judgment (FAJ) is attached hereto and made a part hereof as Exhibit "1". In addition, further debts exist by virtue of the 12/04/12 Order to Enforce Judgment of the Los Angeles Superior Court Probate Division, a conformed copy of which is attached as Exhibit 38 hereto, and he 01/15/16 Order on Attorney

---

That a probate court has equitable power to charge one beneficiary's share of a trust for frivolous litigation against the trust is supported by treatises. "Courts having jurisdiction over trust administration have the power to allocate the burden of certain trust expenses to the income or principal account and not infrequently do so in connection with accountings or suits relating to the administration of the trust. Sometimes this authority is stated in statutory form, but it exists as a part of the inherent jurisdiction of equity to enforce trusts, secure impartial treatment among the beneficiaries, and to carry out the express or implied intent of the settlor." (Bogert, Trusts and Trustees (rev. 2d ed. 1981) §802, pp. 143-144, fns. omitted.) "Where the expense of litigation is caused by the unsuccessful attempt of one of the beneficiaries to obtain a greater share of the trust property, the expense may properly be chargeable to that beneficiary's share." (Fratcher, Scott on Trusts (4th ed. 1988) § 188.4, p. 69, fn. omitted. See also Annot. (1950) 9 A.L.R.2d 1132, 1236, § 28.)

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

Fees to the Law Offices of A. George Glasco, Exhibit 114 hereto.  Judicial notice of each order

is requested pursuant to Rule 201 of the Fed. R. of Evidence.

9.  The FAJ recounts a long history of intentional fraud, defalcation, intentional breach of

fiduciary relationship,  and outright refusal to obey the orders of the Los Angeles Superior Court

Probate Division perpetrated by Reggie Bishop, and his codefendant, the previous Trustee

Nancy Willis.  The underlying facts in support of Bishop's outright stealing, deception,

defalcation, breach of fiduciary duty and contemptuous disregard of the orders of the Los

Angeles Superior Court are recounted in detail in the FAJ [Exhibit "1" to the Declaration of

Attorney A. George Glasco in the Plaintiff's Request for Judicial Notice].  Bishop and his co-

conspirator Nancy Willis were adjudged *inter alia* to have conspired to do (co-conspirators) and

intended to commit, and did in fact commit, fraud, financial elder abuse, breach of breach of

fiduciary relation relative to the beneficiaries of the Trust, etc.  See FAJ, Exhibit "1" hereto.

The plaintiffs Richards, and each of them, are beneficiaries of said Trust.

10.  Gwendolyn R. Moore (Settlor) created the Gwendolyn R. Moore  Revocable Living

Trust dated  December 9, 2004 ("Trust"), aka Gwendolyn R. Moore Trust and/or the Gwendolyn

R. Moore Trust of 2004, aka Gwendolyn R. Moore Living Trust (each denomination refers to

the same document)  and  t the Trust was funded with three real properties, and personal

property.  FAJ at ¶1     The three real properties are referred to here as "Driftwood" in

Victorville, California,  "Mt. Vernon" and "Stocker" properties in Los Angeles, California. The

settlor Gwendolyn R. Moore died on 11/30/09.  Upon  her demise, the Trust became irrevocable

by law.  FAJ at ¶¶1-2., Exhibit "1" hereto.

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

11. Upon the death of Moore, various litigation ensued among the Trust beneficiaries wherein each was claiming interests in contradiction to the others. Eventually, the litigation resulted in the execution by all interested persons, including the parties here, of the Settlement Agreement and Release (Agreement) on 07/17/10. The Agreement gave each of the individual plaintiffs Richards - Brenda and Frederick - a 1/6 residuary interest each in the Trust Estate, and the Debtor Reggie L. Bishop a 2/3 interest. All parties to the litigation in case BP 120811 – Estate of Gwendolyn R. Moore – represented to the other virtue of the Agreement, and with the intent to induce the reliance of the other thereon, that they, and each of them, including, without limitation thereto, the Defendant and Debtor Reggie L. Bishop and the plaintiffs Richards, would be bound by the Agreement. A true copy of the 07/17/10 Settlement Agreement is attached hereto as Exhibit "19", and it is marked with the same exhibit numeration that was used at the bench trial for the FAJ before the Los Angeles Superior Court Probate Division. Moreover, the Agreement was incorporated into the Probate Court's 01/05/11 Order After Hearing. A true conformed copy of the said Order After Hearing is attached as Exhibit "25", and it bears the same Exhibit number that was used in the bench trial for the FAJ. Pursuant to Rule 201 of the Fed. R. of Evid., judicial notice of the conformed 01/05/11 Order After Hearing [Exhibit "25"] is requested. All signatories to the Agreement, including the Plaintiffs Richards and the Debtor Bishop herein were present in court when the court ordered the approval of the Agreement and each responded in court that they agreed to its terms. Said Settlement Agreement and Release were incorporated in the court's 01/05/11 Order After Hearing [Exhibit "25"] and the probate court retained jurisdiction in the Order to enforce the Agreement and the Order.

Page **8** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

12. The said 01/05/11 Order After Hearing [Exhibit "25] provided that the Mt. Vernon property was to be sold and $438,500 from the sale was to be distributed to Yolanda Page, William Brown and Ernest Brown, that specific distribution of $2500 each was to be paid to 17 named beneficiaries, and the rest, remainder and residue of the Trust both real and personal was to be distributed 1/6 to Brenda Richards, 1/6 to Frederick Richards and 2/3 to Reggie Bishop.

13. The Plaintiffs Brenda Richards and Frederick F. Richards III justifiably relied upon the representations made in the Agreement by the Debtor, i.e. that the residue of the Trust estate would be distributed in accordance with the Agreement and the said Order after Hearing which incorporated it.

14. At all times, Debtor intended that he would not adhere to the Agreement. Instead, he deliberately and intentionally misrepresented to the signatories and parties to the Agreement that he would comply with its terms in order to induce their reliance to compromise their interests in the said estate, and to obtain the dismissal of their complaint, which the Agreement accomplished. As evidence of the intention, no sooner had he signed the Agreement, did Debtor immediately file documents with the Superior Court Probate Division seeking to cancel the Agreement so that he could keep the real properties which they covered. When the court denied his efforts, the Debtor then appealed the Order and judgment incorporating the Agreement. The Debtor did so despite the fact that he had signed the Agreement and that he had agreed in court that he would be bound by its terms.

15. On 02/28/12, the California Second District Court of Appeal affirmed the judgment on the said Order After Hearing [Exhibit "25" hereto] in case no. B230638, a true copy of the

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A); §523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

court of appeal decision is attached as Exhibit "32". The Court of Appeal declared that the said

Debtor's appeal was frivolous and awarded the Responding parties $20,000 against the Debtor

herein for taking a frivolous appeal of an Agreement not only that he signed but even agreed in

court that it was his Agreement only to file an appeal immediately thereon. Not only did the

Debtor fail to pay to the $20,000, he conspired with previous trustee and adjudged co-

conspirator Nancy Willis to continue the perpetration of his fraud by conspiring between them

to have the remaining Stocker property transferred in fee simple to him in detriment of the 1/3

collective interest of the Plaintiffs Richards [each of said plaintiffs possessed a 1/6 interest, or a

collective 1/3].

16. In its FAJ, the Los Angeles Superior Court Probate Division declared [FAJ, Exhibit

"1" at ¶8]:

"The court finds that Defendants Bishop and Trustee Nancy Willis conspired to defraud

plaintiffs, and by defalcation, intentionally and maliciously appropriated or distributed

personal and real property belonging to the Trust in violation of their agreed Settlement,

and the court's Order After Hearing. Specifically, the court finds that Willis and Bishop

intentionally, fraudulently and maliciously caused the transfer, without consideration and

in violation of the Agreement and Order After Hearing, of all interest in the Driftwood

and Stocker real properties to Bishop such that both Plaintiffs Richards were denied

their 1/6 interest each in both real properties, and that Bishop subsequently sold the

Driftwood property without paying anything either to the Trust or the plaintiffs Richards

herein."

Page **10** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

17. The court further found that the Defendants Bishop (Debtor) and Trustee Willis conspired to intentionally defraud the Plaintiffs Richards and intentionally conspired to breach their fiduciary relationship with respect to said plaintiffs [FAJ, Exhibit "1" at ¶20]:

"Defendants Nancy Willis, Individually, and as Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Bishop,  conspired to intentionally and negligently  defraud and did defraud plaintiffs Brenda and Frederick of monies and real property that were due them by reason of the said Settlement and Order After Hearing.  Further said Defendants conspired to breach, and did breach,  the trust and fiduciary obligations that Trustee Nancy Willis owed at all times to the Trust beneficiaries Brenda Richards and Frederick Richards.  The court further finds that said fraud consisted *inter alia* of  defalcating monies and real properties due both Richards for the benefit of themselves or for the benefit of one or the other.  The court finds that as a result of the foregoing, that said Reggie Bishop holds money and properties in constructive trust for the 1/6 part due to Brenda Richards and the 1/6 part due to Frederick Richards III."

18. In addition to fraudulently causing the conveyance to him of the Stocker and Driftwood properties by the previous adjudged co-conspirator and Trustee Nancy Willis, the Debtor continued to defraud the Plaintiffs Richards of their interest in the Trust estate by intentionally refusing to comply with the Agreement and Order After Hearing which incorporated it by defalcating the sum of $85,921 from the Trust Estate.  The Debtor defalcated the sum despite the fact that the Probate Court ordered that he return the said sum to the Trust Estate.  The 07/15/10 Interim Order After Hearing specifically directed that the Debtor returned the money,

Page **11** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

and again the plaintiffs herein justifiably relied upon the representation of the Debtor, by and

through his attorney who signed the agreed order, that he would so. A true conformed copy of

the said 07/15/10 Interim Order After Hearing is attached hereto as Exhibit 18 and pursuant to

Rule 201 of the Fed. R. of Evidence, judicial notice thereof is requested. The exhibit

numeration is identical to that presented in the bench trial in support of the FAJ. The FAJ

[Exhibit "1", ¶21] states:

> "The court finds that on 07/15/10, the court, by its Interim Order After Hearing, ordered
>
> Bishop "forthwith" to turn over the funds he received in the amount of $85,921.54 to
>
> Nancy Willis, who, in turn, was ordered to deposit said sum into a blocked account in the
>
> name of Gwendolyn R. Moore Revocable Living Trust. The court finds that both Bishop
>
> and Willis were present in court when the court made its order. The court further finds
>
> that Bishop never delivered said sum to Willis, and that both Bishop and Willis
>
> intentionally and maliciously conspired not to disclose that Bishop had failed to turn over
>
> said sum in accordance with the court's order and they did so in order to defraud plaintiff
>
> Richards and to commit defalcation of the 1/6 interest to which each plaintiff Richards
>
> was entitled."

19. The FAJ further found that the Debtor and the previous Trustee Nancy Willis defrauded

the plaintiffs Richards of their monetary interest in the Mt. Vernon real property [FAJ at ¶¶22-

23, Exhibit "1" hereto]:

> "22. The court finds that Trustee Willis received the sum of $121,514 from escrow
>
> resulting from the sale of the Mt. Vernon Property after payment to the Browns and Page

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

per the 01/05/11 Order After Hearing.  The court finds that on 12/04/12, upon the Petition

of Brenda Richards and Frederick Richards to enforce the judgment, the court ordered in

its Order to Enforce Settlement  that 1/6 of said $121,514.00 be paid to Brenda Moore

Richards and 1/6 of said $121,514.00 be paid to Frederick F. Richards III, and further

ordered  the sale of the Stocker property and the impounding of the proceeds pending

further order of the court. This court finds that Bishop and Willis conspired to

intentionally and maliciously defraud Petitioners Richards of their 1/6 each interest in

said $121,514 by distributing monies  to Bishop and cash withdrawals to the benefit of

themselves."

"23.  The court further finds that Willis and Bishop intentionally, and maliciously

conspired to defraud, and did defraud,  Plaintiffs Richards of their 1/6 each interest in the

cash deposited and disbursed from the Gwendolyn R. Moore Revocable Living Trust

checking and savings accounts by having Willis distributed unaccounted checks and cash

withdrawals among  themselves."

20.  By reason of the adjudged fraud, defalcation, conspiracy, and breach of fiduciary

relationship by the Debtor Bishop in conspiracy with the previous Trustee Wills, and the

commission of financial elder abuse against the plaintiff Brenda Richards, the FAJ awarded

compensatory, treble and punitive damages as follows [FAJ, Exhibit "1"].  The FAJ awards

compensatory damages of $31,010.51 to Brenda Moore Richards and $31,010.51 to Frederick F.

Richards III, against Reggie Bishop and Nancy Willis, jointly and severally on the tort causes of

action, including intentional fraud."[3]The FAJ awards punitive damages in the amount of

$30,000 each ($60,000 collectively) to Brenda Moore Richards and Frederick F. Richards III

against Reggie L. Bishop and Nancy Willis, jointly and severally.[4] The FAJ awards $186,063.06

to Brenda Richards as treble damages pursuant to Cal. Civ. Code §3345 against Reggie L.

Bishop only.[5]   Collectively, the FAJ awards  the collective total of $306,048.08 in monetary

judgment to Brenda Richards and Frederick F. Richards  which breakdown as follows:

- $246,073.57 to Brenda Richards consisting of the said compensatory, punitive and

treble damages;

- $60,010.51 to Frederick Richards III consisting of compensatory and punitive damages.

21.    The FAJ court stated that the said awards – collective and individual – are in

addition to the previous final orders of the Los Angeles Probate Court which awarded the

plaintiff Richards each their 1/6 share from the sale of the Stocker property as previously

ordered by the court [FAJ, Exhibit "1" at ¶29]:

"The court finds that the  compensatory, punitive and treble damages herein awarded  are

in addition to the  1/6 residuary interest to which Plaintiff Brenda Moore Richards is

entitled and further in addition to the 1/6 residuary interest to which  Plaintiff Frederick

F. Richards III is entitled,  in the Stocker Property, and the sale proceeds therefrom, by

---

[3] FAJ at ¶¶24-25.

[4] FAJ at ¶¶26-27.

[5] FAJ at ¶28.

Page **14** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

virtue of the said  Settlement Agreement and 01/05/11 Order After Hearing, and the

12/04/12 Order to Enforce Judgment."

22.  The FAJ [Exhibit "1" hereto] notes that by virtue of the said Order After Hearing

[Exhibit "25" hereto] and Order to Enforce Judgment [Exhibit "38", a true copy is attached

hereto and Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence],

that Plaintiff Richards are each entitled to 1/6 each of the net sale proceeds from the sale of the

Mt. Vernon realty [FAJ, Exhibit "1" at ¶22]:

"The court finds that Trustee Willis received the sum of $121,514 from escrow resulting

from the sale of the Mt. Vernon Property after payment to the Browns and Page per the

01/05/11 Order After Hearing.  The court finds that on 12/04/12, upon the Petition of

Brenda Richards and Frederick Richards to enforce the judgment, the court ordered in its

Order to Enforce Settlement  that 1/6 of said $121,514.00 be paid to Brenda Moore

Richards and 1/6 of said $121,514.00 be paid to Frederick F. Richards III, and further

ordered  the sale of the Stocker property and the impounding of the proceeds pending

further order of the court. This court finds that Bishop and Willis conspired to

intentionally and maliciously defraud Petitioners Richards of their 1/6 each interest in

said $121,514 by distributing monies  to Bishop and cash withdrawals to the benefit of

themselves."

The 1/6 interest to each of the Plaintiff Richards amount to the sum of $20,233 each or the

collective total of $40,466, which individual and collective sums, as aforestated, are in addition

to the award of the said compensatory, punitive, and treble damages.  With the addition of the

Page **15** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

$20,233 each to each of the plaintiffs Brenda Richards and Fred Richards, the total award of

monetary damages to each plaintiff Richards is as follows:

- $266,306.57 to the Plaintiff Brenda Richards, which consists of the said

   compensatory, punitive, treble damages and the additional $20,233 due per the said

   Order to Enforce Settlement;

- $80,243.51 to the Plaintiff Frederick Richards, which consists of the said

   compensatory,  and punitive damages plus the additional $20,233 due said  Frederick

   Richards per the said Order to Enforce Settlement.

The collective total of all damages and money due the Richards thus amount to $346,555.08.

   23.  The Probate court **retained jurisdiction** to enforce its judgment; the court's Order

on Motion to Enforce Judgment; upon motion to the court, the award of attorney's fees and costs

pursuant to the Agreement and Welfare & Institutions Code §15657 and the Settlement

Agreement; the assessment and allocation of interest on the judgment.[6]"

   24.  By its 01/15/16 Order on Attorney Fees, the  Los Angeles Superior Court Probate

Division awarded the sum of  $308,930.00 to the plaintiff Law Offices of A. George Glasco,

APC against Reggie L. Bishop pursuant to Cal. Welfare & Inst. Code §15657.5 for having

committed financial elder abuse against an elder .[7]   A true copy of the Probate Court's 01/15/16

---

[6] FAJ at ¶33.

[7] Exhibit "111" to the Request for Judicial Notice, Declaration of attorney A. George Glasco in Support
thereof.

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

order is attached hereto as Exhibit "111", and is incorporated herein by reference. Judicial

notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

25. By reason of the foregoing, the said $346,555.08 due and owing, respectively, to the

plaintiffs Brenda Moore Richards and Frederick F. Richards III, and the $308, 930.00 in

attorney's fees due and owing to the plaintiff Law Offices of A. George Glasco, APC,  are

denominated  hereinafter as "**NONDISCHARAGEBABLE DEBTS**".

