EXHIBIT "1"

A. GEORGE GLASCO, SBN 065935
LAW OFFICE OF A. GEORGE GLASCO, P.C.
729 Mission Street, Suite 300
South Pasadena, CA 91030
626-403-2288; Fax: 626-403-2291
Email: george@glascolaw.com

Attorneys for Trust Beneficiaries,
Frederick F. Richards III and
Brenda Moore Richards

FILED
Superior Court of California
County of Los Angeles

JUL 13 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Karen Brown

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In the Matter of the:<br><br>GWENDOLYN R. MOORE TRUST<br><br>FREDERICK F. RICHARDS III, and<br>BRENDA MOORE RICHARDS<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>NANCY WILLIS, TRUSTEE,<br>REGGIE LYN BISHOP SR., aka REGGIE L.<br>BISHOP, AKA REGGIE L. BISHOP SR, Does<br>"1" through "10"<br><br>Respondents and Defendants. | Case No.: BP120811<br><br>FIRST AMENDED – DSC<br>JUDGMENT AFTER BENCH TRIAL<br>ON: QUIET TITLE;<br>CANCELLATION OF DEED;<br>FINANCIAL ELDER ABUSE;<br>FRAUD, CONSTRUCTIVE FRAUD;<br>BREACH OF FIDUCIARY DUTY;<br>NEGLGIENCE; CONSTRUCTIVE<br>FRAUD; AND CONSTRUCTIVE<br>TRUST.<br><br>DATES OF TRIAL: April 2015: 1,2,3,6,and 22<br>DEPT: 67 |

Trial occurred in Department 67 of the above-entitled court on April 1,2,3,6 and 22, of

2015 on the Verified First Amended Petition for Surcharge of Successor Trustee Nancy Willis,

Financial Elder Abuse (Welfare & Institutions Code Section 15610.30); Breach of Fiduciary

Duty; Fraud; Conversion; Constructive Trust; Constructive Fraud; Accounting; Negligence Per

Se; Quiet Title; Cancellation of Deeds. Appearing were Plaintiffs Brenda Moore Richards and Frederick F. Richards III and their attorney A. George Glasco of the Law Offices of A. George Glasco, APC; and Defendant Nancy Willis and her attorney Efrem A. Clark. Defendant Reggie Lyn Bishop Sr., aka Reggie L. Bishop Sr., aka Reggie Bishop, aka Reggie L. Bishop (hereinafter referred to as to all denominations as "Bishop"). Bishop did not appear. The action was heard by the court, sitting without jury, as the parties waived jury. The court heard and considered the testimony, the documentary evidence, and the argument of counsel. The matter having been submitted for decision and a statement of decision having been waived.

IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The court finds that the settlor Gwendolyn R. Moore created the Gwendolyn R. Moore Revocable Living Trust dated December 9, 2004 ("Trust"), aka Gwendolyn R. Moore Trust and/or the Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore Living Trust (each denomination refers to the same document) and that the Trust was funded with three real properties, and personal property.   The three real properties are referred to here as "Driftwood" in Victorville, California, "Mt. Vernon" and "Stocker" properties in Los Angeles, California.

2. That the settlor Gwendolyn R. Moore died on 11/30/09. That upon her demise, the Trust became irrevocable by law.

3. The court finds that neither Defendant Nancy Willis, Individually and as Trustee of the Gwendolyn R. Moore Trust, nor the Defendant Bishop filed a responsive pleading to the initial Verified Petition for Surcharge, Elder Abuse, etc. despite having been given several opportunities by the court to do so. The court finds that on 04/03/15, the court, on stipulation

between counsel for plaintiffs Richards and the Defendant Willis, ordered the filing of the First Amended Petition for Surcharge, Financial Elder Abuse, Breach of Fiduciary Duty, Fraud, Conversion, Constructive Trust, Negligence Per Se, Cancellation of Deeds, and Removal of Nancy Willis as Trustee. The court ordered that no responsive pleading thereto was to be filed as the First Amended Petition added no significant substantive changes, but merely denominated differently certain causes of action, namely instead of rescission of the Stocker Property deed, it was now Cancellation of Deed on the Stocker Property, and now prayed that title to said Stocker Property be quieted in the name of the Gwendolyn R. Moore Revocable Living Trust, instead of the named plaintiffs. Accordingly, trial proceeded on the First Amended Petition.

4. Trial proceeded against Defendant Bishop as to the prove of damages only on the tort causes of action. As to the quiet title action, Bishop, by the Notice of Trial, was informed that he would be permitted to produce evidence and challenge the quiet title action. Bishop did not appear although his appearance was noticed by plaintiffs pursuant to Cal. Code of Civ. Pro. §1987.

