**EXHIBIT "3"**

FILED
Superior Court of California
County of Los Angeles

MAY 17 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. Watts

A. GEORGE GLASCO, SBN 065935
ANNA TSIBEL, SBN 278527
LAW OFFICE OF A. GEORGE GLASCO, P.C.
A Professional Law Corporation
729 Mission Street, Suite 300
South Pasadena, CA 91030
626-403-2288; Fax: 626-403-2299
Email: anna@glascolaw.com

Attorneys for Plaintiffs BRENDA MOORE RICHARDS and FREDERICK F. RICHARDS III

DATE OF HEARING
9-24-13   8:30   D-11

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES - CENTRAL COURTHOUSE

| | |
|---|---|
| ESTATE OF GWENDOLYN R. MOORE (Deceased) | Case No.: BP120811 |
| | PETITION ~~COMPLAINT~~ FOR: |
| BRENDA MOORE RICHARDS and FREDERICK F. RICHARDS III, | 1. SURCHARGE ON SUCCESSOR TRUSTEE NANCY WILLIS |
| Plaintiffs | 2. FINANCIAL ELDER ABUSE (WELFARE & INSTITUTIONS CODE SECTION 15610.30); |
| vs. | 3. BREACH OF FIDUCIARY DUTY |
| | 4. FRAUD |
| NANCY WILLIS; REGINALD LYN BISHOP II, aka REGGIE L. BISHOP; Does "1" TO "100" | 5. CONVERSION |
| | 6. CONSTRUCTIVE TRUST |
| | 7. CONSTRUCTIVE FRAUD |
| | 8. ACCOUNTING |
| Defendants | 9. NEGLIGENCE PER SE |
| | 10. QUIET TITLE |
| | 11. RESCISSION OF DEEDS |

Plaintiffs  Brenda Moore Richards and Frederick F. Richards, III allege as follows upon information and belief:

## I.   PLAINTIFFS' STANDING

1.    Plaintiff Brenda Moore Richards (hereinafter, "MRS. RICHARDS") is an elder and senior citizen born on March 13, 1939, currently age of 74. Consequently, at all times relevant herein, Plaintiff MRS. RICHARDS satisfies the requirements of "Elder" under "The Elder Abuse and Dependent Civil Protection Act," particularly Section 15610 which states that: **"Elder"** means any person residing in the this state, 65 years of age or older." Moreover, said MRS. RICHARDS is a beneficiary under the Gwendolyn R. Moore Trust (hereinafter "TRUST").

2.    Plaintiff MRS. RICHARDS is a niece of Gwendolyn R. Moore (hereinafter, "DECEDENT").

3.    Plaintiff Frederick F. Richards, III (hereinafter, "RICHARDS") is a natural-born son of Plaintiff MRS. RICHARDS. Furthermore, said RICHARDS is a named beneficiary under the TRUST.

## II.   THE DEFENDANTS

### A. Defendant Nancy Willis – Successor Trustee of Gwendolyn R. Moore Trust

4.    Defendant NANCY WILLIS (hereinafter "WILLIS"), was at all times herein a resident of the state of California, and at all times relevant herein living in said state, and residing in the county of Los Angeles. Further, at all times pertinent, said Defendant was the Successor Trustee of the Gwendolyn R. Moore Trust (hereinafter "TRUST"), of which Plaintiffs were beneficiaries, and as a result thereof, a confidential and fiduciary relationship existed at all times herein relevant between Plaintiffs and said Defendant.

### B. Defendant Reginald L. Bishop – A Beneficiary of the Gwendolyn R. Moore Trust.

5.    Defendant REGINALD L. BISHOP, AKA REGINALD L. BISHOP, II, AKA REGGIE L. BISHOP, AKA REGGIE BISHOP (hereinafter "BISHOP") was at all times herein a resident of the state of California, and at all times relevant herein living in said state, and residing in the county of Los

1   Angeles. Further, at all times herein, said Defendant is a beneficiary of said TRUST. Further, said

2   Defendant was a property manager of late Gwendolyn R. Moore, and he was living in the adjoining real

3   property next to DECEDENT situated at 3307 Stocker Street, in the city of Los Angeles, California. As

4   a result of the close proximity in geographical location between the said Gwendolyn R. Moore and

5   BISHOP and the increasing infirmity of the aging Moore. As a result, said Moore grew increasingly

6   dependent upon BISHOP to drive her back and forth between medical appointments, filling medical

7   prescriptions, effecting bank deposits and reconciling bank accounts, paying bills, and even attending to

8   her hygenic needs as she became increasingly infirm. BISHOP would later use the confidential and

9   fiduciary relationship regarding his accepted duty to deposit cash, make payments, and safeguard the

10  personal jewelry of MOORE, to unjustly and unlawfully enrich himself to the detriment of MOORE.

