**EXHIBIT "5"**

Filed 2/28/12  Willis v. Page CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| NANCY WILLIS, as Trustee, etc., | B230638 |
|         Plaintiff and Respondent, | |
|    v. | |
| YOLANDA PAGE, | (Los Angeles County Super. Ct. No. BP120368) |
|         Defendant and Respondent; | |
| REGGIE L. BISHOP, | COURT OF APPEAL - SECOND DIST. |
|         Defendant and Appellant. | **F I L E D** |
| | FEB 2 8 2012 |
| YOLANDA PAGE, as Trustee, etc., | JOSEPH A. LANE    Clerk |
|         Plaintiff and Respondent, |             Deputy Clerk |
|    v. | |
| NANCY WILLIS, | (Los Angeles County Super. Ct. No. BP120811) |
|         Defendant and Respondent; | |
| REGGIE L. BISHOP, | |
|         Defendant and Appellant. | |

     APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Appeal dismissed.

     Reggie L. Bishop, in pro. per., for Defendant and Appellant.

     Nancy Willis, in pro. per., for Plaintiff and Respondent and for Defendant and Respondent Nancy Willis.

     Orren & Orren and Tyna Thall Orren for Plaintiff and Respondent and for Defendant and Respondent Yolanda Page.

This appeal arises from two actions concerning the trust of Gwendolyn R. Moore. The original trust named Yolanda Page, a relative of Moore's, as first successor trustee. Certain amendments to the trust, however, named Moore's neighbor, Nancy Willis, as first successor trustee and named Page as second successor trustee.

Under the amendments to the trust, appellant Reggie L. Bishop is a remainder beneficiary, entitled to a portion of the trust residue. (The original trust provided for only a single $5,000 payment to Bishop; he was not a remainder beneficiary.) Bishop was the manager of residential property that was owned by Moore's trust.

Willis filed a petition to administer Moore's estate; Page filed a separate action to determine the existence and validity of the trust and alleging various related claims. The parties—Page, Bishop, Willis, and certain other individuals with interests in the trust assets under either the original trust or the amendments—mediated the dispute and entered into a comprehensive settlement. Page, Bishop, Willis, their counsel, and the other individuals involved in the mediation all signed the settlement agreement. The agreement contains a paragraph initialed by Bishop and his counsel stating that the agreement had been read in its entirety to Bishop by his counsel.

At a hearing on July 19, 2010, the court informed the parties that if they entered into the settlement agreement they would be "bound by it." Page's counsel read into the record the material terms of the agreement, and the court answered a question from Bishop about the agreement's terms. The court then asked whether the parties agreed to be bound by the terms of the agreement. Bishop answered, "Yes, your honor." The other parties also orally confirmed their agreement to the settlement's terms.

On September 8, 2010, the court heard Willis's petition to confirm the settlement. Bishop and his counsel were present at the hearing  and did not object to the settlement or the petition to confirm it; no one else objected either. On that date, the court entered a minute order granting the petition and confirming the settlement. Under the terms of the settlement, because no one objected to the petition to confirm the settlement agreement, the order granting the petition was final upon entry. Willis's counsel was directed to prepare and circulated a proposed signed order.

Bishop filed objections to the proposed order. On January 5, 2011, the court signed the order, noting on it that "objections" had been "reviewed, considered [and] overruled." Bishop then appealed.

Having given the parties an opportunity to brief the issue, we take judicial notice that (1) on January 21, 2011, Bishop accepted and recorded a deed conveying one of the trust properties to him, and (2) on February 4, 2011, Bishop accepted a deed conveying another one of the trust properties to him, and he recorded that deed on February 8, 2011.

Page argues that the appeal must be dismissed for several independent reasons, and we agree. First, Bishop lacks standing to appeal from the order granting the petition to confirm the settlement agreement, because he signed the agreement, orally agreed to it on the record in open court, and did not object to or otherwise oppose the petition despite being present and represented by counsel at the hearing on it. (*Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387.) If Bishop had objected in the trial court to the signed order on the ground that it did not conform to the settlement, then he would have standing to challenge the overruling of those objections. But Bishop does not argue on appeal that the signed order failed to conform to the settlement (and, in any event, it did conform to the settlement). All of Bishop's arguments on appeal are attacks on the settlement itself, and he lacks standing to pursue such claims.

Bishop's only argument to the contrary is that the settlement agreement expressly contemplates that the parties may appeal. Bishop is mistaken. The agreement contemplates that *if a party objects to a petition to confirm the settlement agreement* but the petition is granted over the party's objection, then the objecting party might be able to appeal. No party objected to the petition to confirm the settlement agreement until after the petition was granted, so, pursuant to the agreement's terms, the order granting the petition became final upon entry and the provision concerning appeal after objection is irrelevant.

Second, Bishop has accepted benefits under the order from which he appeals. Bishop has accepted and recorded deeds conveying trust property to him. Those distributions of trust assets were made pursuant to the trust *as amended*; under the

4

original trust, Bishop was entitled to only a single $5,000 payment and was not a remainder beneficiary.  The validity of the amendments was confirmed by the settlement agreement.  Having accepted those benefits of the order confirming the settlement agreement, Bishop cannot appeal from that order.  (*Epstein v. DeDomenico* (1990) 224 Cal.App.3d 1243, 1246.)  Bishop offers no intelligible argument to the contrary.

Page moved in this court for sanctions of $25,884.52 (her attorney fees) on the ground that Bishop's appeal is frivolous.  For the reasons already given, we agree that "any reasonable attorney would agree that the appeal is totally and completely without merit" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 [same standard applies to self-represented litigants]), and we accordingly grant Page's motion and order Bishop to pay Page $20,000 toward her attorney fees, as a sanction.[1]  (See *Papadakis v. Zelis, supra,* 230 Cal.App.3d at pp. 1388-1390.)

## DISPOSITION

The appeal is dismissed.  Bishop is ordered to pay Page $20,000 as a sanction for pursuing a frivolous appeal.  Respondents shall recover their costs of appeal.

NOT TO BE PUBLISHED.


                                                    ROTHSCHILD, J.

We concur:


MALLANO, P. J.                            CHANEY, J.

_____

[1]    In his opposition to Page's motion for sanctions, Bishop requests that Page be sanctioned for seeking sanctions against him.  Bishop's request is denied.  Bishop's request for judicial notice, filed December 6, 2011, is also denied.

JOSEPH A. LANE, Clerk of the Court of Appeal,
Second Appellate District, State of California
do hereby Certify that the preceding is a true and
correct copy of the Original of the Opinion filed in the Cause,
as shown by the records of my office.
Witness my hand and the seal of this Court.

Dated    JAN 31 2017

By _____
Deputy Clerk