**EXHIBIT "10"**

1   A. GEORGE GLASCO, SBN 065935
    LAW OFFICE OF A. GEORGE GLASCO, P.C.
    A Professional Law Corporation
2   729 Mission Street, Suite 300
    South Pasadena, CA 91030
3   626-403-2288; Fax: 626-403-2291
    Email: george@glascolaw.com
4
5   Attorneys for Plaintiffs and Petitioners
    BRENDA MOORE RICHARDS and FREDERICK F. RICHARDS III
6
7
8                SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9
10              COUNTY OF LOS ANGELES - CENTRAL COURTHOUSE
11
    ESTATE OF GWENDOLYN R. MOORE         Case No.:  BP120811
12  (Deceased)
                                         FIRST AMENDED PETITION FOR:
13
14  _____         1.   SURCHARGE ON SUCCESSOR
                                               TRUSTEE NANCY WILLIS
15  BRENDA MOORE RICHARDS and            2.   FINANCIAL ELDER ABUSE
    FREDERICK F. RICHARDS III,                (WELFARE & INSTITUTIONS CODE
16                                             SECTION 15610.30);
        Plaintiffs and Petitioners       3.   BREACH OF FIDUCIARY DUTY
17                                        4.   FRAUD
                                          5.   CONVERSION
18  vs.                                   6.   CONSTRUCTIVE TRUST
                                          7.   CONSTRUCTIVE FRAUD
19                                        8.   ACCOUNTING
    NANCY WILLIS; REGINALD LYN BISHOP     9.   NEGLIGENCE PER SE
20  II, aka REGGIE L. BISHOP; Does "1" TO 10.  QUIET TITLE
    "100"                                 11.  CANCELLATION  OF DEEDS
21
22
23      Defendants and Respondents
24
25          Petitioners and Plaintiffs ("Plaintiffs")  Brenda Moore Richards and Frederick F. Richards, III
26
27  allege as follows upon information and belief:
28

FILED
Superior Court of California
County of Los Angeles

APR 0 3 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
     Sheron Williams

## I.    PLAINTIFFS' STANDING

1.    Plaintiff Brenda Moore Richards (hereinafter, "MRS. RICHARDS") is an elder and senior citizen born on March 13, 1939, currently age of 74. Consequently, at all times relevant herein, Plaintiff MRS. RICHARDS satisfies the requirements of "Elder" under "The Elder Abuse and Dependent Civil Protection Act," particularly Section 15610 which states that: **"Elder"** means any person residing in the this state, 65 years of age or older." Moreover, said MRS. RICHARDS is a beneficiary under the Gwendolyn R. Moore Trust (hereinafter "TRUST").

2.    Plaintiff MRS. RICHARDS is a niece of Gwendolyn R. Moore (hereinafter, "DECEDENT").

3.    Plaintiff Frederick F. Richards, III (hereinafter, "RICHARDS") is a natural-born son of Plaintiff MRS. RICHARDS. Furthermore, said RICHARDS is a named beneficiary under the TRUST.

## II.    THE DEFENDANTS

### A. Defendant Nancy Willis – Successor Trustee of Gwendolyn R. Moore Trust

4.    Defendant NANCY WILLIS (hereinafter "WILLIS"), was at all times herein a resident of the state of California, and at all times relevant herein living in said state, and residing in the county of Los Angeles. Further, at all times pertinent, said Defendant was the Successor Trustee of the Gwendolyn R. Moore Trust (hereinafter "TRUST"), of which Plaintiffs were beneficiaries, and as a result thereof, a confidential and fiduciary relationship existed at all times herein relevant between Plaintiffs and said Defendant.

### B. Defendant Reginald L. Bishop – A Beneficiary of the Gwendolyn R. Moore Trust.

5.    Defendant REGINALD L. BISHOP, AKA REGINALD L. BISHOP, II, AKA REGGIE L. BISHOP, AKA REGGIE BISHOP (hereinafter "BISHOP") was at all times herein a resident of the state of California, and at all times relevant herein living in said state, and residing in the county of Los

1  Angeles. Further, at all times herein, said Defendant is a beneficiary of said TRUST. Further, said

2  Defendant was a property manager of late Gwendolyn R. Moore, and he was living in the adjoining real

3  property next to DECEDENT situated at 3307 Stocker Street, in the city of Los Angeles, California. As

4  a result of the close proximity in geographical location between the said Gwendolyn R. Moore and

5  BISHOP and the increasing infirmity of the aging Moore. As a result, said Moore grew increasingly

6  dependent upon BISHOP to drive her back and forth between medical appointments, filling medical

7  prescriptions, effecting bank deposits and reconciling bank accounts, paying bills, and even attending to

8  her hygenic needs as she became increasingly infirm. BISHOP would later use the confidential and

9  fiduciary relationship regarding his accepted duty to deposit cash, make payments, and safeguard the

10  personal jewelry of MOORE, to unjustly and unlawfully enrich himself to the detriment of MOORE.

11       6.    Further, BISHOP and WILLIS, would concoct a conspiracy and agreement whereby

12  WILLIS would unlawfully convey DECEDENT'S assets to BISHOP certain real properties, and cash

13  and other personal property not yet fully ascertained, to herself and BISHOP. Such conspiracy and

14  agreement were conceived and executed in contravention of the stipulated judgment [signed by both

15  BISHOP and WILIS] wherein plaintiffs were to receive collectively one-third of the TRUST estate.

16       **C. Doe Defendants "1" to "100".**

17       7.    Plaintiffs are uncertain of the true names and responsibility for the actions, and/or

18  conduct of all persons and/or legal entities responsible for the damages and conduct alleged herein.

19  Consequently, plaintiff designates such unknown Defendants as Does "1" to "100". Said Does are

20  persons, corporations, associations, limited liability companies, partnerships, caretakers, fiduciaries,

21  and/or other legal entities not presently known. Plaintiffs allege that each of said Doe defendants is

22  liable at law and in equity for the damages herein alleged. Plaintiffs will ask leave of court to insert the

23  true names and capacities of each as soon as they have been fully ascertained.

### III.    FACTUAL BACKGROUND

8.    Plaintiffs MRS. RICHARDS and RICHARDS are beneficiaries of Gwendolyn R. Moore Trust (hereinafter, "TRUST"). On August 2, 2010, MOORE, by and through her attorneys, filed the "Petition to Confirm the Settlement Agreement and to Approve the Gwendolyn R. Moore Trust Dated December 9, 2004 and Amended by the Third Amendment and the Modifications (Probate Code 17200 and 15403)" Judicial notice thereof is requested. The TRUST became revocable by operation of law at the time of the death of said DECEDENT, on November 30, 2009.

9.    After the death of DECEDENT, litigation ensued, and on July 17, 2010, all interested parties to the TRUST, including instant Plaintiffs, Defendant WILLIS and Defendant BISHOP, and other TRUST beneficiaries, entered into a Settlement Agreement (hereinafter, "AGREEMENT") for the final disposition of the TRUST and for distribution of TRUST assets (Exhibit "1", pp. 5-14). In the recitals of said AGREEMENT at par. ii, page 1, it states that: "On January 19, 2010, Nancy Willis filed her Petition for Administration of the Estate of Gwendolyn R. Moore, Los Angeles Superior Court under case number BP120811. On January 27, 2010, Yolanda Page filed her Petition for Probate of a Lost Will under case number BP120368. There are currently two competing petitions. The pending pleadings in the two proceedings are referred to herein as the Contested Matters." [Emphasis and Underline Added]. (Exhibit "1", p. 5, ¶ii).

10.    On January 5, 2011, the court approved the Settlement Agreement in its entirety and incorporated it into the "Order After Hearing" (hereinafter, "ORDER"), a true and correct copy of which is submitted as Exhibit "2." Exhibit "2" at ¶3-4, p. 2. Judicial notice is requested of the conformed copy of said ORDER as filed in the Los Angeles Superior Court for the County of Los Angeles, California. Per the ORDER, plaintiffs are collectively one-third beneficiaries of the Gwendolyn R. Moore Trust.

1  Exhibit "2" at ¶7, p. 2. In its Order, the court specifically retained jurisdiction to enforce the

2  AGREEMENT, stating as follows (Exhibit "2," ¶2):

3      "The Settlement Agreement, remains under the jurisdiction of the Los Angeles
       Superior Court with respect to the enforcement and completion of the settlement provided
4      herein."

5      11.   The AGREEMENT recognized that instant Plaintiffs are TRUST beneficiaries, i.e.

6  "Brenda Moore Richards, Frederick F. Richards III, Shannon Jefferson Nelson and Millicent Moore

7  Copeland for Tiffany Frierson and Doris Frierson and the persons set forth in Attachment A hereto are

8  beneficiaries of the sum of $5,000 each under various contested provisions of the will and trust." Exhibit

9  "1" at ¶ iii, p. 2. The AGREEMENT confirmed the Gwendolyn R. Moore Trust, as amended on July 31,

10 2008, October 21, 2009 and November 6, 2009, which contained three real estate properties: Mt. Vernon

11 Property, Victorville Property, and Stocker Property. Exhibit "1-A."

12     12.   Additionally, the court ordered that Yolanda Page, William Brown and Ernest Brown will

13 receive the sum of $438,5000.00 per AGREEMENT, first from the sale of the real property located at

14 4572 Mt. Vernon Drive, Los Angeles, CA. Exhibit "2" at ¶5, p. 2. Next, the Successor Trustee Nancy

15 Willis was to distribute $2,500 each to the named beneficiaries in paragraph 6 of the ORDER. Exhibit

16 "2" at ¶6, p. 2. Finally, the rest, remainder and residue of the Trust, both real and personal, shall be

17 distributed as follows: 1/6 to Brenda Moore Richards, 1/6 to Frederick F. Richards III (Creditors) and

18 2/3 to Reginald L. Bishop. Exhibit "2" at ¶7, p. 2.

19     13. There were three real property assets in the TRUST:

20     i) Mt. Vernon Property. The Mt. Vernon Property situated at 4572 Mt. Vernon Dr. in Los

21 Angeles, CA 90043, which was sold for $595,000; out of this sum, $438,500 was distributed from that

22 escrow to attorneys for Yolanda Page, William Brown and Ernest Brown in satisfaction of the ORDER.

23 Exhibit "2" at ¶5, page 2. The remainder of the sale proceeds, less escrow costs and fees, was to be

1  distributed as follows: 2/3 to Defendant Bishop, 1/3 to Plaintiff MOORE, 1/3 to Plaintiff RICHARDS.

2  Exhibit "2" at ¶7, page 2. According to the Willis letter [Exhibit "5"], the following is stated:

3
4      "On January 25, 2011, the real property located at 4572 Mt. Vernon Dr. Los
       Angeles, CA 90043 sold for $595,000. As per the Settlement Agreement dated
       July 17, 2010, attached hereto and made a part hereof, Yolanda Page, William
5      Brown and Ernest Brown were paid $438,500 from the proceeds of the sale. Your
       share for participation in the Settlement was $146,167 each."
6

7  However, on page 2 of the Willis' letter [Exhibit "5"], Trustee Willis subtracts $146,167.00 from the

8
9  collective amount due to Plaintiffs from the real properties [Mt. Vernon, Stocker, and Victorville]. In

10 other words, Defendant Willis proposed in effect that Plaintiffs receive nothing from the sale of the Mt.

11 Vernon Property.

12          ii) Victorville Property. The Victorville Property is situated at 14011 Driftwood Dr.,

13 Victorville, CA 92395. According to the official records for the County of San Bernardino, on February

14
15 4, 2011, Defendant WILLIS, by Trust Transfer Grant Deed, granted to Defendant BISHOP, as his sole

16 and separate property, the Victorville Property, thereby depriving plaintiffs herein of their one-third

17 collective interest in said property and/or the proceeds from the sale thereof. Further, according to the

18 official records for the County of San Bernardino, Defendant BISHOP, did by Grant Deed dated

19 October 15, 2011 transfer title to said Victorville Property to Donald Nuse and Yvonne M. Nuse,

20
21 Husband and Wife. On April 9, 2012, the Law Offices of A. George Glasco, P.C., caused a Basic

22 Property Report to be issued through the online internet firm called "HomeinfoMax.com," which

23 indicates that the Victorville Property was sold on November 2, 2011 for the sales price of $95,000.00.

24 Plaintiffs, by the said Order [Exhibit 2, §7, p. 2], which incorporated the said Settlement Agreement, are

25
26 collectively entitled to share 1/3 of said sales price. Plaintiffs have not seen the appraisal and,

27 consequently, are unable to determine whether or not such appraisal reflects the true value of the

28 Victorville Property at the time of transfer to Defendant Bishop. It is unknown to Plaintiffs what

---

1    happened to the proceeds from the sale, and the transfer appears to be an outright gift by Defendant

2    Willis to Defendant BISHOP, who turned around and sold it.

3             iii) <u>Stocker Property</u>. The Stocker Property is situated at 3305 Stocker Avenue, Los

4    Angeles, CA 90008 and has been appraised at $410,000. However, Defendant WILLIS failed to furnish

5    a copy of any such appraisal to Plaintiffs. A real property search has been caused by Plaintiffs to be

6    conducted relating to the "Stocker Property". According the records of the Recorder for the County of

7    Los Angeles, Defendant WILLIS as Trustee of the Gwendolyn R. Moore Revocable Living Trust,

8    executed on January 21, 2011 the document entitled "Trust Transfer Grant Deed" wherein she granted

9    title to Stocker Property to Defendant BISHOP, as his sole and separate property. Plaintiffs have

10    received nothing from the transfer of the Stocker property.

11

12         14.    To date, Plaintiffs have received each the sum of $15,833.33 as their prospective shares

13    from the Victorville Property only. This sum is grossly inadequate as plaintiff is entitled to one-third

14    share of the net proceeds, and indeed are entitled to one-third share of the valuation of said property

15    given that no such sale had been authorized.  At the minimum, Plaintiffs are collectively entitled to

16    share collectively one-third of the value

17

18         15.    By the Order on Motion to Enforce Judgment by instant Plaintiffs (hereinafter, "ORDER

19    TO ENFORCE JUDGMENT"), on December 4, 2012 the Court directed Defendant Willis to pay one-

20    third of $121,514.00 to Plaintiffs, collectively. A true copy of the ORDER TO ENFORCE JUDGMENT

21    for the convenience of the court is attached hereto as Exhibit "3." Exhibit "3" at ¶11-12, p. 2. Judicial

22    notice  is requested of the conformed copy of said ORDER TO ENFORCE JUDGMENT as filed in the

23    Los Angeles Superior Court for the County of Los Angeles, California. The court further directed the

24    sale of Stocker Property, and that the proceeds from the sale of said property not to be distributed, save

25

26

27

28

---

1 the one-third that was ordered paid to plaintiffs, until further order(s) of the court. Exhibit "3" at ¶14-19,
2 p. 2.

3      16.    Defendant WILLIS, in conspiracy with Defendant BISHOP, fraudulently, willfully and
4 maliciously failed to distribute the trust remainder, in violation of the AGREEMENT [Exhibit "1," pp.
5 5-14], ORDER [Exhibit "2"] and ORDER TO ENFORCE JUDGMENT [Exhibit "3"], thus depriving
6 Plaintiffs of monies they are entitled to.
7

8      17.    Further, each of said Defendants WILLIS and BISHOP, Does "1" through "100", and
9 each of them, was a fiduciary by reason of the position of Trustee of said TRUST as it pertains to
10 Defendant WILLIS, and by reason of having agreed to in the AGREEMENT to be bound by its terms,
11 namely that plaintiffs RICHARDS and BRENDA RICHARDS were to receive one-third of the net
12 estate, and that other beneficiaries would be paid according to the AGREEMENT and ORDER.   In
13 effect, by their conspiracy and agreement, Defendants have defalcated the TRUST corpus and
14 appropriated such for their exclusive mutual benefit to the detriment of the plaintiffs herein.
15

16      18.    On January 3, 2013, less than a month after the ORDER TO ENFORCE JUDGMENT
17 was issued [Exhibit "3"'], Defendant Willis filed a frivolous Chapter 7 bankruptcy petition, to abate the
18 sale and distribution of Stocker property, which is now the only remaining TRUST asset in this probate
19 TRUST. Said Defendant Willis came into possession of the TRUST monies and properties, both real
20 and personal, as a result of her fiduciary relationship with TRUST beneficiaries. On March 12, 2013, the
21 case has been dismissed by a bankruptcy court order for the lack of jurisdiction, but that action caused
22 instant Plaintiffs to be dragged into bankruptcy court and invest time and money on a case that had
23 absolutely no grounds for filing. It has become apparent that Defendants WILLIS and BISHOP  have
24 employed, and will employ, any and all means to continue avoiding distributions of TRUST  assets to
25 Plaintiffs, and this, in contravention to the Order After Hearing [Exhibit "2"].
26
27
28

19.   Per AGREEMENT, "[i]n the event of any dispute as to the meaning or effect of this Settlement Agreement, the prevailing Party in any resulting legal action or proceedings shall be entitled to recover his or her reasonable attorneys' fees and costs from the non-prevailing Parties." [Exhibit "1" at §23, p. 11]. Plaintiffs brought a motion to dismiss the bankruptcy petition filed by Defendant Willis, and the bankruptcy court granted the motion. As the prevailing party, Plaintiffs are entitled to attorneys' fees and costs under the AGREEMENT. Furthermore, plaintiffs are entitled to attorneys' fees and costs for this action by reason of said AGREEMENT.

### IV. Conspiracy and to Defraud, and To Commit Elder Abuse

20.   At all times herein, Defendants, and each of them, including, without limitation thereto Does "1" to "100", were, and are the agents, servants, and/or employees of each other, and were, and are, at all times relevant, acting within the course and/or scope of such agency and/or employment. Further, in the doing and/or failing to do the things hereinafter alleged, said Defendants, and each of them, conspired to take advantage of the old age of Plaintiff MOORE and subjected said Plaintiff to their conspiratorial defalcation, and other acts, as more particularly hereinafter alleged.

### V. Fiduciary Relationship.

21.   At all times herein by reason of all the foregoing, there existed a fiduciary relationship by and between Plaintiffs on the one hand, and Defendant WILLIS, on the other, given her role as Successor Trustee for Gwendolyn R. Moore Trust, of which Plaintiffs at all pertinent times were and currently are beneficiaries.

22.   At all times pertinent, the law of this States imposed upon a trustee an obligation of undivided service and loyalty in favor of his beneficiary. The Trustee's duty of loyalty was, and is, at all times pertinent codified in Cal. Probate Code §16002. A trustee's duties include the duty of loyalty, the

1   duty to avoid conflicts of interest, the duty to preserve trust property, the duty to make trust property

2   productive, the duty to dispose of improper investments, and the duty to report and account.[1]

3       23.   *By order of the court dated June 26, 2014, the court suspended Nancy Willis as Trustee*

4   *of the Gwendolyn R. Moore Trust and appointed Brenda Moore Richards (Petitioner) as Interim Trustee*

5   *for the purpose of collecting information only.*

6

7       24.   *On March 24, 2015, Nancy Willis resigned as Trustee of the Gwendolyn R. Moore Trust.*

8       25.   **DAMAGES.**   As a legal result of the foregoing, plaintiffs have suffered the loss and use

9   of monies, properties (real and personal) owed to them by reason of said TRUST, AGREEMENT,

10  ORDER AFTER HEARING, and ORDER TO ENFORCE SETTLEMENT.  Further, said plaintiffs

11

12  have suffered emotional and mental distress, were caused to incur legal fees and costs, and have further

13  suffered other damages not yet fully ascertained.

14      26.   Further,  the acts and/or omissions by Defendants WILLIS, BISHOP, and Does "1"

15  through "100", were fraudulent, oppressive, and malicious as they involved the clear and unmistakable

16

17  defalcation of assets clearly belonging to plaintiffs, and indeed the Defendants had agreed to distribute.

18  Consequently, punitive damages are justified.

19  **ALL PLAINTIFFS' FIRST CAUSE OF ACTION FOR SURCHARGE AGAINST DEFENDANT**

20              **WILLIS, DOES "1" TO "100"**

21      27.   As and for a First Cause of Action for Surcharge against Defendant WILLIS, and all Doe

22  Defendants, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1"

23  through "26" with the same force and full effect as hereinafter set forth fully at length.

24      28.   Plaintiffs and TRUST beneficiaries BRENDA RICHARDS and RICHARDS  hereby

25

26  petition this Court to surcharge Successor Trustee and Defendant  WILLIS, and BISHOP  for the

27

28  ───────────
[1] City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (App. 1 Dist. 1998) 80 Cal.Rptr.2d 329, 68 Cal.App.4th 445, modified on denial of rehearing, review denied.

1   distributions of all cash, personal property, and real properties that said WILLIS and BISHOP obtained,

2   and which were either sold directly to others with no distribution to plaintiffs, and/or which were

3   distributed among said defendants in furtherance of their conspiracy and agreement to defalcate assets

4   belonging to said plaintiffs.

5        29.   Section 166440(a) of the California Probate Code states that if a trustee commits a breach

6   of trust, the trustee is chargeable with any of the following that is appropriate under the circumstances:

7   (1) Any loss or depreciation in value of the trust estate resulting from the breach of trust, with interest;

8   (2) Any profit made by the trustee through the breach of trust, with interest; (3) Any profit that would

9   have accrued to the trust estate if the loss of profit is the result of the breach of trust.

10

11        30.   A trustee is under an obligation to render to beneficiaries a full account of all the dealings

12   with the trust property and when there has been a negligent failure to keep true accounts, all

13   presumptions are against them. Purdy v. Johnson, 174 Cal. 521 [163 P. 893]. Trustees are also under the

14   duty to prove every item of their account by "satisfactory evidence;" the burden of proof is on them and

15   not on the beneficiary. Any doubt arising from their failure to keep proper records, or from the nature of

16   the proof they produce, must be resolved against them. Purdy v. Johnson, supra; In re McCabe's Estate

17   (1948) 87 Cal. App. 2d 430, 197 P.2d 35.

18

19

20        31.   Mathematical calculations of appropriate disbursements of the trust remainder are clear

21   and simple. As evident from the Table 1 hereinbelow, trust beneficiaries Frederick F. Richards, III and

22   Brenda Moore Richards are collectively entitled to $300,768.26. To date, instant beneficiaries have

23   collectively received $31,666.66. Defendants Willis and Bishop appropriated the TRUST properties,

24   both real and personal, including monies from sale proceeds, in violation of AGREEMENT. [Exhibit

25   "3"]. Except this one disbursement to instant trust beneficiaries, Successor Trustee Nancy Willis gave

26   away most of the trust assets to her co-conspirator Reggie Bishop, and failed to account for the rest of

the assets. Therefore, Successor Trustee Nancy Willis should be surcharged for the difference, that is, $269,101.60.

| Trust Assets | Value of Trust Assets | Reggie Bishop (2/3 of the remainder) | Frederick F. Richards, III and Brenda Moore Richards, collectively (1/3 of the remainder) |
|---|---|---|---|
| 1. Proceeds after the sale of Mt. Vernon Property | $121,514.00 | $81,009.33 | $40,504.67 |
| 2. Driftwood Property | $95,000.00 | $63,333.33 | $31,666.67 |
| 3. Stocker Property | $410,000.00 | $273,333.33 | $136,666.67 |
| 4. Cash Assets | $275,790.74 | $183,860.49 | $91,930.25 |
| TOTAL: | $902,304.74 | $601,536.48 | $300,768.26 |

## SECOND CAUSE OF ACTION FOR FINANCIAL ELDER ABUSE BY PLAINTIFF BRENDA RICHARDS ONLY AGAINST DEFENDANTS WILLIS AND BISHOP, DOES "1" TO "100"

32.   As and for a Second Cause of Action for Financial Elder Abuse by plaintiff BRENDA RICHARDS only against Defendants WILLIS and BISHOP, including, without limitation thereto, all Doe Defendants, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "31" with the same force and full effect as hereinafter set forth fully at length.

