FILED & ENTERED

MAY 04 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| REGGIE LYN BISHOP, | Case No. 2:16-bk-16503-RK |
| Debtor. | Adv. No. 2:16-ap-01383-RK |
| | ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR CONTEMPT AND REQUEST FOR SANCTIONS |
| LAW OFFICES OF A. GEORGE GLASCO, APC, FREDERICK F. RICHARDS III, AS TRUST BENEFICIARY OF GWENDOLYN R. MOORE REVOCABLE LIVING TRUST, BRENDA MOORE RICHARDS, INDIVIDUALLY AND AS TRUSTEE OF THE GWENDOLYN R. MOORE REVOCABLE LIVING TRUST, | |
| Plaintiffs, | |
| vs. | |
| REGGIE BISHOP, | |
| Defendant. | |

-1-

Having considered Defendant Reggie Lyn Bishop's Ex Parte Notice of Motion and Motion to Hold Plaintiffs in Contempt and Request for Sanctions ("Motion") (Docket No. 106) filed on April 28, 2017, the court hereby denies the Motion as follows:

1. Defendant fails to state cause to warrant initiating proceedings for holding Plaintiffs in contempt under Local Bankruptcy Rule ("LBR") 9020-1(a).  In the Motion, Defendant alleges that the Gwendolyn R. Moore Revocable Living Trust ("Trust"), of which Plaintiff Brenda Moore Richards is Trustee, violated the automatic stay arising in this bankruptcy case by "fraudulently" transferring real property located at 3305 Stocker Street, Los Angeles, CA 90008, which was owned by the Trust in which he claims to be a two-thirds beneficiary, apparently claiming a beneficial interest in this property of the Trust, without providing any evidence in support of such claim in his moving papers.  Defendant also alleges Plaintiffs "fraudulently" transferred the proceeds from the transfer of the property to themselves in violation of the automatic stay. However, when the property was allegedly transferred on December 9, 2016 based on the recorded transfer deed attached as Exhibit A to Motion, there was no automatic stay in this bankruptcy case in existence. Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of its files and records in proceedings involving Defendant in cases before this court that Defendant had filed a Chapter 13 bankruptcy case in this court, No. 2:15-bk-24261-VZ Chapter 13, on September 15, 2015, which was dismissed on November 10, 2015, and thus, had a Chapter 13 bankruptcy case pending within one-year period before he filed this Chapter 7 bankruptcy case on May

17, 2016 in No. 2:16-bk-16503-RK Chapter 7. *See Gerritsen v. Warner Brothers Entertainment Inc.,* 112 F.Supp.3d 1011, 1034 (C.D. Cal. 2015)("It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence.") (citations omitted). Because Defendant had a pending Chapter 13 bankruptcy case within the one-year period preceding the filing of this bankruptcy case which was dismissed, the automatic stay in this later bankruptcy case shall terminate with respect to the debtor on the 30th day after the filing of this later case unless he obtained an order continuing the automatic stay, which he has not, as provided under 11 U.S.C. § 362(c)(3)(A). Pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay terminated in this bankruptcy case on the 30th day after commencement of the case on June 16, 2016 because Defendant did not obtain an order to continue the stay. *In re Reswick,* 446 B.R. 362, 365-373 (9th Cir. BAP 2011); *but see, In re Rinard,* 451 B.R. 12, 17-20 (Bankr. C.D. Cal. 2011)(Clarkson, J.). Therefore, because the automatic stay terminated on June 16, 2016, there could have been no violation of the automatic stay by selling the property in which Defendant claims an interest, and thus, there is no basis for the court to find Plaintiffs in contempt for violating the automatic stay, and the Motion seeking to hold Plaintiffs in contempt is denied for lack of cause under LBR 9020-1.

2. Defendant's request for sanctions, including dismissal of the adversary case, based on Plaintiffs' alleged failure to provide discovery is denied because Defendant has not complied with Local Bankruptcy Rule 7026-1(c)(3), which

provides that if the parties to a discovery dispute are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.  See LBR 7026-1(c)(3). Defendant has not submitted the required discovery dispute stipulation pursuant to LBR 7026-1(c)(3).

3. The court also determines that Defendant failed to show cause for a hearing of his motion on an emergency or shortened notice under Local Bankruptcy Rule 9075-1 or for considering his motion on an ex parte basis under this rule and Local Bankruptcy Rule 9013-1.

4. For the foregoing reasons, the Motion is denied.

IT IS SO ORDERED.

###

Date: May 4, 2017

_____
Robert Kwan
United States Bankruptcy Judge