**FILED & ENTERED**

FEB 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

## NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| REGGIE BISHOP, aka REGGIE LYN BISHOP, aka REGGIE L. BISHOP, | Case No. 2:16-bk-16503 RK |
| | Adv. No. 2-16-ap-01383 RK |
| Debtor. | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| BRENDA MOORE RICHARDS, Individually and as Trustee of the GWENDOLYN R. MOORE REVOCABLE LIVING TRUST; FREDERICK F. RICHARDS III, as TRUST BENEFICIARY OF THE GWENDOLYN R. MOORE REVOCABLE LIVING TRUST; LAW OFFICES OF A. GEORGE GLASCO, APC., | |
| Plaintiffs, | |
| vs. | |
| REGGIE BISHOP, | |
| Defendant. | |

Pending before this court in this adversary proceeding is the Plaintiffs' Motion for

Summary Judgment (Motion), Electronic Case Filing Number (ECF) 57 filed on February

6, 2017 which was originally noticed for hearing before the undersigned United States Bankruptcy Judge on March 28, 2017.  After several hearings on the Motion, on October 6, 2017, pursuant to Local Bankruptcy Rule (LBR) 9013-1(j)(3), the court determined that further oral argument on the motion was not necessary, dispensed with further oral argument, vacated the further hearing on October 11, 2017 and took the matter under submission.

Having considered the moving and opposing papers, the oral and written arguments of the parties, and the other papers and pleadings filed in this matter, the court rules upon the motion.  Pursuant to LBR 7056-1, Plaintiffs submitted their Second Amended Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment (ECF 191) and supported by certified copies of state court orders and documents described below in ECF 62, Exhibits 1 through 12[1].  After reviewing Plaintiff's Second Amended Statement of Uncontroverted Facts and Conclusions of Law, the court adopts the following Statement of Uncontroverted Facts and Conclusions of Law on Plaintiffs' Motion for Summary Judgment in support of its ruling on the motion.  This Statement of Uncontroverted Facts and Conclusions of Law is based in part on Plaintiffs' version, but the court substantially modified the Statement of Uncontroverted Facts and Conclusions of Law based on its own independent and extensive review of the record and research.

---

[1] On February 6, 2017, Plaintiffs filed their request for judicial notice of certified state court documents.  See ECF 62, Plaintiffs' Request for Judicial Notice of Certified State Court Documents as Exhibits in Support of Motion for Summary Judgment against Defendant Reggie L. Bishop (Plaintiffs' Request for Judicial Notice) wherein Plaintiffs identified and requested judicial notice of Exhibits 1-12, along with the declaration of their attorney, A. George Glasco, ECF 63.

**UNCONTROVERTED FACTS**

1.  Plaintiffs Brenda Moore Richards, Individually and as Trustee of the Gwendolyn R. Moore Revocable Living Trust, Frederick Richards III, as Trust Beneficiary of the Gwendolyn R. Moore Revocable Living Trust (Plaintiffs) and Law Offices of A. George Glasco, APC (Plaintiffs' counsel) commenced this adversary proceeding by filing their complaint on August 29, 2016.  ECF 1, Complaint.  (Plaintiffs' counsel was listed as a party plaintiff, apparently with respect to his claim for attorneys' fees which were awarded to him on behalf of Plaintiffs against Defendant by the state court.)

2.  On September 7, 2016, Plaintiffs filed in this adversary proceeding their First Amended Complaint for Nondischargeability of Debts pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).   ECF 9, First Amended Complaint.

3.  The First Amended Complaint for Nondischargeability of Debts alleges that it derives from the July 13, 2015 First Amended Judgment for Quiet Title, Cancellation of Deed, Financial Elder Abuse, Fraud, Constructive Fraud, Breach of Fiduciary Duty, Negligence and Constructive Trust rendered against Defendant by the Superior Court of California for the County of Los Angeles, Probate Division (the Superior Court) in Case Number BP120811.  First Amended Complaint, ECF 9 at ¶¶1 and 9 and Exhibit 1 attached thereto; Answer to Amended Complaint for Nondischargeability (Answer), ECF 18 at ¶¶1 and 9.

4.   Defendant Reggie Bishop (Defendant) has admitted that this court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California.  ECF 18, Answer at ¶1.

5.   Defendant has admitted that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 which lists dischargeability of debts of the bankrupt debtor as a core proceeding.  ECF 9, First Amended Complaint at ¶1; ECF 18, Answer at ¶1.

6.   On May 17, 2013, Plaintiffs Brenda Richards and Frederick F. Richards III filed in the Superior Court of California for the County of Los Angeles, Probate Division, in Case Number BP120811, against Reggie L. Bishop and Nancy Willis, Individually and as trustee of the Gwendolyn R. Moore Revocable Trust, their Petition for: 1. Surcharge on Successor Trustee Nancy Willis; 2. Financial Elder Abuse (Welfare & Institutions Code 15610.30); 3. Breach of Fiduciary Duty; 4. Fraud; 5. Conversion; 6. Constructive Trust; 7. Constructive Fraud; 8. Accounting; 9. Negligence per Se; 10.  Quiet Title; 11. Cancellation of Deeds (hereafter Petition).  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 3, Petition.

7.   On April 3, 2015, Plaintiffs filed in the Superior Court in Case Number BP120811 their First Amended Petition which alleged that in its order of January 5, 2011, the Superior Court approved the Settlement Agreement which resolved litigation that ensued following the death of the settlor Gwendolyn R. Moore between competing beneficiaries to the Gwendolyn R. Moore Revocable Trust (Trust), including Defendant Reggie Bishop and Plaintiffs Brenda Moore Richards and Frederick F. Richards.  ECF 58, Motion for Summary Judgment, Exhibit 10, First Amended Petition, at ¶10.

8.   The Superior Court in its January 5, 2011 Order After Hearing incorporated by reference the Settlement Agreement retained jurisdiction for its enforcement and provided that Plaintiffs Brenda Moore Richards and Frederick F. Richards III were each to have 1/6 share of the Trust estate (or 1/3 collectively) and Defendant Reggie Bishop was to have 2/3 share of the Trust estate.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 4, Order After Hearing at ¶¶1-2, and 7;  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment.

9.   The Trust estate consisted of three real estate properties, referred to as:  4572 Mt. Vernon Drive, Los Angeles, CA 90043; (Mt. Vernon Property), 14011 Driftwood Drive, Victorville, CA 92395 (Victorville Property); and 3305 Stocker Street, Los Angeles, CA 90008, (Stocker Property).   ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 3, Petition at ¶¶11-13.

10.   The First Amended Petition filed in the Superior Court alleged that the Mt. Vernon Property was sold for $595,000, and that after distribution of $438,500 to certain persons specified in the Order After Hearing, the remainder less escrow costs was to be distributed 2/3 to Defendant Bishop, and 1/3 to Plaintiffs, that is, 1/6 to Plaintiff Brenda Moore Richards and 1/6 to her son, Plaintiff Frederick F. Richards III.   ECF 58, Motion for Summary Judgment, Exhibit 10, First Amended Petition at ¶13.

11.   Plaintiffs in the First Amended Petition filed in the Superior Court alleged that the defendants  in that case, Willis and Bishop, despite agreeing to the Settlement Agreement, defalcated the Trust corpus and appropriated such for their exclusive mutual benefit to the

detriment of Plaintiffs.  ECF 58, Motion for Summary Judgment, Exhibit 10, First

Amended Petition at ¶42.

12.  Plaintiffs in the First Amended Petition filed in the Superior Court alleged: "At all

times herein,  Defendants [Bishop and Willis] represented explicitly and implicitly to

Plaintiffs that they would care for their shares of TRUST assets that Plaintiffs were entitled

to, and make proper disbursements.  At all times herein, Defendants had no intention of

executing said representations, but instead, intended to steal, defalcate, and otherwise

wrongfully deprive plaintiffs of their assets.  In addition, Defendants represented explicitly

and implicitly in the AGREEMENT that they would comply with the terms of the

AGREEMENT [Exhibit "3"].  Plaintiffs relied reasonably to their detriment as

hereinabove previously shown."  ECF 58, Motion for Summary Judgment, Exhibit 10,

First Amended Petition at ¶42.

13.  Defendant Reggie Bishop was aware of the proceedings initiated by Plaintiffs'

original Petition as trust beneficiaries because he made a "Special Appearance" in the

Superior Court in Case Number BP120811 on June 26, 2014 to contest the Superior

Court's jurisdiction over the matter as he admitted in his Second Amended Statement of

Genuine Issues of Material Facts in Opposition to Plaintiffs' Second Amended Motion for

Summary Judgment, ECF 193, at 20-21.  As reflected in the transcript of proceedings

before the Superior Court on June 26, 2014, Defendant Reggie Bishop appeared in the

Superior Court on Plaintiffs' motion to compel discovery against him and his co-

defendant, Nancy Willis.  Reporter's Transcript of Proceedings, Superior Court of

California, County of Los Angeles, Case Number BP120811, attached as Exhibit A to

Defendant's Notice of Motion and Motion to Dismiss Plaintiffs' Aversary [sic] Proceeding

for Perjury to this Court, ECF 172.  At the hearing, the Superior Court ordered Defendants

Reggie Bishop and Nancy Willis to respond to Plaintiffs' discovery requests without

objections.  *Id.*  Although Defendant Reggie Bishop argued that he is not a party to the

action and that his attorney was not served, the Superior Court granted Plaintiffs' motion

to compel discovery and ordered him to respond to Plaintiffs' discovery.  *Id.*  Because

Defendant argued against Plaintiffs' motion to compel discovery on the merits in the

Superior Court in Case Number BP120811, he waived his "Special Appearance" and

generally appeared in the probate proceeding, which justifies in terms of the Superior

Court exercising jurisdiction over Defendant in its First Amended Judgment to rule for

Plaintiffs and against Defendant on their First Amended Petition.

14.   Defendant Reggie Bishop was generally aware that Plaintiffs as trust beneficiaries

were initiating a proceeding against him at a hearing in the Superior Court in Case Number

BP120811 on March 15, 2013 shortly before Plaintiffs filed their original Petition on May

17, 2013 wherein Defendant appeared and counsel for Plaintiffs asked the court to order

Defendant to state his address where he could be served and Defendant answered that he

resided at 3307 Stocker Street, Los Angeles, California.  ECF 167, Declaration of Attorney

Anna Tsibel re Attestation of Bishop's Stocker Street Address and Court Reporter

Transcript from March 15, 2013.