**FIRST CLAIM FOR RELIEF:   FOR NONDISCHARGEABILITY BY ALL
PLAINTIFFS AGAINST THE DEBTOR REGGIE BISHOP
PURSUANT TO 11 U.S.C. §523(a)(4)**

26. As and for a First Claim for Relief on the ground of nondischargeability against the

Debtor Reggie Bishop pursuant to 11 U.S.C. §523(a)(4), plaintiff repeats and realleges the

paragraphs numbered and designated "1" through "25" inclusive as if hereinafter repeated

verbatim.

27. Pursuant to 11 U.S.C. §523(a)(4), where a debt is incurred for " fraud or defalcation

while acting in a fiduciary capacity, or larceny", it is per se nondischargeable.  The FAJ [Exhibit

"1" hereto] demonstrates that the Defendant and Debtor Bishop  intentionally conspired with the

previous Trustee and adjudged defendant and co-debtor Nancy Willis to commit intentional

fraud, both by defalcation and otherwise, and in addition hereto, intentional and conspiratorial

breach of fiduciary relationship, and intentional financial elder abuse,  etc., thereby resulting in

the defalcation and theft and/or larceny of monetary and real property assets belonging to the

Trust Estate of Gwendolyn R. Moore, in general, and likewise of the said monetary and real

property assets belonging to the plaintiffs Brenda Moore Richards and Frederick F. Richards III.

Page **17** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

Further, by reason of the foregoing, said Debtor and Defendant suffered the additional

compensatory, treble, and punitive damages hereinabove referenced, and further suffered the

award of attorney fees to the plaintiff Law Offices of A. George Glasco, APC for having

committed the said financial elder abuse against the elder plaintiff Brenda Richards pursuant to

Cal. Wel. & Inst. Code §15657.5

28. Consequently, pursuant to 11 U.S.C. §523(a)(4), said **NONDISCHARGEABLE**

**DEBTS** more particularly referenced as such in paragraph 20-25 hereinabove  are

nondischargeable in the instant Chapter 7 Bankruptcy.

**SECOND CLAIM FOR RELIEF:  BY ALL PLAINTIFFS AGAINST THE DEBTOR
REGGIE WILLIS FOR NONDISCHARGEABILITY
PURSUANT TO 11 U.S.C. §523(a)(6)**

29. As and for a Second Claim for Nondischargeability  pursuant to 11 U.S.C.

§523(a)(6) against the Defendant and  Debtor Reggie L. Bishop, Plaintiffs Brenda Richards,

Frederick Richards III and the Law Offices of A. George Glasco, APC repeat and reallege the

paragraphs hereinabove numbered and designated "1" through "29" with the same force and full

effect as if hereinafter set forth fully at length.

30. Section 523(a)(6) of 11 U.S.C.  makes the stated **NONDISCHARGEABLE DEBTS**

undischargable by reason of "willful and malicious injury by the debtor to another entity or to

the property of another entity."

31. The within FAJ found that the Debtor intentionally, maliciously, fraudulently, and

willfully injured the Gwednolyn R. Moore Revocable Living Trust, and more particularly, the

trust beneficiaries and plaintiffs  Brenda Moore Richards and Frederick F. Richards by

Page **18** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

intentionally conspiring to defraud, intentionally defrauding, intentionally conspiring to breach

and in fact breaching the fiduciary relationship of Trustee relative to said Trust.  As co-

conspirator, said Debtor is held to account for the same torts and in the same degree as the co-

conspirator and co-defendant Nancy Willis in the FAJ (Exhibit "1" hereto).  As a result of the

forgoing, including, without limitation thereto, the incorporated paragraphs "1" through "29",

the Debtor has incurred the stated **NONDISCHARGEABLE DEBTS** hereinabove defined.

### THIRD CLAIM FOR RELIEF:  NONDISCHARGEABILTY BY ALL PLAINTIFFS PURSUANT TO 11 U.S.C. §523(a)(2)(A)  AGAINST THE DEFENDANT AND  DEBTOR REGGIE BISHOP

32.  As and for a Third Claim for nondischargeability against the Defendant and Debtor

Reggie Bishop pursuant to 11 U.S.C. §523(a)(2)(A), plaintiffs, and each of them,  repeat and

reallege the paragraph numbered and designated "1" through "31" with the same force and full

effect as if stated fully herein.

33.  Section 523(a)(2)(A) of 11 U.S.C.  does "not discharge an individual debtor for any

debt by false pretenses, false representations, actual fraud."

34.  By reason of the said Section 523(a)(2)(A), the said denominated

**NONDISCHARGABLE DEBTS**  are nondischargeable given that false representations and

actual fraud found by the Los Angeles Superior Court Probate Division to have been committed

by the said  Defendant and Debtor, and which are set forth in the preceding paragraphs  "1"

through "25.

///

Page **19** of 24
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor and Defendant Reggie Bishop as follows:

1. On the First Claim for Relief, for judgment against Debtor and Defendant Reggie Bishop determining that the debts owed by the Debtor to Plaintiffs Brenda Richards, Frederick F. Richards III, and the Law Offices of A. George Glasco, APC – i.e. the denominated **NONDISCHARGEABLE DEBTS** – are not dischargeable in his bankruptcy case and for judgment according to proof;

2. On the Second Claim for Relief, for judgment against Debtor and Defendant Reggie Bishop determining that the debts owed by the Debtor to Plaintiffs Brenda Richards, Frederick F. Richards III, and the Law Offices of A. George Glasco, APC – i.e. the denominated **NONDISCHARGEABLE DEBTS** – are not dischargeable in his bankruptcy case and for judgment according to proof;

3. On the Third Claim for Relief, for judgment against Debtor and Defendant Reggie Bishop determining that the debts owed by the Debtor to Plaintiffs Brenda Richards, Frederick F. Richards III, and the Law Offices of A. George Glasco, APC – i.e. the denominated **NONDISCHARGEABLE DEBTS** – are not dischargeable in his bankruptcy case and for judgment according to proof;

4. That Plaintiffs be awarded their costs of suit incurred herein and for such other and further relief as the court deems proper in accordance with the law and proof at the time of proof and/or judgment.

Page **20** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

1     DATED:  August 19, 2016

2

3                             A.  GEORGE GLASCO

                            LAW OFFICES OF A. GEORGE GLASCO, APC

4                             Attorneys for Plaintiffs:  Brenda Moore Richards,

                            Individually and as Trustee and Beneficiary of the

5                             Gwendolyn (Deceased) R. Moore Revocable Living Trust;

6                             Trust Beneficiary Frederick F. Richards III; and the LAW

                            OFFICES OF A. GEORGE GLASCO, APC, In Propria

7                             Personna.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page **21** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

# DECLARATION OF A. GEORGE GLASCO

1
2

## DECLARATION OF ATTORNEY A. GEORGE GLASCO

3      I, A. GEORGE GLASCO, declare:

4      1. I am an attorney at law licensed to practice in the state of California. The following is
5
6   true of my own personal knowledge and if I am called to testify thereon, I am competent to do
7   so as hereinafter appears. I represent Trustee Brenda Moore Richards as Trustee of the
8   Gwendolyn R. Moore Revocable Living Trust and as beneficiary of the Gwendolyn R. Moore
9
10  Trust Estate. I also represent Trust Beneficiary Frederick F. Richards III.

11     2. I was the attorney for Plaintiff Brenda Moore Richards and Frederick F. Richards III
12  in the trial in the Los Angeles Superior Court Central District on the Petition for Surcharge,
13
14  Elder Abuse, Fraud, etc. in the within case no. BP120811. The following are true copies of the
15  Exhibits and documents that were filed in court. Judicial notice is requested pursuant to Rule
16  201 of the Fed. R. of Evidence of each of the following exhibits and filings:

17     3. Attached hereto as Exhibit 1 is a conformed copy of the First Amended Judgment
18  (FAJ) filed on 07/13/15, and it is marked with the same exhibit numeration that was used at the
19
20  bench trial for the FAJ before the Los Angeles Superior Court Probate Division.   Judicial notice
21  thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.
22
23     4. Attached hereto as Exhibit "18" is a copy of the 07/15/10 Interim Order After
24  Hearing, and it is marked with the same exhibit numeration that was used at the bench trial for
25  the FAJ before the Los Angeles Superior Court Probate Division. Judicial notice thereof is
26
27  requested pursuant to Rule 201 of the Fed. R. of Evidence.

28

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

5.  Attached hereto as Exhibit "19" is a true copy of the 07/17/10 Settlement Agreement, and it is marked with the same exhibit numeration that was used at the bench trial for the FAJ before the Los Angeles Superior Court Probate Division.  Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

6.  Attached hereto as Exhibit "25" is a conformed copy of the 01/05/11 Order After Hearing, and it is marked with the same exhibit numeration that was used at the bench trial for the FAJ before the Los Angeles Superior Court Probate Division.  Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

7.  Attached hereto as Exhibit "32"  is the 02/28/12 Decision of the California Second District Court of Appeal that affirmed the judgment on the said Order After Hearing [Exhibit "25"] in case no. B230638, and it is marked with the same exhibit numeration that was used at the bench trial for the FAJ before the Los Angeles Superior Court Probate Division.  Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

8. Attached hereto as Exhibit "38" is the 12/04/12 Order on Motion to Enforce Judgment Regarding the Sale of the Stocker Property and that the Proceeds be Impounded Pending Further Court Order, and it is marked with the same exhibit numeration that was used at the bench trial for the FAJ before the Los Angeles Superior Court Probate Division.  Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

9.  Attached hereto as Exhibit "111" is the court's 01/13/16 order granting in attorney's fees to the Law Offices of A. George Glasco, APC against Reggie Bishop pursuant to Cal.

Page **23** of **24**
Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

Welfare & Inst. Code §15657.5 for having committed financial elder abuse against an elder.

Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

10.  Attached hereto as Exhibit "114" is an Order filed on 08/16/16 in case nos. B270074

and B265622 by the Second District Court of Appeal, which granted the instant Plaintiff's

Motion to Dismiss the Appeal on the First Amended Judgment that quieted title in the subject

3305 Stocker Street, Los Angeles, California property to the Gwendolyn R. Moore Revocable

Living Trust, Brenda Moore Richards as Trustee. Judicial notice thereof is requested pursuant to

Rule 201 of the Fed. R. of Evidence.

11.  Attached hereto as Exhibit "115" is the U.S. Bankruptcy Court's (chapter 13)

12/10/15 Order Granting Motion for Relief from Automatic Stay under 11 U.S.C. §362.

Judicial notice thereof is requested pursuant to Rule 201 of the Fed. R. of Evidence.

12.  Attached hereto as Exhibit "116" is the U.S. Bankruptcy Court's (chapter 13)

11/10/15 Order and Notice of Dismissal. Judicial notice thereof is requested pursuant to Rule

201 of the Fed. R. of Evidence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of August, 2016, at South Pasadena, California.

*A. George Glasco*

A.  GEORGE GLASCO
LAW OFFICES OF A. GEORGE GLASCO, APC
Attorneys for Plaintiffs:  Brenda Moore Richards,
Individually and as Trustee and Beneficiary of the
Gwendolyn (Deceased) R. Moore Revocable Living Trust;
Trust Beneficiary Frederick F. Richards III; and the LAW
OFFICES OF A. GEORGE GLASCO, APC, In Propria
Personna.

Richards etc. Complaint for Nondischargeability of Debt Pursuant to 11 USC §523(a)(2)(A);
§523(a)(4); and §523(a)(6) against Debtor and Defendant Reggie Bishop 2:16-bk-16503-RK

# EXHIBIT 1

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 19 2015

Sherri R. Carter, Executive Officer/Clerk
By Karen Brown, Deputy

1   A. GEORGE GLASCO, SBN 055935
2   LAW OFFICE OF A. GEORGE GLASCO, P.C.
    729 Mission Street, Suite 300
    South Pasadena, CA 91030
3   626-403-2268; Fax: 626-403-2291
    Email: george@glascolaw.com
4
    Attorneys for Trust Beneficiaries,
5   Frederick F. Richards III and
    Brenda Moore Richards
6
7
8             SUPERIOR COURT OF THE STATE OF CALIFORNIA
9             FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
10  In the Matter of the:                Case No.: BP120811

11  GWENDOLYN R. MOORE TRUST            FIRST AMENDED – DSetz

12                                       JUDGMENT AFTER BENCH TRIAL
                                         ON:  QUIET TITLE;
13  FREDERICK F. RICHARDS III, and       CANCELLATION OF DEED;
    BRENDA MOORE RICHARDS                FINANCIAL ELDER ABUSE;
14                                       FRAUD; CONSTRUCTIVE FRAUD;
                                         BREACH OF FIDUCIARY DUTY;
15             Petitioners and Plaintiffs,  NEGLIGENCE; CONSTRUCTIVE
16                                       FRAUD; AND CONSTRUCTIVE
           v.                            TRUST;
17
18  NANCY WILLIS, TRUSTEE,
    REGGIE LYN BISHOP SR., aka REGGIE L.
19  BISHOP, AKA REGGIE L. BISHOP SR, Does   DATES OF TRIAL: April 2015: 1,2,3,6, and 22
    "1" through "10"                        DEPT: 67
20
21
22             Respondents and Defendants.
23
24      Trial occurred in Department 67 of the above-entitled court on April 1,2,3,6 and 22, of

25  2015 on the Verified First Amended Petition for Surcharge of Successor Trustee Nancy Willis,

26  Financial Elder Abuse (Welfare & Institutions Code Section 15610.30); Breach of Fiduciary

27  Duty; Fraud; Conversion; Constructive Trust; Constructive Fraud; Accounting; Negligence Per

28

PAGE 1 OF 13 PAGE

1  So; Quiet Title; Cancellation of Deeds. Appearing were Plaintiffs Brenda Moore Richards and

2  Frederick F. Richards III and their attorney A. George Glasco of the Law Offices of A. George

3  Glasco, APC; and Defendant Nancy Willis and her attorney Efrem A. Clark, Defendant Reggie

4
   Lyn Bishop Sr., aka Reggie L. Bishop Sr., aka Reggie Bishop, aka Reggie L. Bishop
5
6  (hereinafter referred to as to all denominations as "Bishop"). Bishop did not appear.  The motion

7
   was heard by the court, sitting without jury, as the parties waived jury. The court heard and
8
9  considered the testimony, the documentary evidence, and the argument of counsel.  The matter

10  having been submitted for decision and a statement of decision having been waived.

11
      IT IS ORDERED, ADJUDGED, AND DECREED that;
12
13   1.  The court finds that the settlor Gwendolyn R. Moore created the Gwendolyn R. Moore

14  Revocable Living Trust dated  December 9, 2004 ("Trust"), aka Gwendolyn R. Moore Trust

15  and/or the Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore Living Trust (each

16
   denomination refers to the same document)  and  that the Trust was funded with three real
17
18  properties, and personal property.   The three real properties are referred to here as "Driftwood"

19  in Victorville, California,  "Mt. Vernon" and "Stocker" properties in Los Angeles, California.

20
21   2.  That the settlor Gwendolyn R. Moore died on 11/30/09.  That upon her demise, the

22  Trust became irrevocable by law.

23   3.  The court finds that neither Defendant Nancy Willis, individually and as Trustee of

24
   the Gwendolyn R. Moore Trust, nor the Defendant Bishop  filed a responsive pleading to the
25
26  initial Verified Petition for Surcharge, Elder Abuse, etc. despite having been given several

27  opportunities by the court to do so. The court finds that on 04/03/15, the court, on stipulation

28

PAGE  2  OF  13  PAGE

between counsel for plaintiffs Richards and the Defendant Willis, ordered the filing of the First Amended Petition for Surcharge, Financial Elder Abuse, Breach of Fiduciary Duty, Fraud, Conversion, Constructive Trust, Negligence Per Se, Cancellation of Deeds, and Removal of Nancy Willis as Trustee. The court ordered that no responsive pleading thereto was to be filed as the First Amended Petition added no significant substantive changes, but merely denominated differently certain causes of action, namely instead of rescission of the Stooker Property deed, it was now Cancellation of Deed on the Stooker Property, and now prayed that title to said Stooker Property be quieted in the name of the Gwendolyn R. Moore Revocable Living Trust, instead of the named plaintiffs. Accordingly, trial proceeded on the First Amended Petition.

4. Trial proceeded against Defendant Bishop as to the prove of damages only on the tort causes of action. As to the quiet title action, Bishop, by the Notice of Trial, was informed that he would be permitted to produce evidence and challenge the quiet title action. Bishop did not appear although his appearance was noticed by plaintiffs pursuant to Cal. Code of Civ. Pro. §1987.

**Settlement Agreement and Order After Hearing, and Notice of Entry of Judgment.**

5. The court further finds that upon the death of Moore, various litigation ensued among the Trust beneficiaries which resulted in the execution by all interested persons, including the parties here, of the Settlement Agreement and Release (Agreement) on 07/17/10. The court finds that the Agreement gave each of the Richards - Brenda and Frederick - a 1/6 residuary interest in the Trust Estate.

PAGE _3_ OF _13_ PAGE

6. The court finds that the court's 01/05/11 Order After Hearing approved the Agreement. The court further finds that all parties herein, including Defendants Bishop and Willis on the one hand, and the Plaintiffs Brenda Moore Richards and Frederick F. Richards III on the other, were present in court when the court ordered the approval of the Agreement and each responded in court that they agreed to its terms. Said Settlement Agreement and Release was incorporated in the court's 01/05/11 Order After Hearing and the court retained jurisdiction in the Order to enforce the Agreement and the Order. The court finds that on 01/21/11, Notice of Entry of Judgment attaching the Order After Hearing was filed and served on the interested persons, including the parties herein.