### Settlement Agreement and Order After Hearing, and Notice of Entry of Judgment.

5. The court further finds that upon the death of Moore, various litigation ensued among the Trust beneficiaries which resulted in the execution by all interested persons, including the parties here, of the Settlement Agreement and Release (Agreement) on 07/17/10. The court finds that the Agreement gave each of the Richards - Brenda and Frederick - a 1/6 residuary interest in the Trust Estate.

6. The court finds that the court's 01/05/11 Order After Hearing approved the Agreement. The court further finds that all parties herein, including Defendants Bishop and Willis on the one hand, and the Plaintiffs Brenda Moore Richards and Frederick F. Richards III on the other, were present in court when the court ordered the approval of the Agreement and each responded in court that they agreed to its terms. Said Settlement Agreement and Release was incorporated in the court's 01/05/11 Order After Hearing and the court retained jurisdiction in the Order to enforce the Agreement and the Order. The court finds that on 01/21/11, Notice of Entry of Judgment attaching the Order After Hearing was filed and served on the interested persons, including the parties herein.

7. The court finds that the 01/05/11 Order After Hearing provided that the Mt. Vernon property was to be sold and $438,500 from the sale was to be distributed to Yolanda Page, William Brown and Ernest Brown, that specific distribution of $2500 each was to be paid to 17 named beneficiaries, and the rest, remainder and residue of the Trust both real and personal was to be distributed 1/6 to Brenda Richards, 1/6 to Frederick Richards and 2/3 to Reggie Bishop.

8. The court finds that Defendants Bishop and Trustee Nancy Willis conspired to defraud plaintiffs, and by defalcation, intentionally and maliciously appropriated or distributed personal and real property belonging to the Trust in violation of their agreed Settlement, and the court's Order After Hearing. Specifically, the court finds that Willis and Bishop intentionally, fraudulently and maliciously caused the transfer, without consideration and in violation of the Agreement and Order After Hearing, of all interest in the Driftwood and Stocker real properties to Bishop such that both Plaintiffs Richards were denied their 1/6 interest each in both real

properties, and that Bishop subsequently sold the Driftwood property without paying anything either to the Trust or the plaintiffs Richards herein.

9. **Sale of the Driftwood (Victorville) Property.** The court finds that on 02/04/11 as recorded in instrument no. 2011-0055083, Trustee Willis transferred without consideration full ownership interest to the Driftwood Property to codefendant Reggie L. Bishop. The Driftwood real property was part of the residuary estate. The court further finds that on 10/15/11, Bishop sold the Driftwood property to Donald Muse and Yvonne Nuse, husband and wife. By stipulation of the parties and order of the court accepting such, the property was sold for $95,000, and each of the plaintiffs Richards received his or her share of the sale proceeds from the cash of the Trust Estate as no money was paid to Trustee Willis from the sale.

10. **Cancellation of Stocker Deed.** The court finds that on 01/21/11, Willis deeded, without consideration, full title in instrument no. 20110117093 to the Stocker Property to Reggie Lynn Bishop, Sr. to the detriment of the 1/6 interest of each plaintiff Richards, and in violation of both the Agreement and Order After Hearing which vested 1/6 interest in each plaintiff Richards of the residuary estate. The Stocker Property is part of the residuary estate.

11. The court awards judgment on the cause of action for Cancellation of Deeds in favor of Plaintiffs Brenda Moore Richards and Frederick F. Richards III relative to the Stocker Property deed as reflected in instrument no. 20110117093 in the Office of the County Recorder for Los Angeles County, and against Defendants Nancy Willis, Individually and as Previous Trustee of the Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore Revocable Living Trust, aka Gwendolyn R. Moore Trust; and Reggie Lyn Bishop Sr., aka Reggie L.

Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop. Said Stocker Property Deed is hereby cancelled, declared null and void, and is to be given no legal or equitable effect. The said Stocker Property is more particularly described as Lot 173 of Tract 10023, as per map recorded in Book 150, Page 46 of Maps, in the Office of the County Recorder of said county, APN 5024-026-002, and also known as 3305 Stocker Street, Los Angeles, California. The court finds that to permit the deed to vest title to Reggie Bishops would be inequitable and detrimental to the 1/6 interest of Plaintiff Brenda Richards and the 1/6 interest of plaintiff Frederick F. Richards, in said property and would further deprive said plaintiffs of the only remaining Trust asset from which they can obtain other monies that are would otherwise be due to them under the Gwendolyn R. Moore Living Trust, the Settlement Agreement and Release, the 01/05/11 Order After Hearing where the court retained jurisdiction to enforce the Agreement, and the 12/04/12 Order on Motion (Petition) to Enforce Settlement.