11  6.   Further, BISHOP and  WILLIS, would concoct a conspiracy and agreement whereby

12  WILLIS would unlawfully convey DECEDENT'S assets to BISHOP certain real properties, and cash

13  and other personal property not yet fully ascertained, to herself and BISHOP. Such conspiracy and

14  agreement were conceived and executed in contravention of the stipulated judgment [signed by both

15  BISHOP and WILIS] wherein plaintiffs were to receive collectively one-third of the TRUST estate.

16  **C. Doe Defendants "1" to "100".**

17  7.   Plaintiffs are uncertain of the true names and responsibility for the actions, and/or

18  conduct of all persons and/or legal entities responsible for the damages and conduct alleged herein.

19  Consequently, plaintiff designates such unknown Defendants as Does "1" to "100". Said Does are

20  persons, corporations, associations, limited liability companies, partnerships, caretakers, fiduciaries,

21  and/or other legal entities not presently known. Plaintiffs allege that each of said Doe defendants is

22  liable at law and in equity for the damages herein alleged. Plaintiffs will ask leave of court to insert the

23  true names and capacities of each as soon as they have been fully ascertained.

### III.    FACTUAL BACKGROUND

8.    Plaintiffs MRS. RICHARDS and RICHARDS are beneficiaries of Gwendolyn R. Moore Trust (hereinafter, "TRUST"). On August 2, 2010, MOORE, by and through her attorneys, filed the "Petition to Confirm the Settlement Agreement and to Approve the Gwendolyn R. Moore Trust Dated December 9, 2004 and Amended by the Third Amendment and the Modifications (Probate Code 17200 and 15403)" Judicial notice thereof is requested. The TRUST became revocable by operation of law at the time of the death of said DECEDENT, on November 30, 2009.

9.    After the death of DECEDENT, litigation ensued, and on July 17, 2010, all interested parties to the TRUST, including instant Plaintiffs, Defendant WILLIS and Defendant BISHOP, and other TRUST beneficiaries, entered into a Settlement Agreement (hereinafter, "AGREEMENT") for the final disposition of the TRUST and for distribution of TRUST assets (Exhibit "1", pp. 5-14). In the recitals of said AGREEMENT at par. ii, page 1, it states that: "On January 19, 2010, Nancy Willis filed her Petition for Administration of the Estate of Gwendolyn R. Moore, Los Angeles Superior Court under case number BP120811. On January 27, 2010, Yolanda Page filed her Petition for Probate of a Lost Will under case number BP120368. **There are currently two competing petitions. The pending pleadings in the two proceedings are referred to herein as the Contested Matters.**" [Emphasis and Underline Added]. (Exhibit "1", p. 5, ¶ii).

10.    On January 5, 2011, the court approved the Settlement Agreement in its entirety and incorporated it into the "Order After Hearing" (hereinafter, "ORDER"), a true and correct copy of which is submitted as Exhibit "2." Exhibit "2" at ¶3-4, p. 2. Judicial notice is requested of the conformed copy of said ORDER as filed in the Los Angeles Superior Court for the County of Los Angeles, California. Per the ORDER, plaintiffs are collectively one-third beneficiaries of the Gwendolyn R. Moore Trust.

Exhibit "2" at ¶7, p. 2. In its Order, the court specifically retained jurisdiction to enforce the

AGREEMENT, stating as follows (Exhibit "2," ¶2):

> "The Settlement Agreement, remains under the jurisdiction of the Los Angeles
> Superior Court with respect to the enforcement and completion of the settlement provided
> herein."

11.    The AGREEMENT recognized that instant Plaintiffs are TRUST beneficiaries, i.e.

"Brenda Moore Richards, Frederick F. Richards III, Shannon Jefferson Nelson and Millicent Moore

Copeland for Tiffany Frierson and Doris Frierson and the persons set forth in Attachment A hereto are

beneficiaries of the sum of $5,000 each under various contested provisions of the will and trust." Exhibit

"1" at ¶ iii, p. 2. The AGREEMENT confirmed the Gwendolyn R. Moore Trust, as amended on July 31,

2008, October 21, 2009 and November 6, 2009, which contained three real estate properties: Mt. Vernon

Property, Victorville Property, and Stocker Property. Exhibit "1-A."