33.   At all times herein, California Welfare & Institutions Code Section 15610.07 provides in pertinent part that:

"Abuse of an elder or a dependent adult" means either of the following:

'(a) Physical abuse, neglect, **financial abuse**, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering.'

34.   By reason of the foregoing, Defendants, and each of them, has committed financial elder abuse within the meaning Welf. & Inst. C. section 15610.07 against the plaintiff BRENDA RICHARDS. As a consequence there, they, and each of them, since the calendar year 2009 and continuing to the present, took, secreted or appropriated the money or property belonging to Plaintiff BRENDA

1   RICHARDS, and applied it to a wrongful use or with the intent to defraud and deprive Plaintiff

2   BRENDA RICHARDS thereof. These efforts resulted in the alienation and transmutation of the said

3   real properties to Defendant BISHOP, who is a neighbor, friend and co-conspirator of Defendant

4   WILLIS, and further resulted in the monetary and unjust enrichment of each of the Defendants by

5   
6   reason of selling properties a share of which was belonged to Plaintiff MOORE and applying the

7   proceeds to their unjust personal enrichment.

8       35.    Moreover, the foregoing was at all times herein oppressive, reckless and conscious

9   disregard for the financial well-being of Plaintiff BRENDA RICHARDS and fraudulent in the

10  premises, and done with the deliberate intent and purpose to defraud, abuse, oppress, and/or otherwise

11  
12  disabuse Plaintiff BRENDA RICHARDS of the TRUST assets disbursements. By reason of the

13  foregoing, punitive damages are justified against Defendants, and each of them.

14      36.    Moreover, Plaintiff BRENDA RICHARDS suffered the emotional distress, anxiety, fear,

15  and other damages not yet fully ascertained. Further, Plaintiff BRENDA RICHARDS was caused to

16  
17  incur attorneys' fees and costs to recover all damages to Plaintiffs in accordance with law.

18  **THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY BY ALL PLAINTIFFS**
19  **AGAINST ALL DEFENDANTS**

20      37.    As and for a Third Cause of Action for Breach of Fiduciary Duty by all plaintiffs against

21  all Defendants, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1"

22  through "34" with the same force and full effect as if hereinafter set forth fully at length.

23  
24      38.    Defendants breached that fiduciary relationship in the premises by appropriating without

25  justification or necessity therefore, the real and personal assets of the Plaintiffs, to their unearned, and/or

26  unjustified profit, and by self-dealing to the detriment of the within Plaintiffs in violation of trustee-

27  beneficiaries relationship as hereinabove set forth.

28

1    39.   As a result of the foregoing, Plaintiffs suffered the loss of their real and personal assets in

2    a manner not yet fully ascertained, situated in California, as well as emotional and mental distress, and

3    other damages not yet fully ascertained.

4    40.   Further, by virtue of said breach of fiduciary relationship, said Defendant has depleted

5    and reduced the monies and assets that would have remained in the TRUST Account.

6

7    **FOURTH CAUSE OF ACTION FOR FRAUD BY ALL PLAINTIFFS AGAINST DEFENDANTS**

8    **WILLIS AND BISHOP, DOES "1" TO "100"**

9    41.   As and for a Fourth Cause of Action by all plaintiffs for Fraud against Defendants

10   WILLIS, BISHOP, and Does "1" to "100," Plaintiffs repeat and reallege each and every paragraph

11   numbered and designated "1" through "40" with the same force and effect as if hereinafter set forth fully

12   at length.

13

14   42.   At all times herein, Defendants intentionally represented explicitly and implicitly to

15   Plaintiffs that they would care for their shares of TRUST assets that Plaintiffs were entitled to, and make

16   proper disbursements.   At all times herein, Defendants had no intention of executing said

17   representations, but instead, intended to steal, defalcate, and otherwise wrongfully deprive plaintiffs o

18   their assets.In addition, Defendants represented explicitly and implicitly in the AGREEMENT that they

19   would comply with the terms of the AGREEMENT. [Exhibit "3"]. Plaintiffs relied reasonably to their

20

21   detriment as hereinabove previously shown.

22   43.   As a legal result of the foregoing, Plaintiffs suffered the damages hereinabove stated, and

23   Plaintiffs herein suffered damages as aforestated in the preceding cause of action.  Further, said

24   representations and/or omissions were fraudulent, oppressive, and/or malicious, thereby justifying the

25   award of punitive damages.

26

27

28

FIRST AMENDED PETITION FOR SURCHARGE, ELDER ABUSE, QUIET TITLE, ETC.
Page 14 of 20                                                  Case No.  BP120811

## FIFTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR CONVERSION AGAINST DEFENDANTS WILLIS, BISHOP, DOES "1" TO "100"

44.   As and for a Fifth Cause of Action by all plaintiffs against Defendants WILLIS, BISHOP, Does "1" to "100, and each of them, for conversion, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "43" as if set forth fully herein

45.   As a legal result of the foregoing, Plaintiffs suffered the loss of monies, real property, and other personal assets not yet fully ascertained given that the Defendants, and each of them, intentionally converted the monies, real property, and/or other personal assets of Plaintiffs to their own unjust benefit. Plaintiffs in their own right also suffered the loss of monies that would have remained in the Trust Accounts, and mental and/or emotional damages.

## SIXTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR CONSTRUCTIVE TRUST AGAINST DEFENDANTS WILLIS, BISHOP, and DOES "1" TO "100"

46.   As and for a Sixth Cause of Action by all plaintiffs for Constructive Trust against Defendants WILLIS, BISHOP, Does "1" to "100, and each of them,, Plaintiffs repeat and reallege each and every paragraph numbered and designated "1" through "45" with the same force and full effect as if hereinafter set forth fully at length.

47.   By reason of the foregoing, there at all times existed a constructive trust charged against the Defendants, and each of them, for the benefit of Plaintiffs.

48.   Accordingly, Plaintiffs seek the dissolution of such trust so that Defendants, and each of them, be ordered to disgorge themselves of all assets for the benefit of said Plaintiffs.

///

///

## SEVENTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR CONSTRUCTIVE FRAUD AGAINST ALL DEFENDANTS

49.    As and for an Seventh Cause of Action for Constructive Fraud against all Defendants, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "48" with the same force and full effect as if hereinafter set forth fully at length.

50.    Defendant breached their fiduciary duties owed to Plaintiffs by misleading them to believe that she had their best interests at heart, as set forth hereinabove in all of the foregoing, when acting in her capacities as a fiduciary under the stated trustee-beneficiaries relationship.

51.    By gaining the Plaintiffs' trust, Defendant WILLIS was able to further her own interests to the detriment of Plaintiffs. Defendant WILLIS withdrew substantial sums from TRUST account, obtained other personal and real assets, and effected the fraudulent transfer of the said real properties owned by TRUST to herself and her co-conspirator BISHOP as hereinabove stated.

52.    As a legal result thereof, Plaintiffs reasonably relied upon Defendant's representations, acts, and/or omissions to their detriment, and as a consequence, suffered the damages alleged herein to themselves. Furthermore, in depleting without justification, and in violation of her fiduciary obligations aforestated and by virtue of fraud and/or deceit, Defendant under this cause of action caused Plaintiffs to lose money that would have otherwise remained in the Trust Account, the interest thereon, and to further suffer emotional and mental damages.

## EIGHTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR ACCOUNTING AGAINST ALL DEFENDANTS

53.    As and for an Eighth Cause of Action by all plaintiffs against all Defendants, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "52" with the same force and full effect as if hereinafter set forth fully at length.

54.   At all times herein, there existed a statutory and equitable obligation to account on the part of Defendant Willis, for the benefit of Plaintiffs, thereby inuring to the benefit of them by virtue of the relationship of Trustee-Beneficiaries and/or in the case of defendant BISHOP, that of constructive Trustee.

55.   Accordingly, Plaintiffs seek an accounting from Defendant Willis to Plaintiffs for all TRUST assets and all charges within their possession, purview, or control.

**NINTH CAUSE OF ACTION FOR NEGLIGENCE PER SE  BY PLAINTIFF BRENDA RICHARDS ONLY AGAINST DEFENDANTS WILLIS, BISHOP, DOES '1' TO '100' FOR VIOLATION OF THE WELFARE AND INSTITUTIONS CODE**

56.   As and for a Ninth Cause of Action by plaintiff BRENDA RICHARDS only against Defendants WILLIS, BISHOP, Does "1" to "100", and each of them, for Negligence Per Se, said plaintiff repeats and realleges each paragraph numbered and designated "1" through "55" with the same force and full effect as hereinafter set forth fully at length.

57.   California Welfare and Institutions Code Section 15610.07 entitled "Abuse of an Elder or Dependent Adult" was enacted for the benefit for the class of elderly persons, dependent and unable to defendant against the undue influence, fraud, manipulation, isolation, and corruption by persons such as Defendants.

58.   By committing the acts and/or omissions set forth in all of the preceding paragraphs - financial abuse - upon an elder such as Plaintiff BRENDA RICHARDS, the foregoing constituted negligence per se.

59.   By reason of the foregoing, BRENDA RICHARDS  is  entitled to the damages provided by law.

## TENTH CAUSE OF ACTION BY ALL PLAINTIFFS TO QUIET TITLE AGAINST THE DEFENDANTS WILLIS, BISHOP, AND DOES "1" TO "100"

60.    As and for a Tenth Cause of Action by all plaintiffs to Quiet Title against the Defendants WILLIS, BISHOP, Does "1" to "100", and each of them, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "59" with the same force and effect as if hereinafter set forth at length.

61.    By reason of the foregoing, there is now a cloud on title, both legal and equitable, to Victorville and Stocker Properties, given that Defendants were without the authorization to contract, or transfer title in derogation of Petitioner's legal and equitable interests, and further by the fraud and undue influence by the Defendants, and each of them. Consequently, *Plaintiffs seek that all title to the Stocker property be vested in the Gwendolyn R. Moore Trust, which restores title to the property to the status quo ante before the unlawful transfer without consideration by Willis to Bishop, and that all liens created after the filing of Notice of Lis Pendens by the within plaintiffs, be discharged.*

## ELEVENTH CAUSE OF ACTION BY ALL PLAINTIFFS FOR RESCISSION OF DEEDS AGAINST THE DEFENDANTS WILLIS, BISHOP, AND DOES "1" TO "100"

62.    As and for an Eleventh Cause of Action to Rescission of Deeds against the Defendants WILLIS, BISHOP, Does "1" to "100", and each of them, Plaintiffs repeat and reallege each paragraph numbered and designated "1" through "59" with the same force and effect as if hereinafter set forth at length.

63.    By reason of the foregoing, the title to Stocker Property is now not in Plaintiffs' names, given that Defendant Willis transferred, without consideration, title to the Stocker Property to Defendant Bishop.. Consequently, Plaintiffs seek the cancellation of the deed by Willis that transferred title to the Stocker property to Bishop, and that title be restored to the status quo ante, i.e. in the name of the Gwendolyn R. Moore Trust, Brenda Willis Trustee.

64.    Moreover, the court in its "Order on the Motion to Enforce Judgment" filed on 12/04/12 has ordered the sale of the Stocker property and the impounding of the funds after payment to Petitioner so as to preserve jurisdiction to compensate plaintiffs for other damages due to them by the Settlement Agreement and the Order After Hearing by the Court filed herein on 01/05/11.

WHEREFORE, Plaintiffs pray for judgment as follows against Defendants and each of them, jointly and severally as to each cause of action.

a.    For permanent removal of Nancy Willis as Successor Trustee of the Gwendolyn R. Moore Trust;

b.    For compensatory damages in the amount of $2,000,000;

c.    For punitive damages, where appropriate, in the amount of $1,000,000.00;

d.    For prejudgment interest on all special damages according to the proof and law in accordance with California Constitution Article 15 Section 1, where appropriate.

e.    For an order forthwith compelling an accounting by all Defendants, accounting for all assets, expenditures, the reasons therefore, receipts, deposit books, checking accounts, billings, etc.

f.    For attorneys' fees according to law and the AGREEMENT, including, without limitation thereto, Welfare and Institutions Code Section 15657 et. seq.

g.    For the trebling of damages under Civil Code section 3345.

h.    For costs of suit and reasonable attorneys' fees where permitted by law.

i.    For the Declaratory and Equitable Relief prayed under the appropriate causes of action.

j.    *For the appointment of Brenda Moore Richards as Trustee of the Gwendolyn R. Moore Trust instead of the interim trustee and that she be empowered to execute the sale ordered by the court on December 4, 2012.*

1   *k.  For quieting of title to the Stocker property in the name of the Gwendolyn R. Moore Trust,*

2   *Brenda Moore Richards as Trustee;*

3   *l.  For cancellation of the deed that transferred title to the Stocker real property from the*

4   *Gwendolyn R. Moore Trust to Reggie L. Bishop, and the cancellation of all title, liens, deeds, and*

5   *encumbrances obtained on the Stocker property after the Petitioners' filing of the Notice of Lis Pendens*

6   *on 04/09/12.*

7

8   m.  For such other and different relief as may be deemed just and equitable under the

9   circumstances.

10

11  DATED: 03/27/2015

12

13  By _____

14  A. GEORGE GLASCO
    LAW OFFICES OF A. GEORGE GLASCO, P.C.

15  Attorneys for Plaintiffs and Petitioners Frederick F.
    Richards III and Brenda Moore Richards

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, BRENDA MOORE RICHARDS, declare:

I have read the foregoing FIRST AMENDED PETITION FOR SURCHARGE ON SUCCESSOR TRUSTEE NANCY WILLIS, FINANCIAL ELDER ABUSE (WELFARE & INSTITUTIONS CODE SECTION 15610.30), BREACH OF FIDUCIARY DUTY, FRAUD, CONVERSION, CONSTRUCTIVE TRUST, CONSTRUCTIVE FRAUD, ACCOUNTING, NEGLIGENCE PER SE, QUIET TITLE, AND CANCELLATION OF DEEDS.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at South Pasadena, California this _27th_ day of March, 2015.

BRENDA MOORE RICHARDS
Declarant

BP120811

## VERIFICATION

I, FREDERICK F. RICHARDS III, declare:

I have read the foregoing FIRST AMENDED PETITION FOR SURCHARGE ON SUCCESSOR TRUSTEE NANCY WILLIS, FINANCIAL ELDER ABUSE (WELFARE & INSTITUTIONS CODE SECTION 15610.30), BREACH OF FIDUCIARY DUTY, FRAUD, CONVERSION, CONSTRUCTIVE TRUST, CONSTRUCTIVE FRAUD, ACCOUNTING, NEGLIGENCE PER SE, QUIET TITLE, AND CANCELLATION OF DEEDS.

The contents of the same are true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed at Chicago, Illinois this _27_ day of March 2015.

FREDERICK F. RICHARDS III
Declarant

BPI20811

1  Andrea G. Van Leesten, Esq. (SBN #152628)
   LAW OFFICE OF ANDREA G. VAN LEESTEN
2  6101 West Centinela Avenue, Ste 270
   Culver City, CA 90230
3  Telephone: (310) 410-1717
   Facsimile: (310) 410-1747
4
   Attorney for Nancy Willis,
5  Successor Trustee

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  In Re the Matter of:                CASE NO. BP120811
                                         and BP 170368
12
                                         PETITION TO CONFIRM THE SETTLEMENT
13  GWENDOLYN R. MOORE                   AGREEMENT AND TO APPROVE THE
    TRUST,                               GWENDOLYN R. MOORE TRUST DATED
14     dated December 9, 2004.           DECEMBER 9, 2004 AND AS AMENDED BY THE
                                         THIRD AMENDMENT AND THE
15                                       MODIFICATIONS ( Probate Code 17200 and 15403)

16
                                         Date:   9/8/2010
17                                       Time:   8:30 a.m.
                                         Dept:   5
18                                       Judge Mitchell Beckloff

19

20      NANCY WILLIS, in her capacity as Successor Trustee of the Gwendolyn R. Moore

21  Trust, dated December 9, 2004, ("Trust") hereby Petitions the Court for Approval of the

22  Settlement Agreement of July 17, 2010

23

24                           SUMMARY

25      1    Gwendolyn R. Moore (Trustor) died on November 30, 2009 in Los Angeles

26  County. Prior to her death, Trustor created the Gwendolyn R. Moore Trust dated December 9,

27                                      1

28  PETITION TO CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R. MOORE TRUST
    DATED DECEMBER 9, 2004 AND AS AMENDED BY THE THIRD AMENDMENT AND THE MODIFICATIONS ( Probate Code
    17200 and 15403)

    GWENDOLYN R. MOORE TRUST

**EXHIBIT 34**

1   2004, and First amended July 31, 2008, and Second amendment October 21, 2009 and Third

2   amendment November 6, 2009   Yolanda Page, an heir at law and the nominated Successor

3   Trustee in the Gwendolyn R Moore Trust of November 30, 2009 filed Objections to the

4   subsequent Amendments which made Nancy Willis the Successor Trustee and Reggie Bishop, a

5   beneficiary

6       Parties at the Mediation at reach an agreement which a "Settlement" of all issues and

7   release is attached and incorporated herein by reference

8       2   This hearing is for Court approval that the Gwendolyn R Moore Trust dated

9   December 9, 2004, and amended July 31, 2008, amended October 21, 2009 and November 6,

10  2009 is confirmed, except as modified herein   Approval of her Will and Codicils as modified

11  herein,

12

13                              MODIFIED TERMS

14

15      1   Yolanda Page, William Brown and Ernest Brown will receive the sum of

16  $438,500 00 from the sale of the real property located at 4572 Mount Vernon Drive, Los Angeles,

17  CA   If the proceeds do not cover the $438,500 00 then the Successor Trustee will sell or borrow

18  from against any other assets of the Trust

19      2   The Successor Trustee, Nancy Willis shall distribute the sum $2,500 00 each to the

20  specifically named 17 beneficiaries as modified by agreement of the Parties  Doris Frierson,

21  Tiffany Frierson, Shannon Nelson, Roland Jefferson, Jr Rodney Jefferson, Royce Jefferson,

22  Ronald Copeland, Kyle Copland, Caryl Thompson, Patricia Sides, Nicole Hayes, Fred Page, Jr,

23  Nicholas Brown, Kimberly Johnson Davis, Mindy Brown Berry, Alta Williams and

24  Congregational Church of Christian Fellowship

25      The Third Amendment of the Trust  nominates Nancy Willis as Successor Trustee of the

26  Gwendolyn R Moore Trust to carry out the terms of the Trust and the modifications as agreed to

27                                      2

28  PETITION TO CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R. MOORE TRUST
    DATED DECEMBER 9, 2104 AND AS AMENDED BY THE THIRD AMENDMENT AND THE MODIFICATIONS ( Probate Code
    17200 and 15403]

GWENDOLYN R. MOORE TRUST

EXHIBIT 1

37

1  by all Parties   The Third Codicil nominates Nancy Willis as the Executor of the Estate

2

3

4  WHEREFOR , Petitioner prays as follows

5

6          1        That the Court approve the terms of the Settlement Agreement as set forth in the

7  Petition and incorporated herein by reference as attached as Exhibit "A"

8          2        That the Court approve the modifications of the Gwendolyn R. Moore Trust dated

9  December 9, 2004 as amended by the Third Amendment to the Trust and the Will and Third

10  Codicil

11          3        For such other and further relief as the Court deems just and proper

12

13  Dated _July  29_, 2010

14

15                                                        _Nancy Willis_
                                                          NANCY WILLIS
16                                                        Successor Trustee

17

18

19  ANDREA G. VAN LEESTEN
    Attorney for Successor Trustee
20

21

22

23

24

25

26

27                                                3

28  PETITION TO CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R. MOORE TRUST
    DATED DECEMBER 9, 2004 AND AS AMENDED BY THE THIRD AMENDMENT AND THE MODIFICATIONS (Probate Code
    17100 and 16403)

GWENDOLYN R. MOORE TRUST

**EXHIBIT**
Pg _3_ of _37_

VERIFICATION

1

2   I, NANCY WILLIS, Petitioner in the above-entitled matter, declare I have read the

3   foregoing PETITION TO CONFIRM THE SETTLEMENT AGREEMENT AND TO

4   APPROVE THE GWENDOLYN R. MOORE TRUST DATED DECEMBER 9, 2004 AND

5   AS AMENDED BY THE THIRD AMENDMENT AND THE MODIFICATIONS ( Probate

6   Code 17200 and 15403), and know its contents  The matters stated in it are true of my own

7   knowledge except as to those matters which are stated on information and belief, and as to those

8   matters I believe them to be true

9   I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct

11  Dated this 2 9 day of July, 2010, at Los Angeles, California

12

13                                          _Nancy Willis_

14                                          NANCY WILLIS, Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27                              4

28  PETITION TO CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R. MOORE TRUST
    DATED DECEMBER 9, 2004 AND AS AMENDED BY THE THIRD AMENDMENT AND THE MODIFICATIONS ( Probate Code
    17200 and 15403)

**EXHIBIT 1**

Pg. 4 of 37

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into as of July 17, 2010, by and between

    A.    Yolanda Page, Petitioner, William Brown and Ernest Brown, collectively Page and Brown,

    B.    Nancy Willis, individually and as Trustee of the Gwendolyn R. Moore Trust dated December 9, 2004, hereinafter, Trustee,

    C.    Reggie Bishop, Brenda Moore Richards and Frederick F. Richards III, collectively Bishop and Richards, and

    D.    Melanie Moore Jefferson for Shannon Jefferson Nelson, and Millicent Moore Copeland for Tiffany Frierson and Doris Frierson, collectively the Specific Beneficiaries

All the aforementioned are hereinafter referred to individually as a "Party" or collectively as the "Parties".