15.   By order dated June 26, 2014 (hearing and Minute Order on May 21, 2014), the

Superior Court ordered *inter alia* the default of Defendant Reggie Bishop in Case Number

BP120811 and barred him from opposing the Petition for Surcharge, Elder Abuse, etc., and

the Petition for Inspection and Sale of the Stocker Property, stating: "[I]t appears that good cause exists to enter the default of Petitioner Reggie L. Bishop and to preclude his filing of any further papers in the within case since he failed to file responsive pleadings relative to the Petition for Surcharge, Elder Abuse, etc., and the Petition for Inspection and Sale of the Stocker Property, despite having been given several opportunities by the court to do so." ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 7, Order Granting the Default of Reggie Bishop at 2:6-15.

16.    The "Trust Beneficiaries Notice of Final Status Conference and Trial" filed in the Superior Court stated:  "PLEASE TAKE FURTHER NOTICE that notwithstanding the court's Order Granting the Default of Reggie L. Bishop barring Reggie L. Bishop from opposing the Petition for Surcharge, Elder Abuse, etc., the Petition for Inspection and Sale of the Stocker Property, filed herein on June 26, 2014 and the Superior Court's Minute Order on Reggie L. Bishop's inability to defendant matters [sic], filed herein on May 21, 2014, that as permitted by law, **Reggie L. Bishop is still permitted to testify and contest the quiet title action regarding 3305 Stocker Street in the city of Los Angeles**, CA. 90008, legally described as LOT 173 of TRACT 10023, AS PER MAP RECORDED IN BOOK 150, PAGES 46 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY [APN 5024-026-002]." (emphasis in original).  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 8, Trust Beneficiaries Frederick F. Richards III and Brenda Moore Richards' Notice of Final Status Conference and Trial at 2, lines 4-17.

17.    On February 18, 2015, in Case Number BP120811 in the Superior Court, Plaintiffs served on Defendant Reggie Bishop "Trust Beneficiaries Frederick F. Richards III and

Brenda Moore Richards Notice of Final Status Conference and Trial" wherein the following is stated: "PLEASE TAKE FURTHER NOTICE that the Trial of the within Petition for Surcharge, Elder Abuse, Quiet Title, etc. filed herein on May 17, 2013 will occur on April 1, 2015 at 1:30 p.m.; April 2, 2015 at 1:30 p.m.; April 3, 2015 at 1:30 p.m.; April 6, 2015 at 1:30 p.m.; April 7, 2015 at 8:30 a.m.; April 8, 2015 at 1:30 p.m.; and April 9, 2015 at 1:30 p.m., in department 67 of the above -entitled court." ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 8, Trust Beneficiaries Frederick F. Richards III and Brenda Moore Richards' Notice of Final Status Conference and Trial.  The proof of service of this notice was served on Defendant Reggie Bishop at 3305 Stocker Street, Los Angeles, California  90008. *Id.*

18.   The Superior Court conducted a trial in Case Number BP120811 on the April 3, 2015 First Amended Petition on April 1, 2, 3, 6 and 22, 2015.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at 1:24-2:10.

19.   The Superior Court conducted the trial in Case Number BP120811, sitting without jury, and the court heard and considered the testimony, the documentary evidence, and the argument of counsel.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment.

20.   Appearing at trial before the Superior Court in Case Number BP120811 were Plaintiffs Brenda Moore Richards and Frederick F. Richards III and their attorney A. George Glasco of the Law Offices of A. George Glasco, APC; and Defendant Nancy Willis and her attorney Efrem A. Clark.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at 1:24-2:10.

21.   The Superior Court found that "Bishop did not appear although his appearance was noticed by plaintiffs pursuant to Cal. Code of Civ. Pro. §1987." ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶4.

22.   Having entered Bishop's default, trial proceeded in the Superior Court in Case Number BP120811 against Defendant Reggie Bishop as to the proof of damages only on the tort causes of action.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶4.

23.   On July 13, 2015, the Superior Court in Case Number BP120811, Judge David S. Cunningham III presiding, rendered its "First Amended Judgment After Bench Trial on: Quiet Title; Cancellation of Deed; Fraud, Constructive Fraud; Breach of Fiduciary Duty; Neglgience [sic]; Constructive Fraud; and Constructive Trust" against the defendants Reggie Lyn Bishop Sr., aka Reggie L. Bishop, aka Reggie L. Bishop, Sr. and  Nancy Willis, Individually and as previous trustee of the Gwendolyn R. Moore Revocable Trust. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment.

24.   In its First Amended Judgment, the Superior Court found that neither Defendant Nancy Willis, Individually and as Trustee of the Gwendolyn R. Moore Trust, nor the Defendant Bishop filed a responsive pleading to the initial Verified Petition for Surcharge, Elder Abuse, etc., despite having been given several opportunities by the court to do so. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 7, Order Granting the Default of Reggie L. Bishop, Required Notice and Setting of Trial at 2:6-15;  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶3.

25.   The First Amended Judgment of the Superior Court stated that on April 3, 2015, on stipulation between counsel for the Plaintiffs Brenda Moore Richards and Frederick F. Richards III and Defendant Nancy Willis in Case Number BP120811, ordered the filing of the First Amended Petition for Surcharge, Financial Elder Abuse, Breach of Fiduciary Duty, Fraud, Conversion, Constructive Trust, Negligence Per Se, Quiet Title, Cancellation of Deeds and Removal of Nancy Willis as Trustee.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶3; at 1:24-2:4.

26.   The Superior Court ordered that no responsive pleading to the First Amended Petition was to be filed as the First Amended Petition added no significant substantive changes.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶3.

27.   The Superior Court in the First Amended Judgment held that Defendant Reggie Bishop disobeyed its July 15, 2010 order that he deliver to the Trustee Nancy Willis the sum of $85,921.54 that he had received from Willis, which sum was ordered to be deposited into a blocked account in the name of Gwendolyn R. Moore Revocable Living Trust.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶21.

28.   The Superior Court found that both Plaintiffs Brenda Moore Richards and Frederick F. Richards III were the prevailing parties against the Defendants Willis and Bishop on each cause of action in the First Amended Petition by virtue of having obtained the December 4, 2012 Order to Enforce Judgment, and the July 13, 2015 First Amended Judgment, and that as the prevailing parties, the Plaintiffs Brenda and Frederick are

entitled to attorney's fees as provided in the Settlement Agreement, and the January 5, 2011 Order After Hearing.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶30.

29.   The Superior Court found that settlor Gwendolyn R. Moore died on November 30, 2009, and held that upon her death, the Gwendolyn R. Moore Revocable Living Trust dated December 9, 2004 ("Trust") became irrevocable by law.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶2.

30.   Upon the death of Moore, litigation ensued among the Trust beneficiaries which resulted in the execution by all interested persons, including Defendant Reggie Bishop and Plaintiffs Brenda Richards and Frederick F. Richards III, of the Settlement Agreement and Release (Agreement) on July 17, 2010 and that the Agreement gave each Plaintiff—Brenda Moore Richards and Frederick F. Richards III—a 1/6 residuary interest in the Trust Estate.   ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶5.

31.   The Settlement Agreement was approved and incorporated in the Superior Court's January 5, 2011 Order After Hearing with that court retaining jurisdiction in the Order to Enforce the Agreement and the Order.   ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶6; and Order After Hearing, Exhibit 4 at ¶¶1-2.

32.   On January 21, 2011, Notice of Entry of Judgment attaching the January 5, 2011 Order after Hearing was filed and served on the interested persons, including the defendant Reggie Bishop, in the Superior Court in Case Number BP120811.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶6; ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 4, Order After Hearing; Notice of Entry of Judgement.

33.   The Superior Court in its January 5, 2011 Order After Hearing ordered that the Mt.

Vernon property was to be sold and $438,000 from the sale was to be distributed to

Yolanda Page, William Brown and Ernest Brown, that specific distribution of $2500 each

was to be paid to 17 named beneficiaries, and the rest, remainder and residue of the Trust,

both real and personal were to be distributed 1/6 to Brenda More Richards, 1/6 to

Frederick F. Richards III and 2/3 to Reggie Bishop.  ECF 62, Plaintiffs' Request for

Judicial Notice, Exhibit 1, First Amended Judgment at ¶7 and Exhibit 4, Order after

Hearing at ¶¶5-7.

34.   The Superior Court found that Defendants Bishop and Trustee Nancy Willis

conspired to defraud plaintiffs, and by defalcation, intentionally and maliciously

appropriated or distributed personal and real property belonging to the Trust in violation of

their agreed Settlement, and the court's Order After Hearing.  ECF 62, Plaintiffs' Request

for Judicial Notice, Exhibit 1, First Amended Judgment at ¶8.

35.   The Superior Court found Defendants Willis and Bishop intentionally,

fraudulently and maliciously caused the transfer, without consideration and in violation of

the Agreement and Order After Hearing, of all interest in the Driftwood and Stocker

Properties to Bishop such that both Plaintiffs were denied their 1/6 interest each in both of

these properties, and that Bishop subsequently sold the Driftwood Property without paying

anything either to the Trust or Plaintiffs.  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 1, First Amended Judgment at ¶8.

36.  The Superior Court found that on January 21, 2011, Willis deeded, without consideration, full title to the Stocker Property to Reggie Lynn Bishop, Sr. to the detriment of the 1/6 interest of each of the Plaintiffs in the residuary probate estate, and in violation of both the Agreement and Order After Hearing which vested 1/6 interest of the residuary probate estate in each plaintiff.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶10.

37.  The Superior Court held that Defendant Nancy Willis, Individually, and as Trustee of the Gwendolyn R. Moore Revocable Trust, and Bishop conspired to intentionally and negligently defraud and did defraud plaintiffs Brenda Richards and Frederick Richards of monies and real properties that were due them by reason of the said Settlement and Order After Hearing.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶20.

38.  The Superior Court held that the fraud by Defendants Willis and Bishop against Plaintiffs consisted *inter alia* of defalcating monies and real properties due both of the Plaintiffs for the benefit of the defendants in that case or for the benefit of one or the other. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶20.

39.  The Superior Court on July 15, 2010, by its Interim Order After Hearing, ordered Bishop "forthwith" to turn over the funds he received in the amount of $85,921.54 to Nancy Willis, who, in turn, was ordered to deposit this sum into a blocked account in the name of Gwendolyn R. Moore Revocable Living Trust.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment, at ¶21.

40.   The Superior Court found that Bishop never delivered the amount of $85,921.54 to Willis, that both Bishop and Willis intentionally and maliciously conspired not to disclose that Bishop had failed to turn over said sum in accordance with the court's order, and they did so in order to defraud Plaintiffs Richards and to commit defalcation of the 1/6 interest to which each Plaintiffs Richards was entitled.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶21.

41.   The Superior Court held that Defendant Trustee Willis received the amount of $121,514 from escrow resulting from the sale of the Mt. Vernon Property after payment to the Browns and Page per the January 5, 2011 Order After Hearing.   ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶22.