7. The court finds that the 01/05/11 Order After Hearing provided that the Mt. Vernon property was to be sold and $438,500 from the sale was to be distributed to Yolanda Page, William Brown and Ernest Brown, that specific distribution of $2500 each was to be paid to 17 named beneficiaries, and the rest, remainder and residue of the Trust both real and personal was to be distributed 1/6 to Brenda Richards, 1/6 to Frederick Richards and 2/3 to Reggie Bishop.

8. The court finds that Defendants Bishop and Trustee Nancy Willis conspired to defraud plaintiffs, and by defalcation, intentionally and maliciously appropriated or distributed personal and real property belonging to the Trust in violation of their agreed Settlement, and the court's Order After Hearing. Specifically, the court finds that Willis and Bishop intentionally, fraudulently and maliciously caused the transfer, without consideration and in violation of the Agreement and Order After Hearing, of all interest in the Driftwood and Stocker real properties to Bishop such that both Plaintiffs Richards were denied their 1/6 interest each in both real

PAGE 4 OF 13 PAGE
EXHIBIT 1

properties, and that Bishop subsequently sold the Driftwood property without paying anything

either to the Trust or the plaintiffs Richards herein.

9. **Sale of the Driftwood (Victorville) Property.** The court finds that on 02/04/11 as

recorded in instrument no. 2011-0055083, Trustee Willis transferred without consideration full

ownership interest to the Driftwood Property to codefendant Reggie L. Bishop. The Driftwood

real property was part of the residuary estate. The court further finds that on 10/15/11, Bishop

sold the Driftwood property to Donald Muse and Yvonne Nuse, husband and wife. By

stipulation of the parties and order of the court accepting such, the property was sold for

$95,000, and each of the plaintiffs Richards received his or her share of the sale proceeds from

the cash of the Trust Estate as no money was paid to Trustee Willis from the sale.

10. **Cancellation of Stocker Deed.** The court finds that on 01/21/11, Willis deeded,

without consideration, full title in instrument no. 20110117093 to the Stocker Property to

Reggie Lynn Bishop, Sr. to the detriment of the 1/6 interest of each plaintiff Richards, and in

violation of both the Agreement and Order After Hearing which vested 1/6 interest in each

plaintiff Richards of the residuary estate. The Stocker Property is part of the residuary estate.

11. The court awards judgment on the cause of action for Cancellation of Deeds in

favor of Plaintiffs Brenda Moore Richards and Frederick F. Richards III relative to the Stocker

Property deed as reflected in instrument no. 20110117093 in the Office of the County Recorder

for Los Angeles County, and against Defendants Nancy Willis, Individually and as Previous

Trustee of the Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore Revocable

Living Trust, aka Gwendolyn R. Moore Trust; and Reggie Lyn Bishop Sr., aka Reggie L.

PAGE 5 OF 13 PAGE

Judgment After Bench Trial

1  Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop.   Said Stooker Property Deed is hereby

2  cancelled, declared null and void, and is to be given no legal or equitable effect.   The said

3
4  Stooker Property is more particularly described as Lot 173 of Tract 10023, as per map recorded

5  in Book 150, Page 46 of Maps, in the Office of the County Recorder of said county, APN 5024-

6  026-002, and also known as 3305 Stooker Street, Los Angeles, California. The court finds that

7  to permit the deed to vest title to Reggie Bishops would be inequitable and detrimental to the 1/6

8
9  interest of Plaintiff Brenda Richards and the 1/6 interest of plaintiff Frederick F. Richards, in

10  said property and would further deprive said plaintiffs of the only remaining Trust asset from

11  which they can obtain other monies that are would otherwise be due to them under the

12
13  Gwendolyn R. Moore Living Trust, the Settlement Agreement and Release, the 01/05/11 Order

14  After Hearing where the court retained jurisdiction to enforce the Agreement, and the 12/04/12

15  Order on Motion (Petition) to Enforce Settlement.

16      12. The court finds that the Plaintiffs did not know that Willis and Bishop contemplated

17
18  the sale or transfer of title to the Driftwood and Stooker properties before they occurred.

19      13. **Quieting of Title to the Stooker Property**. The court finds that on 04/19/12, the

20  plaintiffs attorney filed as instrument no. 20120584521 their Notice of Lis Pendens with the

21
22  County Recorder relative to the Verified Petition to Enforcement Settlement Agreement relative

23  to the Stooker Property.   The court finds that all notices required by law have been given

24  relative to the filing of the Notice of Lis Pendens and the service by certified mail upon all

25
26  interested persons.

27
28

PAGE 6 OF 13 PAGES

Judgment After Bench Trial                                    DPJ20011

14. The court awards judgment of Quiet Title to the Stocker Property as of the date of filing the Verified Petition to Quiet Title on May 17, 2013 pursuant to California Code of Civil Procedure §761.020(d) in favor of Gwendolyn R. Moore Trust of 2004 (aka Gwendolyn R. Moore Trust, aka Gwendolyn R. Moore Revocable Living Trust), Brenda Moore Richards, Trustee; and against Defendants Nancy Willis, Individually and as Previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, aka Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore Trust; Reggie Lyn Bishop Sr., aka Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, jointly and severally, and against all persons or entities, claiming any legal or equitable right, title, estate, lien or interest in the said Stocker Property, adverse to the title interest, or any cloud upon the title interest, of the Gwendolyn R. Moore Trust of 2004 (Gwendolyn R. Moore Trust), Brenda Moore Richards, Trustee. The Stocker Property is more particularly described as Lot 173 of Tract 10023, as per map recorded in Book 150, Page 46 of Maps, in the Office of the County Recorder of said county, APN 5024-026-002, and also known as 3305 Stocker Street, Los Angeles, California.

**Brenda Moore Richards appointed Trustee**

15. The court finds that on 06/26/14, by order of the court, Brenda Richards was appointed Temporary Trustee of the Gwendolyn R. Moore Revocable Living Trust and that Nancy Willis was suspended as Trustee.

16. The court further finds that on 03/24/15, Nancy Willis, previously having been suspended by court order, resigned as Trustee of the Gwendolyn R. Moore Trust.

Judgment After Bench Trial                                    BR120011

17. The court appoints Brenda Moore Richards as Trustee of the Gwendolyn R. Moore Revocable Living Trust.

### Financial Elder Abuse

18. The court finds that Plaintiff Brenda Richards was born on March 13, 1939, and was at all times a resident of the state of California. Brenda is an elder within the meaning of California Welfare and Institutions Code §15610.

19. The court finds that Defendants Willis Individually and as Trustee of the Gwendolyn R. Moore Trust, and Reggie L. Bishop Sr. aka Reggie L. Bishop, aka Reggie Bishop, intentionally conspired to commit and did commit financial and fiduciary elder abuse against plaintiff Brenda Richards within the meaning of Welfare & Institutions Code by appropriating and defalcating properties, personal and real, so as to deprive Brenda of her 1/6 residuary interest in violation of the Settlement and Order After Hearing.

### Fraud, Breach of Fiduciary Duty Constructive Fraud, Negligence, and Constructive Trust

20. Defendants Nancy Willis, Individually, and as Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Bishop, conspired to intentionally and negligently defraud and did defraud plaintiffs Brenda and Frederick of monies and real property that were due them by reason of the said Settlement and Order After Hearing. Further said Defendants conspired to breach, and did breach, the trust and fiduciary obligations that Trustee Nancy Willis owed at all times to the Trust beneficiaries Brenda Richards and Frederick Richards. The court further finds that said fraud consisted *inter alia* of defalcating monies and real properties due both Richards'

PAGE 8 OF 13 PAGE

for the benefit of themselves or for the benefit of one or the other. The court finds that as a result of the foregoing, that said Reggie Bishop holds money and properties in constructive trust for the 1/6 part due to Brenda Richards and the 1/6 part due to Frederick Richards III.

### Monetary Damages-Compensatory, Punitive and Treble Damages

21. The court finds that on 07/15/10, the court, by its Interim Order After Hearing, ordered Bishop "forthwith" to turn over the funds he received in the amount of $85,921.54 to Nancy Willis, who, in turn, was ordered to deposit said sum into a blocked account in the name of Gwendolyn R. Moore Revocable Living Trust. The court finds that both Bishop and Willis were present in court when the court made its order. The court further finds that Bishop never delivered said sum to Willis, and that both Bishop and Willis intentionally and maliciously conspired not to disclose that Bishop had failed to turn over said sum in accordance with the court's order and they did so in order to defraud plaintiff Richards and to commit defalcation of the 1/6 interest to which each plaintiff Richards was entitled.

22. The court finds that Trustee Willis received the sum of $121,514 from escrow resulting from the sale of the Mt. Vernon Property after payment to the Browns and Page per the 01/05/11 Order After Hearing. The court finds that on 12/04/12, upon the Petition of Brenda Richards and Frederick Richards to enforce the judgment, the court ordered in its Order to Enforce Settlement that 1/6 of said $121,514.00 be paid to Brenda Moore Richards and 1/6 of said $121,514.00 be paid to Frederick F. Richards III, and further ordered the sale of the Stocker property and the impounding of the proceeds pending further order of the court. This court finds that Bishop and Willis conspired to intentionally and maliciously defraud Petitioners

PAGE 9 OF 13 PAGE

Richards of their 1/6 each interest in said $121,514 by distributing monies to Bishop and cash withdrawals to the benefit of themselves.

23.  The court further finds that Willis and Bishop intentionally, and maliciously conspired to defraud, and did defraud, Plaintiffs Richards of their 1/6 each interest in the cash deposited and disbursed from the Gwendolyn R. Moore Revocable Living Trust checking and savings accounts by having Willis distributed unaccounted checks and cash withdrawals among themselves.

24.  Plaintiff Brenda Moore Richards is hereby awarded judgment in the amount of $31,010.51, as and for compensatory damages, against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and severally.

25.  Plaintiff Frederick F. Richards is hereby awarded judgment in the amount of $31,010.51, as and for compensatory damages, against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and severally.

26.  Plaintiff Brenda Moore Richards is hereby awarded the additional amount of $30,000.00 as and for punitive damages against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and , and Reggie L.

PAGE 10 OF 13 PAGE

1  Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and

2  severally.

3      27. Plaintiff Frederick Richards III is hereby awarded the additional amount of

4
   $30,000.00 as and for punitive damages against the Defendants Nancy Willis, individually and
5
   as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, , and Reggie L.
6
7  Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and
8
   severally.
9

10     28. Plaintiff Brenda Richards is hereby awarded the additional amount of treble

11 damages under Cal. Civ. Code 3345 in the sum of $186,063.06 against only Defendant Reggie
12
   L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop. The court
13
14 finds pursuant to Cal. Civ. Code §3345(b)(1) and (2) that said defendant Bishop's behavior was

15 unconscionable as he knew or should have known that his conduct was directed against a

16 senior citizen, and that by reason of defendants' conduct, said Brenda Richards to suffer a loss
17
   of income.
18

19     29. The court finds that the compensatory, punitive and treble damages herein awarded

20 are in addition to the 1/6 residuary interest to which Plaintiff Brenda Moore Richards is entitled
21
   and further in addition to the 1/6 residuary interest to which Plaintiff Frederick F. Richards III is
22
23 entitled, in the Stocker Property, and the sale proceeds therefrom, by virtue of the said

24 Settlement Agreement and 01/03/11 Order After Hearing, and the 12/04/12 Order to Enforce

25 Judgment.
26

27

28

PAGE ___11___ OF _13_ PAGE

EXHIBIT ___1___

30  The court finds that Plaintiffs Brenda Moore Richards and Frederick F. Richards III are the prevailing parties against defendants, jointly and severally, on each cause of action in the said First Amended Petition, by virtue of having obtained the said 12/04/12 Order to Enforce Judgment, and the instant Judgment.  The court further finds that as prevailing parties, the Plaintiffs Brenda and Frederick are entitled to attorney's fees as provided in the Agreement, and the Order After Hearing, which incorporated said Agreement.

31.  The court finds that Plaintiff Brenda Moore Richards is the prevailing party by reason of having prevailed in the Financial Elder Abuse cause of action against all Defendants, and she is, therefore, entitled to recover attorney's fees upon motion to the court pursuant to Cal. Welfare & Inst. Code §15657.

32.  Plaintiffs are entitled to recover costs.

33.  The court retains jurisdiction to enforce: this judgment;  the court's 01/03/11 Order After Hearing;  the 12/04/12 Order on Motion to Enforce Judgment;  upon motion to the court, the award of attorneys' fees  and costs pursuant to the Agreement and Welfare & Inst. Code §15657 and the Settlement Agreement;  the assessment and allocation of interest on judgment.

APPROVED AS TO FORM AND CONTENT:

DATED:  July 13, 2015

By: _____
EFREM A. CLARK
Attorney for Respondent/Defendant Nancy Willis,
Individually and as former Trustee of the Gwendolyn R.
Moore Revocable Living Trust.

PAGE 12 OF 13 PAGE

DATED:   July 13, 2015

By:_____
A. GEORGE GLASCO
LAW OFFICES OF A. GEORGE GLASCO, APC
Attorneys for Petitioners and Plaintiffs Brenda Moore Richards, Individually
and as Trustee of the Gwendolyn R. Moore Revocable Living Trust, and
Frederick F. Richards III

IT IS SO ORDERED.

DATED:   July 13, 2015

DAVID  CUNNINGHAM III
Judge of the Superior Court

PAGE  13  OF  13  PAGE

EXHIBIT  1

Judgment After Bench Trial                                    BR120813.

**EXHIBIT 18**

1    Andrea G. Van Leesten, Esq. (SBN #152628)
     LAW OFFICE OF ANDREA G. VAN LEESTEN
2    6101 West Centinela Avenue, Ste 270
     Culver City, CA 90230
3    Telephone: (310) 410-1717                     **FILED**
     Facsimile: (310) 410-1747                     LOS ANGELES SUPERIOR COURT
4
     Attorney for Nancy Willis,                          JUL 1 5 2010
5    Successor Trustee
                                              John A. Clarke, Executive Officer/ Clerk
6
                                              By _____ , Deputy
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11   In Re the Matter of:              CASE NO. BP 120 811

12                                     INTERIM ORDER AFTER HEARING

13   GWENDOLYN R. MOORE
     TRUST,
14      dated December 9, 2004.

15                                     Date:    June 9, 2010
                                       Time:    8:30 a.m.
16                                     Dept:    5
                                       Hon. Mitchell L. Beckloff
17

18

19   THE HONORABLE  Mitchell L. Beckloff, presiding

20   DATE OF HEARING  June 9, 2010

21   Department: 5

22         Appearing at the hearing  Trustee, Nancy Willis, her counsel, Andrea G  Van Leesten,

23   Esq , Mina N. Sirkin, Esq , for Petitioner, Yolanda Page and Mina N  Sirken , specially appearing

24   for Ernest Page,   Respondent and Objector, Reggie L  Bishop, his counsel, Alexander E

25   Macksoud, Esq. and Brenda Richards, in pro per

26         THE COURT, having considered the pleadings and documents heretofore filed by the

27   parties and having heard argument,  in support of and in opposition to, the PETITION TO

28   DETERMINE EXISTENCE AND VALIDITY OF TRUST, ASCERTAIN TRUSTEE AND

                                          1

GWENDOLYN R. MOORE TRUST                          ORDER AFTER HEARING
C:\Documents and Settings\Administrator\Local Settings\Temporary Internet Files\OLK114\Order after hearing 4 wpd

Pg 1 of 2

1   BENEFICIARIES, RECOVER PROPERTY; APPOINTMENT OF SUCCESSOR TRUSTEE,

2   ANSWER TO COMPLAINT FOR DAMAGES; IMPOSITION OF CONSTRUCTIVE TRUST,

3   and ACCOUNTING, RESPONSE OF PETITIONER/TRUSTEE NANCY WILLIS, RESPONSE

4   OF RESPONDENT/OBJECTOR REGGIE L BISHOP, REPLY AND OBJECTIONS, does

5   hereby makes only the following Orders at this time:

6        1. Reggie Bishop is hereby ordered "forthwith" to turn over the funds he received in the

7   amount of $85,921.54 to Trustee, Nancy Willis. Trustee who is ordered to deposit said funds into

8   a blocked account in the name of the Gwendolyn R. Moore Trust dated December 9, 2004 at a

9   bank or financial institution selected by such Trustee and she shall notify all parties of the name,

10  address and account number where such funds have been deposited within seven days of opening

11  such account.    No funds shall be withdrawn from such account without further order of court

12  having first been obtained.

13       2. Reggie Bishop is ordered "forthwith" to turn over to Trustee, Nancy Willis, all of the

14  US Savings bonds in the name of Gwendolyn R  Moore and or the Trust of Gwendolyn R  Moore

15  in his possession or under his control for safekeeping.