12. The court finds that the Plaintiffs did not know that Willis and Bishop contemplated the sale or transfer of title to the Driftwood and Stocker properties before they occurred.

13. **Quieting of Title to the Stocker Property**. The court finds that on 04/19/12, the plaintiffs attorney filed as instrument no. 20120584521 their Notice of Lis Pendens with the County Recorder relative to the Verified Petition to Enforcement Settlement Agreement relative to the Stocker Property. The court finds that all notices required by law have been given relative to the filing of the Notice of Lis Pendens and the service by certified mail upon all interested persons.

14. The court awards judgment of Quiet Title to the Stocker Property as of the date of filing the Verified Petition to Quiet Title on May 17, 2013 pursuant to California Code of Civil Procedure §761.020(d) in favor of Gwendolyn R. Moore Trust of 2004 (aka Gwendolyn R. Moore Trust, aka Gwendolyn R. Moore Revocable Living Trust), Brenda Moore Richards, Trustee; and against Defendants Nancy Willis, Individually and as Previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, aka Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore Trust; Reggie Lyn Bishop Sr., aka Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, jointly and severally, and against all persons or entities, claiming any legal or equitable right, title, estate, lien or interest in the said Stocker Property, adverse to the title interest, or any cloud upon the title interest, of the Gwendolyn R. Moore Trust of 2004 (Gwendolyn R. Moore Trust), Brenda Moore Richards, Trustee. The Stocker Property is more particularly described as Lot 173 of Tract 10023, as per map recorded in Book 150, Page 46 of Maps, in the Office of the County Recorder of said county, APN 5024-026-002, and also known as 3305 Stocker Street, Los Angeles, California.

### Brenda Moore Richards appointed Trustee

15. The court finds that on 06/26/14, by order of the court, Brenda Richards was appointed Temporary Trustee of the Gwendolyn R. Moore Revocable Living Trust and that Nancy Willis was suspended as Trustee.

16. The court further finds that on 03/24/15, Nancy Willis, previously having been suspended by court order, resigned as Trustee of the Gwendolyn R. Moore Trust.

Judgment After Bench Trial                                                       BP120811

17. The court appoints Brenda Moore Richards as Trustee of the Gwendolyn R. Moore Revocable Living Trust.

**Financial Elder Abuse**

18. The court finds that Plaintiff Brenda Richards was born on March 13, 1939, and was at all times a resident of the state of California. Brenda is an elder within the meaning of California Welfare and Institutions Code §15610.

19. The court finds that Defendants Willis individually and as Trustee of the Gwendolyn R. Moore Trust, and Reggie L. Bishop Sr. aka Reggie L. Bishop, aka Reggie Bishop, intentionally conspired to commit and did commit financial and fiduciary elder abuse against plaintiff Brenda Richards within the meaning of Welfare & Institutions Code by appropriating and defalcating properties, personal and real, so as to deprive Brenda of her 1/6 residuary interest in violation of the Settlement and Order After Hearing.

**Fraud, Breach of Fiduciary Duty Constructive Fraud, Negligence, and Constructive Trust**

20. Defendants Nancy Willis, Individually, and as Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Bishop, conspired to intentionally and negligently defraud and did defraud plaintiffs Brenda and Frederick of monies and real property that were due them by reason of the said Settlement and Order After Hearing. Further said Defendants conspired to breach, and did breach, the trust and fiduciary obligations that Trustee Nancy Willis owed at all times to the Trust beneficiaries Brenda Richards and Frederick Richards. The court further finds that said fraud consisted *inter alia* of defalcating monies and real properties due both Richards

for the benefit of themselves or for the benefit of one or the other. The court finds that as a result of the foregoing, that said Reggie Bishop holds money and properties in constructive trust for the 1/6 part due to Brenda Richards and the 1/6 part due to Frederick Richards III.

### Monetary Damages-Compensatory, Punitive and Treble Damages

21. The court finds that on 07/15/10, the court, by its Interim Order After Hearing, ordered Bishop "forthwith" to turn over the funds he received in the amount of $85,921.54 to Nancy Willis, who, in turn, was ordered to deposit said sum into a blocked account in the name of Gwendolyn R. Moore Revocable Living Trust. The court finds that both Bishop and Willis were present in court when the court made its order. The court further finds that Bishop never delivered said sum to Willis, and that both Bishop and Willis intentionally and maliciously conspired not to disclose that Bishop had failed to turn over said sum in accordance with the court's order and they did so in order to defraud plaintiff Richards and to commit defalcation of the 1/6 interest to which each plaintiff Richards was entitled.