12.    Additionally, the court ordered that Yolanda Page, William Brown and Ernest Brown will

receive the sum of $438,5000.00 per AGREEMENT, first from the sale of the real property located at

4572 Mt. Vernon Drive, Los Angeles, CA. Exhibit "2" at ¶5, p. 2. Next, the Successor Trustee Nancy

Willis was to distribute $2,500 each to the named beneficiaries in paragraph 6 of the ORDER. Exhibit

"2" at ¶6, p. 2. Finally, the rest, remainder and residue of the Trust, both real and personal, shall be

distributed as follows: 1/6 to Brenda Moore Richards, 1/6 to Frederick F. Richards III (Creditors) and

2/3 to Reginald L. Bishop. Exhibit "2" at ¶7, p. 2.

13. There were three real property assets in the TRUST:

i) <u>Mt. Vernon Property</u>. The Mt. Vernon Property situated at 4572 Mt. Vernon Dr. in Los

Angeles, CA 90043, which was sold for $595,000; out of this sum, $438,500 was distributed from that

escrow to attorneys for Yolanda Page, William Brown and Ernest Brown in satisfaction of the ORDER.

Exhibit "2" at ¶5, page 2. The remainder of the sale proceeds, less escrow costs and fees, was to be

1  distributed as follows: 2/3 to Defendant Bishop, 1/3 to Plaintiff MOORE, 1/3 to Plaintiff RICHARDS.

2  Exhibit "2" at ¶7, page 2. According to the Willis letter [Exhibit "5"], the following is stated:

3    "On January 25, 2011, the real property located at 4572 Mr. Vernon Dr. Los
  Angeles, CA 90043 sold for $595,000. As per the Settlement Agreement dated
4    July 17, 2010, attached hereto and made a part hereof, Yolanda Page, William
  Brown and Ernest Brown were paid $438,500 from the proceeds of the sale. Your
5    share for participation in the Settlement was $146,167 each."

6

7  However, on page 2 of the Willis' letter [Exhibit "5"], Trustee Willis subtracts $146,167.00 from the

8
9  collective amount due to Plaintiffs from the real properties [Mt. Vernon, Stocker, and Victorville]. In

10  other words, Defendant Willis proposed in effect that Plaintiffs receive nothing from the sale of the Mt.

11  Vernon Property.

12    ii) <u>Victorville Property</u>. The Victorville Property is situated at 14011 Driftwood Dr.,

13
14  Victorville, CA 92395. According to the official records for the County of San Bernardino, on February

15  4, 2011, Defendant WILLIS, by Trust Transfer Grant Deed, granted to Defendant BISHOP, as his sole

16  and separate property, the Victorville Property, thereby depriving plaintiffs herein of their one-third

17  collective interest in said property and/or the proceeds from the sale thereof. Further, according to the

18  official records for the County of San Bernardino, Defendant BISHOP, did by Grant Deed dated

19
20  October 15, 2011 transfer title to said Victorville Property to Donald Nuse and Yvonne M. Nuse,

21  Husband and Wife. On April 9, 2012, the Law Offices of A. George Glasco, P.C., caused a Basic

22  Property Report to be issued through the online internet firm called "HomeinfoMax.com," which

23  indicates that the Victorville Property was sold on November 2, 2011 for the sales price of $95,000.00.

24  Plaintiffs, by the said Order [Exhibit 2, §7, p. 2], which incorporated the said Settlement Agreement, are

25  collectively entitled to share 1/3 of said sales price. Plaintiffs have not seen the appraisal and,

26  consequently, are unable to determine whether or not such appraisal reflects the true value of the

27  Victorville Property at the time of transfer to Defendant Bishop. It is unknown to Plaintiffs what

28

1  happened to the proceeds from the sale, and the transfer appears to be an outright gift by Defendant

2  Willis to Defendant BISHOP, who turned around and sold it.

3          iii) Stocker Property. The Stocker Property is situated at 3305 Stocker Avenue, Los

4  Angeles, CA 90008 and has been appraised at $410,000.  However, Defendant WILLIS  failed to furnish

5  a copy of any such appraisal to Plaintiffs.  A real property search has been caused by Plaintiffs to be

6  conducted relating to the "Stocker Property".  According the records of the Recorder for the County of

7  Los Angeles, Defendant WILLIS  as Trustee of the Gwendolyn R. Moore Revocable Living Trust,

8  executed on January 21, 2011 the document entitled "Trust Transfer Grant Deed" wherein she granted

9  title to Stocker Property to Defendant BISHOP, as his sole and separate property.  Plaintiffs have

10  received nothing from the transfer of the Stocker property.