## RECITALS

The dispute between the Parties arises out of the following facts

    i    Gwendolyn R. Moore died on November 30, 2009. On February 2, 2010, Yolanda Page, an heir at law and an alleged nominated Executor under the Will and nominated Successor Trustee of the Gwendolyn R. Moore Trust dated December 9, 2004, filed her Petition to Determine the terms of the Trust and recover property, among other matters, on February 2, 2010, Los Angeles Superior Court case number BP120811, and Probate Case Number BP120368. Nancy Willis, the alleged Successor Trustee of the Trust and Reggie Bishop, a beneficiary under the Trust, have filed their objections thereto

    ii    On January 19, 2010, Nancy Willis filed her Petition for Administration of the Estate of Gwendolyn R. Moore, Los Angeles Superior Court. On January 27, 2010, Yolanda Page filed her Petition for Probate of a Lost Will under case nNumber BP120368. There are currently two competing petitions. The pending pleadings in the two proceedings are referred to herein as the Contested Matters

1

EXHIBIT 1
Pg. 5 of 31

iii   Brenda Moore Richards, Frederick F Richards III, Shannon Jefferson Nelson and Millicent Moore Copeland for Tiffany Frierson and Doris Frierson and the persons set forth in Attachment A hereto are beneficiaries of the sum of $5,000 each under various contested provisions of the will and trust

Now, in consideration of the foregoing, the respective covenants and agreements herein contained, and in consideration of other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the Parties agree as follows

## AGREEMENT

1   Incorporation of Recitals  The Parties hereby incorporate the foregoing recitals into this Settlement Agreement

2   Confirmation of 2004 Trust As Amended  The 2004 Trust as amended July 31, 2008, October 21, 2009 and November 6, 2009 is confirmed, except as modified herein

3  Settlement Payment and Distributions

a  The Trustee agrees to immediately list and sell the property commonly known as 4572 Mount Vernon Dr, Los Angeles, CA 90043 and pay to Sirkin Law Group PC Client Trust Account fbo Page and Brown, from the proceeds of the sale and from other Trust and Estate sources, as needed, the sum of $438,500 in settlement of any and all Contested matters filed by Page  No other distributions or payments of trustee's or attorneys' fees shall be made prior to payment of the settlement sum as set forth above

b  Upon payment of the settlement amount, Page and Brown shall file a dismissal of all Contested Matters filed by them  Page and Brown agree and understand that they are entitled only to the payment of the settlement amount and that upon payment of that amount they will have no further interest under the will or Trust including but not limited to personal effects and furnishings  (The Trustee has agreed to give the Reid/Moore digital picture frame to Page and Brown and Dr  Moore's family album to his daughters prior to the hearing to confirm this settlement agreement )

4  The Trust, in the normal course of Trust administration shall pay and to the 17 named specific beneficiaries as set forth in Attachment A hereto, excluding Willis, Bishop, Brenda Richards, Fred Richards and Cosetta Bridgeford, the total sum of $2,500 each

5   Court Approval

a   This Settlement Agreement, including but not limited to the recitals, resignations and all other provisions hereof, shall be subject to the approval of the Court in the

EXHIBIT 1
Pa 6 Of 37

Trust Matter and shall not have any legal effect whatsoever, in whole or in part, until and unless (a) the Court issues its order approving the terms of the Settlement Agreement without modification (or with only those modifications consented to in writing by all Parties to this Settlement Agreement) and (b) and the order becomes final

b  NOTICE TO ALL AFFECTED PERSONS: If there are no objections to a petition or motion for approval of this Settlement Agreement, the order thereon will be considered final on the date the order approving this Settlement Agreement is filed and entered  Otherwise, an order approving this Settlement Agreement will be considered  "final" upon expiration of the period for appeal there of as provided in accordance with applicable California law including but not limited to California Code of Civil Procedure sections 904 1-904 3, and 904 5, Probate Code section 1300 and 1304, and California Rules of Court, rule 8 104(a)

6  Enforceability  The Parties agree that this settlement constitutes a settlement within the meaning of California Code of Civil Procedure section 664 6 and that, without affecting the finality of the approval of this Settlement Agreement and that  the Los Angeles Superior Court shall retain jurisdiction with respect to the enforcement and completion of the settlement provided herein  This Settlement Agreement contains all material terms of the settlement

7  Grant of Petition  The Parties agree that The Trustee's Petitions shall be granted as modified by this Settlement Agreement  All remaining petitions, responses, objections and motions filed by the Parties shall be denied upon payment of the settlement amount as set forth in Paragraph 3

8  Releases

a  Release by The Trustee, Bishop and Richards  Except for the rights and obligations created by this Settlement Agreement and without releasing claims of any character whatsoever The Trustee, Bishop and Richards may have against any other person or entity, The Trustee, Bishop and Richards , and each of them, for themselves and on behalf of their agents, attorneys, successors, beneficiaries, representatives, heirs and assigns, hereby generally and specifically release, remise and forever discharge Page and Brown and the Specific Beneficiaries, together with their respective agents, employees, predecessors, successors, heirs and assigns, beneficiaries, members, shareholders, officers, employees, board members, affiliates, independent contractors and their attorneys from any and all claims, demands, liabilities, obligations, damages, costs, expenses, losses, penalties, and compensation of any nature whatsoever, whether based in tort, contract, equity, law, statutes or codes (both federal and state) or any other theory of recovery, known or unknown, fixed or contingent, matured or unmatured, based on anything done or not done from the beginning of time to the date this Settlement

3

EXHIBIT |
Pg ⁊ Of 3⁊

Agreement is signed by all Parties

b    Release by Page and Brown and the Specific Beneficiaries    Except for the rights
and obligations created by this Settlement Agreement and without releasing claims
of any character whatsoever Page and Brown and the Specific Beneficiaries may
have against any other person or entity, Page and Brown and the Specific
Beneficiaries, for themselves and on behalf of their agents, attorneys, successors,
beneficiaries, representatives, heirs and assigns, hereby generally and specifically
releases, remises and forever discharges The Trustee, Bishop and Richards, the
2004 Trust as amended, together with their respective agents employees,
predecessors, successors, heirs and assigns, beneficiaries, members, shareholders,
officers, employees, board members, affiliates, independent contractors and their
attorneys from any and all claims, demands, liabilities, obligations, damages, costs,
expenses, losses, penalties, and compensation of any nature whatsoever, whether
based in tort, contract, equity, law, statutes or codes (both federal and state) or any
other theory of recovery, known or unknown, fixed or contingent, matured or
unmatured, based on anything done or not done from the beginning of time to the
date this Settlement Agreement is signed by all Parties    This Release specifically
excludes any relase of the obligation of The Trustee Bishop and Richards with
respect to payment of the $438,500 to Page and Brown and the $2,500 payments to
each of the Specific Beneficiaries and the persons set forth in Attachment A

9    Waiver of Statutory Protection    The Parties acknowledge that they have been
advised by their respective legal counsel and are familiar with the provisions of California Civil
Code section 1542, which provides as follows

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
WITH THE DEBTOR."**

Being aware of this code section, the Parties hereto hereby expressly waive any and all
rights they may have thereunder, as well as any and all rights they may have be reason of other
statutes or common law principles of similar effect

10    Representations and Warranties    Each of the Parties to this Settlement Agreement
represents, warrants, and agrees as to himself, herself or itself as follows

a    Investigation    Each Party has made such investigation of the facts pertaining to
this Settlement Agreement and to all the matters pertaining thereto as such Party
deems necessary

4

EXHIBIT 1
Pg 8 Of 37

b    <u>Advice of Counsel</u>  Each Party warrants and represents that, in executing this
Settlement Agreement, she has relied upon legal advice from the attorney of their
choice, that the terms of this Settlement Agreement have been read, and its
consequences (including risks, complications and costs) have been completely
explained to them by that attorney, and that they fully understand the terms of this
Settlement Agreement, and the meaning of California Civil Code Section 1542
Each Party further warrants and represents that she has entered into this
Settlement Agreement freely and without any inducement except as mentioned
herein and only after such investigation that the Parties have undertaken
independently of any of the rights or claims released herein

c    <u>No Duress</u>  None of the Parties has been subjected to any duress, undue
influence, or inequality of bargaining power in connection with the negotiation or
execution of this Settlement Agreement

d    <u>Full Authority</u>  Subject to Court approval of this Settlement Agreement as
provided above, the Parties represent and warrant that they each have the full right
and authority to enter into this Settlement Agreement, and, to the extent
applicable

e    <u>No Transfer of Rights</u>  Each Party represents, warrants, and covenants that she
has not theretofore assigned or transferred to, or purported to assign or transfer to,
any person not a Party hereto, any of the claims, demands, causes of action, or
rights relating to or constituting the matters released or otherwise disposed of by
the terms of this Settlement Agreement

f    <u>Later Discovery of Facts</u>  The Parties understand that they may hereafter
discover facts different from or in addition to those they now know or believe to
be true with respect to the matters that are the subject of this Settlement
Agreement, and they hereby agree that the releases and agreements contained in
this Settlement Agreement shall be and will remain effective in all respects
notwithstanding such different or additional facts

f    <u>Agreement Read to Bishop</u>  This Settlement Agreement has been read in its
entirety to Bishop by his counsel, Larry Lewellyn and by Bishop's signature below
he agrees to all terms hereof.

11    <u>Entire Agreement, Superseding Effect</u>  This Settlement Agreement is the entire
agreement between the Parties with respect to the subject matter hereof and supersedes all prior
and contemporaneous oral and written agreements and discussions

12    <u>Drafting</u>  All Parties have cooperated in the drafting and preparation of this
Settlement Agreement  In any construction to be made of this Settlement Agreement, it shall not
be construed against any Party

5

13    Headings    All paragraph headings in this Settlement Agreement are for convenience only and shall not limit, alter, or otherwise affect the construction or interpretation of this Settlement Agreement

14    Agreement as Defense    This Settlement Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted, prosecuted or attempted for, upon, or in respect of any of the claims released hereby    The Parties agree that any such proceeding would cause irreparable injury to the party against whom it is brought and that any court of competent jurisdiction may enter an injunction restraining prosecution thereof    The Parties further agree that this Settlement Agreement may be pleaded as necessary for the purpose of enforcing this Settlement Agreement in Court

15    No Admissions    This Settlement Agreement is entered into to avoid the continuation of difficult and protracted litigation and to resolve pending disputes among the Parties    Except as specifically agreed to the contrary, nothing contained herein is intended to, nor does it constitute, an admission of liability, or an admission of any allegations, by any Party to any other Party

16  .  Binding Effect    This Settlement Agreement, once approved by final court order, shall bind and inure to the benefit of the Parties hereto, and their respective successors and assigns

17    Governing Law    This Settlement Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California

18    Amendments    This Settlement Agreement may be amended or modified only by a writing, signed by all of the Parties to this Settlement Agreement

19    Survival Of Representations And Warranties    All representations, warranties, covenants, and agreements of the Parties contained in this Settlement  Agreement shall survive the execution of this Settlement Agreement and the consummation of the matters referenced herein

· 20    Terms Are Contractual    Each term of this Settlement Agreement is contractual and not merely a recital

21    Cooperation    Each of the Parties agrees to cooperate with all of the other Parties and to execute, acknowledge and deliver any and all additional agreements, certificates, instruments, dismissals and documents, and to take any and all such further actions and at no additional cost to the other Parties as may reasonably be deemed necessary or appropriate by the other Parties to effectuate this Settlement Agreement    Page and Brown agree to remove all his pendens against Trust property to allow sales of property or loans as necessary to carry out the

6

terms of this Agreement and to remove all such lis pendens upon payment of the Settlement Amount

22    Counterpart Signatures   This Settlement Agreement may be signed in one or more counterparts, each of which shall constitute an original but all of which, when taken together, shall constitute one and the same agreement   If this Settlement Agreement is executed in counterparts, then each Party shall execute sufficient counterpart signature pages for each Party, ultimately, to be provided with an originally executed counterpart signature page from each Party   A signature by facsimile or electronic mail shall be deemed to be an original

23    Attorneys' Fees   Except as otherwise provided herein each of the Parties shall bear their own attorney's fees and cost  In the event of any dispute as to the meaning or effect of this Settlement Agreement, the prevailing Party in any resulting legal action or proceeding shall be entitled to recover his or her reasonable attorneys' fees and costs from the non-prevailing Parties

24    This Settlement Agreement shall be admissible and subject to disclosure under Evidence Code Sections 1118 and 1123 in any proceeding to confirm or enforce the terms of the agreement

## SIGNATURES

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below

Dated  7/17  , 2010                     _____
                                        Yolanda Page, Petitioner

Dated  7/17  , 2010                     _____
                                        Ernest Brown

Dated  7/17  , 2010                     _____
                                        William Brown

EXHIBIT  1

Dated 7-12- , 2010        _Reggie L Bishop_
                          Reggie L Bishop

Dated July 17 , 2010      _Nancy Willis_
                          Nancy Willis, Individually and as Trustee


APPROVED AS TO FORM

                          SIRKIN LAW GROUP, P C

Dated July 17 , 2010      By _____
                          Mina N Sirkin
                          Attorney for Yolanda Page


                          Law Offices of Larry D Lewellyn

Dated July 17 , 2010      By _____
                          Larry D Lewellyn
                          Attorney for Reggie L Bishop


                          Law Office of Andrea G Van Leesten

Dated 7/17 , 2010         By _____
                          Andrea G Van Leesten
                          Attorney for Trustee Nancy Willis


8

EXHIBIT 1
Pg 12 of 22

Melanie Moore Jefferson, for Shannon Jefferson
Nelson

Millicent Moore Copeland, for Tiffany Frierson and
Doris Frierson

Brenda Moore Richards

Frederick F Richards III

9

EXHIBIT

Ex Attachment A to Settlement Agreement & Release
Gwen MOORE Trust
17 Gifts

1 DORIS Frierson
2 Tiffany Frierson
3 Shannon Nelson
4 Roland Jefferson, Jr
5 Rodney Jefferson
6 Royce Jefferson
7 Ronald Copeland
8 Kyle Copeland
9 Caryl Thompson
10 Patricia Sides
11 Nicole Hayes
12 Fred Page, Jr
13 Nicholas Brown
14 Kimberly Johnson Davis
15 Mindy Brown Berry
16 Alta Williams
17 Congretional Church of Christian Fellowship

## GWENDOLYN R. MOORE
### TRUST

GWENDOLYN R MOORE, called the "Trustee", declares that GWENDOLYN R MOORE, called the Settlor, has transferred and delivered to the Trustee without consideration the property described in Schedule A attached to this instrument

#### Paragraph I.

If GWENDOLYN R MOORE shall for any reason fail to qualify or cease to act as Trustee, then my niece, YOLANDA PAGE, shall act as Trustee If for any reason YOLANDA PAGE fails to qualify or ceases to act as Trustee, then WILLIAM BROWN shall act as Trustee

#### Paragraph 2.

The Settlor of these trusts, may remove any Trustee acting under this instrument and may designate any person or corporate Trustee authorized to act in the State of California as successor Trustee   Removal shall be effected by delivery of a written instrument personally or by certified mail to the Trustee and his successor and by delivery by the successor Trustee personally or by registered mail to Settlor of its acceptance of the Trust   After acceptance by the successor Trustee, the substituted Trustee shall promptly deliver all trust assets in its possession to the successor Trustee together with an accounting for all acts affecting the trust since the date of any prior accounting, unless said accounting be waived by the Settlor

#### Paragraph 3

If the Trustee is unable to participate in trust activities because of illness, disability, or any other reason, the successor Trustee designated in Paragraph 1 may, during any such incapacity, act as Trustee and make any and all decisions regarding the trust estate as Trustee under this instrument   In determining the disability of the Trustee, the successor Trustee may rely on a certificate or other written statement from two licensed physicians who have examined the individual Trustee   In the absence of such a certificate or statement, the successor Trustees or successor trustees, shall petition the Court having jurisdiction over this trust for authority to proceed as successor Trustee   The successor Trustee shall incur no liability to any beneficiary of the trust or to the Trustee who is replaced as a result of any action taken under this provision

#### Paragraph 4

The property transferred to the trust listed in Schedule A was before its transfer in the MILDRIDGE B   MOORE AND GWENDOLYN R MOORE FAMILY TRUST, dated March 15, 1991, (amended and restated t by instrument dated July 29, 1999)   The Settlor herein, is the survivor of said Trust, with absolute powers of appointment, revocation and amendment over the MOORE SURVIVING SPOUSE'S TRUST

#### Paragraph 5

The Settlor may at any time revoke this instrument in whole or in part by an instrument in writing delivered to the Trustee by certified mail   If the Settlor revokes this instrument, the Trustee shall deliver as promptly as is practicable, to the Settlor or his designee all of the designated portion of the trust assets with an

1

EXHIBIT 1
Pa 15 of 3

accounting of the Trustee's acts since the preceding accounting, unless said accounting be so waived by the Settlor  If the Settlor revokes this instrument entirely or with respect to a major portion of the assets subject to the instrument, the Trustee shall be entitled to retain sufficient assets reasonably to secure payment of liabilities lawfully incurred by the Trustee in the administration of the trust, including Trustee's fees, that have been earned, unless the Settlor shall indemnify the Trustee against loss or expense

### Paragraph 6

The Settlor may at any time amend any of the terms of this instrument by an instrument in writing signed by the Settlor and delivered by certified mail to the Trustee  No amendment shall substantially increase the duties or liabilities of the Trustee or change the Trustee's compensation without the Trustee's consent, nor shall the Trustee be obligated to act under such an amendment unless the Trustee accepts it  If a Trustee is removed, the Settlor shall pay to the Trustee any sums due and shall indemnify the Trustee against liability lawfully incurred by the Trustee in the administration of the trust

### Paragraph 7

The powers of the Settlor to revoke or amend this instrument are personal to her and shall not be exercisable in her behalf by any guardian, conservator, or other person, except that revocation or amendment may be authorized, after notice to the Trustee, by the Court that appointed the guardian or conservator

### Paragraph 8

The Trustee shall pay to or apply for the benefit of the Settlor the net income of the trust estate in quarter-annual or more frequent installments

If the Trustee considers the net income insufficient, it shall pay to or apply for the benefit of the Settlor as much of the principal of the trust estate as is necessary in the Trustee's discretion for the Settlor's proper health, support and maintenance, after considering the Settlor's other income or resources outside the trust estate, known to the Trustee

### Paragraph 9

If at any time either in the Trustee's discretion, or as certified in writing by two licensed physicians, the Settlor has become physically or mentally incapacitated, whether or not a Court or competent jurisdiction has declared her incompetent, mentally ill, or in need of a conservator, the Trustee shall apply for the Settlor's benefit the amounts of net income and principal necessary or desirable in the Trustee's discretion for the Settlor's health, support, comfort, enjoyment, and welfare until either the Trustee's determination or the certification in writing by two licensed physicians that the incapacity is removed and the Settlor is again able to manage her own affairs  Any income in excess of the amount so applied for the benefit of the Settlor shall be added to principal

### Paragraph 10.

The Settlor may at any time direct the Trustee in writing to pay single funds or periodic payments out of the trust estate to any other person or organization

2

EXHIBIT 1
Pg 16 of 37

Paragraph 11.

On the death of the Settlor, the Trustee shall add to the principal of the trust estate any income payments accrued in favor of the Settlor but not paid to the Settlor prior to her death and any principal payments set aside to be paid to the Settlor but not paid to the Settlor prior to her death and shall divide the total trust estate including any residue, as follows  To the following named persons the sum of $5,000 each  BRENDA RICHARDS, niece, FRED RICHARDS, nephew, REGGIE BISHOP, friend, ROYCE JEFFERSON, grandson, KYLE COPELAND grandson, ROLAND JEFFERSON Jr  grandson, RODNEY JEFFERSON grandson, RONALD COPELAND, grandson, DORIS FRIERSON, granddaughter, TIPPANY FRIERSON, granddaughter, SHANNON JEFFERSON, granddaughter, CARYL THOMPSON, friend, PATRICIA J  SIDBS friend, NICOLE HAYES, cousin, BRYAN HAYES, cousin, FRED PAGE,Jr , cousin, NICHOLAS BROWN, cousin, and KIMBERLY JOHNSON, cousin  The above gifts are contingent upon there being sufficient assets in the Trust, without the need to sell any property, real or personal  If there are insufficient funds available to pay the foregoing, then the gift are to be computed by dividing the funds avaible by the number of gifts, to determine the amounts to be bestowed  The rest remainder and residue of the Trust estate to YOLANDA PAGE, niece, WILLIAM BROWN, nephew, and ERNEST BROWN, nephew, in equal shares  Should any of the three aforenamed fail to survive me, then their share to the remaining beneficiaries or beneficiary

Paragraph 12.