42.   The Superior Court held that Bishop and Willis conspired to intentionally and maliciously defraud the Plaintiffs Brenda Moore Richards and Frederick F. Richards III of their 1/6 each interest (1/3 collectively) in the amount of $121,514 by distributing monies to Bishop and cash withdrawals to the benefit of themselves.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶22.

43.   The Superior Court held that in the December 4, 2012 Order to Enforce Settlement, the court ordered the sale of the Stocker Property and further ordered that 1/6 of the amount of $121,514 was to be paid from the sale to Brenda Moore Richards, 1/6 of said sum to be paid to Frederick F. Richards and the remainder from the sale was impounded pending further orders of the court.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶22.

44.   The Superior Court held that Willis and Bishop intentionally and maliciously conspired to defraud, and did defraud, Plaintiffs of their 1/6 each [1/3 collectively] interest in the cash deposited and disbursed from the Gwendolyn R. Moore Revocable Living Trust checking and savings accounts by having Willis distribute unaccounted checks and cash withdrawals among themselves.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶23.

45.   The Superior Court held that Plaintiff Brenda Richards was born in 1939 and was at all times a resident of the state of California.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶18.

46.   The Superior Court held that Plaintiff Brenda Richards was an elder person within the meaning of California and Welfare and Institutions Code §15610.   ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶18.

47.   The Superior Court held that Defendant Reggie Bishop, in conspiracy with Defendant Trustee Nancy Willis, intentionally conspired to commit and did commit financial and fiduciary elder abuse against Plaintiff Brenda Moore Richards within the meaning of Welfare and Institutions Code by appropriating and defalcating properties, personal and real, belonging to the Trust estate so as to deprive Plaintiff Brenda Moore Richards of her 1/6 residuary interest in violation of the Settlement and Order After Hearing.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶19.

48.   The Superior Court found that on January 21, 2011, Trustee Willis deeded, without consideration, full title to the Stocker Property to Reggie Lynn Bishop, Sr. to the

detriment of the 1/6 interest of each Plaintiff Brenda Moore Richards and Frederick F.

Richards III, and in violation of both the Agreement and Order After Hearing which vested

1/6 interest of the residuary estate in each of Plaintiffs Brenda Moore Richards and

Frederick F. Richards III, which estate included the Stocker Property.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶10.

49.    The Superior Court awarded judgment on the cancellation of deeds in favor of

Plaintiff Brenda Moore Richards and Frederick F. Richards III relative to the Stocker

Property deed as reflected in Instrument No. 20110117093 in the Office of the County

Recorder for Los Angeles County and against Defendants Nancy Willis, Individually and

as Previous Trustee of the Gwendolyn R. Moore Trust of 2004, aka Gwendolyn R. Moore

Revocable Living Trust, aka Gwendolyn R. Moore Trust; and Reggie Lyn Bishop Sr., aka

Reggie L. Bishop, aka Reggie L. Bishop, aka  Reggie Bishop.  ECF 62, Plaintiffs' Request

for Judicial Notice, Exhibit 1, First Amended Judgment at ¶11.

50.    In the First Amended Judgment, the Superior Court stated the legal description of

the Stocker Property as Lot 173 of Tract 10023, as per map recorded in Book 150, Page 46

of Maps, in the Office of the County Recorder of Los Angeles County, APN 5024-026-

002, and also known as 3305 Stocker Street, Los Angeles, California.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶11.

51.    The Superior Court held that to permit the Stocker Property deed to vest title in

Reggie Bishop would be inequitable and detrimental to the 1/6 interest of Plaintiff Brenda

Richards and 1/6 interest of Plaintiff Frederick F. Richards, in said Stocker property and

would deprive said plaintiffs of the only remaining Trust asset from which they can obtain

other monies that would otherwise be due to them under the Gwendolyn R. Moore Living

Trust, the Settlement Agreement and Release, the January 5, 2011 Order After Hearing

where the court retained jurisdiction to enforce the Agreement, and the December 4, 2012

Order on Motion to Enforce Settlement.  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 1, First Amended Judgment at ¶11.

52.  The Superior Court found that on April 19, 2012, the Plaintiffs' attorney filed as

Instrument No. 20120584521 their Notice of Lis Pendens with the County Recorder

relative to the Verified Petition to Enforce Settlement Agreement relative to the Stocker

Property and that all notices required by law have been given relative to the filing of the

Notice of Lis Pendens by certified mail on all interested persons.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶13.

53. The Superior Court awarded judgment of Quiet Title to the Stocker Property as of

the date of filing the Verified Petition to Quiet Title on May 17, 2013 pursuant to

California Code of Civil Procedure § 761.020(d) in favor of Gwendolyn R. Moore Trust of

2004 (aka Gwendolyn R. Moore Trust, aka Gwendolyn R. Moore Revocable Living Trust),

Brenda Moore Richards, Trustee, and against Defendants  Nancy Willis, Individually and

as Previous Trustee of  the Gwendolyn R. Moore Revocable Living Trust, aka Gwendolyn

R. Moore Trust of 2004, aka Gwendolyn R. Moore Trust; Reggie Lyn Bishop Sr., aka

Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, jointly and severally, and

against all persons or entities.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1,

First Amended Judgment at ¶¶13-14.

54.   The Superior Court awarded Plaintiff Brenda Moore Richards judgment in the amount of $31,010.51, compensatory damages against the Defendants Nancy Willis, Individually, and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lyn Bishop, jointly and severally.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶ 24.

55.   The Superior Court awarded Plaintiff Frederick F. Richards  III judgment in the amount of $31,010.51 compensatory damages, against Defendants Nancy Willis, Individually, and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lyn Bishop, jointly and severally.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶25.

56.   The Superior Court awarded Plaintiff Brenda Moore Richards the additional amount of $30,000 punitive damages against Defendant Nancy Willis, Individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and, Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lyn Bishop, jointly and severally.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶26.

57.   The Superior Court awarded Plaintiff Frederick F. Richards III the additional amount of $30,000 punitive damages against the Defendants Nancy Willis, Individually and as previous Trustee of the Gwendolyn R. Moore Revocable Living Trust, and, Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie Lyn Bishop, jointly

and severally.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended

Judgment at ¶27.

58.  The Superior Court awarded Plaintiff Brenda Moore Richards treble damages

pursuant to California Civil Code § 3345 in the sum of $186,063.06 against only

Defendant Reggie L. Bishop Sr., aka Reggie L. Bishop, aka Reggie Bishop, aka Reggie

Lyn Bishop, and the court found pursuant to Cal. Civ. Code § 3345(b)(1) and (2) that

Bishop's behavior was directed against a senior citizen and that by reason of his conduct,

Plaintiff Brenda Richards suffered loss of income.  ECF 62, Plaintiffs' Request for Judicial

Notice, Exhibit 1, First Amended Judgment at ¶28.

59.  The Superior Court found that the compensatory, punitive and treble damages are

all in addition to the 1/6 residuary interest to which Plaintiff Brenda Moore Richards was

entitled and are further in addition to the 1/6 interest that Frederick F. Richards III was

entitled, in the Stocker Property, by reason of the Settlement Agreement and Order After

Hearing, and the December 4, 2012 Order to Enforce Judgment.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶29.

60.  The Superior Court found that Plaintiff Brenda Moore Richards is the prevailing

party by reason of having prevailed in the Financial Elder Abuse cause of action against all

Defendants, and she, is therefore, entitled to recover attorneys' fees upon motion to the

court pursuant to California Welfare & Institutions Code § 15657.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶31.

61.  The Superior Court found that "Plaintiff Brenda Moore Richards and Frederick F.

Richards III are the prevailing parties against defendants, jointly and severally, on each

cause of action in the said First Amended Petition, by virtue of having obtained the said

December 4, 2012 Order to Enforce Judgment and the instant Judgment" and as the

prevailing parties, they are entitled to attorney's fees under the Agreement which was

incorporated into the Order After Hearing.  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 1, First Amended Judgment at ¶30; and ECF 62, Plaintiffs' Request for Judicial

Notice, Exhibit 11, Order on Motion to Enforce Judgment by Petitioners Frederick F.

Richards III and Brenda Moore Richards.

62.   The Superior Court retained jurisdiction to enforce the First Amended Judgment;

the January 5, 2011 Order after Hearing; the December 4, 2012 Order on Motion to

Enforce Judgment; and the award of attorney's fees.  ECF 62, Plaintiffs' Request for

Judicial Notice, Exhibit 1, First Amended Judgment at ¶33.

63.   On January 13, 2016, the Superior Court awarded the amount of $308,930 to the

Law Offices of  A. George Glasco, P.C. as and for attorney's fees on behalf of the plaintiff

Brenda Moore Richards as the prevailing party under California Welfare and Institutions

Code § 15657.5 (financial elder abuse).  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 12, Superior Court of California, County of Los Angeles, Minute Order.

64.   By order filed on August 16, 2016, the California Second District Court of Appeal

dismissed Defendant Reggie Bishop's Appeal of the First Amended Judgment (Court of

Appeal Docket No. B265622), and his appeal on the Order awarding attorney's fees to the

Law Offices of A. George Glasco, APC (Court of Appeal Docket No. B270074), both in

the Los Angeles Superior Court Probate Case No. BP120811.  ECF 62, Plaintiffs' Request

for Judicial Notice, Exhibit 2, Order of the California Second District Court of Appeal.

65.   In its August 16, 2016 dismissal order, the California Second District Court of Appeal stated regarding defendant Bishop's appeal of the July 13, 2015 First Amended Judgment and Order awarding attorney fees in Superior Court Case Number BP120811 the following: "Appellant [Bishop] was sanctioned $20,000 for pursuing a frivolous appeal and was ordered to pay respondents' costs.  Appellant seeks now to revisit the settlement agreement that was the subject of that prior appeal, and underlies the current judgments from which he appeals.  He acknowledges, however, that he has not paid the sanctions ordered by this Court.  He has also failed to comply with multiple, final orders of the superior court with respect to assets of the trust and related discovery.  In light of Appellant's acknowledged failure to comply with this Court's prior opinion and related orders of the superior court, Respondents' motion to dismiss the consolidated appeals is granted."  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 2, Order of the California Second District Court of Appeal.

66.   Defendant's Second Amended Statement of Genuine Issues of Material Facts in Opposition to Plaintiffs' Motion for Summary Judgment, ECF 193, filed on September 11, 2017, consists of legal arguments and citations to non-material facts based on proceedings in the Superior Court before the Settlement Agreement was entered into in July 2011 and do not materially controvert the statements of fact recited herein.  Specifically, Defendant fails to materially dispute that the Superior Court in Case Number BP120811 made the factual and legal determinations that it made in the First Amended Judgment in that case.