16       3  The parties are hereby ordered to Mediation with a Mediator to be selected by them

17  and the parties are ordered to return court on July 19, 2010 for a further status conference  The

18  court did not rule on the substance of any pleading or objection, and that the court will determine

19  the validity of the documents at issue, all causes of action in the pleadings and objections at the

20  time of trial to be determined at a later time.    No trial date has been set

21

22  Approved as to Form and Content.

23  [signature]                              [signature] 6/29/10

24  Mina N  Sirkin, Attorney for Petitioner/        Alexander E  Macksoud, Attorney
    Objector, Yolanda Page                          for Respondent/ Objector
25                                                   Reggie L.  Bishop

26  IT IS SO ORDERED
    Dated    JUL 1 5 2010   2010.            [signature]

27

28                                          Honorable Mitchell L. Beckloff
                                            Judge of the Superior Court

                                        2

GWENDOLYN R. MOORE TRUST                              ORDER AFTER HEARING
C\Documents and Settings\Anders\My Documents\Trust cases\Gwendoly Moore Trust admin probate\Order after hearing 4.wpd

EXHIBIT 13
Pg  2 of 2

# EXHIBIT 19

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into as of July 17, 2010, by and between

A.    Yolanda Page, Petitioner, William Brown and Ernest Brown, collectively Page and Brown;

B.    Nancy Willis, individually and as Trustee of the Gwendolyn R. Moore Trust dated December 9, 2004, hereinafter, Trustee;

C.    Reggie Bishop, Brenda Moore Richards and Frederick F. Richards III, collectively Bishop and Richards; and

D.    Melanie Moore Jefferson for Shannon Jefferson Nelson, and Millicent Moore Copeland for Tiffany Frierson and Doris Frierson, collectively the Specific Beneficiaries

All the aforementioned are hereinafter referred to individually as a "Party" or collectively as the "Parties."

## RECITALS

The dispute between the Parties arises out of the following facts:

i.    Gwendolyn R. Moore died on November 30, 2009. On February 2, 2010, Yolanda Page, an heir at law and an alleged nominated Executor under the Will and nominated Successor Trustee of the Gwendolyn R. Moore Trust dated December 9, 2004, filed her Petition to Determine the terms of the Trust and recover property, among other matters, on February 2, 2010, Los Angeles Superior Court case number BP120811, and Probate Case Number BP120368. Nancy Willis, the alleged Successor Trustee of the Trust and Reggie Bishop, a beneficiary under the Trust, have filed their objections thereto.

ii.   On January 19, 2010, Nancy Willis filed her Petition for Administration of the Estate of Gwendolyn R. Moore, Los Angeles Superior Court. On January 27, 2010, Yolanda Page filed her Petition for Probate of a Lost Will under case nNumber BP120368. There are currently two competing petitions. The pending pleadings in the two proceedings are referred to herein as the Contested Matters.

1

EXH. 1
EXHIBIT 10: p. 1 of p. 33

iii   Brenda Moore Richards, Frederick F Richards III, Shannon Jefferson Nelson and Millicent Moore Copeland for Tiffany Frierson and Doris Frierson and the persons set forth in Attachment A hereto are beneficiaries of the sum of $5,000 each under various contested provisions of the will and trust

Now, in consideration of the foregoing, the respective covenants and agreements herein contained, and in consideration of other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree as follows

## AGREEMENT

1   <u>Incorporation of Recitals</u>   The Parties hereby incorporate the foregoing recitals into this Settlement Agreement

2   <u>Confirmation of 2004 Trust</u> As Amended   The 2004 Trust as amended July 31, 2008, October 21, 2009 and November 6, 2009 is confirmed, except as modified herein

3   <u>Settlement Payment and Distributions</u>

a   The Trustee agrees to immediately list and sell the property commonly known as 4572 Mount Vernon Dr, Los Angeles, CA 90043 and pay to Sirkin Law Group PC Client Trust Account fbo Page and Brown, from the proceeds of the sale and from other Trust and Estate sources, as needed, the sum of $438,500 in settlement of any and all Contested matters filed by Page   No other distributions or payments of trustee's or attorneys' fees shall be made prior to payment of the settlement sum as set forth above

b   Upon payment of the settlement amount, Page and Brown shall file a dismissal of all Contested Matters filed by them   Page and Brown agree and understand that they are entitled only to the payment of the settlement amount and that upon payment of that amount they will have no further interest under the will or Trust including but not limited to personal effects and furnishings   (The Trustee has agreed to give the Reid/Moore digital picture frame to Page and Brown and Dr Moore's family album to his daughters prior to the hearing to confirm this settlement agreement )

4   The Trust, in the normal course of Trust administration shall pay and to the 17 named specific beneficiaries as set forth in Attachment A hereto, excluding Willis, Bishop, Brenda Richards, Fred Richards and Cosetta Bridgeford, the total sum of $2,500 each

5   <u>Court Approval</u>

a   This Settlement Agreement, including but not limited to the recitals, resignations and all other provisions hereof, shall be subject to the approval of the Court in the

2

EXHIBIT 10: p. 2 of p. 33

Trust Matter and shall not have any legal effect whatsoever, in whole or in part, until and unless (a) the Court issues its order approving the terms of the Settlement Agreement without modification (or with only those modifications consented to in writing by all Parties to this Settlement Agreement) and (b) and the order becomes final

b    NOTICE TO ALL AFFECTED PERSONS: If there are no objections to a petition or motion for approval of this Settlement Agreement, the order thereon will be considered final on the date the order approving this Settlement Agreement is filed and entered  Otherwise, an order approving this Settlement Agreement will be considered "final" upon expiration of the period for appeal there of as provided in accordance with applicable California law including but not limited to California Code of Civil Procedure sections 904 1-904 3, and 904 5, Probate Code section 1300 and 1304, and California Rules of Court, rule 8 104(a)

6    Enforceability  The Parties agree that this settlement constitutes a settlement within the meaning of California Code of Civil Procedure section 664 6 and that, without affecting the finality of the approval of this Settlement Agreement and that  the Los Angeles Superior Court shall retain jurisdiction with respect to the enforcement and completion of the settlement provided herein  This Settlement Agreement contains all material terms of the settlement

7    Grant of Petition  The Parties agree that The Trustee's Petitions shall be granted as modified by this Settlement Agreement  All remaining petitions, responses, objections and motions filed by the Parties shall be denied upon payment of the settlement amount as set forth in Paragraph 3

8    Releases

a    Release by The Trustee, Bishop and Richards  Except for the rights and obligations created by this Settlement Agreement and without releasing claims of any character whatsoever The Trustee, Bishop and Richards may have against any other person or entity, The Trustee, Bishop and Richards , and each of them, for themselves and on behalf of their agents, attorneys, successors, beneficiaries, representatives, heirs and assigns, hereby generally and specifically release, remise and forever discharge Page and Brown and the Specific Beneficiaries, together with their respective agents, employees, predecessors, successors, heirs and assigns, beneficiaries, members, shareholders, officers, employees, board members, affiliates, independent contractors and their attorneys from any and all claims, demands, liabilities, obligations, damages, costs, expenses, losses, penalties, and compensation of any nature whatsoever, whether based in tort, contract, equity, law, statutes or codes (both federal and state) or any other theory of recovery, known or unknown, fixed or contingent, matured or unmatured, based on anything done or not done from the beginning of time to the date this Settlement

3

EXHIBIT 10: p. 3 of p. 33

Agreement is signed by all Parties

b    Release by Page and Brown and the Specific Beneficiaries   Except for the rights
and obligations created by this Settlement Agreement and without releasing claims
of any character whatsoever Page and Brown and the Specific Beneficiaries may
have against any other person or entity, Page and Brown and the Specific
Beneficiaries, for themselves and on behalf of their agents, attorneys, successors,
beneficiaries, representatives, heirs and assigns, hereby generally and specifically
releases, remises and forever discharges The Trustee, Bishop and Richards, the
2004 Trust as amended, together with their respective agents employees,
predecessors, successors, heirs and assigns, beneficiaries, members, shareholders,
officers, employees, board members, affiliates, independent contractors and their
attorneys from any and all claims, demands, liabilities, obligations, damages, costs,
expenses, losses, penalties, and compensation of any nature whatsoever, whether
based in tort, contract, equity, law, statutes or codes (both federal and state) or any
other theory of recovery, known or unknown, fixed or contingent, matured or
unmatured, based on anything done or not done from the beginning of time to the
date this Settlement Agreement is signed by all Parties   This Release specifically
excludes any relase of the obligation of The Trustee Bishop and Richards with
respect to payment of the $438,500 to Page and Brown and the $2,500 payments to
each of the Specific Beneficiaries and the persons set forth in Attachment A

9    Waiver of Statutory Protection   The Parties acknowledge that they have been
advised by their respective legal counsel and are familiar with the provisions of California Civil
Code section 1542, which provides as follows

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR."

Being aware of this code section, the Parties hereto hereby expressly waive any and all
rights they may have thereunder, as well as any and all rights they may have be reason of other
statutes or common law principles of similar effect

10    Representations and Warranties   Each of the Parties to this Settlement Agreement
represents, warrants, and agrees as to himself, herself or itself as follows

a    Investigation   Each Party has made such investigation of the facts pertaining to
this Settlement Agreement and to all the matters pertaining thereto as such Party
deems necessary

4

EXHIBIT 10: p. 4 of p. 33

b    Advice of Counsel    Each Party warrants and represents that, in executing this Settlement Agreement, she has relied upon legal advice from the attorney of their choice, that the terms of this Settlement Agreement have been read, and its consequences (including risks, complications and costs) have been completely explained to them by that attorney, and that they fully understand the terms of this Settlement Agreement, and the meaning of California Civil Code Section 1542 Each Party further warrants and represents that she has entered into this Settlement Agreement freely and without any inducement except as mentioned herein and only after such investigation that the Parties have undertaken independently of any of the rights or claims released herein

c    No Duress    None of the Parties has been subjected to any duress, undue influence, or inequality of bargaining power in connection with the negotiation or execution of ths Settlement Agreement

d    Full Authority    Subject to Court approval of this Settlement Agreement as provided above, the Parties represent and warrant that they each have the full right and authority to enter into this Settlement Agreement, and, to the extent applicable

e    No Transfer of Rights    Each Party represents, warrants, and covenants that she has not theretofore assigned or transferred to, or purported to assign or transfer to, any person not a Party hereto, any of the claims, demands, causes of action, or rights relating to or constituting the matters released or otherwise disposed of by the terms of this Settlement Agreement

f    Later Discovery of Facts    The Parties understand that they may hereafter discover facts different from or in addition to those they now know or believe to be true with respect to the matters that are the subject of this Settlement Agreement, and they hereby agree that the releases and agreements contained in this Settlement Agreement shall be and will remain effective in all respects notwithstanding such different or additional facts

f    Agreement Read to Bishop    This Settlement Agreement has been read in its entirety to Bishop by his counsel, Larry Lewellyn and by Bishop's signature below he agrees to all terms hereof ~~~ RKB

11    Entire Agreement, Superseding Effect    This Settlement Agreement is the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions

12    Drafting    All Parties have cooperated in the drafting and preparation of this Settlement Agreement    In any construction to be made of this Settlement Agreement, it shall not be construed against any Party

5

EXHIBIT 10 p. 5 of p. 33

13    Headings    All paragraph headings in this Settlement Agreement are for convenience only and shall not limit, alter, or otherwise affect the construction or interpretation of this Settlement Agreement

14    Agreement as Defense    This Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted, prosecuted or attempted for, upon, or in respect of any of the claims released hereby    The Parties agree that any such proceeding would cause irreparable injury to the party against whom it is brought and that any court of competent jurisdiction may enter an injunction restraining prosecution thereof    The Parties further agree that this Settlement Agreement may be pleaded as necessary for the purpose of enforcing this Settlement Agreement in Court

15    No Admissions    This Settlement Agreement is entered into to avoid the continuation of difficult and protracted litigation and to resolve pending disputes among the Parties    Except as specifically agreed to the contrary, nothing contained herein is intended to, nor does it constitute, an admission of liability, or an admission of any allegations, by any Party to any other Party

16    Binding Effect    This Settlement Agreement, once approved by final court order, shall bind and inure to the benefit of the Parties hereto, and their respective successors and assigns

17    Governing Law    This Settlement Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California

18    Amendments    This Settlement Agreement may be amended or modified only by a writing, signed by all of the Parties to this Settlement Agreement

19    Survival Of Representations And Warranties    All representations, warranties, covenants, and agreements of the Parties contained in this Settlement Agreement shall survive the execution of this Settlement Agreement and the consummation of the matters referenced herein

20    Terms Are Contractual    Each term of this Settlement Agreement is contractual and not merely a recital

21    Cooperation    Each of the Parties agrees to cooperate with all of the other Parties and to execute, acknowledge and deliver any and all additional agreements, certificates, instruments, dismissals and documents, and to take any and all such further actions and at no additional cost to the other Parties as may reasonably be deemed necessary or appropriate by the other Parties to effectuate this Settlement Agreement    Page and Brown agree to remove all lis pendens against Trust property to allow sales of property or loans as necessary to carry out the

6

EXHIBIT 10: p. 6 of p. 33

terms of this Agreement and to remove all such lis pendens upon payment of the Settlement Amount

22    Counterpart Signatures    This Settlement Agreement may be signed in one or more counterparts, each of which shall constitute an original but all of which, when taken together, shall constitute one and the same agreement    If this Settlement Agreement is executed in counterparts, then each Party shall execute sufficient counterpart signature pages for each Party, ultimately, to be provided with an originally executed counterpart signature page from each Party    A signature by facsimile or electronic mail shall be deemed to be an original

23    Attorneys' Fees    Except as otherwise provided herein each of the Parties shall bear their own attorney's fees and cost    In the event of any dispute as to the meaning or effect of this Settlement Agreement, the prevailing Party in any resulting legal action or proceeding shall be entitled to recover his or her reasonable attorneys' fees and costs from the non-prevailing Parties

24    This Settlement Agreement shall be admissible and subject to disclosure under Evidence Code Sections 1118 and 1123 in any proceeding to confirm or enforce the terms of the agreement

## SIGNATURES

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below

Dated ___7/17___, 2010                    _Yolanda Page_
                                          Yolanda Page, Petitioner

Dated ___7/17___, 2010                    _Ernest E. Brown_
                                          Ernest Brown

Dated ___7/17___, 2010                    _William Brown_
                                          William Brown

7

EXHIBIT 10: p. 7 of p. 33

Dated 7-12- , 2010          *Reggie L Bishop*
                            Reggie L Bishop

Dated July 19, 2010         *Nancy Willis*
                            Nancy Willis, Individually and as Trustee

APPROVED AS TO FORM

                            SIRKIN LAW GROUP, P C

Dated July 17, 2010    By   _____
                            Mina N Sirkin
                            Attorney for Yolanda Page

                            Law Offices of Larry D Lewellyn

Dated July 17, 2010    By   *Larry D Lewellyn*
                            Larry D Lewellyn
                            Attorney for Reggie L Bishop

                            Law Office of Andrea G Van Leesten

Dated 7/17, 2010       By   _____
                            Andrea G Van Leesten
                            Attorney for Trustee Nancy Willis

8

EXHIBIT 10 p. 8 of p. 33

Melanie Moore Jefferson, for Shannon Jefferson
Nelson

Millicent Moore Copeland, for Tiffany Frierson and
Doris Frierson

Brenda Moore Richards

Frederick F Richards III

9

EXHIBIT 19 p. 9 of p. 33

Ex Attachment A to Settlement Agreement & Release
                    Gwen MOORE Trust
                         17   Gifts

1 DORIS Frierson
2 Tiffany Frierson
3 SHANNON Nelson
4 Roland Jefferson, JR
5 Rodney Jefferson
6 Royce Jefferson
7 Ronald Copeland
8 Kyle Copeland
9 Caryl Thompson
10 Patricia Sides
11 Nicole Hayes
12 Fred Page, JR
13 Nicholas Brown
14 Kimberly Johnson Davis
15 Mindy Brown Berry
16 Alta Williams
17 Congretional Church of Christian Fellowship

EXHIBIT 19 · p. 10 of p. 33

# GWENDOLYN R. MOORE
## TRUST

GWENDOLYN R MOORE, called the "Trustee", declares that GWENDOLYN R MOORE, called the Settlor, has transferred and delivered to the Trustee without consideration the property described in Schedule A attached to this instrument

## Paragraph I.

If GWENDOLYN R MOORE shall for any reason fail to qualify or cease to act as Trustee, then my niece, YOLANDA PAGE, shall act as Trustee If for any reason YOLANDA PAGE fails to qualify or ceases to act as Trustee, then WILLIAM BROWN shall act as Trustee

## Paragraph 2.

The Settlor of these trusts, may remove any Trustee acting under this instrument and may designate any person or corporate Trustee authorized to act in the State of California as successor Trustee    Removal shall be effected by delivery of a written instrument personally or by certified mail to the Trustee and his successor and by delivery by the successor Trustee personally or by registered mail to Settlor of its acceptance of the Trust    After acceptance by the successor Trustee, the substituted Trustee shall promptly deliver all trust assets in its possession to the successor Trustee together with an accounting for all acts affecting the trust since the date of any prior accounting, unless said accounting be waived by the Settlor

## Paragraph 3

If the Trustee is unable to participate in trust activities because of illness, disability, or any other reason, the successor Trustee designated in Paragraph 1 may, during any such incapacity, act as Trustee and make any and all decisions regarding the trust estate as Trustee under this instrument    In determining the disability of the Trustee, the successor Trustee may rely on a certificate or other written statement from two licensed physicians who have examined the individual Trustee    In the absence of such a certificate or statement, the successor Trustees or successor trustee, shall petition the Court having jurisdiction over this trust for authority to proceed as successor Trustee    The successor Trustee shall incur no liability to any beneficiary of the trust or to the Trustee who is replaced as a result of any action taken under this provision

## Paragraph 4

The property transferred to the trust listed in Schedule A was before its transfer in the MILDRIDGE B  MOORE AND GWENDOLYN R MOORE FAMILY TRUST, dated March 15, 1991, (amended and restated t by instrument dated July 29, 1999)  The Settlor herein, is the survivor of said Trust, with absolute powers of appointment, revocation and amendment over the MOORE SURVIVING SPOUSE'S TRUST