22. The court finds that Trustee Willis received the sum of $121,514 from escrow resulting from the sale of the Mt. Vernon Property after payment to the Browns and Page per the 01/05/11 Order After Hearing. The court finds that on 12/04/12, upon the Petition of Brenda Richards and Frederick Richards to enforce the judgment, the court ordered in its Order to Enforce Settlement that 1/6 of said $121,514.00 be paid to Brenda Moore Richards and 1/6 of said $121,514.00 be paid to Frederick F. Richards III, and further ordered the sale of the Stocker property and the impounding of the proceeds pending further order of the court. This court finds that Bishop and Willis conspired to intentionally and maliciously defraud Petitioners

Richards of their 1/6 each interest in said $121,514 by distributing monies to Bishop and cash withdrawals to the benefit of themselves.

23. The court further finds that Willis and Bishop intentionally, and maliciously conspired to defraud, and did defraud, Plaintiffs Richards of their 1/6 each interest in the cash deposited and disbursed from the Gwendolyn R. Moore Revocable Living Trust checking and savings accounts by having Willis distributed unaccounted checks and cash withdrawals among themselves.

24. Plaintiff Brenda Moore Richards is hereby awarded judgment in the amount of $31,010.51, as and for compensatory damages, against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and severally.

25. Plaintiff Frederick F. Richards is hereby awarded judgment in the amount of $31,010.51, as and for compensatory damages, against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and severally.

26. Plaintiff Brenda Moore Richards is hereby awarded the additional amount of $30,000.00 as and for punitive damages against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and , and Reggie L.

Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and severally.

27. Plaintiff Frederick Richards III is hereby awarded the additional amount of $30,000.00 as and for punitive damages against the Defendants Nancy Willis, individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, , and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop, jointly and severally.

28. Plaintiff Brenda Richards is hereby awarded the additional amount of treble damages under Cal. Civ. Code 3345 in the sum of $186,063.06 against only Defendant Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lynn Bishop  The court finds pursuant to Cal. Civ. Code §3345(b)(1) and (2) that said defendant Bishop's behavior was unconscionable as he knew or should have known that his conduct was directed against a senior citizen, and that by reason of defendants' conduct, said Brenda Richards to suffer a loss of income.

29. The court finds that the compensatory, punitive and treble damages herein awarded are in addition to the 1/6 residuary interest to which Plaintiff Brenda Moore Richards is entitled and further in addition to the 1/6 residuary interest to which Plaintiff Frederick F. Richards III is entitled, in the Stocker Property, and the sale proceeds therefrom, by virtue of the said Settlement Agreement and 01/05/11 Order After Hearing, and the 12/04/12 Order to Enforce Judgment.

30  The court finds that Plaintiffs Brenda Moore Richards and Frederick F. Richards III are the prevailing parties against defendants, jointly and severally, on each cause of action in the said First Amended Petition, by virtue of having obtained the said 12/04/12 Order to Enforce Judgment, and the instant Judgment. The court further finds that as prevailing parties, the Plaintiffs Brenda and Frederick are entitled to attorney's fees as provided in the Agreement, and the Order After Hearing, which incorporated said Agreement.

31. The court finds that Plaintiff Brenda Moore Richards is the prevailing party by reason of having prevailed in the Financial Elder Abuse cause of action against all Defendants, and she is, therefore, entitled to recover attorney's fees upon motion to the court pursuant to Cal. Welfare & Inst. Code §15657.

32. Plaintiffs are entitled to recover costs.

33. The court retains jurisdiction to enforce: this judgment; the court's 01/05/11 Order After Hearing; the 12/04/12 Order on Motion to Enforce Judgment; upon motion to the court, the award of attorneys' fees and costs pursuant to the Agreement and Welfare & Inst. Code §15657 and the Settlement Agreement; the assessment and allocation of interest on judgment.

APPROVED AS TO FORM AND CONTENT:

DATED:   July 13, 2015

By: _____
EFREM A. CLARK
Attorney for Respondent/Defendant Nancy Willis,
Individually and as former Trustee of the Gwendolyn R.
Moore Revocable Living Trust.

DATED: July 13, 2015

By: _____
A. GEORGE GLASCO
LAW OFFICES OF A. GEORGE GLASCO, APC
Attorneys for Petitioners and Plaintiffs Brenda Moore Richards, Individually and as Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Frederick F. Richards III

IT IS SO ORDERED.

DATED:   July 13, 2015

_____
DAVID CUNNINGHAM III
Judge of the Superior Court

I certify that this is a true and correct copy of the original _judgment_ on file in this office consisting of 13 pages.
SHERRI R. CARTER, Executive Officer / Clerk of the Superior Court of California, County of Los Angeles.
Dated JAN 3 1 2017  By: _____ Deputy
**ALICE M. THOMPSON**