11      14.   To date, Plaintiffs have received each the sum of $15,833.33 as their prospective shares

12  from the Victorville Property only. This sum is grossly inadequate as plaintiff is entitled to one-third

13  share of the net proceeds, and indeed are entitled to one-third share of the valuation of said property

14  given that no such sale had been authorized.   At the minimum, Plaintiffs are collectively entitled to

15  share collectively one-third of the value

16      15.   By the Order on Motion to Enforce Judgment by instant Plaintiffs (hereinafter, "ORDER

17  TO ENFORCE JUDGMENT"), on December 4, 2012 the Court directed Defendant Willis to pay one-

18  third of $121,514.00 to Plaintiffs, collectively. A true copy of the ORDER TO ENFORCE JUDGMENT

19  for the convenience of the court is attached hereto as Exhibit "3." Exhibit "3" at ¶11-12, p. 2. Judicial

20  notice  is requested of the conformed copy of said ORDER TO ENFORCE JUDGMENT as filed in the

21  Los Angeles Superior Court for the County of Los Angeles, California. The court further  directed the

22  sale of Stocker Property, and that the proceeds from the sale of said property not to be distributed, save

1   the one-third that was ordered paid to plaintiffs, until further order(s) of the court. Exhibit "3" at ¶14-19,

2   p. 2.

3       16.   Defendant WILLIS, in conspiracy with Defendant BISHOP, fraudulently, willfully and

4   maliciously failed to distribute the trust remainder, in violation of the AGREEMENT [Exhibit "1," pp.

5   5-14], ORDER [Exhibit "2"] and ORDER TO ENFORCE JUDGMENT [Exhibit "3"], thus depriving

6

7   Plaintiffs of monies they are entitled to.

8       17.   Further, each of said Defendants WILLIS and BISHOP, Does "1" through "100", and

9   each of them, was a fiduciary by reason of the position of Trustee of said TRUST as it pertains to

10  Defendant WILLIS, and by reason of having agreed to in the AGREEMENT to be bound by its terms,

11  namely that plaintiffs RICHARDS and BRENDA RICHARDS were to receive one-third of the net

12  estate, and that other beneficiaries would be paid according to the AGREEMENT and ORDER.  In

13

14  effect, by their conspiracy and agreement, Defendants have defalcated the TRUST corpus and

15  appropriated such for their exclusive mutual benefit to the detriment of the plaintiffs herein.

16      18.   On January 3, 2013, less than a month after the ORDER TO ENFORCE JUDGMENT

17

18  was issued [Exhibit "3'"], Defendant Willis filed a frivolous Chapter 7 bankruptcy petition, to abate the

19  sale and distribution of Stocker property, which is now the only remaining TRUST asset in this probate

20  TRUST. Said Defendant Willis came into possession of the TRUST monies and properties, both real

21  and personal, as a result of her fiduciary relationship with TRUST beneficiaries. On March 12, 2013, the

22

23  case has been dismissed by a bankruptcy court order for the lack of jurisdiction, but that action caused

24  instant Plaintiffs to be dragged into bankruptcy court and invest time and money on a case that had

25  absolutely no grounds for filing. It has become apparent that Defendants WILLIS and BISHOP have

26  employed, and will employ, any and all means to continue avoiding distributions of TRUST assets to

27  Plaintiffs, and this, in contravention to the Order After Hearing [Exhibit "2"].

28

19.    Per AGREEMENT, "[i]n the event of any dispute as to the meaning or effect of this

Settlement Agreement, the prevailing Party in any resulting legal action or proceedings shall be entitled

to recover his or her reasonable attorneys' fees and costs from the non-prevailing Parties." [Exhibit "1" at

§23, p. 11]. Plaintiffs brought a motion to dismiss the bankruptcy petition filed by Defendant Willis, and

the bankruptcy court granted the motion. As the prevailing party, Plaintiffs are entitled to attorneys' fees

and costs under the AGREEMENT.  Furthermore, plaintiffs are entitled to attorneys' fees and costs for

this action by reason of said AGREEMENT.

### IV. Conspiracy and to Defraud, and To Commit Elder Abuse

20.    At all times herein, Defendants, and each of them, including, without limitation thereto

Does "1" to "100", were, and are the agents, servants, and/or employees of each other, and were, and

are, at all times relevant, acting within the course and/or scope of such agency and/or employment.