In order to carry out the provisions of the trust created by this instrument, the Trustee shall have these powers in addition to those now or hereafter conferred by law

A    To invest and reinvest funds in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not limited to, corporate obligations of every kind, stocks, preferred or common, shares of investment trusts, investment companies, and mutual funds, and mortgage participations, life insurance policies on the life of any beneficiary except the beneficiary of a marital deduction trust, that men of prudence, discretion, and intelligence acquire for their own account, including any common trust fund administered by a Trustee

B    To invest and reinvest all or any part of the trust estate in such common or preferred stocks, shares of investment companies bonds, debentures, mortgages, deeds of trust, mortgage participations, notes, real estate, or other property as the Trustee in the Trustee's discretion may select, and the Trustee may continue to hold in the form in which received (or the form to which changed by reorganization, split up, stock dividend or other like occurrence) any securities or other property the Trustee may at any time acquire under this trust, it being the Settlor's expressed desire and intention that the Trustee shall have full power to invest and reinvest the trust funds without being restricted to forms of investment that the Trustee may otherwise be permitted to make by law, and the investments need not be diversified provided, however, that the aggregate return of all investments of the trust from time to time shall be reasonable in light of then existing circumstances

C    To continue to hold any property including any shares of the Trustee's own stock and to operate at the risk of the trust estate any business that the Trustee receives or acquires under the trust as long as the Trustee deems advisable

D    To retain, purchase, or otherwise acquire unproductive property

E    To have all the rights, powers, and privileges of an owner with respect to the securities held in trust including, but not

3

limited to, the powers to vote, give proxies, and pay assessments, to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, and liquidations, and incident to such participation to deposit securities with and transfer title to any protective or other committee on such terms as the Trustee may deem advisable, and to exercise or sell stock subscription or conversion rights

    F   To hold securities or other property in the Trustee's name as Trustee under this trust or in the Trustee's own name or in the name of a nominee, or the Trustee may hold securities unregistered in such condition that ownership will pass

    G   To retain professional investment counsel and accounting counsel of his choice, regarding trust investments in property held by the trust and to facilitate and administer the trust estate   If such counsel is retained, and with regards to the investment counsel only, the Trustee shall abide by the decision of the counsel but shall not be held liable or otherwise surcharged for losses directly attributable to investments made on the advice of the independent counsel   During the period independent counsel is retained by the Trustee, the Trustee shall not be required to conduct review of Trust investments unless he receives written instructions from the investment counsel

    H   To manage, control, grant options on, sell for cash or on deferred payments, convey, exchange, partition, divide, improve and repair trust property

    I   To lease trust property for terms within or beyond the term of the trust for any purpose, including explorations for and removal of gas, oil, and other minerals, and to enter into community oil leases, pooling, and unitization agreements

    J   To lend money to any person, including probate estate of the Settlor, provided that any such loan shall be adequately secured and shall bear a reasonable rate of interest

    K   To purchase property at its fair market value as determined by the Trustee in the Trustee's discretion, from the probate estate of the Settlor

    L   To loan or advance the Trustee's funds to the trust for any trust purpose, with interest at current rates, to receive security for such loans in the form of a mortgage, pledge, deed of trust, or other encumbrance on any assets of the trust, to purchase assets of the trust at their fair market value as determined by an independent appraisal of those assets, and to sell property to the trust at a price not in excess of its fair market value as determined by an independent appraisal

    M   To release or to restrict the scope of any power that the Trustee may hold in connection with the trust created under this instrument, whether such power is expressly granted in the instrument, or implied by law   The Trustee shall exercise this power in a written instrument executed by the Trustee, specifying the power to be released or restricted and the nature of the restriction

    N   Except as otherwise specifically provided in this instrument, or in the Will of the Settlor, federal estate taxes imposed on or by reason of the inclusion of any portion of the trust estate in the gross taxable estate of the Settlor under the provisions of any federal tax law shall be paid by the Trustee and charged to, prorated among, or recovered from the trust estate or the persons entitled to the benefits under these trusts as and to the extent provided by any applicable tax law or any proration statute   Except where otherwise specifically provided, inheritance taxes shall be paid and shall be charged to the trust estate or deducted and collected as provided by law

    O   During the lifetime of the Settlor, the Trustee shall account only to the Settlor, and her written approval shall be final and conclusive in respect to transactions disclosed in the account as

EXHIBIT 1
Pg 18 Of 37

to all beneficiaries of the trust, including unborn and contingent
beneficiaries  Accountings shall be made by delivering a written
accounting to each beneficiary entitled to current income
distribution

    P    To borrow money, and to encumber trust property by
mortgage, deed of trust, pledge, or otherwise

    Q    To commence or defend at the expense of the trust, such
litigation with respect to the trust or any property of the trust
estate as the Trustee may deem advisable and to compromise or
otherwise adjust any claims or litigation against or in favor of the
trust

    R    To carry insurance of such kinds and in such amounts as
the Trustee deems advisable, at the expense of the trust, to protect
the trust estate and the Trustee personally against any hazard

    S    To withhold from distribution, in the Trustee's
discretion, at the time for distribution of any property in this
trust, all or any part of the property, as long as the Trustee shall
determine in the Trustee's discretion that such property may be
subject to conflicting claims, to tax deficiencies, or to liabilities,
contingent or otherwise, properly incurred in the administration of
the estate

    T    Except as otherwise specifically provided in this
instrument, the Trustee shall have the power, exercisable in the
Trustee's discretion, to determine what is principal or income of the
trust estate and to apportion and allocate receipts and expenses and
other charges between these accounts, including also the power to
charge in whole or in part against principal or to amortize out of or
charge forthwith to income, premiums paid for the purchase of bonds or
other obligations  The Trustee shall not be required to establish a
reserve for depreciation or to make charges against income therefrom,
but may do so if the Trustee in the Trustee's discretion so
determines  Such reserve and charges to be established on such
assumptions and in such amounts as the Trustee shall determine

### Paragraph 13

    Income accrued or unpaid on trust property when received
into the trust shall be treated as any other income  Income accrued
or held undistributed by the Trustee at the termination of the trust
created here shall go to the next beneficiaries of the trust in
proportion to their interest in it

### Paragraph 14

    Among successive beneficiaries of this trust, all taxes and
current expenses shall be prorated, over the period to which they
relate, on a daily basis

### Paragraph 15

    Unless the Trustee shall have received actual notice of the
occurrence of an event affecting the beneficial interest of this
trust, the Trustee shall not be liable to any beneficiary of this
trust for distribution made as though the event had not occurred

### Paragraph 16.

    Other property acceptable to the Trustee may be added to
these trusts by any person, by the Will or Codicil of the Settlor, by
the proceeds of any life insurance  or otherwise

### Paragraph 17

5

EXHIBIT 1
Pg 19 of 37

Unless sooner terminated in accordance with other provisions of this instrument, all trusts created under this instrument shall terminate twenty-one years after the death of the last survivor of the Settlor or of the Settlor's issue living on the date of the death of the Settlor   The principal and undistributed income of a terminated trust shall be distributed to the then income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates   If at the time of such termination, the rights to income are not fixed by the terms of the trust, distribution under this clause shall be made, by right of representation, to the persons who are entitled or authorized, in the Trustee's discretion, to receive trust payments

### Paragraph 18

If the creditor of any beneficiary, other than the Settlor, who is entitled to any distributions from the trust established under this instrument shall attempt by any means to subject to the satisfaction of his claim such beneficiary's interest in distribution, then notwithstanding any other provision herein, until the release of the writ of attachment or garnishment or other process, the distribution set aside for such beneficiary shall be disposed of as follows

A   The Trustee shall pay to or apply for the benefit of such beneficiary such sums as the Trustee shall determine to be necessary for the reasonable health, education, (including study at an institution of higher learning) and support of the beneficiary according to his accustomed mode of life.

B'   The portion of the distribution that the Trustee shall determine to be in excess of the amount necessary for such health, education (including study at an institution of higher learning) and support shall in the Trustee's discretion either be added to and become principal in whole or in part or be paid to or applied for the benefit of the other beneficiaries then entitled to receive payments from any trust established under this instrument, in proportion to their respective interest therein

### Paragraph 19

The validity of this trust and the construction of its beneficial provisions shall be governed by the laws of the State of California in force from time to time   This subparagraph 19 shall apply regardless of any change or residence of the Trustee or any beneficiary, or the appointment or the substitution of a Trustee residing or doing business in another state

### Paragraph 20.

In this instrument, the term "issue" shall refer to lawful lineal descendants of all degrees, and the terms "child" or children', and "issue" shall include adopted children who need not have been minors at the date of adoption.

### Paragraph 21

No bond shall be required of any person named in this instrument as Trustee or of any person appointed as the Trustee in the manner specified here, for the faithful performance of their duties as Trustee

### Paragraph 22

6

compensation from time to time without prior Court order

Paragraph 23.

No personal, noncorporate, Trustee serving without compensation and designated in this instrument shall be liable to any beneficiary or to any heir of Settlor for the Trustee's acts or failures to act, except for willful misconduct or gross negligence

Paragraph 24.

No successor Trustee shall be liable for any act, omission, or default of a predecessor Trustee  Unless requested in writing within sixty (60) days of appointment by an adult beneficiary of the trust, no successor Trustee shall have any duty to investigate or review any action of a predecessor Trustee and may accept the accounting records of the predecessor Trustee showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the trust

Paragraph 25.

The Trustee is authorized to abandon any property or interest in property belonging to the trust when, in the Trustee's discretion, such abandonment is in the best interest of the trust and its beneficiaries

Paragraph 26.

As used in this instrument, the masculine, feminine, or neuter gender and the singular or plural number shall each include the others whenever the context so indicates

Paragraph 27.

If any provision of this trust instrument is unenforceable, the remaining provisions shall nevertheless be carried into effect

Paragraph 28

The trust created by this instrument may be referred to as the GWENDOLYN R  MOORE Trust

Executed at Los Angeles, California this _9_ day of December, 2004

_Gwendolyn R. Moore_
GWENDOLYN R  MOORE

I certify that I have read the foregoing Declaration of Trust and it correctly states the terms and conditions under which the trust estate is to be held, managed, and disposed of by the Trustee I approve the Declaration of Trust in all particulars and request that the Trustee execute it

_Gwendolyn R. Moore_
GWENDOLYN R/ MOORE, Settlor

APPROVED,

Dated _December 9, 2004_    _John W. Roberts_
JOHN W  ROBERTS, Attorney for Settlor

7

EXHIBIT



### ACKNOWLEDGMENT

STATE OF CALIFORNIA )
                     ) ss
County of Los Angeles )

On December 9, 2004, before me, WILLIAM A ANDERSON, a Notary Public
for the State of California, County of Los Angeles, personally
appeared GWENDOLYN R MOORE, Settlor and Trustee of the trust created
by the above instrument and to be the person whose name is subscribed
to the instrument, and she acknowledged that she executed the same
both as Trustee and as Settlor

IN WITNESS WHEREOF, I have hereunto set my hand and affixed by seal
the day and year first above written

_____
WILLIAM A ANDERSON
Notary Public in and for said County and State



8

EXHIBIT |
Pg 22 of 37

FIRST AMENDMENT TO DECLARATION OF TRUST

GWENDOLYN R. MOORE REVOCABLE LIVING TRUST

THIS FIRST AMENDMENT is made this 31st day of July 2008,
by GWENDOLYN R MOORE

WHEREAS, GWENDOLYN R MOORE, as Grantor, established a
revocable inter vivos trust by Trust Agreement dated December 9, 2004,

WHEREAS, Grantor reserved the power to amend said Trust
Agreement pursuant to Paragraph 6 thereof, and

WHEREAS, Grantor now desires to amend said Trust Agreement
by revising provisions for the disposition of the trust estate after
Grantor's death,

NOW, THEREFORE, said Trust Agreement is hereby amended in
the following particulars

Paragraph 11 as stated in the Declaration of Trust
established February 20, 2006, is stricken in its entirety and should
now read as follows

"On the death of the Settlor, the Trustee shall add to the
principal of the trust estate any income payments accrued in favor of
the Settlor but not paid to the Settlor prior to her death and any
principal payments set aside to be paid to the Settlor but not paid to
the Settlor prior to her death and shall divide the total trust estate
including any residue, as follows  To the following named persons the
sum of $5,000 each  BRENDA RICHARDS, niece, FRED RICHARDS, nephew,
DORIS FRIERSON, granddaughter, TIFFANY FRIERSON, granddaughter, SHANNON
JEFFERSON NELSON, granddaughter, CARYL THOMPSON, friend, PATRICIA J
SIDES, friend, NICOLE HAYES, cousin, FRED PAGE, Jr , cousin, NICHOLAS
BROWN, cousin, and KIMBERLY JOHNSON DAVIS, cousin  The above gifts are
contingent upon there being sufficient assets in the Trust, without

EXHIBIT 1

Pg 23 of 37

need to sell any property, real or personal  If there are insufficient
funds available to pay the foregoing, then the gifts are to be
computed by dividing the funds available by the number of gifts, to
determine the amounts to be bestowed  The rest, remainder and residue
of the Trust estate, both real and personal as follows, to my niece,
YOLANDA PAGE, 1/3, one-third of said residue, to my nephew WILLIAM
BROWN, 1/3, one-third of said residue, to my nephew, ERNEST BROWN,
1/6, one-sixth  of said residue, and to my friend REGGIE BISHOP, 1/6,
one-sixth of the residue of my estate  Should any of the four
aforenamed fail to survive me, then their share to to be divided
equally among the survivors

The provisions of my Trust dated December 9, 2004, and not
affected by this First Amendment remain operative

Executed at Los Angeles, California, this 31st day of July,
2008

_____
GWENDOLYN R  MOORE
Grantor

The undersigned Trustee of the GWENDOLYN R  MOORE TRUST
hereby acknowledges receipt of this First Amendment dated July 31,
2008 to the Trust Agreement dated December 9, 2008

_____
GWENDOLYN R  MOORE
Trustee

STATE OF CALIFORNIA        )
                           ) SS
COUNTY OF LOS ANGELES      )

On July 31st 2008, before me,                     , a Notary Public in
and for the State of California, personally appeared GWENDOLYN R
MOORE, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person whose name is subscribed to
the within instrument, and acknowledged to me that she executed the
same in her authorized capacity, and that by her signature on the
instrument the person, or the entity upon behalf of which the person
acted, executed the instrument

WITNESS my hand and official seal



EXHIBIT 1
Pg 24 Of 37

SECOND AMENDMENT TO DECLARATION OF TRUST

GWENDOLYN R. MOORE REVOCABLE LIVING TRUST

THIS SECOND AMENDMENT is made this 21st day of October 2009, by GWENDOLYN R. MOORE.

WHEREAS, GWENDOLYN R. MOORE, as Grantor, established a revocable inter vivos trust by Trust Agreement dated December 9, 2004,

WHEREAS, Grantor reserved the power to amend said Trust Agreement pursuant to Paragraph 6 thereof, and

WHEREAS, Grantor now desires to amend said Trust Agreement by revising provisions for the disposition of the trust estate after Grantor's death;

NOW, THEREFORE, said Trust Agreement is hereby amended in the following particulars:

Paragraph 1 as stated on the Declaration of Trust established February 20, 2006, is stricken in its entirety and should now read as follows:

"If GWENDOLYN R. MOORE shall for any reason fail to qualify or cease to act as Trustee then BRENDA RICHARDS is to act as Trustee. BRENDA RICHARDS shall receive a flat fee of $80,000 for her services as successor trustee, plus the costs of administering the trust.

Paragraph 11 is further amended to add MINDY BROWN BERRY, COZETTA BRIDGEFORD, NANCY WILLIS, ALTA WILLIAMS and the CONGREGATIONAL CHURCH OF CHRISTIAN FELLOWSHIP, 2085 S. Hobart, Los Angeles CA 90019 to the list of those parties and persons slated to receive the sum of $5,000 upon the settlor's death. In the event that the trust estate cannot be completed timely, the Successor Trustee is not obligated to pay any interest to any of the parties slated to benefit from my estate.

1

EXHIBIT 1
Pg 25 of 37

The above gifts are contingent upon there being sufficient assets in the Trust, without need to sell any property, real or personal  If there are insufficient funds available to pay the foregoing, then the gifts are to be computed by dividing the funds available by the number of gifts, to determine the amounts to be bestowed  The rest, remainder and residue of the Trust estate, both real and personal as follows, to BRENDA RICHARDS 1/3, one-third of said residue, to my FRED RICHARDS, 1/3, one-third of said residue, to my friend REGGIE BISHOP, 1/3, one-third of the residue of my estate  Should any of the three aforenamed fail to survive me, then their share to to be divided equally among the survivors

The provisions of my Trust dated December 9, 2004, and not affected by this Second Amendment remain operative

Executed at Los Angeles, California, this 21st day of October 2009

GWENDOLYN R  MOORE
Grantor

The undersigned Trustee of the GWENDOLYN R  MOORE TRUST hereby acknowledges receipt of this Second Amendment dated October 21, 2009, to the Trust Agreement dated December 9, 2004

GWENDOLYN R  MOORE
Trustee

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

On October 21, 2009, before me,                       , a Notary Public in and for the State of California, personally appeared GWENDOLYN R MOORE, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

I certify under the PENALTY OF PERJURY under the laws of the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal



BARBANDRA L DALEY
Commission # 1901023
Notary Public - California
Los Angeles County
My Comm Expires Jan 28, 2012

EXHIBIT (
Pg 26 Of 37

THIRD AMENDMENT TO DECLARATION OF TRUST

GWENDOLYN R MOORE REVOCABLE LIVING TRUST

THIS SECOND AMENDMENT is made this 6th day of November, 2009, by GWENDOLYN R MOORE

WHEREAS, GWENDOLYN R MOORE, as Grantor, established a revocable inter vivos trust by Trust Agreement dated December 9, 2004,

WHEREAS, Grantor reserved the power to amend said Trust Agreement pursuant to Paragraph 5 thereof, and

WHEREAS, Grantor now desires to amend said Trust Agreement by revising provisions for the disposition of the trust estate after Grantor's death,

NOW, THEREFORE, said Trust Agreement is hereby amended in the following particular:

Paragraph 1 as stated in the Declaration of Trust established February 20, 2006, and stricken in its entirely in the Second Amendment is further amended follows

IF GWENDOLYN R MOORE shall for any reason fail to qualify or cease to act as Trustee then NANCY WILLIS is to act as Trustee  If NANCY WILLIS is unable or unwilling to act then YOLANDA PAGE is to act as Successor Trustee

Paragraph 11 is further amended to add WILLIAM BROWN and ERNEST BROWN the sum of $45,000  If there are insufficient funds available to pay the foregoing, then the gifts are to be computed by dividing the funds available by the number of gifts, to determine the amounts to be bestowed  the rest, remainder and residue of the Trust estate, both real and personal as follows, to BRENDA RICHARDS 1/6, one-sixth of said residue, FRED RICHARDS, 1/6, one-sixth of said residue, to my friend REGGIE BISHOP, 2/3, two-thirds of the residue of

1

EXHIBIT (
Pg 27 of 37

my estate should any of the three aforenamed fail to survive me, then

their share to to be divided equally among the survivors

The provisions of my trust dated December 9, 2004, and not

affected by the Second Amendment and this Third Amendment remain

operative

Executed at Los Angeles, California, this 6th day of
November 2009

GWENDOLYN R MOORE
Grantor

The undersigned Trustee of the GWENDOLYN R MOORE TRUST

hereby acknowledges receipt of this THIRD Amendment dated November 6,

2009, to the Trust Agreement dated December 9,2004

GWENDOLYN R MOORE
Trustee

STATE OF CALIFORNIA        )
                           )  SS
COUNTY OF LOS ANGELES      )

On November 6, 2009, before me, _____ , a Notary Public
in and for the State of California, personally appeared GWENDOLYN R
MOORE, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person whose name is subscribed to
the within instrument, and acknowledged to me that she executed the
same in her authorized capacity, and that by her signature on the
instrument the person, or the entity upon behalf of which the person
acted, executed the instrument

I certify under the PENALTY OF PERJURY under the laws of the laws of
the State of California that the foregoing paragraph is true and
correct

WITNESS my hand and official seal

Notary Public

CASSANDRA L BAKEY
Commission # 1804021
Notary Public - California
Los Angeles County
My Comm Expires Jun 18, 2012

2

EXHIBIT

WILL OF

GWENDOLYN R. MOORE

I, GWENDOLYN R MOORE, a resident of Los Angeles County, California, declare this to be my Will and revoke all former Wills and Codicils

FIRST:    I declare that I not now married  I was married to MILDRICE B  MOORE, M D , now deceased  There were no children from this marriage  I have no deceased child or child of a deceased child

SECOND:    I do hereby give and bequeath all my tangible personal property, including the residue, to YOLANDA PACE, neice, to WILLIAM BROWN, nephew, and ERNEST BROWN, nephew, in equal shares Should any of aforenamand fail to survive me, then to the surviving person or persons, all of my tangible personal property including the residue, in equal shares

THIRD:    I declare that I have executed a revocable inter vivos trust concurrently with this will  I am transferring substantially all of my financial assets to said trust  I hereby ratify the terms of said trust in all respects

FOURTH:    I give, devise and bequeath my entire estate, both real and personal, of whatsoever kind and nature and wheresoever situated, including all failed and lapsed gifts, IN TRUST, to the then acting Trustee under the Declaration of Trust which is made by myself as both Trustor and original Trustee and which is executed concurrently with this Will, to be added to and become a part of the corpus of said trust, to be held, administered and distributed in accordance with the terms thereof as the same may be amended to the time of my death

FIFTH:    If for any reason the trust to which distribution of my estate would otherwise have been made under the provisions of Article FOURTH above is not in existence at the date of my death, then, by this reference, I hereby incorporate herein the terms of said Declaration of Trust executed concurrently with this Will, and I give the said residue of my estate to YOLANDA PACE, as Trustee, IN TRUST, to be held, administered and distributed in accordance with the provisions thereof

SIXTH:    I have provided in the Declaration of Trust referred to in Article FOURTH above that all estate, inheritance and succession taxes, imposed by the Federal government or by any country, state, district, province, or territory, which are occasioned or made payable by reason of my death whether or not attributable to property constituting part of the trust estate thereunder, shall be chargeable to and paid out of the said trust estate, without apportionment,

1

EXHIBIT 1
Pg 29 of 37

deduction or reimbursement therefor, and without adjustment thereof
among the trust beneficiaries   I hereby confirm the provisions of
said Declaration of Trust relating to the payment of such taxes

SEVENTH:   I do hereby nominate, and appoint YOLANDA PAGE to
be the Executor of my Will and to serve without bond   If the
aforenamed is unwilling or unable so to act, or if she fails to, or is
unable to complete the administration of my estate, then WILLIAM BROWN
is to act as Executor

No bond shall be required of any fiduciary named
hereinabove   Any fiduciary acting hereunder shall have the full power
and authority to lease, sell, exchange, or encumber the whole or any
part of my estate at public or private sale, with or without notice,
subject only to such confirmation of Court as may be required by law,
and any fiduciary acting hereunder shall have full power and authority
to distribute the assets of my estate in cash or in kind, or partly in
cash and partly in kind, at such valuations and following such
procedures as such fiduciary deems reasonable

Any fiduciary acting hereunder is further empowered to
invest and reinvest surplus moneys of my estate in such types of
investments, both real and personal, as may be selected in the
discretion of such fiduciary, including corporate obligations of every
kind, preferred or common stocks and common trust funds, subject only
to such authorization of Court as may be required by law

In the event that any fiduciary hereunder is granted
authority to administer my estate under The Independent Administration
of Estate Act, such fiduciary shall be empowered to act without "court
supervision" (as that term is defined in said Act) to the full extent
permitted by said Act, specifically including, without limiting the
generality of the foregoing, the power to invest and reinvest surplus
moneys of my estate in the manner provided in the preceding paragraph
of this Article

I subscribe my name to this Will this __9__ day of December
2004, at Los Angeles, California

GWENDOLYN R  MOORE

The foregoing instrument, consisting of three pages (3),
including this page signed by us as witnesses, was at the date thereof
by GWENDOLYN R  MOORE signed as and declared to be her Will, in the
presence of us, who, at her request and in her presence, and in the
presence of each other, have subscribed our names as witnesses thereto
Each of us observed the signing of this Will by GWENDOLYN R  MOORE and
by each of the other subscribing witnesses and knows that each
signature is the true signature of the person whose name was signed
GWENDOLYN R  MOORE was over the age of eighteen years and appeared to

2

EXHIBIT 1
Pg 30 Of 37

be of sound and disposing mind at the time the foregoing instrument
was executed   None of us has knowledge of any facts indicating that
the foregoing instrument, or any part of it, was procured to be made
by duress, menace, fraud, or undue influence   Each of us is now more
than twenty-one years of age and a competent witness and resides at
the address set forth after his or her name

        Each of us declares under penalty of perjury that the
foregoing is true and correct and that this Declaration is executed at
Los Angeles, California, on _December 9_ , 2004

_John W. Robert_          residing at _3847 Canasby St_

                                        _Los Angeles CA 90065_

_Albert Victor_           residing at _4250 Wilshire 100_

                                        _LA CA 90010_

_Anthony L. Charles_      residing at _7280 Hillside Ave #806_

                                        _Los Angeles, CA 90046_

EXHIBIT 1
31 of 37

FIRST CODICIL TO WILL OF

GWENDOLYN R. MOORE

I, GWENDOLYN R. MOORE, residing in Los Angeles County, California, declare this to be the First Codicil to my Will dated December 9, 2004.