///

# CONCLUSIONS OF LAW

## A.  Summary Judgment is Appropriate Where There Is No Dispute of Material Fact and the Movant Is Entitled to Judgment as a Matter of Law

1.    The relevant pleadings in this adversary proceeding are the verified First Amended Complaint for Nondischargeability of Debts Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6), ECF 9, and the verified Answer by Defendant Reggie L. Bishop, ECF 18.  This court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(I).

2.    Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP") states that Rule 56 of the Federal Rules of Civil Procedure ("FRCP") applies in adversary proceedings.  FRCP 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion."  As discussed herein, Plaintiffs as the movants have shown that there is no genuine issue as to any material fact and that they as the movants are entitled to judgment as a matter of law.

3.    The moving party bears the burden of showing that based upon the record of evidence there is an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has demonstrated that no genuine issue of material fact exists, the nonmoving party must "go beyond the pleadings and …'designate specific facts showing that there is a genuine issue for trial.' " *Id.* at 324.  As discussed herein, Plaintiffs as the moving parties have demonstrated that no genuine issue of material fact exists, and Defendant as the nonmoving party has not

1    designated specific facts that there is a genuine issue for trial.

2    **B. The Doctrine of Collateral Estoppel.**

3

4    4.    The doctrine of collateral estoppel applies in debt dischargeability

5    proceedings in bankruptcy courts. *Grogan v. Garner* 498 U.S. 279, 284-285 (1991). "In

6
7    determining the collateral estoppel effect of a state court judgment, federal courts must, as

8    a matter of full faith and credit, apply that state's law of collateral estoppel." *Bugna v.*

9    *McArthur* (*In re Bugna*), 33 F.3d 1054, 1057 (9th Cir. 1994), *citing* 28 U.S.C. § 1738.

10   Bankruptcy courts must give the same preclusive effect to a state court judgment that it

11
12   would be entitled to in the courts of that state. *Id.; Gayden v. Nourbakhsh (In re*

13   *Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995).

14   5.    In California, application of issue preclusion requires that: (1) the issue

15   sought to be precluded from re-litigation is identical to that decided in a former

16
17   proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was

18   necessarily decided in the former proceeding; (4) the decision in the former proceeding is

19   final and on the merits; and (5) the party against whom preclusion is sought was the same

20   as, or in privity with, the party to the former proceeding. *Harmon v. Kobrin* (*In re*

21
22   *Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001), *citing Lucido v. Superior Court*, 51 Cal.3d

23   335, 341 (1990); *see also, Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 917-918

24   (9th Cir. 2001).

25   6.    California places an additional limitation on issue preclusion: courts may

26   give preclusive effect to a judgment "only if application of preclusion furthers the public

27
28   policies underlying the doctrine." *In re Harmon*, 250 F.3d at 1245, *citing Lucido v.*

*Superior Court*, 51 Cal. 3d at 342-343. Policies underlying collateral estoppel include the following: (1) "preservation of the integrity of the judicial system," (2) "promotion of judicial economy," and (3) "protection of litigants from harassment by vexatious litigation." *Lucido v. Superior Court*, 51 Cal. 3d at 343.

7.      "The party asserting issue preclusion has the burden of establishing these requirements." *Jung Sup Lee v. Tcast Communications, Inc. (In re Jung Sup Lee)*, 335 B.R. 130, 136 (9th Cir. BAP 2005); *see also, Spiller McProud v. Charles W. Siller et al. (In re CWS Enterprises, Inc.)*, 870 F.3d 1106, 1119 (9th Cir. 2017)("The party asserting preclusion bears the burden of establishing these elements").

**C. There is No Genuine Issue of Material Fact with respect to Plaintiffs' Cause of Action Under 11 U.S.C. § 523(a)(4) Because Collateral Estoppel Applies to the Superior Court's Finding of Fraud and Misappropriation**

8.      "[11 U.S.C.] Section 523(a)(4) prevents discharge 'for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.' " *Ormsby v. First American Title Co. of Nevada (In re Ormsby)*, 591 F.3d 1199, 1205 (9th Cir. 2010). "For purposes of section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.' " *Id.*, *citing*, 4 Collier on Bankruptcy ¶ 523.10[2] (15th ed. rev. 2008). "Felonious is defined as 'proceeding from an evil heart or purpose; malicious; villainous...wrongful; (of an act) done without excuse of color of right.' " *Id.*, 591 F.3d at 1205 n. 4 (citation omitted).

9.      The Superior Court previously determined that Defendant Bishop and co-

defendant Willis defrauded Plaintiffs by "intentionally and maliciously" taking property due to Plaintiffs Brenda Moore Richards and Frederick F. Richards III under the Settlement Agreement.   ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶8.  Similarly, larceny under 11 U.S.C. § 523(a)(4) requires a showing that there was a felonious taking of another's personal property.  Both claims involve the same factual allegations; that Defendant misappropriated real and personal property belonging to Plaintiffs for himself and Willis.  *See Kaplan v. Renewable Resources Coalition, Inc. (In re Kaplan)*, 2016 WL 7189820, slip op. at *15 (9th Cir. BAP 2016)(unpublished memorandum opinion)(" 'The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same' "), *citing and quoting, Lucido v. Superior Court,* 51 Cal.3d at 342.  Thus, the court determines that these issues are identical and that the first collateral estoppel element has been satisfied.

10.    "In California, a default judgment satisfies the 'actually litigated' requirement for the application of collateral estoppel."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 375 (9th Cir. BAP 1997).  For issue preclusion to apply to a default judgment, two additional conditions must be met: (1) "the defendant 'has been personally served with summons or has actual knowledge of the existence of the litigation' " and (2) " 'the record shows an express finding upon the allegation' for which preclusion is sought."  *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1124 (9th Cir. 2003), *citing In re Harmon*, 250 F.3d at 1245.  Defendant admittedly had actual knowledge of the litigation at least based on his "Special Appearance" on Plaintiffs' original Petition in the Superior

Court on June 26, 2014.  Second Amended Statement of Genuine Issues of Material Facts

in Opposition to Plaintiffs' Second Amended Motion for Summary Judgment, ECF 193, at

20-21; Reporter's Transcript of Proceedings, Superior Court of California, County of Los

Angeles, Case Number BP12088, attached as Exhibit A to Defendant's Notice of Motion

and Motion to Dismiss Plaintiffs' Aversary [sic] Proceeding for Perjury to this Court, ECF

172.  At this hearing, Defendant appeared and argued in opposition to Plaintiffs' motion to

compel discovery against him, and after being heard, the Superior Court ordered him to

respond to Plaintiffs' discovery requests.  *Id.*  In its Order Granting Default against

Defendant on Plaintiffs' original Petition, the Superior Court found that Defendant failed

to file responsive pleadings despite being provided with "several opportunities …to do so."

ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 7, Order Granting Default of

Reggie L. Bishop at 5:7-11.  The Superior Court also entered default against Defendant,

which precluded him from "opposing the Petition for Surcharge, Elder Abuse, etc[.]" and

held trial only on the issue of damages stemming from the tort causes of action.  The

Superior Court had found that Bishop received proper notice of the trial under California

Code of Civil Procedure § 1987.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit

1, First Amended Judgment at ¶4.  The Superior Court's findings that Defendant failed to

file responsive pleadings after receiving opportunities to do so and also had proper notice

of the trial demonstrate that Defendant knew about the litigation.  Thus, the court finds that

Defendant had actual knowledge of the Superior Court litigation.  The Superior Court also

determined that Defendant "conspired to defraud plaintiffs, and by defalcation,

intentionally and maliciously appropriated or distributed personal and real property

belonging to the Trust in violation of their agreed Settlement."  ECF 62, Plaintiffs' Request

for Judicial Notice, Exhibit 1, First Amended Judgment at ¶8.  Plaintiffs contend in this

adversary proceeding that Defendant's debt should be found nondischargeable because he

intentionally and maliciously appropriated Plaintiff's property.  In this regard, the Superior

Court made an express finding on the same issue which Plaintiffs now raise as a basis for

nondischargeability.  The court finds that the determination that Defendant "conspired to

defraud plaintiffs" and "intentionally and maliciously appropriated…property belonging to

the Trust" in the First Amended Judgment obtained by default satisfies the second

"actually litigated" collateral estoppel element.  ECF 62, Plaintiffs' Request for Judicial

Notice, Exhibit 7, Order Granting Default;  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 1, First Amended Judgment at ¶8.

    11.    The Superior Court found that Defendant "conspired to defraud plaintiffs and

by defalcation, intentionally and maliciously appropriated or distributed personal and real

property belonging to the Trust."  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit

1, First Amended Judgment ¶8.  The Superior Court also held that this conduct by

Defendant constituted financial elder abuse.  *Id.,* ¶¶18-19.  Ultimately, the damages

awarded to Plaintiffs were based on these findings.  Therefore, because these findings

served at least part of the foundation for Plaintiff's damages, these issues were necessarily

decided because they were necessary for judgment.  The court finds that the third

"necessarily decided" collateral estoppel element has been met.

    12.    As previously discussed, the Superior Court determined that Defendant

conspired to defraud Plaintiffs by misappropriating certain property due to Plaintiffs under

their Settlement Agreement.  Thus, the Superior Court made findings on the merits of

Plaintiff's causes of actions.  The court notes that Defendant appealed the Superior Court's

First Amended Judgment.  However, the California Court of Appeals dismissed the appeal

because Defendant failed to comply with the Court of Appeal's prior order to pay

sanctions of $20,000 for filing a frivolous appeal in a different case.  The order dismissing

the appeal was entered August 16, 2016.  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 2, Order of the California Court of Appeal.  There is no evidence of a pending

appeal of the Court of Appeal's dismissal.  Thus, the Superior Court's First Amended

Judgment and the determination that Defendant defrauded and misappropriated property

belonging to Plaintiffs is final.  The court finds that this issue is final and was determined

on the merits, satisfying the fourth collateral estoppel element.

13.    The Superior Court made findings against Defendant Reggie Bishop and his

co-defendant Nancy Willis in favor of Plaintiffs.  It is not disputed that Defendant Reggie

Bishop is the same party involved in both proceedings.  Thus, the fifth element of

collateral estoppel is met.

14.    In California, courts may only give a judgment preclusive effect if doing so

furthers the underlying policies behind collateral estoppel.  *In re Harmon*, 250 F.3d at

1245.  Application of collateral estoppel here serves these policy considerations.  Allowing

the Superior Court's finding of fraud and misappropriation to have preclusive effect

protects the integrity of the judicial system, as it prevents this court from reaching a

finding inconsistent with one already made by the Superior Court.  Additionally,

application of collateral estoppel promotes judicial economy, as it prevents this court from

holding a trial on issues already determined by the Superior Court.  Thus, the court finds that the policies underpinning collateral estoppel are furthered by giving the Superior Court's finding of fraud and misappropriation preclusive effect.