## Paragraph 5

The Settlor may at any time revoke this instrument in whole or in part by an instrument in writing delivered to the Trustee by certified mail    If the Settlor revokes this instrument, the Trustee shall deliver as promptly as is practicable, to the Settlor or his designee all of the designated portion of the trust assets with an

1

EXH.2

EXHIBIT 1 of p. 1 of p. 33

accounting of the Trustee's acts since the preceding accounting, unless said accounting be so waived by the Settlor  If the Settlor revokes this instrument entirely or with respect to a major portion of the assets subject to the instrument, the Trustee shall be entitled to retain sufficient assets reasonably to secure payment of liabilities lawfully incurred by the Trustee in the administration of the trust, including Trustee's fees, that have been earned, unless the Settlor shall indemnify the Trustee against loss or expense

### Paragraph 6

The Settlor may at any time amend any of the terms of this instrument by an instrument in writing signed by the Settlor and delivered by certified mail to the Trustee  No amendment shall substantially increase the duties or liabilities of the Trustee or change the Trustee's compensation without the Trustee's consent, nor shall the Trustee be obligated to act under such an amendment unless the Trustee accepts it  If a Trustee is removed, the Settlor shall pay to the Trustee any sums due and shall indemnify the Trustee against liability lawfully incurred by the Trustee in the administration of the trust

### Paragraph 7

The powers of the Settlor to revoke or amend this instrument are personal to her and shall not be exercisable in her behalf by any guardian, conservator, or other person, except that revocation or amendment may be authorized, after notice to the Trustee, by the Court that appointed the guardian or conservator

### Paragraph 8

The Trustee shall pay to or apply for the benefit of the Settlor the net income of the trust estate in quarter-annual or more frequent installments
If the Trustee considers the net income insufficient, it shall pay to or apply for the benefit of the Settlor as much of the principal of the trust estate as is necessary in the Trustee's discretion for the Settlor's proper health, support and maintenance, after considering the Settlor's other income or resources outside the trust estate, known to the Trustee

### Paragraph 9

If at any time either in the Trustee's discretion, or as certified in writing by two licensed physicians, the Settlor has become physically or mentally incapacitated, whether or not a Court or competent jurisdiction has declared her incompetent, mentally ill, or in need of a conservator, the Trustee shall apply for the Settlor's benefit the amounts of net income and principal necessary or desirable in the Trustee's discretion for the Settlor's health, support, comfort, enjoyment, and welfare until either the Trustee's determination or the certification in writing by two licensed physicians that the incapacity is removed and the Settlor is again able to manage her own affairs  Any income in excess of the amount so applied for the benefit of the Settlor shall be added to principal

### Paragraph 10.

The Settlor may at any time direct the Trustee in writing to pay single funds or periodic payments out of the trust estate to any other person or organization

2

EXHIBIT 10 p.12 of p.33

## Paragraph 11.

On the death of the Settlor, the Trustee shall add to the principal of the trust estate any income payments accrued in favor of the Settlor but not paid to the Settlor prior to her death and any principal payments set aside to be paid to the Settlor but not paid to the Settlor prior to her death and shall divide the total trust estate including any residue, as follows  To the following named persons the sum of $5,000 each  BRENDA RICHARDS, niece, FRED RICHARDS, nephew, REGGIE BISHOP, friend, ROYCE JEFFERSON, grandson, KYLE COPELAND grandson, ROLAND JEFFERSON Jr grandson, RODNEY JEFFERSON grandson, RONALD COPELAND, grandson, DORIS FRIERSON, granddaughter, TIFFANY FRIERSON, granddaughter, SHANNON JEFFERSON, granddaughter, CARYL THOMPSON, friend, PATRICIA J SIDES friend, NICOLE HAYES, cousin, BRYAN HAYES, cousin, FRED PAGE Jr , cousin, NICHOLAS BROWN, cousin, and KIMBERLY JOHNSON, cousin  The above gifts are contingent upon there being sufficient assests in the Trust, without the need to sell any property, real or personal  If there are insufficient funds available to pay the foregoing, then the gift are to be computed by dividing the funds avaible by the number of gifts, to determine the amounts to be bestowed  The rest remainder and residue of the Trust estate to YOLANDA PAGE, niece, WILLIAM BROWN, nephew, and ERNEST BROWN, nephew, in equal shares  Should any of the three aforenamed fail to survive me, then their share to the remaining beneficiaries or beneficiary

## Paragraph 12.

In order to carry out the provisions of the trust created by this instrument, the Trustee shall have these powers in addition to those now or hereafter conferred by law
  A    To invest and reinvest funds in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not limited to, corporate obligations of every kind, stocks, preferred or common, shares of investment trusts, investment companies, and mutual funds, and mortgage participations, life insurance policies on the life of any beneficiary except the beneficiary of a marital deduction trust, that men of prudence, discretion, and intelligence acquire for their own account, including any common trust fund administered by a Trustee
  B    To invest and reinvest all or any part of the trust estate in such common or preferred stocks, shares of investment companies bonds, debentures, mortgages, deeds of trust, mortgage participations, notes, real estate, or other property as the Trustee in the Trustee's discretion may select, and the Trustee may continue to hold in the form in which received (or the form to which changed by reorganization, split up, stock dividend or other like occurrence) any securities, or other property the Trustee may at any time acquire under this trust, it being the Settlor's expressed desire and intention that the Trustee shall have full power to invest and reinvest the trust funds without being restricted to forms of investment that the Trustee may otherwise be permitted to make by law, and the investments need not be diversified provided, however, that the aggregate return of all investments of the trust from time to time shall be reasonable in light of then existing circumstances
  C    To continue to hold any property including any shares of the Trustee's own stock and to operate at the risk of the trust estate any business that the Trustee receives or acquires under the trust as long as the Trustee deems advisable
  D    To retain, purchase, or otherwise acquire unproductive property
  E    To have all the rights, powers, and privileges of an owner with respect to the securities held in trust including, but not

3

EXHIBIT 9: p.13 of p.33

limited to, the powers to vote, give proxies, and pay assessments, to
participate in voting trusts, pooling agreements, foreclosures,
reorganizations, consolidations, mergers, and liquidations, and
incident to such participation to deposit securities with and transfer
title to any protective or other committee on such terms as the
Trustee may deem advisable, and to exercise or sell stock subscription
or conversion rights

   F   To hold securities or other property in the Trustee's
name as Trustee under this trust or in the Trustee's own name or in
the name of a nominee, or the Trustee may hold securities unregistered
in such condition that ownership will pass

   G   To retain professional investment counsel and accounting
counsel of his choice, regarding trust investments in property held by
the trust and to facilitate and administer the trust estates   If such
counsel is retained, and with regards to the investment counsel only,
the Trustee shall abide by the decision of the counsel but shall not
be held liable or otherwise surcharged for losses directly
attributable to investments made on the advice of the independent
counsel   During the period independent counsel is retained by the
Trustee, the Trustee shall not be required to conduct review of Trust
investments unless he receives written instructions from the
investment counsel

   H   To manage, control, grant options on, sell for cash or
on deferred payments, convey, exchange, partition, divide, improve and
repair trust property

   I   To lease trust property for terms within or beyond the
term of the trust for any purpose, including explorations for and
removal of gas, oil, and other minerals, and to enter into community
oil leases, pooling, and unitization agreements

   J   To lend money to any person, including probate estate of
the Settlor, provided that any such loan shall be adequately secured
and shall bear a reasonable rate of interest

   K   To purchase property at its fair market value as
determined by the Trustee in the Trustee's discretion, from the
probate estate of the Settlor

   L   To loan or advance the Trustee's funds to the trust for
any trust purpose, with interest at current rates, to receive security
for such loans in the form of a mortgage, pledge, deed of trust, or
other encumbrance on any assets of the trust, to purchase assets of
the trust at their fair market value as determined by an independent
appraisal of those assets, and to sell property to the trust at a
price not in excess of its fair market value as determined by an
independent appraisal

   M   To release or to restrict the scope of any power that
the Trustee may hold in connection with the trust created under this
instrument, whether such power is expressly granted in the instrument,
or implied by law   The Trustee shall exercise this power in a written
instrument executed by the Trustee, specifying the powers to be
released or restricted and the nature of the restriction

   N   Except as otherwise specifically provided in this
instrument, or in the Will of the Settlor, federal estate taxes
imposed on or by reason of the inclusion of any portion of the trust
estate in the gross taxable estate of the Settlor under the provisions
of any federal tax law shall be paid by the Trustee and charged to,
prorated among, or recovered from the trust estate or the persons
entitled to the benefits under these trusts as and to the extent
provided by any applicable tax law or any proration statute   Except
where otherwise specifically provided, inheritance taxes shall be paid
and shall be charged to the trust estate or deducted and collected as
provided by law

   O   During the lifetime of the Settlor, the Trustee shall
account only to the Settlor, and her written approval shall be final
and conclusive in respect to transactions disclosed in the account as

4

*EXHIBIT 10: p. 4 of p. 33*

to all beneficiaries of the trust, including unborn and contingent beneficiaries Accountings shall be made by delivering a written accounting to each beneficiary entitled to current income distribution

P    To borrow money, and to encumber trust property by mortgage, deed of trust, pledge, or otherwise

Q    To commence or defend at the expense of the trust, such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable and to compromise or otherwise adjust any claims or litigation against or in favor of the trust

R    To carry insurance of such kinds and in such amounts as the Trustee deems advisable, at the expense of the trust, to protect the trust estate and the Trustee personally against any hazard

S    To withhold from distribution, in the Trustee's discretion, at the time for distribution of any property in this trust, all or any part of the property, as long as the Trustee shall determine in the Trustee's discretion that such property may be subject to conflicting claims, to tax deficiencies, or to liabilities, contingent or otherwise, properly incurred in the administration of the estate

T    Except as otherwise specifically provided in this instrument, the Trustee shall have the power, exercisable in the Trustee's discretion, to determine what is principal or income of the trust estate and to apportion and allocate receipts and expenses and other charges between these accounts, including also the power to charge in whole or in part against principal or to amortize out of or charge forthwith to income, premiums paid for the purchase of bonds or other obligations    The Trustee shall not be required to establish a reserve for depreciation or to make charges against income therefrom, but may do so if the Trustee in the Trustee's discretion so determines    Such reserve and charges to be established on such assumptions and in such amounts as the Trustee shall determine

### Paragraph 13

Income accrued or unpaid on trust property when received into the trust shall be treated as any other income    Income accrued or held undistributed by the Trustee at the termination of the trust created here shall go to the next beneficiaries of the trust in proportion to their interest in it

### Paragraph 14

Among successive beneficiaries of this trust, all taxes and current expenses shall be prorated, over the period to which they relate, on a daily basis

### Paragraph 15

Unless the Trustee shall have received actual notice of the occurrence of an event affecting the beneficial interest of this trust, the Trustee shall not be liable to any beneficiary of this trust for distribution made as though the event had not occurred

### Paragraph 16.

Other property acceptable to the Trustee may be added to these trusts by any person, by the Will or Codicils of the Settlor, by the proceeds of any life insurance  or otherwise

### Paragraph 17

5

EXHIBIT  9 · p.15 of p. 33

Unless sooner terminated in accordance with other provisions of this instrument, all trusts created under this instrument shall terminate twenty-one years after the death of the last survivor of the Settlor or of the Settlor's issue living on the date of the death of the Settlor  The principal and undistributed income of a terminated trust shall be distributed to the then income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates  If at the time of such termination, the rights to income are not fixed by the terms of the trust, distribution under this clause shall be made, by right of representation, to the persons who are entitled or authorized, in the Trustee's discretion, to receive trust payments

### Paragraph 18

If the creditor of any beneficiary, other than the Settlor, who is entitled to any distributions from the trust established under this instrument shall attempt by any means to subject to the satisfaction of his claim such beneficiary's interest in distribution, then notwithstanding any other provision herein, until the release of the writ of attachment or garnishment or other process, the distribution set aside for such beneficiary shall be disposed of as follows
  A   The Trustee shall pay to or apply for the benefit of such beneficiary such sums as the Trustee shall determine to be necessary for the reasonable health, education, (including study at an institution of higher learning) and support of the beneficiary according to his accustomed mode of life.
  B   The portion of the distribution that the Trustee shall determine to be in excess of the amount necessary for such health, education (including study at an institution of higher learning) and support shall in the Trustee's discretion either be added to and become principal in whole or in part or be paid to or applied for the benefit of the other beneficiaries then entitled to receive payments from any trust established under this instrument, in proportion to their respective interest therein

### Paragraph 19

The validity of this trust and the construction of its beneficial provisions shall be governed by the laws of the State of California in force from time to time   This subparagraph 19 shall apply regardless of any change or residence of the Trustee or any beneficiary, or the appointment or the substitution of a Trustee residing or doing business in another state

### Paragraph 20.

In this instrument, the term "issue" shall refer to lawful lineal descendants of all degrees, and the terms "child" or "children", and "issue" shall include adopted children who need not have been minors at the date of adoption

### Paragraph 21

No bond shall be required of any person named in this instrument as Trustee or of any person appointed as the Trustee in the manner specified here, for the faithful performance of their duties as Trustee

### Paragraph 22

6

EXHIBIT 19: p. 14 of p. 33

compensation from time to time without prior Court order

#### Paragraph 23.

No personal, noncorporate, Trustee serving without compensation and designated in this instrument shall be liable to any beneficiary or to any heir of Settlor for the Trustee's acts or failures to act, except for willful misconduct or gross negligence

#### Paragraph 24.

No successor Trustee shall be liable for any act, omission, or default of a predecessor Trustee   Unless requested in writing within sixty (60) days of appointment by an adult beneficiary of the trust, no successor Trustee shall have any duty to investigate or review any action of a predecessor Trustee and may accept the accounting records of the predecessor Trustee showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the trust

#### Paragraph 25.

The Trustee is authorized to abandon any property or interest in property belonging to the trust when, in the Trustee's discretion, such abandonment is in the best interest of the trust and its beneficiaries

#### Paragraph 26.

As used in this instrument, the masculine, feminine, or neuter gender and the singular or plural number shall each include the others whenever the context so indicates

#### Paragraph 27.

If any provision of this trust instrument is unenforceable, the remaining provisions shall nevertheless be carried into effect

#### Paragraph 28

The trust created by this instrument may be referred to as the GWENDOLYN R  MOORE Trust

Executed at Los Angeles, California this _9_ day of December, 2004

*Gwendolyn L. Moore*
GWENDOLYN R  MOORE

I certify that I have read the foregoing Declaration of Trust and it correctly states the terms and conditions under which the trust estate is to be held, managed, and disposed of by the Trustee I approve the Declaration of Trust in all particulars and request that the Trustee execute it

*Gwendolyn L. Moore*
GWENDOLYN R  MOORE, Settlor

APPROVED,

Dated *December 9, 2004*

*John W Roberts*
JOHN W ROBERTS, Attorney for Settlor

7



<u>ACKNOWLEDGMENT</u>

STATE OF CALIFORNIA    )
                       )  ss
County of Los Angeles  )

On _December 9_ 2004, before me, WILLIAM A ANDERSON, a Notary Public
for the State of California, County of Los Angeles, personally
appeared GWENDOLYN R · MOORE, Settlor and Trustee of the trust created
by the above instrument and to be the person whose name is subscribed
to the instrument, and she acknowledged that she executed the same
both as Trustee and as Settlor

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by seal
the day and year first above written

_____
WILLIAM A  ANDERSON
Notary Public in and for said County and State

EXHIBIT 19 p.18 of p.33

SCHEDULE "A"

1. Real Property located at
14011 Driftwood Drive, Victorville, CA 92392
Legally described as:

Tract No. 8030 Lot 3393372

A.P.N. 0480-191-05-0-000

2. Real Property located at
4572 Mt. Vernon Drive, Los Angeles, CA 90043
Legally described as:

Tract #15978 Lot 12

A.P.N. 5010-002-012

3. Real Property located at
3305 Stocker St., Los Angeles, CA 90008
Legally described as:

Tract #10033 ex of alley lot 173

A.P.N. 5024-026-002

EXHIBIT 19
Pg 18(b) Of 33

FIRST AMENDMENT TO DECLARATION OF TRUST

GWENDOLYN R. MOORE REVOCABLE LIVING TRUST

THIS FIRST  AMENDMENT is made this 31st day of July 2008, by GWENDOLYN R  MOORE

WHEREAS, GWENDOLYN R  MOORE, as Grantor, established a revocable inter vivos trust by Trust Agreement dated December 9, 2004,

WHEREAS, Grantor reserved the power to amend said Trust Agreement pursuant to Paragraph 6 thereof, and

WHEREAS, Grantor now desires to amend said Trust Agreement by revising provisions for the disposition of the trust estate after Grantor's death,

NOW, THEREFORE, said Trust Agreement is hereby amended in the following particulars

Paragraph 11 as stated in the Declaration of Trust established February 20, 2006, is stricken in its entirety and should now read as follows

"On the death of the Settlor, the Trustee shall add to the principal of the trust estate any income payments accrued in favor of the Settlor but not paid to the Settlor prior to her death and any principal payments set aside to be paid to the Settlor but not paid to the Settlor prior to her death and shall divide the total trust estate including any residue, as follows  To the following named persons the sum of $5,000 each  BRENDA RICHARDS, niece, FRED RICHARDS, nephew, DORIS FRIERSON, granddaughter, TIFFANY FRIERSON, granddaughter, SHANNON JEFFERSON NELSON, granddaughter, CARYL THOMPSON, friend, PATRICIA J SIDES, friend, NICOLE HAYES, cousin, FRED PAGE, Jr , cousin, NICHOLAS BROWN, cousin, and KIMBERLY JOHNSON DAVIS, cousin  The above gifts are contingent upon there being sufficient assets in the Trust, without