Further, in the doing and/or failing to do the things hereinafter alleged, said Defendants, and each of

them, conspired to take advantage of the old age of Plaintiff MOORE and subjected said Plaintiff to

their conspiratorial defalcation, and other acts, as more particularly hereinafter alleged.

### V. Fiduciary Relationship.

21.    At all times herein by reason of all the foregoing, there existed a fiduciary relationship by

and between Plaintiffs on the one hand, and Defendant WILLIS, on the other, given her role as

Successor Trustee for Gwendolyn R. Moore Trust, of which Plaintiffs at all pertinent times were and

currently are beneficiaries.

22.    At all times pertinent, the law of this States imposed upon a trustee an obligation of

undivided service and loyalty in favor of his beneficiary. The Trustee's duty of loyalty was, and is, at all

times pertinent codified in Cal. Probate Code §16002.  A trustee's duties include the duty of loyalty, the

duty to avoid conflicts of interest, the duty to preserve trust property, the duty to make trust property productive, the duty to dispose of improper investments, and the duty to report and account.[1]

23.  **DAMAGES.**  As a legal result of the foregoing, plaintiffs have suffered the loss and use of monies, properties (real and personal) owed to them by reason of said TRUST, AGREEMENT, ORDER AFTER HEARING, and ORDER TO ENFORCE SETTLEMENT.  Further, said plaintiffs have suffered emotional and mental distress, were caused to incur legal fees and costs, and have further suffered other damages not yet fully ascertained.

24.  Further,  the acts and/or omissions by Defendants WILLIS, BISHOP, and Does "1" through "100", were fraudulent, oppressive, and malicious as they involved the clear and unmistakable defalcation of assets clearly belonging to plaintiffs, and indeed the Defendants had agreed to distribute. Consequently, punitive damages are justified.

## ALL PLAINTIFFS' FIRST CAUSE OF ACTION FOR SURCHARGE AGAINST DEFENDANT WILLIS, DOES "1" TO "100"

25.  As and for a First Cause of Action for Surcharge against Defendant WILLIS, and all Doe Defendants, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "22" with the same force and full effect as hereinafter set forth fully at length.

26.  Plaintiffs and TRUST beneficiaries BRENDA RICHARDS and RICHARDS  hereby petition this Court to surcharge Successor Trustee and Defendant  WILLIS, and BISHOP  for the distributions of all cash, personal property, and real properties that said WILLIS and BISHOP obtained, and which were either sold directly to others with no distribution to plaintiffs, and/or which were distributed among said defendants in furtherance of their conspiracy and agreement to defalcate assets belonging to said plaintiffs.

---

[1]  City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (App. 1 Dist. 1998) 80 Cal.Rptr.2d 329, 68 Cal.App.4th 445, modified on denial of rehearing, review denied.

27.    Section 166440(a) of the California Probate Code states that if a trustee commits a breach of trust, the trustee is chargeable with any of the following that is appropriate under the circumstances: (1) Any loss or depreciation in value of the trust estate resulting from the breach of trust, with interest; (2) Any profit made by the trustee through the breach of trust, with interest; (3) Any profit that would have accrued to the trust estate if the loss of profit is the result of the breach of trust.

28.    A trustee is under an obligation to render to beneficiaries a full account of all the dealings with the trust property and when there has been a negligent failure to keep true accounts, all presumptions are against them. Purdy v. Johnson, 174 Cal. 521 [163 P. 893]. Trustees are also under the duty to prove every item of their account by "satisfactory evidence;" the burden of proof is on them and not on the beneficiary. Any doubt arising from their failure to keep proper records, or from the nature of the proof they produce, must be resolved against them. Purdy v. Johnson, supra; In re McCabe's Estate (1948) 87 Cal. App. 2d 430, 197 P.2d 35.

29.    Mathematical calculations of appropriate disbursements of the trust remainder are clear and simple. As evident from the Table 1 hereinbelow, trust beneficiaries Frederick F. Richards, III and Brenda Moore Richards are collectively entitled to $300,768.26. To date, instant beneficiaries have collectively received $31,666.66. Defendants Willis and Bishop appropriated the TRUST properties, both real and personal, including monies from sale proceeds, in violation of AGREEMENT. [Exhibit "3"]. Except this one disbursement to instant trust beneficiaries, Successor Trustee Nancy Willis gave away most of the trust assets to her co-conspirator Reggie Bishop, and failed to account for the rest of the assets. Therefore, Successor Trustee Nancy Willis should be surcharged for the difference, that is, $269,101.60.