FIRST:    The SECOND paragraph on page 1, of the above mentioned Will, of December 9, 2004, is hereby amended to read as follows,

That SECOND paragraph that reads " I do hereby give and bequeath all my tangible property, including the residue, YOLANDA PAGE, niece, to WILLIAM BROWN, nephew, and ERNEST BROWN, nephew, in equal shares  Should any of the aforenamed fail to survive me, then to the surviving person or persons, all of my tangible personal property including the residue, in equal shares." That SECOND paragraph is stricken and should now read as follows, "I do hereby give and bequeath all my tangible personal property, including the residue, to YOLANDA PAGE, niece, a one-third share, to WILLIAM BROWN, nephew, a one-third share, to ERNEST BROWN, nephew, a one-sixth share, and to my friend REGGIE BISHOP, a one-sixth share of my tangible personal property including the residue "

In every other respect I hereby confirm and republish my Will dated December 9, 2004

The foregoing First Codicil to my Will dated December 9, 2004, is subscribed by me on the _____ day of July 2008, at Los Angeles, California

_____
GWENDOLYN R. MOORE

1

EXHIBIT 1

The foregoing instrument, consisting of two pages (2), including this page signed by us as witnesses, was at the date thereof by GWENDOLYN R. MOORE, signed as and declared to be codicil to her Will, dated December 9, 2004, in the presence of us, who, at her request and in her presence, and in the presence of each other, have subscribed our names as witnesses thereto  Each of us observed the signing of codicil by GWENDOLYN R MOORE, and by each of the other subscribing witnesses and knows that each signature is the true signature of the person whose name was signed  GWENDOLYN R. MOORE, was over the age of eighteen years and appeared to be of sound and disposing mind at the time the foregoing instrument was executed None of us has knowledge of any facts indicating that the foregoing instrument, or any part of it, was procured to be made by duress, menace, fraud, or undue influence  Each of us in now more than twenty-one years of age and a competent witness and resides at the address set forth after his or her name

Each of us declares under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California, on  7/31      2006

_S C Moore_ residing at 5515 N S en O1 CN 1 R
iLA CA 9001 9

_John W Roberts_ residing at 4311 Wilshire Blvd #82
Los Angeles CA 900 10

_____ residing at_____

2

Gorm.

EXHIBIT 1
33 of 37

SECOND CODICIL TO WILL OF

GWENDOLYN R. MOORE

I, GWENDOLYN R. MOORE, residing in Los Angeles County,
California, declare this to be the SECOND Codicil to my Will dated
December 9, 2004

FIRST:    The SEVENTH Paragraph on page 2, of the above
mentioned Will, of December 9, 2004, is hereby amended to read as
follows,

I do hereby nominate, and appoint BRENDA RICHARDS to be the
Executor of my Will and to serve without bond  If the aforenamed is
unwilling or unable so to act, or if she fails to act, or is unable to
complete the administration of my estate, then FRED RICHARDS is to act
as Executor. The remaining paragraphs of Paragraph SEVENTH remain
operative.

In every other respect I hereby confirm and republish my
Will dated December 9, 2004, and the FIRST CODICIL, dated December 9,
2004.

The foregoing SECOND Codicil to my Will dated October 21,
2009, is subscribed by me on the _21_ day of October, 2009, at Los
Angeles, California.

_Gwendolyn R. Moore_
GWENDOLYN R. MOORE

_Original w/atty_
_John W Roberts_

EXHIBIT
aa 34 of 37

The foregoing instrument, consisting of two pages (2), including this page signed by us as witnesses, was at the date thereof by GWENDOLYN R. MOORE, signed as and declared to be the SECOND codicil to her Will, dated December 9, 2004, in the presence of us, who, at her request and in her presence, and in the presence of each other, have subscribed our names as witnesses thereto. Each of us observed the signing of codicil by GWENDOLYN R MOORE, and by each of the other subscribing witnesses and knows that each signature is the true signature of the person whose name was signed. GWENDOLYN R MOORE, was over the age of eighteen years and appeared to be of sound and disposing mind at the time the foregoing instrument was executed. None of us has knowledge of any facts indicating that the foregoing instrument, or any part of it, was procured to be made by duress, menace, fraud, or undue influence. Each of us in now more than twenty-one years of age and a competent witness and resides at the address set forth after his or her name.

Each of us declares under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed at Los Angeles, California, on _October 21_ 2009.

_John W Roberts_ residing at _3842 Canada ST_

_Los Angeles CA 90065_

_Anthony L Charles_ residing at _7280 Hillside AVE_

_Los Angeles, CA 90046_

_____ residing at _____

2

EXHIBIT 1
Pg 35 Of 37

## THIRD' CODICIL TO WILL OF

## GWENDOLYN R. MOORE

I, GWENDOLYN R MOORE, residing in Los Angeles County, California, declare this to be the THIRD' Codicil to my Will dated December 9, 2004.

FIRST:    The FIRST Paragraph on page 1, of the SECOND CODICIL above mentioned Will, of December 9, 2004, is hereby amended to read as follows;

I do hereby nominate, and appoint NANCY WILLIS to he the Executor of my Will and to serve without bond: If the aforenamed is unwilling or unable so to act, or if she fails to act, or is unable to complete the administration of my estate, then YOLANDA PAGE is to act as Executor. The remaining paragraphs of Paragraph SEVENTH remain operative

In every other respect I hereby confirm and republish my Will dated December 9, 2004, the FIRST CODICIL, dated December 9, 2004, and the SECOND CODICIL dated October 21, 2009.

The foregoing THIRD Codicil to my Will dated November 6, 2009, is subscribed by me on the 6-th day of November 2009, at Los Angeles, California.

GWENDOLYN R. MOORE

EXHIBIT
26 of 37

The foregoing instrument, consisting of two pages (2),
including this page signed by us as witnesses, was at the date thereof
by GWENDOLYN R MOORE, signed as and declared to be the THIRD codicil
to her Will, dated December 9, 2004, in the presence of us, who, at
her request and in her presence, and in the presence of each other,
have subscribed our names as witnesses thereto. Each of us observed
the signing of codicil by GWENDOLYN R MOORE, and by each of the other
subscribing witnesses and knows that each signature is the true
signature of the person whose name was signed. GWENDOLYN R. MOORE,
was over the age of eighteen years and appeared to be of sound and
disposing mind at the time the foregoing instrument was executed
None of us has knowledge of any facts indicating that the foregoing
instrument, or any part of it, was procured to be made by duress,
menace, fraud, or undue influence   Each of us in now more than
twenty-one years of age and a competent witness and resides at the
address set forth after his or her name.

　　　　Each of us declares under penalty of perjury that the
foregoing is true and correct and that this Declaration is executed at
Los Angeles, California, on _____ 2009

_____ residing at 38560 S. VANNESS AVE
　　　　　　　　　　　　　　　　　CA, CA 90003

_____ residing at 728 Hillside Ave #506
　　　　　　　　　　　　　　　　　Los Angeles Ca. 90046

_____ residing at 3842 Cazador St
　　　　　　　　　　　　　　　　　Los Angeles CA 90065

EXHIBIT |

SCHEDULE "A"

1. Real Property located at
14011 Driftwood Drive, Victorville, CA 92392
Legally described as:

   Tract No. 8030 Lot 3393372

   A.P.N. 0480-191-05-0-000

2. Real Property located at
4572 Mt. Vernon Drive, Los Angeles, CA 90043
Legally described as:

   Tract #15978 Lot 13

   A.P.N. 5010-002-012

3. Real Property located at
3305 Stocker St., Los Angeles, CA 90008
Legally described as:

   Tract #10023 ex of alley lot 173

   A.P.N. 5024-026-002

EXHIBIT 1-A

Pg __1__ Of __1__

1  Andrea G. Van Leesten, Esq. (SBN #152628)
   LAW OFFICE OF ANDREA G. VAN LEESTEN
2  6101 West Centinela Avenue, Ste 270
   Culver City, CA 90230
3  Telephone: (310) 410-1717
   Facsimile: (310) 410-1747
4
   Attorney for Nancy Willis,
5  Successor Trustee

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  In Re the Matter of:              CASE NO. BP 120 811
                                      ~~and BP 120568~~
12
13  GWENDOLYN R. MOORE               ORDER AFTER HEARING
    TRUST,
14  dated December 9, 2004.
15                                   Date:   September 8, 2010
                                     Time:   8:30 a.m.
16                                   Dept:   5
                                     Hon. Mitchell L. Beckloff
17

18

19  THE HONORABLE  Mitchell L. Beckloff, presiding

20  DATE OF HEARING: ~~June 8, 2010~~  September 8, 2010

21  Department: 5

22          Appearing at the hearing: Trustee, Nancy Willis, her counsel, Andrea G. Van Leesten,

23  Esq., Mina N. Sirkin, Esq., for Petitioner, Yolanda Page and Mina N. Sirkin, specially appearing

24  for Ernest Page.  Reggie L. Bishop appeared, as well as his counsel, Larry Llewelyn, Esq.

25          THE COURT, having considered the pleadings and documents heretofore filed by the

26  parties and having heard argument, in support of and in opposition to, the PETITION TO

27  CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R.

28  MOORE TRUST DATED DECEMBER 9, 2004 AND AS AMENDED THE BY-THIRD

GWENDOLYN R. MOORE TRUST                      1              ORDER AFTER HEARING

EXHIBIT 2
Pg 1 Of 3

1  AMENDMENT AND THE MODIFICATIONS, does hereby makes only the following Orders at

2  this time:

3      1.  The Settlement Agreement dated July 17, 2010 as filed in the Petition is approved and

4  incorporated in the order by reference.

5      2.  The Settlement Agreement, remains under the jurisdiction of the Los Angeles Superior

6  Court with respect to the enforcement and completion of the settlement provided herein.

7      3.  The Gwendolyn R. Moore Trust as amended by the Third Amendment of November 6,

8  2009 is confirmed by the Court except as modified below.

9      A.  The Will of Gwendolyn R. Moore and the third Codicil as modified is approved.

10     5.  Yolanda Page, William Brown and Ernest Brown will receive the sum of

11  $438,500.00 per the Settlement Agreement first from the sale of the real property located at

12  4572 Mt. Vernon Drive, Los Angeles, CA. If the proceeds do not net the $438,500.00 then

13  the Successor Trustee shall use, sell or borrow from or against any or all other assets of the

14  Trust to pay the specific distribution to Yolanda Page, William Brown, and Ernest Brown.

15  This specific distribution shall have priority over all distributions, attorneys fees, and

16  trustees fees.

17     6.  The Successor Trustee, Nancy Willis shall next distribute the sum of $2,500 each to the

18  specifically named beneficiaries as modified by agreement of the Parties: Doris Frierson, Tiffany

19  Frierson, Shannon Nelson, Roland Jefferson, Jr, Rodney Jefferson, Royce Jefferson, Ronald

20  Copeland, Kyle Copeland, Caryl Thompson, Patricia Sides, Nicole Hayes, Fred Page, Jr, Nicholas

21  Brown, Kimberly Johnson Davis, Mindy Brown Berry, Alta Williams and Congregational Church

22  of Christian Fellowship.

23     7.  The rest, remainder and residue of the Trust both real and personal shall be distributed

24  as follows: 1/6 to Brenda Richards, 1/6 to Fred Richards and 2/3 to Reggie Bishop.

25     8.  Nancy Willis, is the named Successor Trustee of the Gwendolyn R. Moore Trust dated

26  December 3, 2004 as amended to carry out the terms of the Trust and the modifications herein.

27

28     9.  Nancy Willis is the Executrix of the Estate under the Third Codicil   EXHIBIT 2

2

GWENDOLYN R. MOORE TRUST                                         Pg  2  of  3
                                                                ORDER AFTER HEARING



10. Each of the Parties shall bear their own attorney's fees and cost, excepting those fees provided for in the Settlement Agreement.

Approved as to Form and Content:

Mina N. Sirkin, Attorney for,
Yolanda Page

Larry D. Lewellyn
for Respondent/ Objector
Reggie L. Bishop

objections reviewed, considered + overruled.

IT IS SO ORDERED
Dated: ___JAN 0 5 2011___ 2010.

MITCHELL L. BECKLOFF, Judge

Honorable Mitchell L. Beckloff
Judge of the Superior Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

GWENDOLYN R. MOORE TRUST

ORDER AFTER HEARING

EXHIBIT 2
Pg 3 of 3

```
 1    A. GEORGE GLASCO, SBN 065935
      CAROLYN NAJERA, SBN 278859
 2    LAW OFFICE OF A. GEORGE GLASCO, P.C.
      729 Mission Street, Suite 300
 3    South Pasadena, CA 91030
      626-403-2288; Fax: 626-403-2291
 4    Email: george@Glascolaw.com

 5    Attorneys for Trust Beneficiaries
      Frederick F. Richards III and
 6    Brenda Moore Richards

 7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 8           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

 9
10    In the Matter of the:                   )   Case No.: BP120811
                                              )
11    GWENDOLYN R. MOORE TRUST                )
                                              )   ORDER ON MOTION TO ENFORCE
12                                            )   JUDGMENT BY PETITIONERS
                                              )   FREDERICK F. RICHARDS III AND
13                                            )   BRENDA MOORE RICHARDS
                                              )
14                                            )
                                              )
15                                            )
                                              )
16                                            )
                                              )
17                                            )   Date:    September 21, 2012
                                              )   Time:    8:30 a.m.
18                                            )   Dept.:   "5"
                                              )   Judge:   Hon. Mitchell L. Beckloff
19                                            )
20
21
22
23        The hearing on the court-ordered accounting by the Trustee came on for hearing on September

24    21, 2012 during the 8:30 a.m. court calendar in Department 5 of the above-entitled court, the Honorable

25    Mitchell L. Beckloff presiding.  Appearing were attorneys A. George Glasco and Carolyn Najera of the

26    LAW OFFICES OF A. GEORGE GLASCO, P.C. for Frederick F. Richards III and Brenda Moore

27    Richards, petitioners and beneficiaries of the Gwendolyn R. Moore Trust; also present were the said
```

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 0 4 2012

John A. Clarke, Executive Officer/Clerk
By V. Dove, Deputy

EXHIBIT 2
Pg 1 of 2

1  Frederick F. Richards III and Brenda Moore Richards. Nancy Willis, the Trustee of the Gwendolyn R.

2  Moore Trust, did not appear.

3      WHEREAS the court finds that all notices required by law having been duly given, and it

4  appearing that good cause exists to enforce the judgment previously entered herein, which judgment

5  incorporated the settlement concerning the disposition of monies to the beneficiaries of said Trust,

6

7  including the Petitioners herein,

8      NOW THEREFORE, GOOD CAUSE APPEARING,

9      IT IS HEREBY ORDERED that:

10  1.  Trustee Nancy Willis pay one-sixth of $121,514.00 to Trust Beneficiary Frederick F. Richards

11      III, and one-sixth of $121,514.00 to Brenda Moore Richards;

12

13  2.  Real Property situated at 3305 Stocker Street, Los Angeles, California 90008, further described

14      as LOT 173 OF TRACT 10023, AS PER MAP RECORDED IN BOOK 150, PAGES 46 OF

15      MAPS, IN THE OFFICE OF THE COUNTRY RECORDER OF SAID COUNTY [APN 5024-

16      026-002], be listed with a recognized broker, actively marketed and sold;

17

18  3.  That the proceeds from the sale of said real property is not to be distributed pending further

19      order(s) of this court.

20  DATED: _____DEC 0 4 2012_____          MITCHELL L. BECKLOFF, Judge

21                                         _____
                                           Hon. Mitchell L. Beckloff
22                                         Judge of the Superior Court          VL

23

24  Respectfully submitted this 6th day of November, 2012.

25  By  _Carolyn    Najera_

26  CAROLYN NAJERA
    LAW OFFICES OF GEORGE GLASCO, P.C.
27  Attorneys for Trust Beneficiaries
    Frederick F. Richards III and
28  Brenda Moore Richards

EXHIBIT 3
Pg 2 of 2

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

NAME: Reggie Lyn Bishop Sr
ADDRESS: 3307 Stocker St
CITY: Los Angeles
STATE/ZIP: Ca 90008



| Title Order No.: _____ | Space Above This Line For Recorder's Use | Escrow No. _____ |

## TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX IS $ 0 _____, CITY TAX $ 0

☐ Computed on full value of property conveyed, or ☐ Computed on full value less value of liens or
encumbrances remaining at time of sale or transfer.
☐ Unincorporated area: ☐ City of _____, and
☐ "This conveyance transfers the grantor's interest into his or her revocable trust, R & T §1191".
☐ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq
☑ This conveyance does not constitute a "change of ownership", R & T 62.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Gwendolyn R. Moore Revocable Living Trust

hereby GRANT(s) to

Reggie Lyn Bishop Sr. A single man, as his sole and separate property

the following described real property in the County of  LOS ANGELES _____, State of California
(Assessor's Parcel No. 5021-028-002 _____)

Commonly known As 3305 Stocker st. Los Angeles, ca 90008

Dated: 1/21/11                    Nancy Willis
                                  Gwendolyn R. Moore Revocable
                                  Living Trust By Nancy Willis Trustee

STATE OF CALIFORNIA
COUNTY OF _____

On 1/21/11 before me, Denise E. Loudermy _____, Notary Public
personally appeared, Nancy Willis _____
_____ who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

[Notary seal: DENISE E. LOUDERMY
Commission # 1858666
Notary Public - California
Los Angeles County
My Comm. Expires May 31, 2013]

EXHIBIT 4
Pg 1 of 1

RECORDING REQUESTED BY:

*Reggie Lyn Bishop*

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

NAME: REGGIE LYN BISHOP SR.
ADDRESS: 3907 STOCKER ST
CITY: LOS ANGELES
STATE/ZIP: CA XXXXX

Recorded in Official Records, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P Counter

2/08/2011
10:22 AM
MP

Doc#: 2011 -0065083    Titles: 1    Pages: 2

| | |
|---|---|
| Fees | 10.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $10.00 |

Title Order No.: _____    Space Above This Line For Recorder's Use    Escrow No._____

## TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ 0 _____, CITY TAX $ 0 _____

☐ Computed on full value of property conveyed, or ☐ Computed on full value less value of liens or
encumbrances remaining at time of sale or transfer.
☐ Unincorporated area: ☐ City of _____, and
☐ "This conveyance transfers the grantor's interest into his or her revocable trust, R & T 11911",
☐ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.
☐ This conveyance does not constitute a "change of ownership", R & T 62.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Gwendolyn R. Moore Trust,

hereby GRANT(s) to

Reggie Lyn Bishop Sr. A single man as his sole and separate property

the following described real property in the County of SAN BERNARDINO , State of California
(Assessor's Parcel No. 0490-191-080-000 );

AS KNOWN AS 17011 DEER WOOD DR. Victorville, CA 92392

FOR LEGAL DESCRIPTION, see Exhibit "A" attached hereto and made a part hereof.

Dated: 2/4/11                     *Nancy Willis Trustee*
                                  *Gwendolyn R. Moore Trust-A-By*
                                  *Nancy Willis Trustee*

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On 2/4/11 before me, Denise E. Loulendo , Notary Public
personally appeared Nancy Willis
_____ , who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Denise E. Loulendo*

DENISE E. LOULENDO
Commission # 1858804
Notary Public - California
Los Angeles County
My Comm. Expires Aug 31, 2013

✓ EXHIBIT 4-A
Pg __1__ Of 2

5 | LOT 339, TRACT No. 8030, AS PER PLAT RECORDED IN BOOK 106 OF MAPS, PAGES 5 TO

6 | 12 INCLUSIVE, RECORDS OF SAID COUNTY.

7 | SUBJECT TO:   1. SECOND INSTALLMENT GENERAL AND SPECIAL TAXES FOR THE

8 | FISCAL YEAR 1972-73.

9 | 2. COVENANTS, CONDITIONS, RESTRICTIONS, RIGHTS OF WAY,

10 | EASEMENTS AND RESERVATIONS OF RECORD, IF ANY.

11 | 3. DEED OF TRUST OF RECORD IN FAVOR OF BOISE CASCADE

12 | PROPERTIES, INC.

13 | APN: 0480-191-05-0-000

14 | Common Address: 14011 Driftwood Drive, Victorville, CA 92392

EXHIBIT "A"

EXHIBIT 4-A

Pg 2 Of 2

RECORDING REQUESTED BY:
Fidelity National Title
AND WHEN RECORDED MAIL TO:
Mr. and Mrs. Donald Nuse
P.O. Box 1119
Wrightwood, CA 92397
MAIL TAX STATEMENT TO:
Mr. and Mrs. Donald Nuse
P.O. Box 1119
Wrightwood, CA 92397

Electronically Recorded in Official Records, County of San Bernardino    11/01/2011
03:35 PM
PV
**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
743  Fidelity National Title Co.

Doc #:  **2011-0454169**

| Titles: | 1 | Pages: | 2 |
|---|---|---|---|
| Fees | | | 16.00 |
| Taxes | | | 104.50 |
| Other | | | .00 |
| PAID | | | 123.50 |

Title Order No.: 33409010-DE

**GRANT DEED**

THIS SPACE FOR RECORDER'S USE ONLY:
Escrow No.: 02-003689-MC

*Mail Taxes To Above*

**EXHIBIT 4-B**
Pg 1 Of 2

RECORDING REQUESTED BY:
Fidelity National Title
AND WHEN RECORDED MAIL TO:
Mr. and Mrs. Donald Nuse
P.O. Box 1119
Wrightwood, CA 92397
MAIL TAX STATEMENT TO:
Mr. and Mrs. Donald Nuse
P.O. Box 1119
Wrightwood, CA 92397

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 33409010-DE                    Escrow No.: 02-00389-MG

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $104.50
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Victorville AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
  Reggie L. Bishop Sr., a single man who acquired title as
Reggie Lyn Bishop, Sr., a Single Man

hereby GRANT(s) to:

Donald Nuse and Yvonne Nuse, Husband and Wife

the real property in the City of Victorville, County of San Bernardino, State of California, described as:

Lot 339 of Tract No. 8030, in the unincorporated area of Victorville, County of San Bernardino, State of California,
as per map recorded in Book 108, Pages 6 through 12 inclusive of Maps, in the office of the County Recorder of
said County.

Also Known as:  14011 Driftwood Drive, Victorville, CA 92395
APN: 0480-191-05

DATED October 15, 2011
STATE OF CALIFORNIA
COUNTY OF LOS ANGELES                    _Reggie L Bishop SR_
On OCT 20, 2011                          Reggie Lyn Bishop, Sr.
Before me, O. BARNETT
A Notary Public in and for said State, personally appeared
REGGIE L. BISHOP SR.