15.    The court finds that all five elements required for collateral estoppel have been met, and that the policies behind collateral estoppel are furthered when the issues determined by the Superior Court are given preclusive effect.  Accordingly, the court determines that Plaintiffs Brenda Moore Richards and Frederick F. Richards III have met their burden of proof that collateral estoppel applies to the Superior Court's finding of fraud and misappropriation.  Thus, because the court gives preclusive effect to the Superior Court's findings of fraud and misappropriation, the court finds that there is no genuine issue of material fact on Plaintiffs' claim under 11 U.S.C. § 523(a)(4).

**D.  Plaintiffs Are Entitled to Judgment as a Matter of Law on Their Claim under 11 U.S.C. § 523(a)(4)**

16.    "The standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard."  *Grogan v. Garner*, 498 U.S. at 291.

17.    The Superior Court determined that Defendant Bishop and co-defendant Willis defrauded Plaintiffs and intentionally and maliciously caused the transfer of real and personal property due to Plaintiffs under the Settlement Agreement to themselves.  See ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶8 ("The court finds that Defendants Bishop and Trustee Nancy Willis conspired to defraud plaintiffs, and by defalcation, intentionally and maliciously appropriated or distributed personal and real property belonging to the Trust in violation of their agreed Settlement,

and the court's Order After Hearing..."). Plaintiffs had an interest in this property and

Defendant Bishop was aware of their interest as a signatory to the Settlement Agreement.

ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 10, Settlement Agreement, Exhibit

10 at 69. Defendant was also present at the hearing when the Superior Court approved the

Settlement Agreement. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First

Amended Judgment at ¶21. Plaintiffs have met their burden of showing that collateral

estoppel applies in that the Superior Court found that Defendant had knowledge of

Plaintiffs' interest in the Trust Assets and knew violation of the Settlement Agreement

would result in deprivation of Plaintiffs' interests. Because based on this finding that

Defendant had knowledge of this consequence, it is an uncontroverted fact that Defendant

had intent to deprive Plaintiffs of their property. Thus, Defendant had intent to deprive

Plaintiffs of their property interests when he misappropriated their property. Accordingly,

based on the First Amended Judgment, the court finds that Plaintiffs have met their burden

of proving by a preponderance of the evidence that there was an improper taking of

Plaintiffs' property by Defendant and that Defendant had the requisite intent to deprive

them of their property.

   18. The Superior Court found that Defendant was a party to the Settlement

Agreement and was also present at the hearing when the Superior Court approved the

settlement. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended

Judgment ¶21. As discussed earlier, Defendant knew how the property was to be

distributed. Based on the Superior Court's findings, Plaintiffs have shown that by acting

contrary to the Settlement Agreement to deprive Plaintiffs of their real and personal

property interests, Defendant acted wrongfully.  Thus, the court determines that based on the Superior Court's findings, Plaintiffs have shown by a preponderance of the evidence that Defendant's taking of Plaintiffs' property interests was felonious based on the Ninth Circuit's definition in *In re Ormsby* cited above:  "Felonious is defined as 'proceeding from an evil heart or purpose; malicious; villainous...wrongful; (of an act) done without excuse of color of right.' " *In re Ormsby*, 591 F.3d at 1205 n. 4.

19.     Under 11 U.S.C. § 523(a)(4), the debtor cannot receive a discharge "from any debt…for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"  The court finds that the uncontroverted fact that the Superior Court found that Defendant misappropriated property due to Plaintiffs to himself and Defendant Nancy Willis establishes larceny under 11 U.S.C. § 523(a)(4) by a preponderance of the evidence, as this conduct was a felonious taking of Plaintiffs' property made with intent to deprive Plaintiffs' of their property.  Accordingly, because Plaintiffs have established the uncontroverted fact that Defendant defrauded Plaintiffs by misappropriated and defalcating their property interests by a preponderance of the evidence by meeting their burden of proof that the elements of collateral estoppel apply to the Superior Court's factual findings for its First Amended Judgment that Defendant defrauded them by misappropriating and defalcating their property interests, the court finds that Plaintiffs are entitled to judgment as a matter of law under 11 U.S.C. § 523(a)(4).

**E.  There is No Genuine Issue of Material Fact with respect to Plaintiffs'
Claims Under 11 U.S.C. § 523(a)(6) Because Collateral Estoppel Applies to
the Superior Court's Findings of Fraud and Financial Elder Abuse**

20.     "[11 U.S.C.] Section 523(a)(6) prevents discharge 'for willful and malicious

injury by the debtor to another entity or to the property of another entity.' " *In re Ormsby*, 591 F.3d at 1206, *citing* 11 U.S.C § 523(a)(6). "Both willfulness and maliciousness must be proven to block discharge under section 523(a)(6)." *Id*.

21.     In the Ninth Circuit, " '§ 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes the injury is substantially certain to result from his own conduct.' " *Id., citing, Carrillo v. Su (In re Su),* 290 F.3d 1140, 1142 (9th Cir. 2002).

22.     " 'A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.' " *Id*. citing *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001).

23.     "Conduct is not tortious under § 523(a)(6) simply because injury is intended or 'substantially likely to occur,' but rather is only tortious if it constitutes a tort under state law." *Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008).

24.     Plaintiff's First Amended Petition in the Superior Court action pleaded the following causes of action: surcharge on successor trustee Nancy Willis, financial elder abuse under California Welfare and Institutions Code § 15610.30, breach of fiduciary duty, fraud, conversion, constructive trust, constructive fraud, accounting, negligence per se, quiet title, and cancellation of deeds. The court notes that the Superior Court found Plaintiffs to be the prevailing parties on each cause of action in the First Amended Petition. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶30. However, it appears the Superior Court only made specific findings as to prevailing parties on the fraud and financial elder abuse causes of action. Accordingly,

the court will look only to these specific torts when determining whether the Superior

Court's findings have preclusive effect with respect to the 11 U.S.C. § 523(a)(6) cause of

action.  As set forth below, the court finds that Plaintiffs have met their burden of

showing that the Superior Court's findings in its First Amended Judgment have preclusive

effect.

25.     The California Supreme Court has set forth the elements of fraud as: " '(a)

misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of

falsity (or 'scienter'); (c) intent to defraud i.e. to induce reliance; (d) justifiable reliance;

and (e) resulting damage.' " *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).

26.     "The issue here for purposes of determining the applicability of collateral

estoppel is whether the intent for the underlying tort...under California law is identical to

willful [and malicious] intent under 11 U.S.C. § 523(a)(6)." *International Business

Investment, Inc. v. Youngchul Park (In re Youngchul Park)*, 2017 WL 3017087 at *13

(Bankr. C.D. Cal. 2017); *see generally, Plyam v. Precision Development, LLC (In re

Plyam)*, 530 B.R. 456, (9th Cir. BAP 2015).  The Superior Court found that "Defendants

Nancy Willis...and Bishop, conspired to intentionally and negligently defraud and did

defraud plaintiffs...of monies and real property that were due them by reason of the said

Settlement and Order After Hearing."  ECF 62, Plaintiffs' Request for Judicial Notice,

Exhibit 1, First Amended Judgment ¶20.  It would appear at first glance that the Superior

Court's findings are insufficient for collateral estoppel purposes.  In the First Amended

Judgment, the Superior Court found that "Bishop…conspired to intentionally and

*negligently* defraud and did defraud plaintiffs of monies and real property[.]"  ECF 62,

Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶20

(emphasis added).  In California, "[t]he elements of a negligence cause of action are the

existence of a legal duty of care, breach of that duty, and proximate cause resulting in

injury." *McIntyre v. Colonies-Pacific, LLC*, 228 Cal.App.4th 664, 671 (2014).  Because

the willfulness and malicious injury elements under 11 U.S.C. § 523(a)(6) require intent, a

finding of negligence could not support collateral estoppel here because intent is not

required to prove negligence.  *In re Ormsby*, 591 F.3d at 1206; *In re Jercich*, 238 F.3d at

1209.  However, this court does not find the Superior Court's holding of "negligently

defraud[ing]" fatal to application of collateral estoppel.  The Superior Court expressly

found that Bishop and Willis "conspired" and "did defraud."  ECF 62, Plaintiffs' Request

for Judicial Notice, Exhibit 1, First Amended Judgment ¶ 20.  Under California law, "to

prove a claim for civil conspiracy…[a party must] provide substantial evidence of three

elements: (1) the formation and operation of the conspiracy, (2) wrongful conduct in

furtherance of the conspiracy, and (3) damages arising from the wrongful conduct."

*Kidron v. Movie Acquisition Group*, 40 Cal. App. 4th 1571, 1581(1995).  " 'The sine qua

non of a conspiratorial agreement is the knowledge on the part of the alleged conspirators

of its unlawful objective and their *intent* to aid in achieving that objective.' "  *Id.*

(emphasis added).  Further, a finding of fraud requires that a party establish "intent to

defraud [,] i.e. induce reliance."  *Lazar v. Superior Court*, 12 Cal.4th at 638.  Both

conspiracy and fraud require showings of intent, unlike negligence.  The Superior Court

held that Defendant Bishop negligently defrauded Bishop.  ECF 62, Plaintiffs' Request

for Judicial Notice, Exhibit 1, First Amended Judgment ¶ 20.  Taken literally, the

Superior Court's negligent fraud holding could be construed that Bishop committed an intentional act with no intent. Given this inconsistency, the court disregards the Superior Court's finding that Defendant Bishop acted negligently as erroneous surplusage. Accordingly, the court finds that the Superior Court's determination that Bishop acted with intent to defraud Plaintiffs to be identical to the issue of whether Bishop acted willfully and maliciously under 11 U.S.C. § 523(a)(6).

27.    As set forth above, Plaintiffs have met their burden of showing that the Superior Court's First Amended Judgment obtained by default satisfies the actually litigated requirement because Defendant had actual knowledge of the litigation and because the Superior Court made an express finding of fraud. *In re Harmon*, 250 F.3d at 1245; ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶8. In addition, the First Amended Judgment is a final decision, was made on the merits, was necessarily decided because the finding of fraud served as a ground for the award of damages, and is also against Defendant Bishop, the same party. Finally, application of collateral estoppel here furthers the policies behind the doctrine for the reasons expressed earlier. Accordingly, the court determines that Plaintiffs Brenda Moore Richards and Frederick F. Richards III have met their burden of proof that collateral estoppel applies to the Superior Court's finding that Defendant defrauded Plaintiffs, which finding is an uncontroverted fact. Thus, because the Superior Court's finding that Defendant defrauded Plaintiffs has preclusive effect, the court finds that there is no genuine dispute of material fact with respect to this finding.