EXHIBIT 10 p.19 of p.33

need to sell any property, real or personal  If there are insufficient
funds available to pay the foregoing, then the gifts are to be
computed by dividing the funds available by the number of gifts, to
determine the amounts to be bestowed  The rest, remainder and residue
of the Trust estate, both real and personal as follows, to my niece,
YOLANDA PAGE, 1/3, one-third of said residue, to my nephew WILLIAM
BROWN, 1/3, one-third of said residue, to my nephew, ERNEST BROWN,
1/6, one-sixth  of said residue, and to my friend REGGIE BISHOP, 1/6,
one-sixth of the residue of my estate  Should any of the four
aforenamed fail to survive me, then their share to to be divided
equally among the survivors

      The provisions of my Trust dated December 9, 2004, and not
affected by this First Amendment remain operative

      Executed at Los Angeles, California, this 31st day of July,
2008

                          _____
                          GWENDOLYN R  MOORE
                          Grantor

      The undersigned Trustee of the GWENDOLYN R  MOORE TRUST
hereby acknowledges receipt of this First Amendment dated July 31,
2008 to the Trust Agreement dated December 9, 2008

                          _____
                          GWENDOLYN R  MOORE
                          Trustee

STATE OF CALIFORNIA    )
                      ) SS
COUNTY OF LOS ANGELES  )

On July 31st 2008, before me, _____, a Notary Public in
and for the State of California, personally appeared GWENDOLYN R
MOORE, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person whose name is subscribed to
the within instrument, and acknowledged to me that she executed the
same in her authorized capacity, and that by her signature on the
instrument the person, or the entity upon behalf of which the person
acted, executed the instrument

WITNESS my hand and official seal



EXHIBIT 19 p. 20 of p. 33

SECOND  AMENDMENT TO DECLARATION OF TRUST

GWENDOLYN R  MOORE REVOCABLE LIVING TRUST

THIS SECOND AMENDMENT is made this 21st day of October 2009,
by GWENDOLYN R  MOORE

WHEREAS, GWENDOLYN R  MOORE, as Grantor, established a
revocable inter vivos trust by Trust Agreement dated December 9, 2004,

WHEREAS, Grantor reserved the power to amend said Trust
Agreement pursuant to Paragraph 6 thereof, and

WHEREAS, Grantor now desires to amend said Trust Agreement
by revising provisions for the disposition of the trust estate after
Grantor's death,

NOW, THEREFORE, said Trust Agreement is hereby amended in
the following particulars

Paragraph 1 as stated in the Declaration of Trust
established February 20, 2006, is stricken in its entirety and should
now read as follows

IF GWENDOLYN R  MOORE shall for any reason fail to qualify
or cease to act as Trustee than BRENDA RICHARDS is to act as Trustee
BRENDA RICHARDS shall receive a flat fee of $50,000 for her services
as successor trustee, plus the costs of administering the trust

Paragraph 11 is further amended to add MINDY BROWN BERRY,
COZETTA BRIDGEFORD, NANCY WILLIS, ALTA WILLIAMS and the CONGREGATIONAL
CHURCH OF CHRISTIAN FELLOWSHIP, 2005 S  Hobart, Los Angeles CA 90019
to the list of those parties and persons slated to receive the sum of
$5,000 upon the Settlor's death  In the event that the trust estate
cannot be completed timely, the Successor Trustee is not obligated to
pay any interest to any of the parties slated to benefit from my
estate

1

EXHIBIT 10: p.21 of p33

The above gifts are contingent upon there being sufficient assets in the Trust, without need to sell any property, real or personal If there are insufficient funds available to pay the foregoing, then the gifts are to be computed by dividing the funds available by the number of gifts, to determine the amounts to be bestowed  The rest, remainder and residue of the Trust estate, both real and personal as follows, to BRENDA RICHARDS 1/3, one-third of said residue, to my FRED RICHARDS, 1/3, one-third of said residue, to my friend REGGIE BISHOP, 1/3, one-third of the residue of my estate Should any of the three aforenamed fail to survive me, then their share to to be divided equally among the survivors

The provisions of my Trust dated December 9, 2004, and not affected by this Second Amendment remain operative

Executed at Los Angeles, California, this 21st day of October 2009

GWENDOLYN R MOORE
Grantor

The undersigned Trustee of the GWENDOLYN R MOORE TRUST hereby acknowledges receipt of this Second Amendment dated October 21, 2009, to the Trust Agreement dated December 9,2004

GWENDOLYN R MOORE
Trustee

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF LOS ANGELES   )

On October 21, 2009, before me, _____, a Notary Public in and for the State of California, personally appeared GWENDOLYN R MOORE, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

I certify under the PENALTY OF PERJURY under the laws of the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal



CASSANDRA L BAILEY
Commission # 1801021
Notary Public - California
Los Angeles County
My Comm. Expires Jan 20, 2012



EXHIBIT 9 p.22 of p. 33

## THIRD AMENDMENT TO DECLARATION OF TRUST

## GWENDOLYN R MOORE REVOCABLE LIVING TRUST

THIS SECOND AMENDMENT is made this 6th day of November 2009,
by GWENDOLYN R MOORE

WHEREAS, GWENDOLYN R MOORE, as Grantor, established a
revocable inter vivos trust by Trust Agreement dated December 9, 2004,

WHEREAS, Grantor reserved the power to amend said Trust
Agreement pursuant to Paragraph 5 thereof, and

WHEREAS, Grantor now desires to amend said Trust Agreement
by revising provisions for the disposition of the trust estate after
Grantor's death,

NOW, THEREFORE, said Trust Agreement is hereby amended in
the following particulars

Paragraph 1 as stated in the Declaration of Trust
established February 20, 2006, and stricken in its entirety in the
Second Amendment is further amendment follows

If GWENDOLYN R MOORE shall for any reason fail to qualify
or cease to act as Trustee then NANCY WILLIS is to act as Trustee  If
NANCY WILLIS is unable or unwilling to act then YOLANDA PAGE is to act
as Successor Trustee

Paragraph 11 is further amended to add WILLIAM BROWN and
ERNEST BROWN the sum of $45,000  If there are insufficient funds
available to pay the foregoing, then the gifts are to be computed by
dividing the funds available by the number of gifts, to determine the
amounts to be bestowed  The rest, remainder and residue of the Trust
estate, both real and personal as follows, to BRENDA RICHARDS 1/6,
one-sixth of said residue, FRED RICHARDS, 1/6, one-sixth of said
residue, to my friend REGGIE BISHOP, 2/3, two-thirds of the residue of

EXHIBIT 19: p.23 of p.33

my estate Should any of the three aforenamed fail to survive me, then

their share to to be divided equally among the survivors

The provisions of my Trust dated December 9, 2004, and not

affected by the Second Amendment and this Third Amendment remain

operative

Executed at Los Angeles, California, this 6th day of
November 2009

_GWENDOLYN R  MOORE_
Grantor

The undersigned Trustee of the GWENDOLYN R  MOORE TRUST

hereby acknowledges receipt of this THIRD Amendment dated November 6,

2009, to the Trust Agreement dated December 9,2004

_GWENDOLYN R  MOORE_
Trustee

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF LOS ANGELES  )

On November 6, 2009, before me, _____ , a Notary Public
in and for the State of California, personally appeared GWENDOLYN R
MOORE, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person whose name is subscribed to
the within instrument, and acknowledged to me that she executed the
same in her authorized capacity, and that by her signature on the
instrument the person, or the entity upon behalf of which the person
acted, executed the instrument

I certify under the PENALTY OF PERJURY under the laws of the laws of
the State of California that the foregoing paragraph is true and
correct

WITNESS my hand and official seal

_____
Notary Public

CASSANDRA L BAKEY
Commission # 1801021
Notary Public - California
Los Angeles County
My Comm. Expires Jun 26, 2012

2

EXHIBIT 19 p. 24 of p. 33

## WILL OF

## GWENDOLYN R. MOORE

I, GWENDOLYN R MOORE, a resident of Los Angeles County, California, declare this to be my Will and revoke all former Wills and Codicils

FIRST:    I declare that I not now married  I was married to MILDRIGE B  MOORE, M D , now deceased  There were no children from this marriage  I have no deceased child or child of a deceased child

SECOND:    I do hereby give and bequeath all my tangible personal property, including the residue, to YOLANDA PAGE, neice, to WILLIAM BROWN, nephew, and ERNEST BROWN, nephew, in equal shares Should any of aforenamend fail to survive me, then to the surviving person or persons, all of my tangible personal property including the residue, in equal shares

THIRD:_    I declare that I have executed a revocable inter vivos trust concurrently with this will   I am transferring substantially all of my financial assets to said trust   I hereby ratify the terms of said trust in all respects

FOURTH:    I give, devise and bequeath my entire estate, both real and personal, of whatsoever kind and nature and wheresoever situated, including all failed and lapsed gifts, IN TRUST, to the then acting Trustee under the Declaration of Trust which is made by myself as both Trustor and original Trustee and which is executed concurrently with this Will, to be added to and become a part of the corpus of said trust, to be held, administered and distributed in accordance with the terms thereof as the same may be amended to the time of my death

FIFTH:    If for any reason the trust to which distribution of my estate would otherwise have been made under the provisions of Article FOURTH above is not in existence at the date of my death, then, by this reference, I hereby incorporate herein the terms of said Declaration of Trust executed concurrently with this Will, and I give the said residue of my estate to YOLANDA PAGE, as Trustee, IN TRUST, to be held, administered and distributed in accordance with the provisions thereof

SIXTH:___    I have provided in the Declaration of Trust referred to in Article FOURTH above that all estate, inheritance and succession taxes, imposed by the Federal government or by any country, state, district, province, or territory, which are occasioned or made payable by reason of my death whether or not attributable to property constituting part of the trust estate thereunder, shall be chargeable to and paid out of the said trust estate, without apportionment,

1

EXHIBIT 10: p. 25 of p. 33

deduction or reimbursement therefor, and without adjustment thereof
among the trust beneficiaries   I hereby confirm the provisions of
said Declaration of Trust relating to the payment of such taxes

SEVENTH:   I do hereby nominate, and appoint YOLANDA PAGE to
be the Executor of my Will and to serve without bond   If the
aforenamed is unwilling or unable so to act, or if she fails to, or is
unable to complete the administration of my estate, then WILLIAM BROWN
is to act as Executor

No bond shall be required of any fiduciary named
hereinabove   Any fiduciary acting hereunder shall have the full power
and authority to lease, sell, exchange, or encumber the whole or any
part of my estate at public or private sale, with or without notice,
subject only to such confirmation of Court as may be required by law,
and any fiduciary acting hereunder shall have full power and authority
to distribute the assets of my estate in cash or in kind, or partly in
cash and partly in kind, at such valuations and following such
procedures as such fiduciary deems reasonable

Any fiduciary acting hereunder is further empowered to
invest and reinvest surplus moneys of my estate in such types of
investments, both real and personal, as may be selected in the
discretion of such fiduciary, including corporate obligations of every
kind, preferred or common stocks and common trust funds, subject only
to such authorization of Court as may be required by law

In the event that any fiduciary hereunder is granted
authority to administer my estate under The Independent Administration
of Estate Act, such fiduciary shall be empowered to act without "court
supervision" (as that term is defined in said Act) to the full extent
permitted by said Act, specifically including, without limiting the
generality of the foregoing, the power to invest and reinvest surplus
moneys of my estate in the manner provided in the preceding paragraph
of this Article   .

I subscribe my name to this Will this _9_ day of December
2004, at Los Angeles, California

_Gwendolyn R. Moore_
GWENDOLYN R MOORE

The foregoing instrument, consisting of three pages (3),
including this page signed by us as witnesses, was at the date thereof
by GWENDOLYN R  MOORE signed as and declared to be her Will, in the
presence of us, who, at her request and in her presence, and in the
presence of each other, have subscribed our names as witnesses thereto
Each of us observed the signing of this Will by GWENDOLYN R  MOORE and
by each of the other subscribing witnesses and knows that each
signature is the true signature of the person whose name was signed
GWENDOLYN R  MOORE was over the age of eighteen years and appeared to

2

EXHIBIT  10: p 26 of p. 33

be of sound and disposing mind at the time the foregoing instrument
was executed   None of us has knowledge of any facts indicating that
the foregoing instrument, or any part of it, was procured to be made
by duress, menace, fraud, or undue influence   Each of us is now more
than twenty-one years of age and a competent witness and resides at
the address set forth after his or her name

       Each of us declares under penalty of perjury that the
foregoing is true and correct and that this Declaration is executed at
Los Angeles, California, on _December 9_, 2004

_John N. Roberts_  residing at _3844 Camden St_
                              _Los Angeles CA 90065_

_Albert Virts_      residing at _4250 Wilshire Rd_
                              _LA, CA 90010_

_Anthony L Charles_  residing at _7280 Hillside Ave #506_
                              _Los Angeles, CA 90046_

3

EXHIBIT 19 p27 of p. 33

## FIRST CODICIL TO WILL OF

## GWENDOLYN R. MOORE

I, GWENDOLYN R MOORE, residing in Los Angeles County, California, declare this to be the First Codicil to my Will dated December 9, 2004.

FIRST:    The SECOND paragraph on page 1, of the above mentioned Will, of December 9, 2004, is hereby amended to read as follows,

That SECOND paragraph that reads " I do hereby give and bequeath all my tangible property, including the residue, YOLANDA PAGE, niece, to WILLIAM BROWN, nephew, and ERNEST BROWN, nephew, in equal shares  Should any of the aforenamed fail to survive me, then to the surviving person or persons, all of my tangible personal property including the residue, in equal shares." That SECOND paragraph is stricken and should now read as follows, "I do hereby give and bequeath all my tangible personal property, including the residue, to YOLANDA PAGE, niece, a one-third share, to WILLIAM BROWN, nephew, a one-third share, to ERNEST BROWN, nephew, a one-sixth share, and to my friend REGGIE BISHOP, a one-sixth share of my tangible personal property including the residue."

In every other respect I hereby confirm and republish my Will dated December 9, 2004

The foregoing First Codicil to my Will dated December 9, 2004, is subscribed by me on the _first_ day of July 2008, at Los Angeles, California

_Gwendolyn R. Moore_
GWENDOLYN R  MOORE

1

EXHIBIT  (9 p.28 of p. 33)

The foregoing instrument, consisting of two pages (2), including this page signed by us as witnesses, was at the date thereof by GWENDOLYN R. MOORE, signed as and declared to be codicil to her Will, dated December 9, 2004, in the presence of us, who, at her request and in her presence, and in the presence of each other, have subscribed our names as witnesses thereto  Each of us observed the signing of codicil by GWENDOLYN R MOORE, and by each of the other subscribing witnesses and knows that each signature is the true signature of the person whose name was signed  GWENDOLYN R. MOORE, was over the age of eighteen years and appeared to be of sound and disposing mind at the time the foregoing instrument was executed None of us has knowledge of any facts indicating that the foregoing instrument, or any part of it, was procured to be made by duress, menace, fraud, or undue influence  Each of us in now more than twenty-one years of age and a competent witness and resides at the address set forth after his or her name

Each of us declares under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California, on _____ 2008

_____  residing at _____

_____  residing at _____

_____  residing at _____

2

EXHIBIT 10: p.29 of p.33

## SECOND CODICIL TO WILL OF

## GWENDOLYN R. MOORE

I, GWENDOLYN R. MOORE, residing in Los Angeles County, California, declare this to be the SECOND Codicil to my Will dated December 9, 2004

FIRST:   The SEVENTH Paragraph on page 2, of the above mentioned Will, of December 9, 2004, is hereby amended to read as follows,

I do hereby nominate, and appoint BRENDA RICHARDS to be the Executor of my Will and to serve without bond  If the aforenamed is unwilling or unable so to act, or if she fails to act, or is unable to complete the administration of my estate, then FRED RICHARDS is to act as Executor. The remaining paragraphs of Paragraph SEVENTH remain operative.

In every other respect I hereby confirm and republish my Will dated December 9, 2004, and the FIRST CODICIL, dated December 9, 2004.

The foregoing SECOND Codicil to my Will dated October 21, 2009, is subscribed by me on the _21_ day of October, 2009, at Los Angeles, California.

_GWENDOLYN R. MOORE_
GWENDOLYN R. MOORE

*Original w/atty*
*John W Roberts*
*323 933 8281*

1

EXHIBIT 19: p.30 of p.33

The foregoing instrument, consisting of two pages (2), including this page signed by us as witnesses, was at the date thereof by GWENDOLYN R. MOORE, signed as and declared to be the SECOND codicil to her Will, dated December 9, 2004, in the presence of us, who, at her request and in her presence, and in the presence of each other, have subscribed our names as witnesses thereto  Each of us observed the signing of codicil by GWENDOLYN R MOORE, and by each of the other subscribing witnesses and knows that each signature is the true signature of the person whose name was signed  GWENDOLYN R MOORE, was over the age of eighteen years and appeared to be of sound and disposing mind at the time the foregoing instrument was executed  None of us has knowledge of any facts indicating that the foregoing instrument, or any part of it, was procured to be made by duress, menace, fraud, or undue influence  Each of us in now more than twenty-one years of age and a competent witness and resides at the address set forth after his or her name

Each of us declares under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California, on *October 21* 2009.