///

///

| Trust Assets | Value of Trust Assets | Reggie Bishop (2/3 of the remainder) | Frederick F. Richards, III and Brenda Moore Richards, collectively (1/3 of the remainder) |
|---|---|---|---|
| 1. Proceeds after the sale of Mt. Vernon Property | $121,514.00 | $81,009.33 | $40,504.67 |
| 2. Driftwood Property | $95,000.00 | $63,333.33 | $31,666.67 |
| 3. Stocker Property | $410,000.00 | $273,333.33 | $136,666.67 |
| 4. Cash Assets | $275,790.74 | $183,860.49 | $91,930.25 |
| TOTAL: | $902,304.74 | $601,536.48 | $300,768.26 |

## SECOND CAUSE OF ACTION FOR FINANCIAL ELDER ABUSE BY PLAINTIFF BRENDA RICHARDS ONLY AGAINST DEFENDANTS WILLIS AND BISHOP, DOES "1" TO "100"

30.    As and for a Second Cause of Action for Financial Elder Abuse by plaintiff BRENDA RICHARDS only against Defendants WILLIS and BISHOP, including, without limitation thereto, all Doe Defendants, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "29" with the same force and full effect as hereinafter set forth fully at length.

31.    At all times herein, California Welfare & Institutions Code Section 15610.07 provides in pertinent part that:

"**Abuse** of an **elder** or a dependent adult" means either of the following:

'(a) Physical abuse, neglect, **financial abuse,** abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering.'

32.    By reason of the foregoing, Defendants, and each of them, has committed financial elder abuse within the meaning Welf. & Inst. C. section 15610.07 against the plaintiff BRENDA RICHARDS. As a consequence there, they, and each of them, since the calendar year 2009 and continuing to the present, took, secreted or appropriated the money or property belonging to Plaintiff BRENDA RICHARDS, and applied it to a wrongful use or with the intent to defraud and deprive Plaintiff BRENDA RICHARDS thereof. These efforts resulted in the alienation and transmutation of the said

1   real properties to Defendant BISHOP, who is a neighbor, friend and co-conspirator of Defendant

2   WILLIS, and further resulted in the monetary and unjust enrichment of each of the Defendants by

3   reason of selling properties a share of which was belonged to Plaintiff MOORE and applying the

4   proceeds to their unjust personal enrichment.

5

6   33.   Moreover, the foregoing was at all times herein oppressive, reckless and conscious

7   disregard for the financial well-being of Plaintiff BRENDA RICHARDS and fraudulent in the

8   premises, and done with the deliberate intent and purpose to defraud, abuse, oppress, and/or otherwise

9   disabuse Plaintiff BRENDA RICHARDS of the TRUST assets disbursements. By reason of the

10   foregoing, punitive damages are justified against Defendants, and each of them.

11

12   34.   Moreover, Plaintiff BRENDA RICHARDS suffered the emotional distress, anxiety, fear,

13   and other damages not yet fully ascertained. Further, Plaintiff BRENDA RICHARDS was caused to

14   incur attorneys' fees and costs to recover all damages to Plaintiffs in accordance with law.

15

16   **THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

17

18   35.   As and for a Third Cause of Action for Breach of Fiduciary Duty by all plaintiffs against

19   all Defendants, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1"

20   through "34" with the same force and full effect as if hereinafter set forth fully at length.

21   36.   Defendants breached that fiduciary relationship in the premises by appropriating without

22   justification or necessity therefore, the real and personal assets of the Plaintiffs, to their unearned, and/or

23   unjustified profit, and by self-dealing to the detriment of the within Plaintiffs in violation of trustee-

24   beneficiaries relationship as hereinabove set forth.

25

26   37.   As a result of the foregoing, Plaintiffs suffered the loss of their real and personal assets in

27   a manner not yet fully ascertained, situated in California, as well as emotional and mental distress, and

28   other damages not yet fully ascertained.

38.   Further, by virtue of said breach of fiduciary relationship, said Defendant has depleted and reduced the monies and assets that would have remained in the TRUST Account.

## FOURTH CAUSE OF ACTION FOR FRAUD BY ALL PLAINTIFFS AGAINST DEFENDANTS WILLIS AND BISHOP, DOES "1" TO "100"

39.   As and for a Fourth Cause of Action by all plaintiffs for Fraud against Defendants WILLIS, BISHOP, and Does "1" to "100," Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "38" with the same force and effect as if hereinafter set forth fully at length.