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Signature _____

O. BARNETT
Commission # 1834262
Notary Public - California
Los Angeles County
My Comm. Expires Feb 27, 2013

(This area for official notarial seal)

EXHIBIT 4-B
Pg 2 Of 2

HomeInfoMax.com                                                                    4/9/12 9:28 AM

## Basic Property Report

www.homeinfomax.com

Save report                          Prepared for: George                          09 Apr 2012

### PROPERTY

14011 DRIFTWOOD DR, VICTORVILLE, CA 92395 (APN: 0480-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)        [Google Map] [Bing Map]

### OWNERSHIP INFORMATION

| | |
|---|---|
| Name: NUSE DONALD / NUSE YVONNE M | Owner Occupied: UNKNOWN |
| Mailing Address: PO BOX 1119 / WRIGHTWOOD CA / 92397 | Phone number: |

### LOCATION INFORMATION

| | |
|---|---|
| County: SAN BERNARDINO | APN: 0480-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 |
| City: VICTORVILLE | Alternate APN: |
| State: CA | Census Tract: 0100.04 |
| Zip: 92395   +41 | Subdivision: 8030 |
| Legal Lot: 339 | Municipality: |

### PROPERTY CHARACTERISTICS

| | |
|---|---|
| Year Built: 1972 | Pool: N   Description: |
| Living Area: 1501 | Air Conditioning: N   Type: |
| Bedrooms: 2 | Fireplaces: Y   Number: 1 |
| Bathrooms Full: 3 | Style: |
| Bathrooms Half: | Roof Material: BUILT-UP |
| Other Rooms: | Basement/Main Area: |
| Total Rooms: 4 | Foundation: |
| Number of Stories: 2 | Construction Quality: |
| Parking Type: ATTACHED GARAGE   Parking Capacity: 2 | Condition: AVERAGE |

### SITE INFORMATION

| | |
|---|---|
| Land Use: SFR | Census Block: 5 |
| Lot Area: 7200 | Site Description: |

### LAST TRANSFER INFORMATION

| | |
|---|---|
| Recording Date: 20111121 (Nov 21, 2011) | Deed Type: CORRECTION DEED |
| Sale Date: 20111102 (Nov 2, 2011) | Document Number: 495290 |
| Sale Price: | Mortgage Document Number: |

### LAST MARKET SALE INFORMATION

| | |
|---|---|
| Last Recording Date: 20111101 (Nov 1, 2011) | Deed Type: GRANT DEED |

EXHIBIT 10
Pg 1 Of 2

EXHIBIT 4-C
Pg 1 Of 2

HomeInfoMax.com                                                                                4/9/12 9:28 AM

| Last Sale Date: 20111015 (Oct 15, 2011) | Document Number: 454169 |
| Last Sale Price: $95,000.00 | Mortgage Document Number: |
| Seller Name: BISHOP REGGIE I. SR | Price per SqFt: $63.29 |

Information contained in reports and documents is based on current and publicly available data originating primarily from local
governmental sources. HomeInfoMax presents everything "as is" without any obligation to update, supplement or enhance any missing
and/or defective data. No warranties, expressed or implied, are provided for the data herein, its use, or its interpretation. Presented
information is deemed to be reliable; every effort has been made to ensure the accuracy, however HomeInfoMax assumes no
responsibility for the accuracy or validity of the information.

EXHIBIT 10
Pg 2 Of 2

EXHIBIT 4-C
Pg 2 Of 2

Ms. Nancy Willis, Trustee of
the Gwendolyn R. Moore Trust
4566 Mt. Vernon Drive
Los Angeles, CA, 90043
(323) 293-3270

January 27, 2012

TO: Beneficiaries of the Gwendolyn R. Moore Trust
RE: Partial Disbursement of Proceeds for Real Property

The following calculations were made for the beneficial interest of each beneficiary of the
Gwendolyn R. Moore Trust, as follows:

On January 25, 2012, the real property located at 4572 Mt. Vernon Dr. Los Angeles, CA,
90043 sold for $595,000. As per the Settlement Agreement dated July 17, 2010, attached
hereto and made a part hereof, Yolonda Page, William Brown, and Ernest Brown were paid
$488,500 from the proceeds of the sale. Your share for participation in the Settlement was
$146,187 each. The following interests have been calculated as follows:

The property located at 3305 Stocker Los Angeles, Ca, 90008 appraised at $410,000, a
copy of the valuation page is attached hereto and made a part hereof. The following
calculations of your beneficial interests are as follows:

Mr. Reggie Bishop - $410,000 x 2/3 = $273,333.34

Ms. Brenda Richards - $410,000 x 1/6 = $68,333.33

Mr. Frederick F. Richards, III - $410,000 x 1/6 = $68,333.33.

The property located at 14011 Driftwood Dr., Victorville, CA. 92895 appraised at $95,000, a
copy of the valuation page is attached hereto and made a part hereof. The following
calculations of your beneficial interests are as follows:

Mr. Reggie Bishop - $95,000 x 2/3 = $63,333.34

Mr. Brenda Richards - $95,000 x 1/6 = $15,833.33

Mr. Frederick F. Richards, III - $95,000 x 1/6 = $15,833.33

EXHIBIT 5
Pg ___ Of 2

2011-02-02 10:34    BRENDA RICHARDS    32393919347 >>    13127821289    P 1/1

EXHIBIT 5
Pg ___ Of 2

*Your varying interests have been determined as follows:*

*Brenda Richards and Frederick F. Richards, III*

$195,666.00 Stocker
21,666.00 Driftwood
  40,504.54 Mt Vernon
$268,836.54
-146,167.00
  62,669.54 divided by 2 = 31,334.77 each

*Reggie L. Bishop*

$273,339.34 Stocker
81,099.98 Mt. Vernon
  63,833.34 Driftwood
$417,678.56
-146,167.00
$271,509.56

*Thank you for your immediate attention and continued cooperation Should you have any questions, please feel free to call me.*

*Sincerely,*

*Nancy Willis, Trustee*

EXHIBIT 5
Pg 2 Of 2

P.A    1317762126     52283135347 >>    1317762126    2011-02-02 10:59 1  BRENDA RICHARDS

EXHIBIT 5
Pg 2 Of 2

Robert J Spitz (SBN 067643)
LAW OFFICE OF ROBERT J SPITZ
204 North San Antonio Avenue
Ontario, California 91762
Telephone       (909) 395-0909
Facsimile       (909) 395-9535

Attorney for Trustee
NANCY WILLIS



DATE OF HEARING
JAN - 18 - 13
Time: 1:30 Dept.: 11

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re the Matter of the | CASE NO. DP 120811 |
| GWENDOLYN R. MOORE TRUST | FIRST ACCOUNTING AND REPORT OF SUCCESSOR TRUSTEE, NANCY WILLIS |
| DATED DECEMBER 9, 2004 | Hearing Date January 18, 2013<br>Time            8.30 am<br>Dept  11        22 |

NANCY WILLIS ("Trustee" herein) respectfully represents

**Background and Jurisdictional Facts**

1  Jurisdictional Facts  GWENDOLYN R. MOORE ("Decedent" herein) died on or about November 30, 2009  Decedent was a resident of Los Angeles County, California, at the time of her death

2  Appointment As Trustee. The decedent, Gwendolyn R. Moore was born on August 31, 1922, and was 87 years old when she died on November 30, 2009  The Trustee, Nancy Willis, was the decedent's best friend and neighbor for more than 40 years, prior to Mrs. Moore's death  Trustee is informed and believes that the decedent and her husband Mildridge B. Moore, M.D., who preceded her in death, established the MILDRIDGE B. MOORE AND GWENDOLYN R. MOORE FAMILY TRUST, by instrument dated March 15, 1991 (The "1991 Family Trust")  The

-1-
FIRST ACCOUNTING AND REPORT OF TRUSTEE

EXHIBIT 6
Pg 1 Of 736

1  decedent, Gwendolyn R. Moore, served as the sole Trustee of the 1991 Family Trust. The

2  decedent was the survivor of said Trust and reserved absolute powers of appointment, revocation

3  and amendment. The Trustee is informed and believes that the "1991 Family Trust" was amended

4  and restated in its' entirety by instrument dated July 29, 1991.

5      The Trustee is informed and believes that the decedent executed the Gwendolyn R.

6  Moore Trust on December 9, 2004 (hereinafter referred to as the "2004 Trust"), which nominated

7  Yolonda Page as the "Successor Trustee."

8      By instrument, dated July 31, 2008, the decedent executed the *First Amendment To*

9  *Declaration Of Trust. A First Codicil to the Will of Gwendolyn R. Moore* was executed at that

10 time, and purports that the subscribing witnesses observed the decedent to have been of "sound

11 and disposing mind."

12     By instrument, dated October 21, 2009, the decedent executed the *Second Amendment*

13 *To Declaration Of Trust*, which removed Yolonda Page, and nominated Brenda Richards, as

14 "Successor Trustee." *A Second Codicil to the Will of Gwendolyn R. Moore* was executed at that

15 time, and purports that the subscribing witnesses observed the decedent to be of "sound and

16 disposing mind."

17     By instrument, dated November 6, 2009 *(the "2009 Trust")*, the decedent executed the

18 *Third Amendment To Declaration Of Trust*, which removed Brenda Richards, and nominated

19 Nancy Willis, as "Successor Trustee."

20     In each of the above-stated *Amendments to the Declaration Of Trust*, the decedent,

21 specifically, *amended Paragraph II* of the Trust, regarding the distribution of specific gifts in the

22 Trust.

23     The 2004 Gwendolyn R. Moore Trust as amended by each of the three amendments is

24 hereinafter referred to as the 2009 GM Trust

25                  <u>INVENTORY AND APPRAISAL</u>

26     There were three assets of the 2009 GM Trust as shown on Exhibit 1, which is a copy of

27 Schedule A of the 2009 GM Trust.  These assets are real property, commonly known as follows:

28     1.    14011 Driftwood Drive, Victorville, CA 92392 (the "Driftwood Property")

2.      4572 Mt. Vernon Drive, Los Angeles, CA 90043 (the "Mt. Vernon Property")

3.      3305 Stocker St., Los Angeles, CA 90008   (the "Stocker Property")

Litigation ensued over the rights of Yolanda Page, William Brown and Ernest Brown to receive under the 2009 GM Trust, as they were pretermitted from the *Third Amendment To Declaration Of Trust*. After the parties entered into a Settlement Agreement that was reached at the end of a marathon 16 hour Mediation session, this Court entered an Order that Yolanda Page, William Brown and Ernest Brown should receive $438,500 from the sale of the Mt. Vernon Property. See Exhibit 2.

The Mt. Vernon Property was sold for $595,000 through an escrow on or about January 26, 2011 and the requisite amount of $438,500 was distributed from that escrow to attorneys for Yolanda Page, William Brown and Ernest Brown in satisfaction of the Order.

The amount of $121,514.52 was paid out of that escrow to the 2009 GM Trust. See Exhibit 2. This amount was deposited directly into the Chase bank account for the 2009 GM Trust as can be seen in the January 14 - February 11, 2011 Chase bank statement attached as Exhibit 5.

After the litigation over the rights of Yolanda Page, William Brown and Ernest Brown concluded, the attorney for the Trustee, Andrea G. Van Leesten abandoned her client, Trustee, Nancy E. Willis without giving her client a shred of guidance with regard to the distribution of the remaining assets of the 2009 GM Trust. Attached as Exhibit 3 is a copy of the final letter of Van Leesten to the Trustee, dated barely two weeks after the close of the escrow on the Mt. Vernon Property, informing her that all of the paperwork for the Trust had been dumped into a box that was ready for pick up and making sure that Van Leesten received her final pay check. Ms. Van Leesten thanked the Trustee for the money she got and refused to discuss any aspect of the Trustee's further duties and obligations regarding the remaining assets of the 2009 GM Trust.

Thereafter, the Trustee received less than competent advice with regard to the proper distribution of the remaining assets of the 2009 GM Trust.

Attached as Exhibit 4 is a "Profit and Loss" Statement purporting to show a summary of the various payments that were made to beneficiaries and payments of expenses of the 2009 GM

EXHIBIT 6

1   Trust that were paid out by the Trustee during the time period from January 1, 2011 through July

2   9, 2012. This Statement is the only one that is available at this time that provides a summary of

3   the payments to beneficiaries and expenses of the 2009 GM Trust through July 9, 2012. It is not

4   certain at this time whether or not this "Profit and Loss" Statement is an accurate summary of all

5   the expenses and payments that were made from the Trust bank account. This "Profit and Loss"

6   Statement shows that a total of $213,773.57 was paid out of funds deposited into the Chase bank

7   account of the Trust by the Trustee for various expenses and payments to beneficiaries. The

8   amount of $95,819.82 was paid out to the Beneficiaries of the 2009 GM Trust. This distribution

9   includes the following payments:

10.      Brenda Richards          $15,833.33

11       Fredrick F. Richards     $15,833.33

12       Reggie Bishop            $30,653.22

13       The Trustee sent additional cashier's checks to beneficiaries of the 2009 GM Trust in

14   amounts as follows:

15       Brenda Richards          $15,833.33

16       Fredrick F. Richards     $15,833.33

17       Brenda Richards          $ 2,864.97

18       Fredrick F. Richards     $ 2,864.97

19       Attached as Exhibit 5 is a copy of all of the bank statements from the Gwendolyn R

20   Moore Trust bank account that was maintained at Chase Bank, account number xxxxxxx8029, by

21   the Trustee, Nancy Willis. These statements are the available Bank Statements for the time

22   period from January 14, 2011 when the $121,514.82 proceeds from the sale of Mt. Vernon were

23   deposited, until June 12, 2012 when a final withdrawal of $3,499.94 brought the balance on the

24   account to $0.00 and the account was closed.

25       The Chase bank account statements and checks are believed to show the distribution

26   and use of all of the cash that was accumulated by the Trustee during her time as Trustee.

27   REAL PROPERTY ASSETS OF THE TRUST

28       After the sale of the Mt. Vernon Property, there were two parcels of real property that

EXHIBIT 6

Pg _4_ Of _73_

1    remained in the 2009 GM Trust - the Stocker Property and the Driftwood Property.

2         Title to the Stocker Property was transferred to trust beneficiary, Reggie Lyn Bishop, Sr.

3    by Trustee, Nancy Willis on January 21, 2011. See Trust Transfer Grant Deed Exhibit 6. Reggie

4    Bishop holds title to the Stocker Property at the present time. This property is a four unit rental

5    property that has been valued by some at $410,000, but it has a number of repairs that are needed

6    before it can be rented out to tenants. It is not rentable at the present time and the actual market

7    value of this property in its present condition is unknown.

8         Title to the Driftwood Property was transferred to Reggie Bishop on January 21, 2011.

9    See Exhibit 7. That property was sold to a third party for the amount of $95,000 on November 2,

10   2011, which is believed to be its fair market value.   It is not known by the Trustee at this point in

11   time the amount of the proceeds after payment of closing costs from the sale of the Driftwood

12   Property.

13   <u>LIABILITIES OF THE TRUST</u>

14        There are no known liabilities of the trust as of the end of the period covered by this

15   account.

16   <u>TRUSTEE COMPENSATION</u>

17        The Trustee was compensated for her services in managing the Trust in the amount of

18   $4,166.67. In addition, she hired an attorney to represent her in the preceding action and said

19   attorney has been compensated.

20   <u>NOTICES TO RECIPIENTS OF THIS ACCOUNT</u>

21        Any recipient of this account may petition the court pursuant to Probate Code Section

22   17200 to obtain a court review of the account and of the acts of the trustee.

23        Claims against the trustee for breach of trust may not be made after the expiration of

24   three years from the date the beneficiary receives an account or report disclosing facts giving rise

25   to the claim.

26   <u>ESTIMATED CLOSING EXPENSES</u>

27        It is not known what additional expenses may be incurred by the Trustee in order to

28   close out the distributions under the 2009 GM Trust.

EXHIBIT 6
Pg 5 of 8

1    The foregoing reflects the status of the distribution of the assets of the 2009 GM Trust

2    to the best of my knowledge at the present time.

3

4    Dated: December 17 , 2012

5    Respectfully submitted,

6

7    NancyWillis,

8

9    Trustee of The Gwendolyn R. Moore Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

EXHIBIT 6
Pg __6__ Of 13

**EXHIBIT 1**    Pg 1 Of 73

EXHIBIT 6

SCHEDULE "A"

1. Real Property located at
   14031 Driftwood Drive, Victorville, CA 92392
   Legally described as:

   Tract No. 8030 Lot 3393372

   A.P.N. 0400-191-05-0-000

2. Real Property located at
   4572 Mt. Vernon Drive, Los Angeles, CA 90043
   Legally described as:

   Tract #13978 Lot 12

   A.P.N. 5010-002-012

3. Real Property located at
   3305 Stocker St., Los Angeles, CA 90008
   Legally described as:

   Tract #10023 ex of alley lot 1/3

   A.P.N. 5024-026-002

EXHIBIT 6
Pg 8 Of 73

**EXHIBIT 2**

EXHIBIT 6

Pg __9__ Of 73

1    Andrea G. Van Leeston, Esq. (SBN #152628)
     LAW OFFICE OF ANDREA G. VAN LEESTEN
2    6101 West Centinela Avenue, Ste 270
     Culver City, CA 90230
3    Telephone: (310) 410-1717
     Facsimile: (310) 410-1747
4
     Attorney for Nancy Willis,
5    Successor Trustee

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11   In Re the Matter of:              CASE NO. BP 120 811
                                       and BP 120363
12
13   GWENDOLYN R. MOORE                ORDER AFTER HEARING
     TRUST,
14       dated December 9, 2004.
                                       Date:   September 8, 2010
15                                     Time:   8:30 a.m.
                                       Dept:   5
16                                     Hon. Mitchell L. Beckloff

17

18

19   THE HONORABLE  Mitchell L. Beckloff, presiding

20   DATE OF HEARING: June 8, 2010  September 8, 2010

21   Department: 5

22        Appearing at the hearing: Trustee, Nancy Willis, her counsel, Andrea G. Van Leeston,

23   Esq., Mina N. Sirkin, Esq., for Petitioner, Yolanda Page and Mina N. Sirkin, specially appearing

24   for Ernest Page,  Reggie L. Bishop appeared, as well as his counsel, Larry Llewelyn, Esq.

25        THE COURT, having considered the pleadings and documents heretofore filed by the

26   parties and having heard argument, in support of and in opposition to, the PETITION TO

27   CONFIRM THE SETTLEMENT AGREEMENT AND TO APPROVE THE GWENDOLYN R.

28   MOORE TRUST DATED DECEMBER 9, 2004 AND AS AMENDED THE BY THIRD

                                        1

GWENDOLYN R. MOORE TRUST                        ORDER AFTER HEARING

1  AMENDMENT AND THE MODIFICATIONS, does hereby makes only the following Orders at

2  this time:

3      1. The Settlement Agreement dated July 17, 2010 as filed in the Petition is approved and

4  incorporated in the order by reference.

5      2. The Settlement Agreement, remains under the jurisdiction of the Los Angeles Superior

6  Court with respect to the enforcement and completion of the settlement provided herein.

7      3. The Gwendolyn R. Moore Trust as amended by the Third Amendment of November 6,

8  2009 is confirmed by the Court except as modified below.

9      4. The Will of Gwendolyn R. Moore and the third Codicil as modified is approved.

10      5. Yolanda Page, William Brown and Ernest Brown will receive the sum of

11  $438,500.00 per the Settlement Agreement, first from the sale of the real property located at

12  4572 Mt. Vernon Drive, Los Angeles, CA. If the proceeds do not net the $438,500.00 then

13  the Successor Trustee shall use, sell or borrow from or against any or all other assets of the

14  Trust to pay the specific distribution to Yolanda Page, William Brown, and Ernest Brown.

15  This specific distribution shall have priority over all distributions, attorneys fees, and

16  trustees fees.

17      6. The Successor Trustee, Nancy Willis shall next distribute the sum of $2,500 each to the

18  specifically named beneficiaries as modified by agreement of the Parties: Doris Frierson, Tiffany

19  Frierson, Shannon Nelson, Roland Jefferson, Jr. Rodney Jefferson, Royce Jefferson, Ronald

20  Copeland, Kyle Copeland, Caryl Thompson, Patricia Sides, Nicole Hayes, Fred Page, Jr., Nicholas

21  Brown, Kimberly Johnson Davis, Mindy Brown Berry, Alta Williams and Congregational Church

22  of Christian Fellowship.

23      7. The rest, remainder and residue of the Trust both real and personal shall be distributed

24  as follows: 1/6 to Brenda Richards, 1/6 to Fred Richards and 2/3 to Reggie Bishop.

25      8. Nancy Willis is the named Successor Trustee of the Gwendolyn R. Moore Trust dated

26  December 9, 2004 as amended to carry out the terms of the Trust and the modifications herein.

27

28      9. Nancy Willis is the Executrix of the Estate under the Third Codicil.

2

GWENDOLYN R. MOORE TRUST

EXHIBIT



**EXHIBIT 3**

EXHIBIT 6

Pg 12 Of 73

Andrea G. Van Leesten
ATTORNEY AT LAW

PACIFICA PLAZA OFFICE BLDG.
4141 W. CENTINELA AVE., STE 270
CULVER CITY, CALIFORNIA 90230
(310) 410-1711
FAX (310) 410-1747

February 8, 2011

Nancy E. Willis
4566 Mt. Vernon Drive
Los Angeles, CA 90043

Re: Gwendolyn R. Moore Trust Administration

Dear Ms. Willis:

Enclosed in this box, which you are picking up, I have returned your file to you in its entirety. In the envelop marked original documents, I have enclosed the following: The original Trust and 1st, 2nd and 3rd amendments of Gwendolyn R. Moore, deceased. Two original unfiled receipts for the personal property distributed pursuant to the Mediation Agreement, and an original death certificate. There is an uncashed check made payable to the Los Angeles Superior Court for filing fees that was not used.

I have prepared the Substitutions of Attorney for both cases in the Probate and the Trust Proceeding. I have prepared them for you to be in pro per, to represent yourself or retain new counsel. I will file them after you have signed them and send you a conformed copy. The Substitutions will allow you to represent yourself in Court or directly to the opposing counsel. They are enclosed, please bring them with you when you come to my office.

I have prepared my bill which is $16,230.00. There was a credit on the bill from June 2010 in the amount of $3,213.37. The balance is $13,354.13. The bill is attached for your reference.

Thank you for the opportunity to represent you in this matter. This file is closed when you pick up your box.