28.    Plaintiffs have met their burden of showing that the Superior Court also held

that Defendant committed financial elder abuse against Plaintiff Brenda Moore Richards.

ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶19

("The court finds that Defendants Willis individually and as Trustee of the Gwendolyn R.

Moore Trust, and Reggie L. Bishop…intentionally conspired to commit and did commit

financial and fiduciary elder abuse against plaintiff Brenda Richards within the meaning

of the Welfare & Institutions Code by appropriating and defalcating properties, personal

and real, so as to deprive Brenda of her 1/6 residuary interest in violation of the

Settlement and Order After Hearing.")

29.    Under California Welfare & Institutions Code § 15610.30, " '[f]inancial

abuse' of an elder or dependent adult occurs when a person or entity…takes, secretes,

appropriates, obtains, or retains real or personal property of an elder or dependent adult

for a wrongful use *or with intent* to defraud, or both." *Id.* (emphasis added).

30.    The court notes that although the Superior Court in the First Amended

Judgment held that Defendant Bishop committed financial elder abuse, it did not

expressly specify that one of the two alternative bases for taking of real or personal

property of an elder: (1) a wrongful use or (2) with intent to defraud.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶19.  Accordingly, the

court will address both of these bases to determine whether or not the Superior Court's

finding that Defendant Bishop committed financial elder abuse is an identical issue for

collateral estoppel purposes.  A person "shall be deemed to have taken…property for a

wrongful use if, among other things, the person…knew or should have known that this

conduct is likely to be harmful to the elder or dependent adult."  California Welfare &

Institutions Code § 15610.30.  Because 11 U.S.C. § 523(a)(6) requires a showing of

intent, a finding by the Superior Court that Defendant Bishop took property and should

have known his conduct would harm Plaintiff Brenda Richards would not satisfy the

identical issue requirement for collateral estoppel.  But when considering all of the

findings made by the Superior Court, it is clear that the Superior Court did not find that

Bishop should have known his conduct would harm Plaintiff Richards.  The Superior

Court found that Defendant Bishop "intentionally and maliciously misappropriated

property" and that Defendant Bishop "did defraud" Plaintiffs.  ECF 62, Plaintiffs'

Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶¶8 and 20.  The court

notes that although the Superior Court did not expressly find that Defendant Bishop knew

his conduct would harm Plaintiff Brenda Richards, the Superior Court's finding that

Defendant Bishop "did defraud" Plaintiffs is sufficient to establish that Defendant Bishop

committed elder abuse with intent to defraud because fraud requires proof of intent.  *Id.* at

¶ 20.  Therefore, because a finding of fraud similarly requires proof of intent as under 11

U.S.C. § 523(a)(6), the court finds that the Superior Court's holding that Defendant

Bishop committed financial elder abuse to be an identical issue under collateral estoppel.

*Lazar v. Superior Court*, 12 Cal.4th at 638.  The court also determines that the Superior

Court's factual finding that Bishop "intentionally and maliciously misappropriated

property" is not a barrier to collateral estoppel.  ECF 62, Plaintiffs' Request for Judicial

Notice, Exhibit 1, First Amended Judgment ¶ 8.  While a sole finding of maliciousness

under California law—without clarification as to whether it is intentional or despicable

malice—could not support collateral estoppel, such a concern is not present here.  *In re*

*Plyam*, 530 B.R. at 465.  Because the Superior Court's finding was written in the conjunctive and included "intentionally" together with "maliciously," the court determines that the finding of intent is identical to the intent required under 11 U.S.C. § 523(a)(6).

31.    Again, for the same reasons stated above, the court finds that Plaintiffs have met their burden of showing that the remaining requirements for collateral estoppel have been met.  Defendant had actual knowledge of the litigation and because the Superior Court made an express finding Defendant committed financial elder abuse, the issues were actually litigated.  In addition, because the finding of financial elder abuse was a basis for the damages awarded to Plaintiffs, the issues were necessarily decided.  The First Amended Judgment and its findings are also final and on the merits, and Defendant is the same party.  Finally, for the reasons mentioned earlier, application of collateral estoppel here furthers its underlying policies.  Accordingly, the court determines that Plaintiff Brenda Moore Richards has met her burden of proof that collateral estoppel applies to the Superior Court's findings that Defendant Bishop committed financial elder abuse.  Thus, because collateral estoppel applies and Defendant is precluded from relitigating the finding made by the Superior Court that he committed financial elder abuse against Plaintiff Brenda Moore Richards, the court finds that there is no genuine dispute of material fact with respect to this finding.

**F.  Plaintiffs Are Entitled to Judgment as a Matter of Law on Their Claims under 11 U.S.C. § 523(a)(6) Because the Superior Court's Findings that Defendant Defrauded Plaintiffs Demonstrate Willful and Malicious Injury.**

32.    "The standard of proof for the dischargeability exceptions in 11 U.S.C. §

523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan v. Garner*, 498 U.S. at 291.

### 1. Willfulness

33.     As noted earlier, Defendant was a party to the Settlement Agreement and was also present at the hearing when the Superior Court ordered approval of the settlement.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶6.  Therefore, Defendant knew that property of the trust was to be distributed to Plaintiffs.  By defrauding Plaintiffs and misappropriating their property for himself and co-defendant Willis, Defendant intentionally inflicted injury on Plaintiffs, as Defendant knew Plaintiffs would be deprived of their property interests under the Settlement Agreement when he acted contrary to its terms.  *See* ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶8 ("The court finds that Defendants Bishop and Trustee Nancy Willis conspired to defraud plaintiffs, and by defalcation, intentionally and maliciously appropriated or distributed personal and real property belonging to the Trust in violation of their agreed Settlement, and the court's Order After Hearing").  Thus, the court determines that it is an uncontroverted fact that the Superior Court made this finding which establishes by a preponderance of the evidence based on collateral estoppel that Defendant acted willfully for purposes of 11 U.S.C. § 523(a)(6) that he had a subjective motive to inflict injury or when the debtor believes the injury is substantially certain to result from his own conduct.  *In re Su,* 290 F.3d at 1142.  The Superior Court's finding establishes that Defendant who knew of the Settlement Agreement providing for distributions of trust property to Plaintiffs took their property

interests for himself which shows either he had the subjective motive to inflict injury on Plaintiffs or believed that injury to Plaintiffs was substantially certain to result from his taking.

### 2. Malicious Injury

34.     Plaintiffs have met their burden of showing that the Superior Court's finding that Defendant defrauded Plaintiffs also satisfies the malicious injury requirement under 11 U.S.C. § 523(a)(6).  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶20.  When Defendant defrauded Plaintiffs, Defendant committed a wrongful act, satisfying the first element of the malicious injury requirement. The Superior Court also found that Defendant intentionally defrauded Plaintiffs and that Plaintiffs were deprived of their property interests under the Settlement Agreement, establishing both the second and third elements of malicious injury that Defendant act intentionally and cause harm.  *Id.* at ¶20.  Further, there is no just cause for Defendant's acts, and he does not offer any evidence of just cause here.  *See, Murray v. Bammer (In re Bammer)* 131 F.3d 788 (9th Cir. 1997).  Thus, the fourth element is met.  For these reasons, the court finds that the uncontroverted facts based on the Superior Court's findings that Defendant intentionally defrauded Plaintiffs of their property interests demonstrate that his acts satisfy the malicious injury requirement under 11 U.S.C. § 523(a)(6) because his acts were wrongful, done intentionally and without just cause.

35.     Thus, because Plaintiffs have shown that the uncontroverted facts that Defendant defrauded Plaintiffs by a preponderance of the evidence based on the Superior Court's findings through application of collateral estoppel, the court concludes that this

uncontroverted fact establishes that Defendant committed willful and malicious injury to

Plaintiffs Brenda Moore Richards and Frederick F. Richards III, satisfying the

requirements for nondischargeability under 11 U.S.C. § 523(a)(6).  Accordingly, the court

finds that Plaintiffs are entitled to judgment as a matter of law.

> **G.  Plaintiff Brenda Moore Richards is Entitled to Judgment as a Matter of Law on Her Claim under 11 U.S.C. § 523(a)(6) Because the Superior Court's Factual Findings that Defendant Committed Financial Elder Abuse Against Her Demonstrate Willful and Malicious Injury.**

36.    "The standard or proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence-standard." *Grogan v. Garner*, 498 U.S. at 291.

37.    The uncontroverted facts establish that the Superior Court found that Defendant "intentionally conspired to commit and did commit financial and fiduciary elder abuse against plaintiff Brenda Richards within the meaning of the Welfare & Institutions Code by appropriating and defalcating properties, personal and real, so as to deprive [Plaintiff] Brenda [Richards] of her 1/6 residuary interest in violation of the Settlement…" ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶9.

### 1. Willfulness

38.    Plaintiffs have met their burden of showing that the uncontroverted facts based on the Superior Court's findings show that Defendant knew that Plaintiff Brenda Richards, an elder person, was entitled to certain property interests under the Settlement Agreement. ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 10, Settlement Agreement at 55-71.  That is, the uncontroverted facts show that by intentionally

misappropriating property, Defendant knew that Plaintiff Brenda Richards, an elder

person, would be deprived of her property interests and would be injured.  Thus, when

Defendant intentionally misappropriated property of Plaintiff Brenda Richards, an elder

person, he also had a subjective motive to inflict injury.  Thus, the court determines that

the uncontroverted facts show that when Defendant committed financial elder abuse, and

thus, Plaintiffs have met their burden of proving by a preponderance of the evidence that

based on these uncontroverted facts, Defendant acted willfully for purposes of 11 U.S.C.

§ 523(a)(6).

### 2. Malicious Injury

39.    In paragraph 19 of the First Amended Judgment, the Superior Court held

"that Defendants Willis individually and as Trustee of the Gwendolyn R. Moore Trust,

and Reggie L. Bishop Sr. aka Reggie L. Bishop, aka Reggie Bishop, intentionally

conspired to commit and did commit financial and fiduciary elder abuse against plaintiff

Brenda Richards within the meaning of California Welfare & Institutions Code by

appropriating and defalcating properties, personal and real, so as to deprive Brenda of her

1/6 residuary interest in violation of the Settlement and Order After Hearing."  ECF 62,

Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶19.  The

Superior Court found that Defendant intentionally committed financial elder abuse against

Plaintiff Brenda Richards, an elder person.  ECF 62, Plaintiffs' Request for Judicial

Notice, Exhibit 1, First Amended Judgment ¶19.  Financial elder abuse is clearly a

wrongful act as a violation of California statutory law.  That California statutory law

permits treble damages against those who commit financial elder abuse confirms its

wrongful nature.  Additionally, the Superior Court found that Defendant acted

intentionally to deprive Plaintiff Brenda Richards, an elder person, of her property

interests, thus meeting the second and third elements of malicious injury that Defendant

act intentionally and cause harm.  Finally, the court determines that based on the Superior

Court's findings, Defendant acted without just cause or excuse by defrauding Plaintiff

Brenda Richards, an elder person, as there is no just cause or excuse for intentional

financial elder abuse.  Accordingly, Plaintiffs have met their burden of proving by a

preponderance of the evidence that the fourth element of malicious injury is met and the

court determines that the uncontroverted facts based on the Superior Court's findings

demonstrate that Defendant committed malicious injury for purposes of 11 U.S.C. §

523(a)(6) by committing financial elder abuse against Plaintiff Brenda Richards.