*John W Roberts* residing at *3842 Condor ST*
*Los Angeles CA 90065*

*Anthony L. Charles* residing at *7280 Hillside AVE*
*Los Angeles, CA 90046*

_____ residing at _____

2

EXHIBIT 19 : p. 31 of p. 33

<u>THIRD' CODICIL TO WILL OF</u>

<u>GWENDOLYN R. MOORE</u>

I, GWENDOLYN R MOORE, residing in Los Angeles County, California, declare this to be the THIRD' Codicil to my Will dated December 9, 2004.

**FIRST:**    The FIRST Paragraph on page 1, of the SECOND CODICIL above mentioned Will, of December 9, 2004, is hereby amended to read as follows;

I do hereby nominate, and appoint NANCY WILLIS to be the Executor of my Will and to serve without bond: If the aforenamed is unwilling or unable so to act, or if she fails to act, or is unable to complete the administration of my estate, then YOLANDA PAGE is to act as Executor. The remaining paragraphs of Paragraph SEVENTH remain operative

In every other respect I hereby confirm and republish my Will dated December 9, 2004, the FIRST CODICIL, dated December 9, 2004, and the SECOND CODICIL dated October 21, 2009.

The foregoing THIRD Codicil to my Will dated November 6, 2009, is subscribed by me on the _6 d_ day of November 2009, at Los Angeles, California.

GWENDOLYN R. MOORE

1.

EXHIBIT 4 p. 32 of p. 33

The foregoing instrument, consisting of two pages (2),
including this page signed by us as witnesses, was at the date thereof
by GWENDOLYN R  MOORE, signed as and declared to be the THIRD codicil
to her  Will, dated December 9, 2004, in the presence of us, who, at
her request and in her presence, and in the presence of each other,
have subscribed our names as witnesses thereto.  Each of us observed
the signing of codicil by GWENDOLYN R  MOORE, and by each of the other
subscribing witnesses and knows that each signature is the true
signature of the person whose name was signed  GWENDOLYN R. MOORE,
was over the age of eighteen years and appeared to be of sound and
disposing mind at the time the foregoing instrument was executed
None of us has knowledge of any facts indicating that the foregoing
instrument, or any part of it, was procured to be made by duress,
menace, fraud, or undue influence  Each of us in now more than
twenty-one years of age and a competent witness and resides at the
address set forth after his or her name.

Each of us declares under penalty of perjury that the
foregoing is true and correct and that this Declaration is executed at
Los Angeles, California, on _____2009

_____ residing at 38540 S. VAN NESS AVE
                            LA, CA  90003

Anthony L. Charles residing at 1700 Hillside Ave #506
                               Los Angeles, Ca. 90046

John W Roberts residing at 3842 CanWare St
                           Los Angeles CA 90065

2

EXHIBIT 19 p.33 of p.33

# EXHIBIT 25

1   Andrea G. Van Leesten, Esq. (SBN #152628)
    LAW OFFICE OF ANDREA G. VAN LEESTEN
2   6101 West Centinela Avenue, Ste 270
    Culver City, CA 90230
3   Telephone: (310)410-1717
    Facsimile: (310) 410-1747
4
    Attorney for Nancy Willis,
5   Successor Trustee

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11   In Re the Matter of:          CASE NO. BP 120 811
                                    and BP 120368
12
                                    ORDER AFTER HEARING
13   GWENDOLYN R. MOORE
     TRUST,
14      dated December 9, 2004.
                                    Date:    September 8, 2010
15                                  Time:    8:30 a.m.
                                    Dept:    5
16                                  Hon. Mitchell L. Beckloff

17

18

19   THE HONORABLE   Mitchell L. Beckloff, presiding

20   DATE OF HEARING: June 8, 2010. September 8, 2010

21   Department: 5

22        Appearing at the hearing: Trustee, Nancy Willis, her counsel, Andrea G. Van Leesten,

23   Esq., Mina N. Sirkin, Esq., for Petitioner, Yolanda Page and Mina N. Sirkin , specially appearing

24   for Ernest Page. Reggie L. Bishop appeared, as well as his counsel, Larry Llewsyn, Esq.

25        THE COURT, having considered the pleadings and documents heretofore filed by the

26   parties and having heard argument, in support of and in opposition to, the PETITION TO

27   CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R.

28   MOORE TRUST DATED DECEMBER 9, 2004 AND AS AMENDED THE BY THIRD

                                    1

GWENDOLYN R. MOORE TRUST                          ORDER AFTER HEARING
C:\Users\User\Documents\Order as Per to confirm settlement agreement v7.wpd

Exh 25 p. 1 of 3

1  AMENDMENT AND THE MODIFICATIONS, does hereby makes only the following Orders at

2  this time:

3      1. The Settlement Agreement dated July 17, 2010 as filed in the Petition is approved and

4  incorporated in the order by reference.

5      2. The Settlement Agreement, remains under the jurisdiction of the Los Angeles Superior

6  Court with respect to the enforcement and completion of the settlement provided herein.

7      3. The Gwendolyn R. Moore Trust as amended by the Third Amendment of November 6,

8  2009 is confirmed by the Court except as modified below.

9      4. The Will of Gwendolyn R. Moore and the third Codicil as modified is approved.

10     5. Yolanda Page, William Brown and Ernest Brown will receive the sum of

11  $438,500.00 per the Settlement Agreement, first from the sale of the real property located at

12  4572 Mt. Vernon Drive, Los Angeles, CA. If the proceeds do not net the $438,500.00 then

13  the Successor Trustee shall use, sell or borrow from or against any or all other assets of the

14  Trust to pay the specific distribution to Yolanda Page, William Brown, and Ernest Brown.

15  This specific distribution shall have priority over all distributions, attorneys fees, and

16  trustees fees.

17     6. The Successor Trustee, Nancy Willis shall next distribute the sum of $2,500 each to the

18  specifically named beneficiaries as modified by agreement of the Parties: Doris Frierson, Tiffany

19  Frierson, Shannon Nelson, Roland Jefferson, Jr, Rodney Jefferson, Royce Jefferson, Ronald

20  Copeland, Kyle Copeland, Caryl Thompson, Patricia Sides, Nicole Hayes, Fred Page, Jr., Nicholas

21  Brown, Kimberly Johnson Davis, Mindy Brown Berry, Alta Williams and Congregational Church

22  of Christian Fellowship.

23     7. The rest, remainder and residue of the Trust both real and personal shall be distributed

24  as follows: 1/6 to Brenda Richards, 1/6 to Fred Richards and 2/3 to Reggie Bishop .

25     8. Nancy Willis, is the named Successor Trustee of the Gwendolyn R. Moore Trust dated

26  December 9, 2004 as amended to carry out the terms of the Trust and the modifications herein.

27     9. Nancy Willis is the Executrix of the Estate under the Third Codicil.

28

2

GWENDOLYN R. MOORE TRUST                                    ORDER AFTER HEARING
C:\Users\User\Documents\Order on For te amitra settlement agreement.v3.wpd'

Exh 25 p. 2 of 3

1    10. Each of the Parties shall bear their own attorney's fees and cost, excepting those fees

2    provided for in the Settlement Agreement.

3

4    Approved as to Form and Content:

5    _____                    _____

6    Mina N. Sirkin, Attorney for,               Larry D. Lewellyn
     Yolanda Page                                for Respondent/ Objector
                                                 Reggie L. Bishop
7

8                                                *objections reviewed,*
                                                 *considered + overruled.*
9    IT IS SO ORDERED
     Dated: _____, 2010.
                JAN 0 6 2011                      _____
10                                               MITCHELL L. BECKLOFF, Judge
                                                 _____
11                                               Honorable Mitchell L. Beckloff
                                                 Judge of the Superior Court
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3

GWENDOLYN R. MOORE TRUST                              ORDER AFTER HEARING
C:\Users\User\Documents\Order on Pet re own firm settlement agreement.v3.wpd

Exh 25 p. 3 of 3

# EXHIBIT 32

Filed 2/28/12  Willis v. Page CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| NANCY WILLIS, as Trustee, etc.,<br>    Plaintiff and Respondent,<br> v.<br>YOLANDA PAGE,<br>    Defendant and Respondent;<br>REGGIE L. BISHOP,<br>    Defendant and Appellant. | B230638<br><br>(Los Angeles County<br>Super. Ct. No. BP120368) |
| YOLANDA PAGE, as Trustee, etc.,<br>    Plaintiff and Respondent,<br> v.<br>NANCY WILLIS,<br>    Defendant and Respondent;<br>REGGIE L. BISHOP,<br>    Defendant and Appellant. | (Los Angeles County<br>Super. Ct. No. BP120811) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Appeal dismissed.

Reggie L. Bishop, in pro. per., for Defendant and Appellant.

Nancy Willis, in pro. per., for Plaintiff and Respondent and for Defendant and Respondent Nancy Willis.

Orren & Orren and Tyna Thall Orren for Plaintiff and Respondent and for Defendant and Respondent Yolanda Page.

EXHIBIT 21 p. 1 of p. 7

2

This appeal arises from two actions concerning the trust of Gwendolyn R. Moore. The original trust named Yolanda Page, a relative of Moore's, as first successor trustee. Certain amendments to the trust, however, named Moore's neighbor, Nancy Willis, as first successor trustee and named Page as second successor trustee.

Under the amendments to the trust, appellant Reggie L. Bishop is a remainder beneficiary, entitled to a portion of the trust residue. (The original trust provided for only a single $5,000 payment to Bishop; he was not a remainder beneficiary.) Bishop was the manager of residential property that was owned by Moore's trust.

Willis filed a petition to administer Moore's estate; Page filed a separate action to determine the existence and validity of the trust and alleging various related claims. The parties—Page, Bishop, Willis, and certain other individuals with interests in the trust assets under either the original trust or the amendments—mediated the dispute and entered into a comprehensive settlement. Page, Bishop, Willis, their counsel, and the other individuals involved in the mediation all signed the settlement agreement. The agreement contains a paragraph initialed by Bishop and his counsel stating that the agreement had been read in its entirety to Bishop by his counsel.

At a hearing on July 19, 2010, the court informed the parties that if they entered into the settlement agreement they would be "bound by it." Page's counsel read into the record the material terms of the agreement, and the court answered a question from Bishop about the agreement's terms. The court then asked whether the parties agreed to be bound by the terms of the agreement. Bishop answered, "Yes, your honor." The other parties also orally confirmed their agreement to the settlement's terms.

On September 8, 2010, the court heard Willis's petition to confirm the settlement. Bishop and his counsel were present at the hearing and did not object to the settlement or the petition to confirm it; no one else objected either. On that date, the court entered a minute order granting the petition and confirming the settlement. Under the terms of the settlement, because no one objected to the petition to confirm the settlement agreement, the order granting the petition was final upon entry. Willis's counsel was directed to prepare and circulated a proposed signed order.



3

Bishop filed objections to the proposed order.  On January 5, 2011, the court signed the order, noting on it that "objections" had been "reviewed, considered [and] overruled."  Bishop then appealed.

Having given the parties an opportunity to brief the issue, we take judicial notice that (1) on January 21, 2011, Bishop accepted and recorded a deed conveying one of the trust properties to him, and (2) on February 4, 2011, Bishop accepted a deed conveying another one of the trust properties to him, and he recorded that deed on February 8, 2011.

Page argues that the appeal must be dismissed for several independent reasons, and we agree.  First, Bishop lacks standing to appeal from the order granting the petition to confirm the settlement agreement, because he signed the agreement, orally agreed to it on the record in open court, and did not object to or otherwise oppose the petition despite being present and represented by counsel at the hearing on it.  (*Papadakis v. Zells* (1991) 230 Cal.App.3d 1385, 1387.)  If Bishop had objected in the trial court to the signed order on the ground that it did not conform to the settlement, then he would have standing to challenge the overruling of those objections.  But Bishop does not argue on appeal that the signed order failed to conform to the settlement (and, in any event, it did conform to the settlement).  All of Bishop's arguments on appeal are attacks on the settlement itself, and he lacks standing to pursue such claims.

Bishop's only argument to the contrary is that the settlement agreement expressly contemplates that the parties may appeal.  Bishop is mistaken.  The agreement contemplates that *if a party objects to a petition to confirm the settlement agreement* but the petition is granted over the party's objection, then the objecting party might be able to appeal.  No party objected to the petition to confirm the settlement agreement until after the petition was granted, so, pursuant to the agreement's terms, the order granting the petition became final upon entry and the provision concerning appeal after objection is irrelevant.

Second, Bishop has accepted benefits under the order from which he appeals.  Bishop has accepted and recorded deeds conveying trust property to him.  Those distributions of trust assets were made pursuant to the trust *as amended*; under the



4

original trust, Bishop was entitled to only a single $5,000 payment and was not a remainder beneficiary. The validity of the amendments was confirmed by the settlement agreement. Having accepted those benefits of the order confirming the settlement agreement, Bishop cannot appeal from that order. (*Epstein v. DeDomenico* (1990) 224 Cal.App.3d 1243, 1246.) Bishop offers no intelligible argument to the contrary.

Page moved in this court for sanctions of $25,884.52 (her attorney fees) on the ground that Bishop's appeal is frivolous. For the reasons already given, we agree that "any reasonable attorney would agree that the appeal is totally and completely without merit" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 [same standard applies to self-represented litigants]), and we accordingly grant Page's motion and order Bishop to pay Page $20,000 toward her attorney fees, as a sanction.[1] (See *Papadakis v. Zelis, supra*, 230 Cal.App.3d at pp. 1388-1390.)

## DISPOSITION

The appeal is dismissed. Bishop is ordered to pay Page $20,000 as a sanction for pursuing a frivolous appeal. Respondents shall recover their costs of appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, J.

We concur:

MALLANO, P. J.                    CHANEY, J.

---

[1]    In his opposition to Page's motion for sanctions, Bishop requests that Page be sanctioned for seeking sanctions against him. Bishop's request is denied. Bishop's request for judicial notice, filed December 6, 2011, is also denied.


EXHIBIT ___, p. 4 of p. 7

Nancy Willis

4566 Mt. Vernon Drive
Los Angeles, CA 90043

Case Number B230638
Division 1

REGGIE L. BISHOP,
Petitioner and Appellant,
v.
YOLANDA PAGE et al.,
Defendants and Respondents.

EXHIBIT 32 p. 5 of p. 7

Tyna Thall Orren
Orren & Orren
1100 East Green Street
Pasadena, CA 91106-2513

Case Number B230638
Division 1

REGGIE L. BISHOP,
Petitioner and Appellant,
v.
YOLANDA PAGE et al.,
Defendants and Respondents.



Reggie L. Bishop
3307 Stocker
Los Angeles, CA 90008

Case Number B230638
Division 1

REGGIE L. BISHOP,
Petitioner and Appellant,
v.
YOLANDA PAGE et al.,
Defendants and Respondents.

*EXHIBIT 32 p. 7 of p. 7*

# EXHIBIT 38

A. GEORGE GLASCO, SBN 065935
CAROLYN NAJERA, SBN 278859
LAW OFFICE OF A. GEORGE GLASCO, P.C.
729 Mission Street, Suite 300
South Pasadena, CA 91030
626-403-2288; Fax: 626-403-2291
Email: george@Glascolaw.com

Attorneys for Trust Beneficiaries
Frederick F. Richards III and
Brenda Moore Richards

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 0 4 2012

John A. Clarke, Executive Officer/Clerk
By: V. Dovo, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

In the Matter of the:

GWENDOLYN R. MOORE TRUST

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: BP120811

**ORDER ON MOTION TO ENFORCE
JUDGMENT BY PETITIONERS
FREDERICK F. RICHARDS III AND
BRENDA MOORE RICHARDS**

Date:    **September 21, 2012**
Time:    **8:30 a.m.**
Dept.:   **"5"**
Judge:  **Hon. Mitchell L. Beckloff**

The hearing on the court-ordered accounting by the Trustee came on for hearing on September 21, 2012 during the 8:30 a.m. court calendar in Department 5 of the above-entitled court, the Honorable Mitchell L. Beckloff presiding. Appearing were attorneys A. George Glasco and Carolyn Najera of the LAW OFFICES OF A. GEORGE GLASCO, P.C. for Frederick F. Richards III and Brenda Moore Richards, petitioners and beneficiaries of the Gwendolyn R. Moore Trust; also present were the said

EXHIBIT 38

Pg __1__ of __5__

1   Frederick F. Richards III and Brenda Moore Richards.  Nancy Willis, the Trustee of the Gwendolyn R.

2   Moore Trust, did not appear.

3       WHEREAS the court finds that all notices required by law having been duly given, and it

4   appearing that good cause exists to enforce the judgment previously entered herein, which judgment

5   incorporated the settlement concerning the disposition of monies to the beneficiaries of said Trust,

6
7   including the Petitioners herein,

8       NOW THEREFORE, GOOD CAUSE APPEARING,

9       IT IS HEREBY ORDERED that:

10  1.  Trustee Nancy Willis pay one-sixth of $121,514.00 to Trust Beneficiary Frederick F. Richards

11      III, and one-sixth of $121,514.00 to Brenda Moore Richards;

12
13  2.  Real Property  situated at 3305 Stocker Street, Los Angeles, California 90008, further described

14      as  LOT 173 OF TRACT 10023, AS PER MAP RECORDED IN BOOK 150, PAGES 46 OF

15      MAPS, IN THE OFFICE OF THE COUNTRY RECORDER OF SAID COUNTY [APN 5024-

16      026-002], be listed with a recognized broker, actively marketed and sold;

17
18  3.  That the proceeds from the sale of said real property is not to be distributed pending further

19      order(s) of this court.