40.   At all times herein, Defendants intentionally represented explicitly and implicitly to Plaintiffs that they would care for their shares of TRUST assets that Plaintiffs were entitled to, and make proper disbursements.   At all times herein, Defendants had no intention of executing said representations, but instead, intended to steal, defalcate, and otherwise wrongfully deprive plaintiffs o their assets.In addition, Defendants represented explicitly and implicitly in the AGREEMENT that they would comply with the terms of the AGREEMENT. [Exhibit "3"]. Plaintiffs relied reasonably to their detriment as hereinabove previously shown.

41.   As a legal result of the foregoing, Plaintiffs suffered the damages hereinabove stated, and Plaintiffs herein suffered damages as aforestated in the preceding cause of action.  Further, said representations and/or omissions were fraudulent, oppressive, and/or malicious, thereby justifying the award of punitive damages.

## FIFTH CAUSE OF ACTION BY ALL PLAINTIFFS  FOR CONVERSION AGAINST DEFENDANTS WILLIS, BISHOP, DOES "1" TO "100"

42.   As and for a Fifth Cause of Action by all plaintiffs against Defendants WILLIS, BISHOP, Does "1" to "100, and each of them, for conversion, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "41" as if set forth fully herein

43.    As a legal result of the foregoing, Plaintiffs suffered the loss of monies, real property, and other personal assets not yet fully ascertained given that the Defendants, and each of them, intentionally converted the monies, real property, and/or other personal assets of Plaintiffs to their own unjust benefit. Plaintiffs in their own right also suffered the loss of monies that would have remained in the Trust Accounts, and mental and/or emotional damages.

## SIXTH CAUSE OF ACTIONBY ALL PLAINTIFFS  FOR CONSTRUCTIVE TRUST AGAINST DEFENDANTS WILLIS, BISHOP, and DOES "1" TO "100"

44.    As and for a Sixth Cause of Action by all plaintiffs for Constructive Trust against Defendants WILLIS, BISHOP, Does "1" to "100, and each of them,, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "43" with the same force and full effect as if hereinafter set forth fully at length.

45.    By reason of the foregoing, there at all times existed a constructive trust charged against the Defendants, and each of them, for the benefit of Plaintiffs.

46.    Accordingly, Plaintiffs seek the dissolution of such trust so that Defendants, and each of them, be ordered to disgorge themselves of all assets for the benefit of said Plaintiffs.

## SEVENTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR CONSTRUCTIVE FRAUD AGAINST ALL DEFENDANTS

47.    As and for an Seventh Cause of Action for Constructive Fraud against all Defendants, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "46" with the same force and full effect as if hereinafter set forth fully at length.

48.    Defendant breached their fiduciary duties owed to Plaintiffs by misleading them to believe that she had their best interests at heart, as set forth hereinabove in all of the foregoing, when acting in her capacities as a fiduciary under the stated trustee-beneficiaries relationship.

49.    By gaining the Plaintiffs' trust, Defendant WILLIS was able to further her own interests to the detriment of Plaintiffs. Defendant WILLIS withdrew substantial sums from TRUST account, obtained other personal and real assets, and effected the fraudulent transfer of the said real properties owned by TRUST to herself and her co-conspirator BISHOP as hereinabove stated.

50.    As a legal result thereof, Plaintiffs reasonably relied upon Defendant's representations, acts, and/or omissions to their detriment, and as a consequence, suffered the damages alleged herein to themselves. Furthermore, in depleting without justification, and in violation of her fiduciary obligations aforestated and by virtue of fraud and/or deceit, Defendant under this cause of action caused Plaintiffs to lose money that would have otherwise remained in the Trust Account, the interest thereon, and to further suffer emotional and mental damages.

## EIGHTH CAUSE OF ACTION BY ALL PLAINTIFFS  FOR ACCOUNTING AGAINST ALL DEFENDANTS

51.    As and for an Eighth Cause of Action by all plaintiffs against all Defendants, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "50" with the same force and full effect as if hereinafter set forth fully at length.

52.    At all times herein, there existed a statutory and equitable obligation to account on the part of Defendant Willis, for the benefit of Plaintiffs, thereby inuring to the benefit of them by virtue of the relationship of Trustee-Beneficiaries and/or in the case of defendant BISHOP, that of constructive Trustee.

53.    Accordingly, Plaintiffs seek an accounting from Defendant Willis to Plaintiffs for all TRUST assets and all charges within their possession, purview, or control.