Sincerely,

Andrea G. Van Leesten

EXHIBIT 6



# EXHIBIT 4

EXHIBIT 6
Pa 14 of 73

1:50 PM
07/09/12
Accrual Basis

# GWENDOLYN R MOORE TRUST
## Profit & Loss
### January 1, 2011 through July 9, 2012

|  | Jan 1, '11 - Jul 9, 12 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Mount Vernon Dr. | 121,514.82 |
| **Total Income** | 121,514.82 |
| | |
| **Expense** | |
| Bank Fees | 30.00 |
| **Beneficiary** | |
| Brenda Richards | 15,833.33 |
| Caryl Thompson | 2,500.00 |
| Doris Peterson | 2,500.00 |
| Fred Page | 2,500.00 |
| Fredrick F. Richards | 15,833.33 |
| James McKnight | 2,500.00 |
| Kimberly Davis | 2,500.00 |
| Mandalyn Berry | 2,500.00 |
| Nicholas Brown | 2,500.00 |
| Nicole Hayes | 2,500.00 |
| Patricia Sides | 2,500.00 |
| Reggie Bishop | 30,653.22 |
| Shannon J. Nelson | 2,500.00 |
| Tiffany Frierson | 2,500.00 |
| Beneficiary - Other | 5,999.94 |
| **Total Beneficiary** | 95,819.82 |
| Income | -3,352.56 |
| Insurance Expense | 8,924.02 |
| **Professional Fees** | |
| Admin | 1,130.00 |
| Legal | 53,529.13 |
| Trust Admin | 20,000.00 |
| Professional Fees - Other | 23,411.55 |
| **Total Professional Fees** | 98,076.69 |
| | |
| Property Management Fees | 226.00 |
| Repairs and Maintenance | 3,994.30 |
| Taxes | 10,870.91 |
| Utilities | 1,185.39 |
| **Total Expense** | 213,773.57 |
| | |
| **Net Ordinary Income** | -92,258.75 |
| | |
| **Other Income/Expense** | |
| **Other Income** | |
| Other | 24,145.56 |
| **Total Other Income** | 24,145.56 |
| | |
| **Net Other Income** | 24,145.56 |
| | |
| **Net Income** | -68,113.19 |



# EXHIBIT 5

**EXHIBIT** 6

Pg 16 Of 23

**EXHIBIT 6**
Pg 17 OF 73

## CHASE 🟢

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

January 14, 2011 through February 11, 2011

Account Number:    000000866528029

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

00000369 DRE 703 141 04311 - YNNNNNNNNNN T 1 000000000 09 0000
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4566 MOUNT VERNON DR
LOS ANGELES CA 90043-2013

## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $64,440.95 |
| Deposits and Additions | 121,514.82 |
| Checks Paid | - 71,854.22 |
| Ending Balance | $114,101.55 |

This message confirms your enrollment in the Classic Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT | CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|---|---|---|
| 280 ^ | 01/25 | $2,694.00 | 292 | 02/08 | 7.40 |
| 281 | 02/01 | 8.10 | 293 ^ | 02/10 | 33.72 |
| 282 ^ | 01/28 | 60.00 | 294 ^ | 02/10 | 13,354.13 |
| 283 ^ | 01/28 | 34.59 | 295 ^ | 02/09 | 19,193.33 |
| 284 ^ | 01/28 | 30,500.00 | 311 ^ ^ | 01/25 | 839.48 |
| 287 ' ^ | 02/01 | 60.00 | 312 ^ | 01/27 | 3,491.65 |
| 289 ' | 02/07 | 16.08 | 313 ^ | 02/01 | 225.00 |
| 290 ^ | 02/03 | 500.00 | 314 ^ | 01/31 | 43.74 |
| 291 ^ | 02/08 | 771.00 | | | |

Total Checks Paid    $71,854.22

If you see a check description in the Transaction Detail section, it means your check has already been converted for
electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

* All of your recent checks may not be on this statement, either because they haven't cleared yet or they were listed on
ne of your previous statements.

Image of this check may be available for you to view on Chase.com.

EXHIBIT 6
Pg 18  Of 23

# CHASE ⬡

January 14, 2011 through February 11, 2011
Account Number:    000000866528029

## TRANSACTION DETAIL

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|---|---|---|---|---|
| | Beginning Balance | | | $64,440.95 |
| 01/25 | Check | # 280 | - 2,694.00 | 61,746.95 |
| 01/25 | Check | # 311 | - 839.48 | 60,907.47 |
| 01/26 | Deposit | | 121,514.82 | 182,422.29 |
| 01/27 | Check | # 312 | - 3,491.65 | 178,930.64 |
| 01/28 | Check | # 284 | - 30,500.00 | 148,430.64 |
| 01/28 | 01/28 Check | # 282 | - 60.00 | 148,370.64 |
| 01/28 | 01/28 Check | # 283 | - 34.59 | 148,336.05 |
| 01/31 | Check | # 314 | - 43.74 | 148,292.31 |
| 02/01 | Check | # 313 | - 225.00 | 148,067.31 |
| 02/01 | Check | # 287 | - 80.00 | 147,987.31 |
| 02/01 | Check # 0281 | Socalgas    Arc Pymt    Arc ID: 3951240705 | - 8.10 | 147,979.21 |
| 02/03 | 02/03 Check | # 290 | - 500.00 | 147,479.21 |
| 02/07 | Check # 289 | So Cal Edison    Mailed Pmt    Arc ID: 1951240335 | - 18.08 | 147,461.13 |
| 02/08 | Check | # 291 | - 771.00 | 146,690.13 |
| 02/08 | Check # 292 | So Cal Edison    Mailed Pmt    Arc ID: 1951240335 | - 7.40 | 146,682.73 |
| 02/09 | Check | # 295 | - 19,193.33 | 127,489.40 |
| 02/10 | Check | # 294 | - 13,354.13 | 114,135.27 |
| 02/10 | Check | # 293 | - 33.72 | 114,101.55 |
| | Ending Balance | | | $114,101.55 |

EXHIBIT 6
Pg 19 Of 73

Page 2 of 11

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
Los Angeles, CA

277

Date: 1/5/11

Pay to the order of: Dewey Pest Control $ 40.00

Forty 00/100 Dollars

CHASE

Memo: 971781

Nancy Willis Trustee

01-05-11 53731 PAY TO ORDER OF BANK OF AMERICA FOR DEPOSIT ONLY DEWEY PEST CONTROL

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
Los Angeles, CA

271

Date: 12/31/10

Pay to the order of: Co of San Bernardino-West Sanitation $ 100.34

One hundred 34/100 Dollars

CHASE

1460 Driftwood Dr

Memo: 684-1533-1

Nancy Willis Trustee

6569681557

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
Los Angeles, CA

278

Date: 1/6/11

Pay to the order of: Reggie Bishop $ 720.00

Seven hundred twenty 00/100 Dollars

CHASE

Memo: Maintenance

Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
Los Angeles, CA

280

Date: 1/21/11

Pay to the order of: Safeco Insurance $ 2,694.00

Two thousand six hundred ninety four 00/100 Dollars

CHASE

Fire OA0174750 ($1,320.00)

Memo: Earthquake EA3774616 ($1,374.00)

Nancy Willis Trustee

Stowe

SAFECO CHK

7616633295

US BANK

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
Los Angeles, CA

321

Date: 4/21/11

Pay to the order of: County of San Bernardino $ 839.38

Eight hundred thirty nine 38/100 Dollars

CHASE

1460 Driftwood Dr

Memo: 0430-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

Nancy Willis Trustee

6560776024

EXHIBIT 6

Pg 20 Of 73

Page 3 of 11



GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4261 DON MARIANO DR
LOS ANGELES, CA 90008-3013
332

1/21/11

PAY TO THE ORDER OF Los Angeles County Tax Collector    $ 3,491.65

Three thousand four hundred ninety one      65/100 DOLLARS

CHASE

050-24-036-002    Nancy Willis Trustee

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4261 DON MARIANO DR
LOS ANGELES, CA 90008-3013
284

1/28/11

PAY TO THE ORDER OF Reggie Bishop    $ 30,500.00

Thirty thousand five hundred      00/100 DOLLARS

CHASE

FOR Loan incurred for the Trust    Nancy Willis Trustee

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4261 DON MARIANO DR
LOS ANGELES, CA 90008-3013
262

1/28/11

PAY TO THE ORDER OF Reggie Bishop    $ 60.00

Sixty      00/100 DOLLARS

CHASE

FOR Trust Info    Nancy Willis Trustee

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4261 DON MARIANO DR
LOS ANGELES, CA 90008-3013
283

1/28/11

PAY TO THE ORDER OF Reggie Bishop    $ 34.59

Thirty four      59/100 DOLLARS

CHASE

FOR Plumbing Supplies    Nancy Willis Trustee

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4261 DON MARIANO DR
LOS ANGELES, CA 90008-3013
314

1/24/11

PAY TO THE ORDER OF Advance Disposal Co.    $ 43.74

Forty three      74/100 DOLLARS

CHASE

FOR 11 54969 Victorville    Nancy Willis Trustee

EXHIBIT 6
Pg 21 of 73



EXHIBIT 6
Pg 22 of 73

Page 5 of 11

EXHIBIT 6
Pg 23 Of 23

Page 4 of 11



EXHIBIT 6
Pg 24 Of 23

EXHIBIT 6
Pg 25 Of 73

**Check 1:**

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4091 MOUNT VERNON DR
LOS ANGELES, CA  90043-3513

1101
312

Date 1/31/11

PAY TO THE ORDER OF  Los Angeles County Tax Collector    $ 3,491.85

Three thousand four hundred ninety one 85/100 DOLLARS

CHASE

502-026-002    Nancy Willis Trustee

**Check 2:**

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4091 MOUNT VERNON DR
LOS ANGELES, CA  90043-3513

1101
284

Date 1/28/11

PAY TO THE ORDER OF  Reggie Bishop    $ 30,500.00

Thirty thousand five hundred no/100 DOLLARS

CHASE

Return of Incurred for Trust    Nancy Willis Trustee

**Check 3:**

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4091 MOUNT VERNON DR
LOS ANGELES, CA  90043-3513

1101
282

Date 1/29/11

PAY TO THE ORDER OF  Reggie Bishop    $ 60.00

Sixty no/100 DOLLARS

CHASE

Trust Info    Nancy Willis Trustee

**Check 4:**

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4091 MOUNT VERNON DR
LOS ANGELES, CA  90043-3513

1101
283

Date 1/25/11

PAY TO THE ORDER OF  Reggie Bishop    $ 34.59

Thirty four 59/100 DOLLARS

CHASE

Plumbing Supplies    Nancy Willis Trustee

**Check 5:**

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4091 MOUNT VERNON DR
LOS ANGELES, CA  90043-3513

1101
314

Date 1/31/11

PAY TO THE ORDER OF  Advance Disposal Co.    $ 43.74

Forty three 74/100 DOLLARS

CHASE

1154929    Nancy Willis Trustee

**EXHIBIT 6**
Pg 26 of 73

Page 4 of 11



Check 1: GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — 287 — Pay to Manuel Martinez — $80.00 — Eighty — CHASE — January Gardening — Nancy Willis Trustee

Check 2: GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — 313 — Pay to Spring Valley Lake Association — $225.00 — Two hundred twenty five — CHASE — Nancy Willis Trustee

Check 3: GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — 290 — Pay to Reggie Bishop — $500.00 — Five hundred — CHASE — Driftwood Maintenance — Nancy Willis Trustee

Check 4: GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — 291 — Pay to Unigard Insurance Co — $771.00 — Seven hundred seventy one — CHASE — Nancy Willis Trustee

Check 5: GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — 295 — Pay to Reggie Bishop — $19,174.03 — Nineteen thousand one hundred ninety three — CHASE — distribution to Trust — Nancy Willis Trustee

EXHIBIT 6
Pg 22 Of 73

Page 4 of 11



**Check 287**
GWENDOLYN R. MOORE TRUST 1268
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90008
Date: 1/25/11
Pay to the order of: Manuel Martinez — $80.00
Eighty and No/100 Dollars
CHASE
For: January Gardening
Nancy Willis Trustee

**Check 313**
GWENDOLYN R. MOORE TRUST 1268
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90008
Date: 1/24/11
Pay to the order of: Spring Valley Lake Association — $225.00
Two hundred twenty five and No/100 Dollars
CHASE
For: Driftwood Dr
Nancy Willis Trustee

**Check 290**
GWENDOLYN R. MOORE TRUST 1268
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90008
Date: 2/5/11
Pay to the order of: Reggie Bishop — $500.00
Five hundred and No/100 Dollars
CHASE
For: Driftwood Maintenance
Nancy Willis Trustee

**Check 291**
GWENDOLYN R. MOORE TRUST 1268
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90008
Date: 2/3/11
Pay to the order of: Unigard Insurance Co — $771.00
Seven hundred seventy one and No/100 Dollars
CHASE
Nancy Willis Trustee

**Check 285**
GWENDOLYN R. MOORE TRUST 1268
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90008
Date: 2/9/11
Pay to the order of: Reggie Bishop — $19,193.65
Nineteen thousand one hundred ninety three and No/100 Dollars
CHASE
For: Distribution to Trust
Nancy Willis Trustee

EXHIBIT 6
Pg 28 Of 73

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
429 MOUNT VERNON DR.
LOS ANGELES, CA 90043-1013

283

2/4/11

California American Water    $ 33.72

Thirty three    77/00

CHASE O

05-0162635-7    Nancy Willis Trustee

CALIFORNIA AMERICAN WATER    $ 33.72

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
429 MOUNT VERNON DR.
LOS ANGELES, CA 90043-1013

284

2/9/11

A Horn & Andres G. Una    $ 13,356.15

Thirteen thousand three hundred fifty six    15/00

CHASE O

Final Payment    Nancy Willis Trustee

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
429 MOUNT VERNON DR.
LOS ANGELES, CA 90043-1013

287

2/15/11

Reggie Bishop    $ 150.00

One hundred fifty    00/00

CHASE O

Trust Info    Nancy Willis Trustee

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
429 MOUNT VERNON DR.
LOS ANGELES, CA 90043-1013

286

2/14/11

Cali Fornia American Water    $ 20.78

Twenty    78/100

CHASE O

Final Bill    Nancy Willis Trustee

05-0162635-7

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
429 MOUNT VERNON DR.
LOS ANGELES, CA 90043-1013

299

3/1/11

Special Dist Dept Water Sanitation Dist    $ 104.77

One hundred four    77/00

CHASE O

Victoria, CA

64-1565-1    Nancy Willis Trustee

EXHIBIT 6
Pg 29 Of 73

EXHIBIT 6

Pg 30 Of 73

# CHASE ○

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

February 12, 2011 through March 11, 2011
Account Number:    000000866528029

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

0024172 DRS 703 141 07111 - NNNNNNNNNNNN T 1 000000020 09 0000
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4566 MOUNT VERNON DR
LOS ANGELES CA 90043-2013



## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $114,101.55 |
| Deposits and Additions | 627.54 |
| Checks Paid | - 287.39 |
| Ending Balance | $114,441.70 |

This message confirms your enrollment in the Classic Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| 296 ^ | 02/17 | $20.93 |
| 297 ^ | 02/15 | 150.00 |
| 298 | 02/25 | 3.74 |
| 299 ^ | 03/07 | 104.78 |
| 300 | 03/11 | 7.94 |
| Total Checks Paid | | $287.39 |

If you see a check description in the Transaction Detail section, it means your check has already been converted for
electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

EXHIBIT 6
Pn 31 of 73

# CHASE ○

February 12, 2011 through March 11, 2011
Account Number:    000000866528026

## TRANSACTION DETAIL

| DATE | DESCRIPTION | | | AMOUNT | BALANCE |
|------|-------------|--|--|--------|---------|
| | Beginning Balance | | | | $114,101.55 |
| 02/15 | Deposit — State Co. Refund | | | 827.54 | 114,799.09 |
| 02/15 | 02/15 Check | # 297 | | - 150.00 | 114,578.09 |
| 02/17 | Check | # 296 | | - 20.93 | 114,558.16 |
| 02/25 | Check # 0298 | Socalgas | Arc Pymt | Arc ID: 3951240705 | - 3.74 | 114,554.32 |
| 03/07 | Check | # 299 | | - 104.78 | 114,449.64 |
| 03/11 | Check # 300 | So Cal Edison | Mailed Pmt | Arc ID: 1951240335 | - 7.94 | 114,441.70 |
| | Ending Balance | | | | $114,441.70 |





EXHIBIT 6
Pg 32 Of 73

EXHIBIT 6
Pg 33 Of 73

EXHIBIT 6
Pg 34 Of 73

# CHASE ○

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

March 12, 2011 through April 13, 2011

Account Number:    000000866628029



### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

00007231 DRE 703 141 10411 - NNNNNNNNNNNN T 1 000000000 09 0000
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4566 MOUNT VERNON DR
LOS ANGELES CA 90043-2013

## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $114,441.70 |
| Deposits and Additions | 2,725.02 |
| Checks Paid | - 65,966.68 |
| Ending Balance | $51,200.04 |

This message confirms your enrollment in the Classic Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT | CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|---|---|---|
| 285 ^ | 03/18 | $15,833.33 | 307 ^ | 03/25 | 2,500.00 |
| 288 ^ | 03/18 | 15,833.33 | 308 ^ | 03/28 | 2,500.00 |
| 301 ^ | 03/18 | 1,600.00 | 309 ^ | 03/28 | 2,500.00 |
| 302 ^ | 03/21 | 2,475.00 | 310 ^ | 04/11 | 2,500.00 |
| 303 ^ | 03/23 | 2,500.00 | 316 ^ | 03/29 | 2,500.00 |
| 304 ^ | 03/23 | 2,500.00 | 317 ^ | 03/30 | 2,500.00 |
| 305 ^ | 03/23 | 2,500.00 | 318 ^ | 03/30 | 2,725.02 |
| 306 ^ | 03/24 | 2,500.00 | 319 ^ | 04/12 | 2,500.00 |

Total Checks Paid    $65,966.68

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

* All of your recent checks may not be on this statement, either because they haven't cleared yet or they were listed on one of your previous statements.

^ Image of this check may be available for you to view on Chase.com.

EXHIBIT 6
Pg 35 Of 73

# CHASE ○

March 12, 2011 through April 13, 2011
Account Number:    000000866528029

## TRANSACTION DETAIL

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|------|-------------|---|--------|---------|
| | Beginning Balance | | | $114,441.70 |
| 03/16 | 03/16 Check | # 288 | - 15,833.33 | 98,608.37 |
| 03/18 | 03/18 Check | # 285 | - 15,833.33 | 82,775.04 |
| 03/18 | Check | # 301 | - 1,600.00 | 81,175.04 |
| 03/21 | 03/21 Check | # 302 | - 2,475.00 | 78,700.04 |
| 03/23 | Check | # 304 | - 2,500.00 | 76,200.04 |
| 03/23 | 03/23 Check | # 303 | - 2,500.00 | 73,700.04 |
| 03/23 | Check | # 305 | - 2,500.00 | 71,200.04 |
| 03/24 | Check | # 306 | - 2,500.00 | 68,700.04 |
| 03/25 | Check | # 307 | - 2,500.00 | 66,200.04 |
| 03/28 | Check | # 308 | - 2,500.00 | 63,700.04 |
| 03/28 | Check | # 309 | - 2,500.00 | 61,200.04 |
| 03/29 | Check | # 316 | - 2,500.00 | 58,700.04 |
| 03/30 | 03/30 Check | # 318 | - 2,725.02 | 55,975.02 |
| 03/30 | Check | # 317 | - 2,500.00 | 53,475.02 |
| 04/04 | Deposit | SKFELD REFUND — RE- R. Bishop | 2,725.02 | 56,200.04 |
| 04/11 | Check | # 310 | - 2,500.00 | 53,700.04 |
| 04/12 | 04/12 Check | # 319 | - 2,500.00 | 51,200.04 |
| | Ending Balance | | | $51,200.04 |

EXHIBIT 6
Pg 36 Of 73

EXHIBIT 6
Pg 37 Of 73

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90043-2013

303

DATE 3/22/11

PAY TO THE ORDER OF Doris Frierson    $ 2,500.00

Two Thousand Five hundred    Dollars

CHASE

MEMO Beneficiary
Gwendolyn R. Moore Trust    Nancy Willis Trustee

⑈322716⑈    8685280290⑈0303

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90043-2013

304

DATE 3/22/11

PAY TO THE ORDER OF Tiffany Frierson    $ 2,500.00

Two Thousand Five hundred    Dollars

CHASE

MEMO Beneficiary
Gwendolyn R. Moore Trust    Nancy Willis Trustee

⑈322716⑈    8685280290⑈0304

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90043-2013

306

DATE 3/22/11

PAY TO THE ORDER OF Cheryl Thompson    $ 2,500.00

Two Thousand Five hundred    Dollars

CHASE

MEMO Beneficiary
Gwendolyn R. Moore Trust    Nancy Willis Trustee

⑈322702⑈    8685280290⑈0306

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90043-2013

307

DATE 3/22/11

PAY TO THE ORDER OF Patricia Sides    $ 2,500.00

Two Thousand Five hundred    Dollars

CHASE

MEMO Beneficiary
Gwendolyn R. Moore Trust    Nancy Willis Trustee

⑈322716⑈    8685280290⑈0307

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
4173 MOUNT VERNON DR.
LOS ANGELES, CA 90043-2013

308

DATE 3/22/11

PAY TO THE ORDER OF Marla Hayes    $ 2,500.00

Two Thousand Five hundred    Dollars

CHASE

MEMO Beneficiary
Gwendolyn R. Moore Trust    Nancy Willis Trustee

⑈322716⑈    8685280290⑈0308

EXHIBIT 6
Pg 88  Of 73

EXHIBIT 6
Pg 39 of 73

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
319
Pay to the order of: Meadalyn Berry    $2,500.00
Two Thousand Five Hundred
CHASE
Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
321
Pay to the order of: Reggie Bishop    $5,000.00
Five Thousand
CHASE
A Nancy Fees    Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
320
Pay to the order of: Reggie Bishop    $51.00
Fifty one
CHASE
2 hrs of Labor    Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
288
Pay to the order of: Nancy Willis    $20,000.00
Twenty Thousand
CHASE
Services Rendered    Nancy Willis Trustee

CHASE    WITHDRAWAL/RETIRO
Nancy Willis
Nancy Willis Trustee

EXHIBIT 6
Pn 40 of 72

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
611 MOUNT VERNON DR.
LOS ANGELES, CA 90008
310

PAY TO THE ORDER OF  Magdalen Darro          $ 2,500.00
Two thousand five hundred

CHASE
MEMO  Beneficiary
Magdalen R. Moore Trust          Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
611 MOUNT VERNON DR.
LOS ANGELES, CA 90008
321

PAY TO THE ORDER OF  Reggie Bishop          $ 5,000.00
Five thousand

CHASE
MEMO  Attorney Fees          Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
611 MOUNT VERNON DR.
LOS ANGELES, CA 90008
320

PAY TO THE ORDER OF  Reggie Bishop          $ 51.00
Fifty one

CHASE
MEMO  Letters of Admin          Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
611 MOUNT VERNON DR.
LOS ANGELES, CA 90008
288

PAY TO THE ORDER OF  Nancy Willis          $ 20,000.00
Twenty thousand

CHASE
MEMO  Services Rendered          Nancy Willis Trustee

CHASE          WITHDRAWAL/RETIRO

Nancy Willis
Reggie Bishop
Nancy Willis Trustee

EXHIBIT 6
Pg 41 of 73

EXHIBIT b
Pg 42 Of 73

# CHASE ○

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

April 14, 2011 through May 12, 2011
Account Number    000000865528029

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

00021572 DRE 703 141 13311 - YNNNNNNNN T 1 000000000 09 0000
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4586 MOUNT VERNON DR
LOS ANGELES CA 90043-2013



## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $51,200.04 |
| Deposits and Additions | 24,145.56 |
| Checks Paid | - 28,306.87 |
| and Other Withdrawals | - 23,411.56 |
| ...ng Balance | $23,627.17 |

This message confirms your enrollment in the Chase's Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| 288 ^ | 04/18 | $20,000.00 |
| 320 ^ | 04/15 | 51.00 |
| 321 ^ | 04/15 | 5,000.00 |
| 322 ^ | 04/29 | 2,500.00 |
| 323 ^ | 04/28 | 21.87 |
| 324 ^ | 05/12 | 734.00 |
| Total Checks Paid | | $28,306.87 |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

* All of your recent checks may not be on this statement, either because they haven't cleared yet or they were listed on one of your previous statements.
^ An image of this check may be available for you to view on Chase.com.