40.    Thus, because Plaintiffs have established the uncontroverted facts based on

the Superior Court's findings that Defendant committed financial elder abuse against

Plaintiff Brenda Moore Richards by a preponderance of the evidence, the court concludes

that this uncontroverted fact establishes by a preponderance of the evidence that

Defendant committed willful and malicious injury to Plaintiff Brenda Moore Richards,

satisfying the requirements for excepting his debt from discharge under 11 U.S.C. §

523(a)(6).  Accordingly, the court finds that Plaintiff Brenda Moore Richards is entitled to

judgment as a matter of law on her claim under 11 U.S.C. § 523(a)(6).

**H.  There Is No Genuine Issue of Material Fact with respect to Plaintiffs' Claims under 11 U.S.C. § 523(a)(2)(A) Because Collateral Estoppel Applies to the Superior Court's Finding of Actual Fraud.**

41.    A debt for money or property which was obtained by false pretenses, a false

representation, or actual fraud, other than a statement respecting the debtor's financial condition, is nondischargeable.  *See* 11 U.S.C. § 523(a)(2)(A).  "Among other exceptions from dischargeability, § 523(a) excepts debts obtained by 'actual fraud.' "  *DZ Bank AG Deutsche Zentral-Genossenschaft Bank v. Meyer*, 869 F.3d 839, 842 (9th Cir. 2017).  In order to prevail on a claim under 11 U.S.C. § 523(a)(2)(A), a creditor must demonstrate five elements by a preponderance of the evidence:  "(1) the debtor made . . . representations; (2) at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; [and] (5) the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made."  *Sabban v. Sabban* (*In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010) (citations omitted); accord, *Williams v. Sato* (*In re Sato*), 512 B.R. 241, 247 (Bankr. C.D. Cal. 2014).  "The elements of fraud under § 523(a)(2)(A) match the elements of common law fraud and of actual fraud under California law."  *In re Jung Sup Lee*, 335 B.R. at 136, *quoting, In re Younie*, 211 B.R. at 373-374.

42.    A default judgment has a preclusive effect where the defendant is presumed to admit all the facts in a well pleaded complaint and only where the record shows an express finding upon the allegation for which the preclusion is sought.  *In re Harmon*, 250 F.3d at 1247, *citing Williams v. Williams* (*In re Williams' Estate*), 36 Cal.2d 289, 223 P.2d 248, 252 (1950).  The express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue.  *In re Harmon,*. 250 F.3d at 1248;  *Cal-Micro, Inc., v. Cantrell* (*In re Cantrell*), 329 F.3d 1119, 1125 (9th Cir. 2003) (In awarding

punitive damages in the default judgment, the court seemingly decided the Debtor acted in a fraudulent manner while serving as a corporate officer and breached the fiduciary duties that he owed to the corporation.  In *In re Cantrell*, the Ninth Circuit cited to California Civil Code § 3294(a), which allows for exemplary damages in an action for the breach of an obligation not arising from contract, where it is proved by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishment.).

43.    In Plaintiffs' First Amended Petition, Plaintiffs alleged the following: "Defendants intentionally represented explicitly and implicitly to Plaintiffs that they would care for their shares of TRUST assets that Plaintiffs were entitled to, and make proper disbursements.  At all times herein, Defendants had no intention of executing said representations, but instead, intended to steal, defalcate, and otherwise wrongfully deprive plaintiffs of their assets.  In addition, Defendants represented explicitly and implicitly in the [Settlement] AGREEMENT [sic] that they would comply with [its] terms…Plaintiffs relied reasonably to their detriment as hereinabove previously shown.  As a legal result of the foregoing, Plaintiffs suffered the damages hereinabove stated, and Plaintiffs herein suffered damages as aforestated in the preceding cause of action.  Further, said representations and/or omissions were fraudulent, oppressive, and/or malicious, thereby justifying the award of punitive damages."  ECF 58, Motion for Summary Judgment, Exhibit 10, First Amended Petition at ¶¶42 and 43.

44.    Plaintiffs have met their burden of showing that the Superior Court's First

Amended Judgment satisfies the requirements for collateral estoppel under California law. The first element of collateral estoppel (identical issue) is satisfied because the elements of actual fraud under California law are identical to the elements under 11 U.S.C. § 523(a)(2)(A). *In re Jung Sup Lee*, 335 B.R. at 136 (citation omitted). Further, because Defendant had knowledge of the Superior Court action and there was an express finding of fraud by the Superior Court, the actually litigated requirement is satisfied. In addition, the remaining elements are satisfied because the First Amended Judgment is a final decision, was determined on the merits, was necessarily decided because the damages award is based on fraud, and because Defendant Bishop is the same party. Finally, application of collateral estoppel here supports its underlying policies for the reasons stated earlier. Accordingly, the court determines that Plaintiffs Brenda Moore Richards and Frederick F. Richards III have met their burden of proof that collateral estoppel applies to the Superior Court's finding that Defendant committed actual fraud. Thus, because collateral estoppel applies and Defendant is precluded from litigating the Superior Court's finding that he committed actual fraud, the court finds that there is no genuine dispute of material fact with respect to this finding and that Plaintiffs have met their burden of proving by a preponderance of the evidence that the damages awards in their favor against Defendant were based on actual fraud.

**I. Plaintiffs Are Entitled to Judgment as a Matter of Law on Their Claims Under 11 U.S.C. § 523(a)(2)(A) Based on the Superior Court's Findings that Defendant Committed Actual Fraud.**

45. "The elements of fraud under § 523(a)(2)(A) match the elements of common law fraud and of actual fraud match the elements of common law fraud and of actual fraud

under California law." *In re Jung Sup Lee*, 335 B.R. at 136 (citation omitted).

46.     Here, Plaintiffs pleaded that Defendant made misrepresentations that "[Defendants] would care for their shares of TRUST assets that Plaintiffs were entitled to." ECF 58, First Amended Petition at ¶42.  Plaintiffs further pleaded that Defendant made these misrepresentations with no intent to "execut[e] said representations" and that Defendant intended to defraud Plaintiffs, ultimately resulting in Plaintiffs suffering damages.  ECF 58, Motion for Summary Judgment, Exhibit 10, First Amended Petition at ¶¶42 and 43.  The Superior Court consequently held that Defendant Bishop "did defraud plaintiffs Brenda and Frederick [Richards] of monies and real property that were due them by reason of the said Settlement and Order After Hearing."  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment at ¶20.  As set forth earlier, Plaintiffs have met their burden of showing that collateral estoppel applies to the Superior Court's determination that Defendant committed fraud.  Thus, because the Superior Court determined that Defendant defrauded Plaintiffs and because the elements for actual fraud in California are identical to the elements of actual fraud under 11 U.S.C. § 523(a)(2)(A), the Plaintiffs have established the uncontroverted fact that Defendant committed actual fraud by a preponderance of the evidence, therefore satisfying the requirements for nondischargeability under 11 U.S.C. § 523(a)(2)(A).  Accordingly, the court finds that Plaintiffs are entitled to judgment as a matter of law.

## J.  Damages

47.     "In *Cohen* [*v. de la Cruz*], the Supreme Court held that the discharge exception under section 523(a)(2)(A) applies to all liability arising on account of a debtor's

fraudulent conduct." *Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 785 (9th Cir. BAP 2011),

*citing*, *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998). "To reach this determination, the

[Supreme] Court interpreted the statutory language of 'debt for' and concluded that the

phrase 'debt for' as used in section 523 means 'debt as a result of,' 'debt with respect to,'

or 'debt value obtained by the debtor.' " *Id*. "Because the creditors in *Cohen* were entitled

to treble damages and attorneys' fees and costs under state law for the debtor's fraudulent

conduct, the entire debt was nondischargeable, including the attorney's fees and costs." *Id*.

48.     "The Supreme Court did not limit its holding in *Cohen* to cases only under

section 523(a)(2)(A). The Court also cited sections 523(a)(1)(B), (a)(6), and (a)(9) as clear

examples of instances in which damages, including attorney's fees, that exceed actual

damages would be nondischargeable." *Id*.; *see Cohen v. de la Cruz*, 523 U.S. at 223

(" '[A]ny debt…for money, property, services, or…credit, to the extent obtained by' fraud

encompasses any liability arising from money, property, etc., that is fraudulently obtained,

*including treble damages*, attorney's fees, and other relief that may exceed the value

obtained by the debtor.")(emphasis added).

49.     "Established case law holds that a debtor's obligation for attorneys' fees and

costs is excepted from discharge under section 523(a)(6) as a 'debt for' debtor's willful

and malicious injury when awarded by the Superior Court 'with respect to' or 'by reason

of' the same underlying conduct precluded discharge of the underlying compensatory

damages award." *Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 738 (9th Cir. BAP

2009)(citations omitted).

50.     "[U]nder *Cohen*, the determinative question for awarding attorney's fees is

whether the creditor would be able to recover the fee outside of bankruptcy under state or federal law." *In re Dinan*, 448 B.R. at 785.

51.    The Superior Court ordered Defendant to pay Plaintiffs Brenda Moore Richards and Frederick F. Richards III each $31,010.51 in compensatory damages. Because these damages arose from conduct satisfying 11 U.S.C. §§ 523(a)(4) and (a)(6), the court determines that the $31,010.51 in compensatory damages owed to each Plaintiffs, totaling $62,021.02, is nondischargeable.

52.    The Superior Court ordered Defendant to pay attorneys' fees of $308,930.00 to Plaintiff Brenda Moore Richards's counsel, A. George Glasco, P.C.  These fees stem from the litigation Plaintiff Brenda Moore Richards was required to prosecute in order to redress Defendant's harm to her for financial elder abuse.  Plaintiff's counsel is to receive these fees under state law because Plaintiff Brenda Moore Richards is a prevailing party under California Welfare & Institutions Code § 15657.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶31.  Thus, because the fees arise from a fraudulently incurred debt caused by Defendant's intentional conduct, and because Plaintiff's counsel would receive the fees under California state law, the court holds that Defendant's debt for attorneys' fees awarded to counsel for Plaintiff Brenda Moore Richards in the amount of $308,930.00 is nondischargeable.