20                                      MITCHELL L. BECKLOFF, Judg.
                    DEC 0 4 2012
21  DATED: _____   _____

22                                      Hon. Mitchell L. Beckloff          VL
                                        Judge of the Superior Court
23

24  Respectfully submitted this 6th day of November, 2012.

25  By _____

26  CAROLYN NAJERA
    LAW OFFICES OF GEORGE GLASCO, P.C.
27  Attorneys for Trust Beneficiaries
    Frederick F. Richards III and
28  Brenda Moore Richards                        EXHIBIT 38

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES   )

I am a resident of the State of California, County of Los Angeles. I am over the age of 18 and am not a party to the within action. My business address is 729 Mission Street, Suite 300, South Pasadena, CA 91030.

On October 25, 2012 I served the following document(s) described as:

**ORDER ON MOTION TO ENFORCE JUDGMENT BY PETITIONERS FREDERICK F. RICHARDS III AND BRENDA MOORE RICHARDS**

X   **BY MAIL:** I am also familiar with the business' practice collection and processing of correspondence for mailing with the United States Postal Service. According to this practice the article would be deposited with the United States Postal Service the same day in the ordinary course of business. I mailed and placed the original and/or a true copy thereof in an envelope, with postage fully prepaid thereon at 729 Mission Street, Suite 300, South Pasadena, California, addressed to the parties below:

**SEE ATTACHED SERVICE LIST**

X   **BY CERTIFIED MAIL/RETURN RECEIPT:** I am also familiar with the business' practice collection and processing of correspondence for certified mailing/return receipt with the United States Postal Service. According to this practice the article would be deposited with the United States Postal Service the same day in the ordinary course of business. I mailed and placed the original and/or a true copy thereof in an envelope, with postage fully prepaid thereon at 729 Mission Street, Suite 300, South Pasadena, California, addressed to the parties below:

**SEE ATTACHED SERVICE LIST**

_____  **BY PERSONAL SERVICE:** I placed a true copy of the document described above in a sealed envelope addressed as set forth above, and caused said envelope to be personally delivered to the addressee(s).

_____  **BY EXPRESS MAIL:** I placed an original of the document described above in a sealed Express Mail envelope addressed as set forth above for overnight delivery, postage prepaid, and caused said envelope to be delivered to the United States Postal Service, Pasadena Station, for delivery to the office(s) of the addressee(s).

PROOF OF SERVICE.docx

EXHIBIT 38
Pg 3 of 5

1

I declare under penalty of perjury that the foregoing is true and correct.

2

3    Dated:  October 25, 2012

CAROLYN NAJERA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE.docx

EXHIBIT 38
Pg 4 of 5

## SERVICE LIST

**BY CERTIFIED MAIL/RETURN RECEIPT**

Nancy Willis
4566 Mt. Vernon Drive
Los Angeles, CA 90043

Reggie Bishop
3305 Stocker St.
Los Angeles, CA 90008-3720


BY ORIDINARY MAIL

Nancy Willis
4566 Mt. Vernon Drive
Los Angeles, CA 90043

Reggie Bishop
3305 Stocker St.
Los Angeles, CA 90008-3720

Frederick F. Richards III
Thompson Coburn
55 E. Monroe Street, 37th Floor
Chicago, IL 60603

Brenda Moore Richards
1881 Buckingham Road
Los Angeles, CA 90019

EXHIBIT 38
Pg 5 of 5

**EXHIBIT 111**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| | Department | LA   67 | 01/13/2016 |

Court Convened at:   1000AM

Honorable David Cunningham
R. Hoffman, Deputy Sheriff

Karen D. Brown, Deputy Court Clerk
S. Baker, CSR 9249, Reporter

BP120811          3002          MOORE, GWENDOLYN R. - TRUST (12/9/2004)

MOTION - ATTORNEY FEES                                    Trust Proceedings

Petitioner(s):     Richards, III, Frederick F.
                   Richards, Brenda Moore

Attorney(s):       Glasco, A. George

Continuance Number:   2        Continuance From:   12/14/2015  12:00:00AM

Last Date Changed:   1/12/2016  12:05:39PM                Last Note Changed By:   DOIBSON

To alter probate notes "filed documents" must be submitted to Rm 429, within time frames set forth in Rule 4.4 (b) of LASC Rules. You may contact the Probate Attorney or Probate Examiner whose E-Mail address appears at the end of these notes, subject to compliance with all conditions governing the use of Interactive E-Mail. E-mail Rules are available on the Court's web site at www.LASuperiorCourt.org.

Petitioners Frederick F. Richards, III, And Brenda Moore Richards' Motion For Attorney's Fees And Costs Is GRANTED.

Petitioners' request for attorney's fees in the amount of $308,930 against Respondent Reggie L. Bishop, pursuant to WIC § 16057.5, is granted. These fees shall be made paid to the Law Offices of A. George Glasco, APC. The Court finds that Respondent has not challenged any specific items in Petitioners' request for attorney's fees as excessive or unwarranted.

Petitioners are not entitled to the recovery of their costs in this matter. While costs were awarded to Petitioners in the First Amended Judgment, the court finds that Petitioners did not file a memorandum of costs in this matter as required by CRC Rule 3.1700(a)(1) the time period allotted under that section.

**MINUTE ORDER**

☑ Granted
☐ As Supplemented
☐ Prob Code §__

☐ Heard Without Prejudice
☐ Person and Estate
☐ Lacks Medical Capacity and Voting Capacity

☐ Completed
☐ No Bond
☐ PC 2351.5 powers granted

☐ Continued to _____
☐ Bond of $ ____ Additional
☐ Fees Granted in the Amount of $

☐ Submitted          ☐ Off-calendar
☐ Will and          Codicil(s) Admitted
☐ Codicil/Estate

☐ General Powers Granted
☐ Court has Read and Considered
☐ Court Investigation/DCFS/Regional Center Report
☐ IV/Attorney/Guardian/Party Ordered Back/Discharged/As Prayed
☐ Not Charing to Investigation/Service
☐ Continued for $ _____
☐ Fees to Administrator/Estate/Special/Temporary Letters Extended/Granted to
☐ Accounting       ☐ Petn. for Final Distribution or Status Report to be filed by
is set for hearing on _____

☐ Medical and Placement
☐ Approved Report
☐ Parties stipulate to Judge Pro Tem written
☐ Appearance of Minor(s)/waived for next hearing
☐ Re: [Proof of deposit] to a blocked account filed
_____ Continabluant _____
_____ Title: _____

☐ Supplemental Probate Investigator/DCFS Report Ordered
☐ Decree Notice Waived          ☐ Bond Exonerated

☐ No further review required

☐ PVP Appointed/Terminated/Discharged
_____ and set for hearing. An OSC re Accounting and/or Status of Distribution
OSC date vacated if Accounting, Trust Distribution or Status Report filed timely.

**RECOMMENDED DISPOSITION:**

Order to be Prepared By:
☐ Clerk    ____ Attorney: ✗

RELATED ITEMS:

MOORE, GWENDOLYN R. - TRUST (12/9/2004)

| 1/13/2016 | LA | 67 | BP120811 | 3002 |
|---|---|---|---|---|

**EXHIBIT** III

Pg ___ Of ___

# EXHIBIT 114

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT  COURT OF APPEAL – SECOND DIST.

DIVISION ONE

# FILED
## Aug 16, 2016

JOSEPH A. LANE, Clerk

sstahl          Deputy Clerk

| | |
|---|---|
| REGGIE LYN BISHOP, SR., | B265622 |
| Defendant and Appellant, | (L.A.S.C. No. BP120811) |
| v. | (DAVID F. CUNNINGHAM III, Judge) |
| BRENDA RICHARDS et al., | |
| Plaintiffs and Respondents. | |

| | |
|---|---|
| REGGIE LYN BISHOP, SR., | B270074 |
| Defendant and Appellant, | (L.A.S.C. No. BP120811) |
| v. | (DAVID F. CUNNINGHAM III, Judge) |
| BRENDA RICHARDS et al., | |
| Plaintiffs and Respondents. | ORDER |

Respondents' motion to consolidate case No. B265622 with case
No. B270074 is granted.  Appellant's requests for judicial notice of documents
filed in the superior court in case Nos. BP120638 and BP120811 are granted.

Appellant's appeal in case No. B230638 was dismissed as frivolous, and
Appellant was sanctioned $20,000 for pursuing a frivolous appeal and was ordered to pay
respondents' costs.  Appellant seeks now to revisit the settlement agreement that was the
subject of that prior appeal, and underlies the current judgments from which he appeals.
He acknowledges, however, that he has not paid the sanctions ordered by this Court.  He
has also failed to comply with multiple, final orders of the superior court with respect to
assets of the trust and related discovery.  In light of Appellant's acknowledged failure to

EXHIBIT 114

Pg 1 of 2

comply with this Court's prior opinion and related orders of the superior court, Respondents' motion to dismiss the consolidated appeals is granted. (*Gwartz v. Weilert* (2014) 231 Cal.App.4th 750, 757 ["a party to an action cannot seek the aid and assistance of an appellate court while standing in an attitude of contempt to the legal orders and processes of the courts of this state"].)

In light of this order granting Respondents' motions to dismiss, all remaining motions are denied as moot.

Respondents shall recover their costs in the consolidated appeals.

_____

ROTHSCHILD, P. J.

CHANEY, J.

EXHIBIT 114
Pg 2 of 2

**EXHIBIT 115**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| A.GEORGE GLASCO, SBN 065935<br>LAW OFFICES OF A. GEORGE GLASCO<br>729 Mission Street, Suite 300<br>South Pasadena, CA 91030-3070<br>Tel. 626 403 2288; Fax. 626 403 2291<br>george@glascolaw.com<br><br>ENTERED DEC 16 2015 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA Deputy Clerk<br><br>☐ Movant appearing without an attorney<br>☒ Attorney for Movant | LODGED DEC - 7 2015 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk<br><br>FILED DEC 10 2015 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION**

| IN RE: REGGIE LYN BISHOP, aka<br>REGGIE LYN BISHOP, SR.<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-24261-VZ<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: 11/10/15<br>TIME: 9:30 a.m.<br>COURTROOM: 1368<br>PLACE: U.S. Bankruptcy Court, Central District<br>Courtroom of the Honorable Vincent P. Zurzolo |

**MOVANT: BRENDA MOORE RICHARDS**

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action: BP120811

Name of Nonbankruptcy Action: ESTATE OF GWENDOLYN R. MOORE TRUST

Docket number: BP120811

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
111 N. Hill Street, Dept. 67
Los Angeles, CA 90012

EXHIBIT 115
Pg 1 of 4

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014          Page 1          F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c. ☒ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

    a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☒ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*: Paragraph 9 above was requested in the motion, and is denied.

DATED: December ____, 2015

By: _____
VINCENT P. ZURZOLO
United States Bankruptcy Judge

EXHIBIT 1
PG 2 OF 4

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 2                    F 4001-1.RFS.NONBK.ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
729 Mission Street, Suite 300
South Pasadena, CA 91030

A true and correct copy of the foregoing document entitled (specify): **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY  UNDER 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 12/7/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
SEE SERVICE LIST

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/7/2015 | MICHAEL QUIROGA | _(signature)_ |
| Date | Printed Name | Signature |

EXHIBIT 5
Pg 3 of 4

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST: *2:15-bk-24261-VZ*

U.S. Bankruptcy Court
Honorable Vincent P. Zurzolo
255 E. Temple Street, Courtroom 1368
Los Angeles, CA 90012

Nancy J. Curry, Bankruptcy Trustee
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

Donna Nelson, Bankruptcy Petitioner Preparer for Debtor
8416 Crenshaw Blvd.
Inglewood, CA 90305

Reggie Bishop, Debtor
3232 Silva Street
Lakewood, CA 90712

Reggie Bishop, Debtor
3305 Stocker St.
Los Angeles, CA 90008

Brenda Moore Richards, Movant and Plaintiff in Nonbankruptcy Action
1881 Buckingham Road
Los Angeles CA 90019-5908

Frederick F. Richards, Other Plaintiff in Nonbankruptcy Action
Thompson Coburn
55 E. Monroe Street Floor 37
Chicago IL 60603-6029

CAMPBELL & FARAHANI, LLP
15233 Ventura Blvd., #408
Sherman Oaks, CA 91403

Willie Phelps c/o CAMPBELL & FARAHANI, LLP
15233 Ventura Blvd., #408
Sherman Oaks, CA 91403

EXHIBIT 115
Pg 4 of 4

# EXHIBIT 116

Case 2:16-ap-01383-RK   Doc 1   Filed 08/19/16   Entered 08/19/16 14:01:05   Desc
Case 2:15-bk-2426   Main Document   Doc 32   Filed 11/10/15   Page 118 of 122   11/10/15 15:07:05   Desc
od13vdrr-VolDismCh13/109(g)(2)   Page 1 of 1

FORM CACB (od13vdrr VAN–156)
Rev.(03/09)

# United States Bankruptcy Court
## Central District of California

### 255 East Temple Street, Los Angeles, CA 90012

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM DEBTOR'S REQUEST FOR VOLUNTARY DISMISSAL
## OF CHAPTER 13 WITH RESTRICTIONS [11 U.S.C. §§ 109(g)(2) and 1307(b)]

**DEBTOR INFORMATION:**
Reggie Lyn Bishop
aka Reggie Lyn Bishop Sr

**BANKRUPTCY NO.** 2:15-bk-24261-VZ

**CHAPTER** 13

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-6112
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 11/10/15

**Address:**
3232 Silva St
Lakewood, CA 90712

Based on debtor's request and because this is a dismissal on request of the debtor after a motion for relief from the automatic stay has been filed, IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed;

(2)  the court retains jurisdiction on all issues arising under 11 U.S.C. §§ 110, 329 and 362; and

(3)  debtor is prohibited from filing any new bankruptcy petition within 180 days from the entry of this order.

BY THE COURT,

Dated: November 10, 2015

**Vincent P. Zurzolo**
United States Bankruptcy Judge

(Form od13vdrr VAN–156) (03/09)

**32 / EW2**


EXHIBIT 116
Pg 1 of 1

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>BRENDA MOORE RICHARDS, Individually and as Trustee of the GWENDOLYN R. MOORE REVOCABLE LIVING TRUST; FREDERICK F. RICHARDS III; LAW OFFICES OF A. GEORGE GLASCO, APC | DEFENDANTS<br>In re REGGIE BISHOP, aka REGGIE LYN BISHOP, aka REGGIE L. BISHOP |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>A.GEORGE GLASCO, SBN 065935   Tel. 626 403 2288;<br>LAW OFFICES OF A. GEORGE GLASCO, APC   Fax. 626 403 2291<br>729 Mission Street, Suite 300<br>South Pasadena, CA 91030-3070 | ATTORNEYS (If Known)<br><br>(PRO PER) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor   ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other  AGG<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: NONDISCHARGEABILITY OF DEBTS
PURSUANT TO 11 USC. §523(a)(2)(A);11 U.S.C. §523(a)(4);and
§523(a)(6).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) -- Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) -- Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) -- Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) -- Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) -- Injunctive Relief**
☐ 71-Injunctive relief -- imposition of stay
☐ 72-Injunctive relief -- other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

RECEIVED
AUG 1 9 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  Please See Prayer in Adversary Complaint |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>In re REGGIE BISHOP, aka REGGIE LYN aka REGGIE L. BISHOP | BANKRUPTCY CASE NO. | 2:16-bk-16503-RK |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>CRTM 1675 | NAME OF JUDGE<br>ROBERT N. KWAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*A. George Glasco*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| August 19, 2016 | A. GEORGE GLASCO |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B2500A (Form 2500A) (12/15)

RECEIVED

AUG 19 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____
Deputy Clerk

# United States Bankruptcy Court

## CENTRAL    District Of    CALIFORNIA

| | |
|---|---|
| In re REGGIE BISHOP, aka REGGIE LYN BISHOP, aka REGGIE L. BISHOP<br>　　　Debtor | Case No. 2:16-bk-16503-RK<br><br>Chapter 7 |
| BRENDA MOORE RICHARDS, Individually and as Trustee of the GWENDOLYN R. MOORE REVOCABLE LIVING TRUST; FREDERICK F. RICHARDS III; LAW OFFICES OF A. GEORGE GLASCO, APC<br>　　　Plaintiffs<br>　　　　v.<br>In re REGGIE BISHOP, aka REGGIE LYN BISHOP, aka REGGIE L. BISHOP<br>　　　Defendant | Adv. Proc. No. _____ |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk:　UNITED STATE BANKRUPTCY COURT (CENTRAL DISTRICT)
255 East Temple Street, Room 940
Los Angeles, CA 90012

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:　A.GEORGE GLASCO, SBN 065935
LAW OFFICES OF A. GEORGE GLASCO, APC
729 Mission Street, Suite 300
South Pasadena, CA 91030-3070
Tel. 626 403 2288; Fax. 626 403 2291

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____ (Deputy Clerk)

B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I, _____(name), certify that service of this summons and a copy of
the complaint was made _____(date) by:

❑　　Mail service: Regular, first class United States mail, postage fully pre-paid, addressed
　　　to:


❑　　Personal Service: By leaving the process with the defendant or with an officer or agent
　　　of defendant at:


❑　　Residence Service: By leaving the process with the following adult at:


❑　　Certified Mail Service on an Insured Depository Institution: By sending the process by
　　　certified mail addressed to the following officer of the defendant at:


❑　　Publication: The defendant was served as follows: [Describe briefly]


❑　　State Law: The defendant was served pursuant to the laws of the State of _____, as
　　　follows: [Describe briefly]


If service was made by personal service, by residence service, or pursuant to state law, I further
certify that I am, and at all times during the service of process was, not less than 18 years of age and
not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.


Date _____  Signature _____

　　　　　Print Name: _____

　　　　　Business Address: _____

　　　　　　　　　　　_____