///

///

///

## NINTH CAUSE OF ACTION FOR NEGLIGENCE PER SE BY PLAINTIFF BRENDA RICHARDS ONLY AGAINST DEFENDANTS WILLIS, BISHOP, DOES '1' TO '100' FOR VIOLATION OF THE WELFARE AND INSTITUTIONS CODE

54.    As and for a Ninth Cause of Action by plaintiff BRENDA RICHARDS only against Defendants WILLIS, BISHOP, Does "1" to "100", and each of them, for Negligence Per Se, said plaintiff repeats and realleges each paragraph numbered and designated "1" through "53" with the same force and full effect as hereinafter set forth fully at length.

55.    California Welfare and Institutions Code Section 15610.07 entitled "Abuse of an Elder or Dependent Adult" was enacted for the benefit for the class of elderly persons, dependent and unable to defendant against the undue influence, fraud, manipulation, isolation, and corruption by persons such as Defendants.

56.    By committing the acts and/or omissions set forth in all of the preceding paragraphs - financial abuse - upon an elder such as Plaintiff BRENDA RICHARDS, the foregoing constituted negligence per se.

57.    By reason of the foregoing, BRENDA RICHARDS is entitled to the damages provided by law.

## TENTH CAUSE OF ACTION BY ALL PLAINTIFFS TO QUIET TITLE AGAINST THE DEFENDANTS WILLIS, BISHOP, AND DOES "1" TO "100"

58.    As and for a Tenth Cause of Action by all plaintiffs to Quiet Title against the Defendants WILLIS, BISHOP, Does "1" to "100", and each of them, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "57" with the same force and effect as if hereinafter set forth at length.

59.    By reason of the foregoing, there is now a cloud on title, both legal and equitable, to Victorville and Stocker Properties, given that Defendants were without the authorization to contract, and further by the fraud and undue influence by the Defendants, and each of them. Consequently,

Plaintiffs seek that all title to any of the two properties be vested in them, and all liens by Defendants,

discharged.

### ELEVENTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR RESCISSION OF DEEDS AGAINST THE DEFENDANTS WILLIS, BISHOP, AND DOES "1" TO "100"

60.    As and for an Eleventh Cause of Action to Rescission of Deeds against the Defendants

WILLIS, BISHOP,  Does "1" to "100", and each of them, Plaintiffs repeat and reallege each paragraph

numbered and designated "1" through "59" with the same force and effect as if hereinafter set forth at

length.

61.    By reason of the foregoing, the titles to Victorville and Stocker Properties are now not in

Plaintiffs' names, given that Defendant Willis granted the properties to Defendant Bishop, who, in turn,

has sold the Victorville Property, and further by the fraud and undue influence by the Defendants, and

each of them.  Consequently, Plaintiffs seek that all title to any of the two properties be vested in them,

and all liens by Defendants, discharged.


WHEREFORE, Plaintiffs pray for judgment as follows against Defendants and each of them,

jointly and severally as to each cause of action.

a.   For permanent removal of Nancy Willis as Successor Trustee of the Gwendolyn R. Moore

Trust;

b.   For compensatory damages in the amount of $2,000,000;

c.   For punitive damages, where appropriate,  in the amount of $1,000,000.00;

d.   For prejudgment interest on all special damages according to the proof and law in accordance

with California Constitution Article 15 Section 1, where appropriate.

1     e.   For an order forthwith compelling an accounting by all Defendants, accounting for all assets,

2  expenditures, the reasons therefore, receipts, deposit books, checking accounts, billings, etc.

3     f.   For attorneys' fees according to law and the AGREEMENT, including, without limitation

4  thereto, Welfare and Institutions Code Section 15657 et. seq.

5

6     g.   For the trebling of damages under Civil Code section 3345.

7     h.   For costs of suit and reasonable attorneys' fees where permitted by law.

8     i.   For the Declaratory and Equitable Relief prayed under the appropriate causes of action.

9     j.   For such other and different relief as may be deemed just and equitable under the

10  circumstances.

11

12

13  DATED: May 16, 2013

14                        By_____

15                        ANNA TSIBEL, Esq.

16                        LAW OFFICES OF A. GEORGE GLASCO, P.C.
Attorneys for Plaintiffs, Frederick F. Richards III and

17                        Brenda Moore Richards

18

19

20

21

22

23

24

25

26

27

28

05/17/2013

**EXHIBIT 1**



I certify that this is a true and correct copy of the
original ____PETITION____
on file in this office consisting of ___20 pages.

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

Date:_____ By:_____, Deputy

JAN 2 3 2017    Manuel Gines