EXHIBIT 6
Pg 43 of 73

# CHASE ○

April 14, 2011 through May 12, 2011
Account Number:    000000866528029

## TRANSACTION DETAIL

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|------|-------------|---|--------|---------|
| | Beginning Balance | | | $51,200.04 |
| 04/15 | 04/15 Check | # 321 | - 5,000.00 | 46,200.04 |
| 04/15 | 04/15 Check | # 320 | - 51.00 | 46,149.04 |
| 04/18 | Check | # 288 | - 20,000.00 | 26,149.04 |
| 04/20 | 04/20 Withdrawal | | - 23,411.56 | 2,737.48 |
| 04/26 | Transfer From Chk Xxxxxx4605 | | X 22,911.56 | 25,649.04 |
| 04/26 | 04/26 Check | # 323 | - 21.87 | 25,627.17 |
| 04/29 | Check | # 322 | - 2,500.00 | 23,127.17 |
| 05/12 | Deposit    225154472 | | 734.00 | 23,861.17 |
| 05/12 | Transfer From Sav Xxxxxx4914 | | X 500.00 | 24,361.17 |
| 05/12 | 05/12 Check | # 324 | - 734.00 | 23,627.17 |
| | Ending Balance | | | $23,627.17 |



EXHIBIT 6
Pg 44 Of 73

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
1273 LOANS VENUE DR.
LOS ANGELES, CA 90043-2812    318

Acct# 941 385-65 $78 | 11

PAY TO THE ORDER OF  Mundeka Berry                    $ 2,500.00

Two thousand five hundred                    NO/100  DOLLARS

CHASE ☉

MEMO  for widelse business trust         Nancy Willis Trustee

⑈323271⑈29⑈  8665280 29⑈0319

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
1273 LOANS VENUE DR.
LOS ANGELES, CA 90043-2812    321

4/10/11

PAY TO THE ORDER OF  Reggie Bishop                    $ 5,000.00

Five thousand                    NO/100  DOLLARS

CHASE ☉

MEMO  Attorney Fees         Nancy Willis Trustee

⑈323271⑈29⑈  8665280 29⑈0321

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
1273 LOANS VENUE DR.
LOS ANGELES, CA 90043-2812    320

3/15/11

PAY TO THE ORDER OF  Reggie Bishop                    $ 51.00

Fifty one                    NO/100  DOLLARS

CHASE ☉

MEMO  Co Pmts of Admin         Nancy Willis Trustee

⑈323271⑈29⑈  8665280 29⑈0310

---

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
1273 LOANS VENUE DR.
LOS ANGELES, CA 90043-2812    286

1/01/11

PAY TO THE ORDER OF  Nancy Willis                    $ 20,000.00

Twenty thousand                    NO/100  DOLLARS

CHASE ☉

MEMO  Services Rendered         Nancy Willis Trustee

⑈323271⑈29⑈  8665280 29⑈0286  /000 2000000/

---

CHASE ☉    WITHDRAWAL/RETIRO

1/20/11    Nancy Willis

Regg Bishop

X Nancy Willis Trustee

⑈66528020⑈        7341 1 56

EXHIBIT 6
Pg 45 of 73

**EXHIBIT** 6
Pg 46 Of 73

**CHASE** 🟡
JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265 - 9754

May 13, 2011 through June 13, 2011
Primary Account 000000866528029

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |



Ililililililililililililililililililililili
00025142 DRE 703 141 16511 - DNNNNNYNNN'T 1 000000000 09 0000
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4568 MOUNT VERNON DR
LOS ANGELES CA 90043-2013

## CONSOLIDATED BALANCE SUMMARY

### ASSETS

| Checking & Savings | ACCOUNT | BEGINNING BALANCE THIS PERIOD | ENDING BALANCE THIS PERIOD |
|---|---|---|---|
| ..se Checking | 000000866528029 | $23,627.17 | $20,318.83 |
| e Savings | 000002901874914 | 0.01 | 0.00 |
| **Total** | | **$23,627.18** | **$20,318.83** |
| | | | |
| **TOTAL ASSETS** | | **$23,627.18** | **$20,318.83** |

All Summary Balances shown are as of June 13, 2011 unless otherwise stated.   For details of your retirement accounts, credit accounts or securities accounts, you will receive separate statements.  Balance summary information for annuities is provided by the issuing insurance companies and believed to be reliable without guarantee of its completeness or accuracy.

**EXHIBIT** 6
Pg 47 of 73

Page 1 of 2

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
LOS ANGELES, CA

325

DATE 6/9/11

PAY TO THE ORDER OF Reggie Bishop    $ 3,805.94

Three thousand three hundred eight    100 DOLLARS

CHASE

FOR Delinquent Taxes    Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
LOS ANGELES, CA

326

DATE 10/8/11

PAY TO THE ORDER OF Reggie Bishop    $ 5,000.00

Five Thousand    00/100 DOLLARS

CHASE

FOR    Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
LOS ANGELES, CA

327

DATE 10/28/11

PAY TO THE ORDER OF Reggie Bishop    $ 875.00

Eight hundred seventy five    100 DOLLARS

CHASE

FOR    Nancy Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
LOS ANGELES, CA

328

DATE 11/9/11

PAY TO THE ORDER OF Coleman + Coleman    $ 1,850.00

One thousand eight hundred fifty    00 DOLLARS

CHASE

FOR Taxes 10/1/10-11/9/11    Nancy E. Willis Trustee

GWENDOLYN R. MOORE TRUST
NANCY WILLIS TRUSTEE
LOS ANGELES, CA

329

DATE 11/9/12

PAY TO THE ORDER OF Franchise Tax Board    $ 42.00

Sixty three    00/100 DOLLARS

CHASE

FOR    Nancy Willis Trustee

EXHIBIT 6
Pa 42 of 73

EXHIBIT 6
Pg 49 Of 73

NO BANK STATEMENTS FOR

JULY 15, 2011 - SEPTEMBER 14, 2011

NO ACTIVITY

EXHIBIT 6
Pg 50 OF 73

EXHIBIT

# CHASE ⬡

Morgan Chase Bank, N.A.
O Box 659754
San Antonio, TX 78265-9754

October 15, 2011 through November 14, 2011
Account Number:    000000865528029

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

00003292 DRE 703 141 31911 YNNNNNNNNNN) T 1 000000000 09 0000
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4566 MOUNT VERNON DR
LOS ANGELES CA 90043-2013

## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $15,318.83 |
| Checks Paid | - 875.00 |
| Ending Balance | $14,443.83 |

This message confirms your enrollment in the Classic Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| 327 ^ | 10/24 | $875.00 |
| Total Checks Paid | | $875.00 |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|---|---|---|---|---|
| | Beginning Balance | | | $15,318.83 |
| 10/24 | 10/24 Check | # 327 | - 875.00 | 14,443.89 |
| | Ending Balance | | | $14,443.83 |

EXHIBIT 6
Pg 52 of 73

Page 1 of 2



EXHIBIT 6

Pg 53 Of 73

**EXHIBIT** 6
Pg 54 Of 73

CHASE ◯

JPMorgan Chase Bank, N.A.
O Box 659754
.an Antonio, TX 78265-9754

January 14, 2012 through February 13, 2012
Account Number:    000000366652B029



00143513 1 AV 0.35

00143513 DRE703 141 04513 NNNNNNNNNN T 1 000000060 09 0000 T207573 P425D
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4556 MOUNT VERNON DR
LOS ANGELES CA 90043-2013

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| ?ginning Balance | $14,443.83 |
| ..,,ecks Paid | - 2,254.00 |
| F ing Balance | $12,189.83 |

This message confirms your enrollment in the Classic Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| 328 ^ | 01/23 | $1,750.00 |
| 329 ^ | 01/25 | 63.00 |
| 330 ^ | 01/27 | 441.00 |
| Total Checks Paid | | $2,254.00 |

‑‑ If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | | AMOUNT | BALANCE |
|---|---|---|---|---|
| | Beginning Balance | | | $14,443.83 |
| '23 | Check | # 328 | - 1,750.00 | 12,693.83 |
| 25 | Check | # 329 | -63.00 | 12,630.83 |
| | | | -441.00 | 12,189.83 |

Page 1 of 2

EXHIBIT 6
Pg 56 Of 73

Page 2 of 2



Check 330 — GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — United States Treasury — Internal Revenue — $441.00 — Four hundred forty one — CHASE — Nancy Willis Trustee

Check 331 — GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — Reggie Bishop — $6,740.00 — Six thousand seven hundred forty — CHASE — Final payment on estate — Nancy Willis Trustee

Check 334 — GWENDOLYN R. MOORE TRUST / NANCY WILLIS TRUSTEE — State Franchise Tax Board — $63.00 — Sixty three — CHASE — Nancy Willis Trustee

EXHIBIT 6
Pg 57 OF 73

**EXHIBIT 6**
Pg 59 of 73

# CHASE ○

JPMorgan Chase Bank, N.A.
P O Box 659754
\n Antonio, TX 78265-9754

February 14, 2012 through March 13, 2012
Account Number:    000000366526029

00153198 L AV 0.35

00153198 DRE 703 141 07412 NNNNNNNNNNN T  1 000000000 09 0000 T275127 P5997
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4568 MOUNT VERNON DR
LOS ANGELES CA 80043-2013

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Hearing Impaired: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

## Important Information about Chase Personal Checking and Savings Accounts

Starting March 19, 2012, we will lower the following fees[1] on our checking and savings accounts:

- Overdraft Protection Transfer Fee to $10.
- Stop Payment Fee to $30 per request made with a banker.
- Stop Payment Fee via chase.com or Chase by Phone® automated phone system to $25 per request.

We are also extending how long a stop payment will be in effect. Stop payments made on or after March 19, 2012, on ch\__ will now be effective for one year rather than 180 days. Depending on how your stop payment was originated (request made with a banker, via chase.com or Chase by Phone®), we will send a confirmation of your stop payment.

On ACH transactions, your stop payment will last for a minimum of 18 months or until we have determined that the debit is no longer occurring, whichever is longer. When making a stop payment request, you must tell us if the payment is a recurring debit card transaction or an ACH payment and must give us the bank account number, the exact amount of the payment, and the designated payee name.

These changes will be updated in the Deposit Account Agreement and Additional Banking Services and Fees for Chase personal checking and savings accounts. All other terms of your account agreement remain the same. If you have any questions, please call us at 1-800-935-9935 or visit your nearest Chase branch.

[1] These fees may be waived with certain account types.

## CHECKING SUMMARY    Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $12,789.83 |
| Checks Paid | - 6,459.89 |
| Ending Balance | $5,729.94 |

This message confirms your enrollment in the Chase Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

EXHIBIT 6

Pg 59 of 72

# CHASE ○

February 14, 2012 through March 13, 2012
Account Number:    000000B88528029

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| 331 ^ | 03/05 | $6,459.89 |
| Total Checks Paid | | $6,459.89 |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $12,189.83 |
| 03/05 | 03/05 Check        #331 | - 6,459.89 | 5,729.94 |
| | Ending Balance | | $5,729.94 |

EXHIBIT 6
Pg 60 of 73

Page 2 of 2



EXHIBIT 6
Pa 61 Of 73

EXHIBIT 6
Pa 62 of 73

# CHASE

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

March 14, 2012 through April 12, 2012
Account Number:    000000386528029

00351593 1 AV 0.35

00151593 DRE 703 141 10412 NNINNNNNNNNN Y 1 000000000 09 0000 7347891 P7324
GWENDOLYN R MOORE TRUST
NANCY WILLIS TRUSTEE
TRUST ACCOUNT
4566 MOUNT VERNON DR
LOS ANGELES CA 90043-2013

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Español: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

**Important Information About Your Account Statement**

We understand the value of being able to easily read your statements and the benefit of balancing your account. To make your statement easier to follow, effective March 19, 2012, we moved the Balancing Your Checkbook page to the last page of the statement. This page may be used to balance your account for a given statement period. If you have any questions, please call us at the number on this statement or visit your branch.

**Important Information about Chase Personal Checking and Savings Accounts**

Starting March 19, 2012, we will lower the following fees[1] on our checking and savings accounts:

- Overdraft Protection Transfer Fee to $10.
- Stop Payment Fee to $30 per request made with a banker.
- Stop Payment Fee via chase.com or Chase by Phone® automated phone system to $25 per request.

We are also extending how long a stop payment will be in effect. Stop payments made on or after March 19, 2012, on checks will now be effective for one year rather than 180 days. Depending on how your stop payment was originated (request made with a banker, via chase.com or Chase by Phone®), we will send a confirmation of your stop payment.

On ACH transactions, your stop payment will last for a minimum of 18 months or until we have determined that the debit is no longer occurring, whichever is longer. When making a stop payment request, you must tell us if the payment is a recurring debit card transaction or an ACH payment and must give us the bank account number, the exact amount of the payment, and the designated payee name.

These changes will be updated in the Deposit Account Agreement and Additional Banking Services and Fees for Chase personal checking and savings accounts. All other terms of your account agreement remain the same. If you have any questions, please call us at 1-800-935-9935 or visit your nearest Chase branch.

[1] These fees may be waived with certain account types.

## CHECKING SUMMARY   Chase Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $8,729.94 |
| Deposits and Additions | 83.00 |
| Checks Paid | - 83.00 |
| Ending Balance | $5,729.94 |

EXHIBIT 6

# CHASE ○

March 14, 2012 through April 12, 2012
Account Number:    000000866528029

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| 334 ^ | 03/20 | $63.00 |
| Total Checks Paid | | $63.00 |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $5,729.94 |
| 03/15 | Deposit | 63.00 | 5,792.94 |
| 03/20 | Check          # 334 | - 63.00 | 5,729.94 |
| | Ending Balance | | $5,729.94 |

EXHIBIT 6
Pg 64 Of 73

EXHIBIT 6
Pg 65 of 73

CHASE ◯

May 12, 2012 through June 13, 2012
Account Number:    000000066626029

## Lower Fees for Counter Checks

Beginning July 22, 2012, we will charge $2 per sheet (3 checks to a page) of Counter Checks, instead of $2 per check. Also, we may waive this Counter Check fee for certain types of accounts.

These changes will be updated in the Additional Banking Services and Fees for Chase personal checking and savings accounts. All other terms of your account agreement remain the same. If you have any questions, please call us at the telephone number listed on this statement or visit your nearest Chase branch.

## CHECKING SUMMARY    Chase Checking

|                          | AMOUNT      |
|--------------------------|-------------|
| Beginning Balance        | $5,729.94   |
| Checks Paid              | - 2,200.00  |
| Fees and Other Withdrawals | - 3,529.94 |
| Ending Balance           | $0.00       |

## CHECKS PAID

| CHECK NUMBER | DATE PAID | AMOUNT     |
|--------------|-----------|------------|
| ^            | 06/08     | $2,200.00  |
| Total Checks Paid |      | $2,200.00  |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL

| DATE  | DESCRIPTION            |        | AMOUNT      | BALANCE    |
|-------|------------------------|--------|-------------|------------|
|       | Beginning Balance      |        |             | $5,729.94  |
| 05/22 | 05/22 Stop Payment Fee |        | - 30.00     | 5,699.94   |
| 06/08 | Check                  | # 385  | - 2,200.00  | 3,499.94   |
| 06/12 | 06/12 Withdrawal       |        | - 3,499.94  | 0.00       |
|       | Ending Balance         |        |             | $0.00      |

EXHIBIT 6
Pg 66 Of 73

# CHASE ⬭

May 13, 2011 through June 13, 2011
Primary Account: 000000866528029

## CHASE CHECKING

GWENDOLYN B MOORE TRUST
NANCY WILLIS TRUSTEE

Account Number: 000000866528029

## CHECKING SUMMARY

| | AMOUNT |
|---|---|
| Beginning Balance | $23,627.17 |
| Checks Paid | - 3,308.34 |
| Ending Balance | $20,318.83 |

This message confirms your enrollment in the Classic Benefits Package.

The monthly service fee for this account was waived as an added feature of Chase Premier Checking account.

## CHECKS PAID

| ICK NUMBER | DATE PAID | AMOUNT |
|---|---|---|
| ^ | 06/10 | $3,308.34 |
| Total Checks Paid | | $3,308.34 |

If you see a check description in the Transaction Detail section, it means your check has already been converted for electronic payment. Because of this, we're not able to return the check to you or show you an image on Chase.com.

^ An image of this check may be available for you to view on Chase.com.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $23,627.17 |
| 06/10 | 06/10 Check    # 325 | - 3,308.34 | 20,318.83 |
| | Ending Balance | | $20,318.83 |

EXHIBIT 6
Pg. 67 Ci 73

EXHIBIT 6

EXHIBIT 6 Pg 6 C: 73

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

NAME: Reggie Lyn Bishop Sr.
ADDRESS: 3337 Stocker St.
CITY: Los Angeles
STATE/ZIP: Ca 90008

Title Order No.: _____    Space Above This Line For Recorder's Use    Escrow No. _____

# TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ 0 _____ . CITY TAX $ 0 _____
☐ Computed on full value of property conveyed, or ☐ Computed on full value less value of liens or
encumbrances remaining at time of sale or transfer.
☐ Unincorporated area; ☐ City of _____ , and
☐ "This conveyance transfers the grantor's interest into his or her revocable trust, R & T 11911".
☐ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.
☑ This conveyance does not constitute a "change of ownership", R. & T 62.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Gwendolyn R. Moore Revocable Living Trust

hereby GRANT(s) to

Reggie Lyn Bishop Sr. A single man, as his sole and separate property

the following described real property in the County of LOS ANGELES _____ , State of California
(Assessor's Parcel No. 5024-008-002 _____ );

Commonly known as 3305 Stocker St. Los Angeles, CA 90008

Dated: 1/21/11

*Nancy Willis*
GWENDOLYN R MOORE REVOCABLE
LIVING TRUST BY NANCY WILLIS TRUSTEE

STATE OF CALIFORNIA
COUNTY OF _____

On 1/21/11 before me, Denise E. Loulendo _____ , Notary Public
personally appeared Nancy Willis _____
_____ who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

EXHIBIT 6
Pa 69 73

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

EXHIBIT "A"

LOT 173 OF TRACT 10023, AS PER MAP RECORDED IN BOOK 150, PAGES 46 OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PROPERTY ADDRESS, 3305 STOCKER ST, LOS ANGELES, CA 90008
APN 5074-026-001

EXHIBIT 6
Pg EXH
Pg 70 Of 73

EXHIBIT 6

EXHIBIT 7 Pg 71 of 73

RECORDING REQUESTED BY:

Reggie Lyn Bishop

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO:

NAME: REGGIE LYN BISHOP SR.
ADDRESS: 3307 STOCKER ST
CITY: LOS ANGELES
STATE/ZIP: CA 90008

Recorded in Official Records, County of San Bernardino    2/08/2011
                                                            10:22 AM
DENNIS DRAEGER                                              ME
ASSESSOR – RECORDER – CLERK

P Counter

Doc#: 2011 – 0055083    Titles: 1    Pages: 2

Fees      18.00
Taxes      0.00
Other      0.00
PAID     $18.00

Title Order No.: _____    Space Above This Line For Recorder's Use    Escrow No.: _____

## TRUST TRANSFER GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $ 0 _____ CITY TAX $ 0 _____
☐ Computed on full value of property conveyed, or ☐ Computed on full value less value of liens or
   encumbrances remaining at time of sale or transfer.
☐ Unincorporated area: ☐ City of _____, and
☐ "This conveyance transfers the grantor's interest into his or her revocable trust, R & T 11911".
☐ Excluded from Reappraisal Under Proposition 13, California Constitution Article 13A § 1, et seq.
☐ This conveyance does not constitute a "change of ownership", R & T 62.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Gwendolyn R. Moore Trust,

hereby GRANT(s) to

Reggie Lyn Bishop Sr. A single man as his sole and separate property

the following described real property in the County of SAN BERNARDINO _____, State of California
(Assessor's Parcel No.: 0480-181-05-0-000 _____)
AF KNOWN AS 1911 DEXTWOOD DR. VICTORVILLE, CA 92392
FOR LEGAL DESCRIPTION, SEE EXHIBIT "A" attached hereto and made a part hereof.

Dated: 2/4/11    Nancy Willis Trustee
                 Gwendolyn R. Moore Trust By
                 Nancy Willis Trustee

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On 2/4/11 before me, Denise E. Loulendo _____, Notary Public
personally appeared, Nancy Willis _____
_____ who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

DENISE E. LOULENDO
Commission # 1858818
Notary Public – California
Los Angeles County
My Comm. Expires Aug 27, 2013

EXHIBIT 6
Pg 72 Of 73

1

## PROOF OF SERVICE

2          I am employed in the County of San Bernardino, State of California; I am over the age
of 18 years and am not a party to the within action. My business address is 204 North San
3     Antonio Avenue, Ontario, California 91762.

4          On December 17, 2012, I served the foregoing document(s) described as:

5     FIRST ACCOUNTING AND REPORT OF SUCCESSOR TRUSTEE, NANCY WILLIS

6     on all other interested parties and/or their attorney(s) of record to this action by placing a true
copy thereof in a sealed envelope as follows:
7
A. GEORGE GLASCO
8     LAW OFFICE OF A. GEORGE GLASCO
729 MISSION ST., STE 300
9     SOUTH PASADENA, CA 91030

10     [X]     BY MAIL:    I am a resident of, or employed, in the county where the mailing occurs; I
am over the age of 18 years and am not a party to the cause. I am readily familiar with the
11     business' practice for collection and processing of correspondence for mailing with the United
States Postal Service. The correspondence will be deposited with the United States Postal
12     Service this same day in the ordinary course of business. The address(es) shown above is(are)
the same as shown on the envelope. The envelope was placed for deposit in the United States
13     Postal Service in Ontario, California. The envelope was sealed and placed for collection and
mailing with first-class prepaid postage on that date following ordinary business practices.
14     Service made pursuant to CCP §1013A(3), upon motion of a party served, shall be presumed
invalid if the postal cancellation date or postage meter date on the envelope is more than one day
15     after the date of deposit for mailing contained in the affidavit.

16     []     BY FACSIMILE:    On ****, by facsimile transmission to the law office(s) stated
above to their known business facsimile number(s). The document(s) was/were transmitted by
17     facsimile transmission. The transmission was reported as complete and without error. A copy of
the transmission report(s) properly issued by the Law Office of Robert J. Spitz's facsimile
18     machine [telephone number: (909) 395-9535] is made a part of this proof of service pursuant to
CRC §2008.
19
[]     BY OVERNIGHT DELIVERY:    On ****, I placed the Federal Express package for
20     overnight delivery in a box or location regularly maintained by Federal Express at any office or I
delivered the package to an authorized courier or driver authorized by Federal Express to receive
21     documents. The package was placed in a sealed envelope or package designated by Federal
Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be
22     served at the address(es) shown above, at the office address(es) as last given by that person on
any document field in the cause and served on the party making service; otherwise at that party's
23     place or residence.

24     [X]     STATE    I declare under penalty of perjury under the laws of the State of California, that
the foregoing is true and correct.
25
[ ]     FEDERAL    I declare that I am employed in the office of a member of the bar of this
26     court at whose direction the service was made.

27     Executed on December 17, 2012, at Ontario, California.

28

I certify that this is a true and correct copy of the
original_____
on file in this office consisting of ____ pages.

**SHERRI R. CARTER**, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.

Date: JAN 2 3 2017                    _____, Deputy
                                      Manuel Gines