53.    Plaintiffs each seek a determination that the amount of $20,252 be found nondischargeable.  The court notes that this figure was ordered to be paid by Defendant to Plaintiffs in an order entered by the Superior Court on December 4, 2012.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 11, December 4, 2012 Order to Enforce

Judgment.  Similarly, this figure derives from Defendant's intentional conduct defrauding and misappropriating property owed to Plaintiffs.  Thus, the court finds that Defendant's debt to each Plaintiff in the sum of $20,252 (for a total of $40,504) is nondischargeable.

54.    Plaintiff Brenda Moore Richards seeks a determination that the court find Defendant's debt to her based on the Superior Court's award of treble damages nondischargeable.  The Superior Court awarded treble damages against Defendant to Plaintiff Brenda Richards under California Welfare & Institutions Code § 3345 after determining that Defendant committed financial elder abuse.  Under California Welfare & Institutions Code § 3345, a court may award treble damages if the court makes an affirmative finding that certain statutory factors exist.  One such factor is "[w]hether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons."   California Welfare & Institutions Code § 3345(b)(1). Another factor is whether a defendant's conduct caused a senior citizen to lose a source of income.  California Welfare & Institutions Code § 3345(b)(2).  The Superior Court made an affirmative finding that both of these factors were present.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶28.  Specifically, the Superior Court held that treble damages were awarded to Plaintiff Brenda Richards because "said defendant Bishop's behavior was unconscionable as *he knew or should have known* that his conduct was directed against a senior citizen, and that by reason of defendants' conduct, said Brenda Richards… suffer[ed] a loss of income."(emphasis added).  The court notes that the Superior's Court's disjunctive factual finding ("knew or should have known that his conduct was directed against a senior citizen") does not necessarily mean that

Plaintiff Brenda Richards' treble damages cannot be excepted from discharge under 11

U.S.C. § 523(a)(6).  Under 11 U.S.C. § 523(a)(6), a party must establish that the defendant

intended a certain injury and intended to wrongfully act to cause injury without just cause

or excuse.  See *Su v. Carillo (In re Su)*, 259 B.R. 909, 912 (9th Cir. BAP 2001), *citing*

*Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)( "A willful injury in § 523(a)(6) requires a

'deliberate or intentional injury, not merely a deliberate or intentional act that leads to

injury.' "); *In re Jercich*, 238 F.3d at 1209 (defining standard for malicious injury under 11

U.S.C. § 523(a)(6)).  Here, the Superior Court's disjunctive factual finding relates to

whether Defendant Bishop knew Plaintiff Brenda Richards is an elder person.  Thus,

although the finding could suggest lack of knowledge, the finding speaks only to

Defendant Bishop's possible lack of knowledge as to Plaintiff Brenda Richards's status as

an elder person, not to whether Defendant Bishop intended to commit financial elder

abuse.  The Superior Court made repeated findings in its First Amended Judgment that

Defendant intended to cause injury by defrauding Plaintiff Brenda Richards of her property

interests, and it is clear that this intentional conduct serves as the basis for punitive

damages.  ECF 62, Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended

Judgment ¶¶8, 19.  Accordingly, because the treble damages stemming from Defendant's

intentional conduct satisfy 11 U.S.C. § 523(a)(6), the court determines that Defendant's

debt from the treble damages of $186,063.06 awarded to Plaintiff Brenda Richards against

Defendant under California Welfare & Institutions Code § 3345 is nondischargeable.

    55.    The court notes that the Superior Court also awarded $30,000 in punitive

damages each to Plaintiff Brenda Richards and Plaintiff Frederick Richards.  ECF 62,

Plaintiffs' Request for Judicial Notice, Exhibit 1, First Amended Judgment ¶¶26 and 27.

But the Superior Court's factual findings regarding the basis of these punitive damages are

not so clear.  The court notes that California Civil Code § 3294 permits the Superior Court

to award punitive damages for fraudulent conduct.  But no express mention is made of

California Civil Code § 3294 in these findings.  As previously noted, the Superior Court

found Plaintiffs to be successful on all causes of action in their First Amended Petition,

which included the following causes of action: surcharge on successor trustee Nancy

Willis, and as to Defendants Willis and Bishop, financial elder abuse under California

Welfare and Institutions Code § 15610.30, breach of fiduciary duty, fraud, conversion,

constructive trust, constructive fraud, accounting, negligence per se, quiet title, and

cancellation of deeds.  It appears that punitive damages only relate to the fraud causes of

action (aside from the treble damages related to the financial elder abuse claim) because

the Superior Court only made express findings on the claims based on fraud and financial

elder abuse and awarded punitive damages to both Plaintiffs, though the claim for financial

elder abuse was only by Plaintiff Brenda Moore Richards.  Thus, the court determines that

Plaintiffs have meet their burden of showing that collateral estoppel applies here and based

on the Superior Court's findings of fraud and financial elder abuse, the punitive damages

awarded to Plaintiffs are nondischargeable because Defendant's conduct was based on

fraud and the exceptions from discharge for fraud "encompasses any liability arising from

money, property, etc., that is fraudulently obtained, including treble damages, attorney's

fees and other relief that may exceed the value obtained by the debtor." *Cohen v. de la*

*Cruz*, 523 U.S. at 223; *see also, In re Dinan*, 448 B.R. at 785, *citing, Cohen v. de la Cruz,*

523 U.S. at 219-220.    Accordingly, the court finds that Defendant's debts for punitive

damages awarded to Plaintiffs Brenda Moore Richards and Frederick F. Richards III

totaling $60,000 are nondischargeable.

56.  In his opposition to Plaintiffs' motion for summary judgment and second

amended statement of genuine issues, Defendant Bishop contends that the motion should

not be granted because the First Amended Judgment of the Superior Court is void because

it did not have *in personam* jurisdiction over him, that as such, the First Amended

Judgment of the Superior Court may be collaterally attacked in this court as void, that as

void, the First Amended Judgment of the Superior Court has no preclusive effect and that

it is a "fraud on its face".  ECF 80, Defendant's Opposition to Motion for Summary

Judgment; ECF 193, Defendant's Second Amended Statement of Genuine Issues of

Material Facts In Opposition to Plaintiff's [sic] Second Amended Motion for Summary

Judgment.  Defendant argues that the First Amended Judgment of the Superior Court is

void because it lacked *in personam* jurisdiction over him on grounds that he was never

properly served with a summons and complaint in a civil action for Plaintiffs' civil claims

against him based on rulings of the Superior Court in 2010 before Plaintiffs' Petition was

filed in 2013 and that he never generally appeared in the proceedings in the Superior Court

on Plaintiffs' Petition, only having made a "Special Appearance" in the Superior Court on

June 26, 2014.  *Id.*  Defendant argues that the First Amended Judgment is a "fraud on its

face" because it was based on a "Settlement Agreement" between Plaintiffs and his co-

defendant, Nancy Willis, and he was not a signatory to this agreement.  *Id.*

57.  Defendant's arguments in opposition to the motion lack merit.  First, Defendant

54

1   is making an impermissible collateral attack on the judgment of the state court, the

2   Superior Court, in this federal trial court.  *Noel v. Hall*, 341 F.3d 1148, 1154-1161 (9th Cir.

3   2003), *citing and discussing, Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and

4   *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).    As stated by the

5   Ninth Circuit in *Noel v. Hall,* the so-called *Rooker-Feldman* doctrine does not permit a

6   party to collaterally attack a state court decision in a federal trial court: "In its routine

7   application, the *Rooker-Feldman* doctrine is exceedingly easy.  A party disappointed by a

8   decision of a state court may seek reversal of that decision by appealing to a higher state

9   court.  A party disappointed by a decision of the highest state court in which a decision

10   may be had may seek reversal of that decision by appealing to the United States Supreme

11   Court.  In neither case may the disappointed party appeal to a federal district court, even if

12   a federal question is present or if there is diversity of citizenship between the parties.

13   *Rooker-Feldman* becomes difficult---, and in practical reality, only comes into play as a

14   contested issue---when a disappointed party seeks to take not a formal direct appeal, but

15   rather its de facto equivalent to a federal district court." 341 F.3d at 1155.   In opposing

16   the motion, Defendant is arguing that this federal trial court disregard the decision of the

17   state court to which he had already taken a direct appeal to a higher state court and lost

18   when his appeal was dismissed.  Under California law, a court must have jurisdiction in

19   order to make a final determination.  *People v. Lara*, 48 Cal.4th 216, 225 (2010)("A lack

20   of jurisdiction in its fundamental or strict sense results in  'an entire absence of power to

21   hear or determine the case, an absence of authority over the subject matter or the

22   parties.'").  Because the Superior Court issued its First Amended Judgment, it necessarily

decided that it had subject matter jurisdiction and *in personam* jurisdiction over the parties, including Defendant.  Under the *Rooker-Feldman* doctrine, this court does not have subject matter jurisdiction to review the state court's judgment, the First Amended Judgment of the Superior Court based on implicit findings of subject matter jurisdiction and *in personam* jurisdiction despite Defendant's claims of procedural defects that Plaintiffs needed to bring a separate civil action with a summons under the California Code of Civil Procedure for certain civil claims rather than by petition in a probate proceeding and needed to serve him with a summons and a complaint under the California Code of Civil Procedure.  Defendant's remedy to challenge the state court's judgment was a direct appeal to a higher state court and not a collateral attack on the state court's judgment in this federal trial court.  Therefore, the court rejects Defendant's argument that the court should deny summary judgment based on the Superior Court's alleged lack of personal jurisdiction over him when it rendered its judgment.

58.    Similarly, this court rejects Defendant's argument that Plaintiffs' motion should not be granted because the First Amended Judgment of the Superior Court was a "fraud on its face" because it was based on a settlement agreement that he was not a party to.  Again, this is a collateral attack in this federal trial court against the state court's judgment, which is impermissible.  On the merits, Defendant's argument lacks merit because the First Amended Judgment of the Superior Court was made against him not because of any settlement agreement, but based on his default which was entered by the Superior Court as reflected in the judgment, which is a separate grounds for rejection of his argument.

59.     Based on the foregoing uncontroverted facts and conclusions of law, and for good cause shown, the court determines that Plaintiffs have established there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law on their claims under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6).

60.     Based on the foregoing, the court will grant Plaintiffs' Motion for Summary Judgment.   A separate final order granting the motion and judgment are being entered concurrently herewith.

IT IS SO ORDERED.

###

Date: February 22, 2018

_____

Robert Kwan
United States Bankruptcy Judge